# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:22-cr-00084-SI** |
| **v.** | **STIPULATED PROTECTIVE ORDER** |
| **TONY DANIEL KLIEN,** | |
| **Defendant.** | |

This matter came before the Court upon the stipulated motion of the parties through their attorneys, and at the request of the Oregon Department of Corrections (ODOC).

## STIPULATIONS

1. Defendant Tony Daniel Klein has been charged with various federal crimes while employed with ODOC arising from alleged conduct taking place at the Coffee Creek Correctional Facility ("CCCF"), located in Wilsonville, Oregon.

2. The United States and the Defendant (the "Parties"), through their attorneys, have made request of CCCF Superintendent Nicole Brown and ODOC officials for the attorneys and members of their respective litigation teams to access and view certain areas within CCCF for the sole purpose of examining and processing the alleged locations of the crimes charged against the Defendant, including the taking of photographic images, film or digital, or both (collectively, "Images"), subject to the directions of Superintendent Brown and CCCF staff, and the stipulations and protective orders of the Court as described herein.

3. The Parties, their attorneys and the members of their respective litigation teams acknowledge and agree that the physical access of persons to and within CCCF is limited and

**Stipulated Protective Order** **Page 1**

subject to the authority, discretion, supervision, and control of the Superintendent and CCCF staff at all times.

4.      The Parties, their respective attorneys and members of their respective litigation teams further acknowledge and agree that there are inherent risks to the maintenance of internal security, order, and discipline at CCCF, and to the safety and security of adults in custody confined at CCCF that are associated with the production and dissemination of CCCF images. And, as such, that there is a legitimate and important need to protect against the unauthorized copying, disclosure, and dissemination of CCCF images outside of this criminal case and any appeal or collateral proceeding arising from this case, including federal *habeas corpus* proceedings.

5.      Based on these inherent risks, the parties agree to an order sealing in the Court's file all CCCF Images that are received and admitted in evidence upon conclusion of the trial proceedings in this case, and to appropriate and reasonable protective orders restricting and governing access to and use of CCCF Images as described more fully below.

6.      The purposes of this Stipulated Protective Order are to establish a process for the CCCF Superintendent to accommodate the Parties' desire that their respective attorneys and litigation teams be permitted an opportunity to visually inspect and obtain images of the alleged crime scenes and other areas within CCCF that may be relevant to this case, while seeking to protect to the fullest extent possible against the unauthorized copying, disclosure, dissemination and use of CCCF images by the Parties, their attorneys and members of their respective litigation teams, and by any other persons, outside of this criminal case.

**Stipulated Protective Order**                                                          **Page 2**

7.      This Stipulated Protective Order is binding on the Parties and their attorneys and all members of their respective litigation teams, including but not limited to the attorneys' agents, expert witnesses, investigators, paralegals, and all other litigation team participants.

## NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court accepts, and hereby adopts for purposes of issuing this Stipulated Protective Order, the Stipulations of the Parties as recited above.

2.      All CCCF images (i.e., photographic, film or other images, analog or digital) obtained by members of the Parties' respective litigation teams as expressly authorized and permitted by the Superintendent and CCCF staff in connection with this case may be possessed and examined only by the Parties' attorneys and by members of their respective litigation teams, the court, and the jury in this criminal case. Any witness or potential witness may examine, but not possess, CCCF Images, and only under the direct supervision of one of the Parties' attorneys. The Defendant may examine, but not possess, CCCF Images, and only under the direct supervision of his attorneys. Copies of CCCF Images shall be made only as expressly authorized by Parties' attorneys, and only as necessary for the Parties attorneys' and their respective litigation teams to carry out their work. The Parties' attorneys may make and provide copies of CCCF Images to opposing counsel as required to carry out their reciprocal discovery obligations. Copies of CCCF Images may be made and used by the Parties' attorneys as trial exhibits and displayed in the courtroom during trial. The Parties, their attorneys, and members of their respective litigation teams shall not make or disseminate any unauthorized copies of CCCF Images or otherwise cause or permit the unauthorized viewing and copying of CCCF Images by any other person, cause or permit the transfer or release of CCCF Images or any portions thereof

**Stipulated Protective Order**                                                          **Page 3**

for viewing by any other person, or cause or permit CCCF Images or any portion thereof to be uploaded to social media or other web-based sites or services or to be otherwise disseminated over the Internet or other electronic medium.

3.      Original CCCF images, regardless of the form or format and media on which they have been captured (i.e., film negatives, secure digital media cards, etc.) shall be copied or transferred to other media as working copies only as expressly authorized by the Parties' attorneys for use by them and by members of their respective litigation teams in this case. All copies of CCCF images that are made shall be logged and accounted for by the Parties' attorneys.

4.      Upon conclusion of the trial proceedings in this case, the Parties' attorneys shall be authorized to retain a single archival copy of the CCCF images obtained and possessed by them and their respective litigation teams The Parties' attorneys shall cause all other CCCF images, including the media on which the CCCF Images were originally captured and stored, and all copies (i.e., film and photographic negatives, prints, digital media and files, etc.) to either be delivered to ODOC for destruction or to be physically destroyed or wiped clean to Department of Defense ("DOD") standards so that the original images no longer exist or cannot be recovered on the original media. Upon completion of this process, the Parties' attorneys shall certify to the Court and to Superintendent Brown (or to her successor in office) in writing the manner in which they have disposed of the remaining CCCF Images in their possession. The Parties' attorneys shall maintain and safekeep the single archival copy of CCCF Images retained by them in a manner that ensures against the unauthorized copying and dissemination of the CCCF Images to

**Stipulated Protective Order**                                                      **Page 4**

others. The Defendant shall not retain any CCCF Images or copies thereof upon conclusion of the trial proceedings in this case.

5.     CCCF images that are received and admitted into evidence in this case shall be sealed in the Court's file for possible appellate or collateral review, with an appropriate annotation on the outside of the envelope advising the Clerk that the images are sealed and not for public inspection absent further order of the Court in accordance with the terms and conditions and stipulations of use set forth in this Stipulated Protective Order. The order shall allow the Parties and the Court in any appeal or collateral proceeding involving this case, including a federal *habeas corpus* proceeding, to view and use the images, but such order shall preclude any further copying or other dissemination of the images or any portion thereof.

/ / /

/ / /

/ / /

/ / /

/ / /

**Stipulated Protective Order**                                                                 **Page 5**

6.      This Stipulated Protective Order shall survive the final termination of these cases.

IT IS SO STIPULATED:

*/s/ Matthew McHenry*_____
MATTHEW MCHENRY
Attorney for Defendant


*/s/ Gavin W. Bruce*_____                */s/ Cameron A. Bell*_____
GAVIN W. BRUCE                              CAMERON A. BELL
Assistant United States Attorney            Trial Attorney
                                            Civil Rights Division


Dated: February _____, 2023

                                            _____
                                            MICHAEL H. SIMON
                                            United States District Judge


Respectfully submitted,

NATALIE K. WIGHT                            KRISTEN CLARKE
United States Attorney                      ASSISTANT ATTORNEY GENERAL

*/s/ Gavin W. Bruce*_____                */s/ Cameron A. Bell*_____
GAVIN W. BRUCE                              CAMERON A. BELL
Assistant United States Attorney            Trial Attorney
                                            Civil Rights Division