NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:22-cr-00084-SI** |
| v. | |
| **TONY DANIEL KLEIN,** | **GOVERNMENT'S NOTICE OF EXPERT WITNESS TESTIMONY PURSUANT TO FED. R. CRIM. P. 16(a)(1)G)** |
| **Defendant.** | |

The United States of America hereby gives notice pursuant to Fed. R. Crim. P. 16(a)(1)(G) of its intent to introduce testimony under Fed. R. Evid. 702, 703, or 705 in the trial of this matter. Below are summaries of the qualifications and testimony of the United States' proposed expert witness and, in an abundance of caution, a second, fact witness. The summary of the expert's proposed testimony includes both his opinions and the bases and reasons for those opinions.

**Government's Notice of Expert Witness Testimony Pursuant to**                                   **Page 1**
**Fed. R. Crim. P. 16(a)(1)(G)**

Pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, the United States hereby requests reciprocal disclosure(s) from the defendant of any evidence he intends to introduce at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. The United States requests, and to the extent permitted by the Court, hereby reserves the ability to supplement this filing with notice of additional experts or descriptions of additional expert testimony by the below-noticed expert and to produce amended reports or supplemental information related to the below-noticed witnesses.

## I.     Robert W. Dumond

### A. Professional Background

Robert W. Dumond is a licensed clinical mental health counselor who has been working in juvenile and adult corrections and mental health for 52 years. Mr. Dumond has been researching and writing on prisoner sexual violence since the mid-1980s. He served on the working group for, and contributed language to, the Prison Rape Elimination Act (PREA), a federal law aimed at detecting, preventing, investigating, responding to, and eliminating instances of rape and sexual assault within prisons. Mr. Dumond's advocacy for PREA's passage included testifying before the United States Senate Committee on the Judiciary in 2002. Mr. Dumond also participated in consulting with, and developing the medical and mental health PREA Standards for the National Prison Rape Elimination Commission.

///

///

///

///

///

**Government's Notice of Expert Witness Testimony Pursuant to**                    **Page 2**
**Fed. R. Crim. P. 16(a)(1)(G)**

Mr. Dumond has served as a national consultant for numerous federal agencies and partners, working in jails and prisons on PREA issues in over 42 different states.  He is a U.S. Department of Justice Certified PREA Auditor for Adult and Juvenile Facilities in the United States. Mr. Dumond currently serves on the faculty of Southern New Hampshire University. In addition, he maintains a clinical practice treating patients through TelaDoc Behavioral Health.

Mr. Dumond's additional qualifications and experience are set forth in his CV and Resume, which are submitted as Exhibits.

*B.  Bases for the Summaries, Opinions, and Conclusions to Be Offered*

Mr. Dumond will draw upon data and research he and others have conducted; trainings he has both received and presented, including training as a PREA Auditor; his experience from prior investigations into instances of sexual abuse and assault in jails and prisons; and other experience set forth in his CV and Resume.  He has not testified as an expert in the last four years.

*C.  Summaries, Opinions, and Conclusions*

Mr. Dumond will provide background testimony at trial to educate the jury about the phenomenon of in-custody sexual abuse, which has been recognized by all of the professional organizations dedicated to advancing quality correctional practices, such as the American Correctional Association (ACA) and the National Commission on Correctional Health Care. Mr. Dumond's testimony will give necessary context to the testimony of the victims, as he will explain the unique circumstances, vis-à-vis sexual assault, that arise in a custodial setting, as compared to in the greater community.  He will testify about how inmates report instances of sexual abuse and what institutions are required to do with these reports. He will also testify generally about the training requirements that PREA imposes on corrections facilities.

Mr. Dumond will testify about reporting of sexual abuse and assault by female inmates. He will testify to the underreporting and delayed reporting of abuse and assault allegations by female inmates, which he will explain stems in significant part from the dynamics of prison life, a prison culture that discourages reporting, and the threats of repercussions from staff and inmates alike. He will explain that those repercussions are common knowledge to inmates in these institutions and thus leads to unreported conduct or delayed reporting.

Mr. Dumond will further testify regarding the power imbalance at play between inmates and staff, including medical staff. He will explain the continuum of sexual violence, a concept that explains how a sexual predator builds in his victims a tolerance of unwelcome and/or predatory behaviors that, over time, become both increasingly degrading and normalized, and can ultimately culminate in manipulation and sexual violence.  He will testify that the information medical staff can access about inmates, including medical history, mental-health history, and diagnoses, can be misused by staff in the prison setting.  He will explain how these power dynamics between staff and inmates also frequently contribute to underreporting of sexual abuse and assault.

Mr. Dumond will testify as to what "grooming" is and what it entails. He will explain that, in the staff-inmate context, grooming by a staff member may include sharing of the staff's personal information and eliciting personal information about the inmate, teasing, flirting, making suggestive comments, providing assistance or help that other staff are not allowed to provide or do not provide, and giving inmates small tokens or items of contraband.

///

///

///

**Government's Notice of Expert Witness Testimony Pursuant to**                    **Page 4**
**Fed. R. Crim. P. 16(a)(1)(G)**

Mr. Dumond will also testify that a large majority of female inmates have been subjected to sexual assault and abuse prior to their incarceration. Mr. Dumond will explain how victims of prior sexual assault and abuse process sexual abuse or assault encounters differently because their past trauma has warped their conception of acceptable behavior. This past trauma often leads to mental health complications that leave inmates more vulnerable to grooming behaviors and sexual abuse or assault. He will further explain that inmates who are also victims of prior sexual abuse are less likely to report the in-custody abuse or even to understand that the interaction is abusive and worthy of reporting. He will testify that this trend may result in unreported assaults or delayed reporting.

Electronic signature    */s/ Robert W. Dumond*

## II.    Ericka Sage

The United States expects to elicit testimony from Ericka Sage, who serves as the Statewide PREA Coordinator for the Oregon Department of Corrections (ODOC). Ms. Sage has worked for ODOC for more than 20 years and has focused on PREA compliance for ten years. Though Ms. Sage has expertise, gained through her years of experience, related to PREA implementation, the government expects that she will provide fact testimony based on her knowledge and experience of ODOC facilities, training, and policies, not expert opinion testimony. In an abundance of caution, the government is providing this notice, pursuant to Fed. R. Crim. P. 16(a)(1)(G).

In her role as the Statewide PREA Coordinator, Ms. Sage is tasked, along with others, with overseeing all statewide corrections training related to sexual assault and ensuring that staff are complying with their annual PREA training obligations. Additionally, she is involved with the

creation and implementation of the training materials each year.  In this role, she oversaw the development and implementation of specific sexual-assault trainings that the defendant received while he was employed with ODOC.  The government expects that Ms. Sage will provide non-expert fact testimony about the content and delivery of those training modules; these training materials were provided to the defendant in March 2022, as part of the government's initial discovery.

Ms. Sage also is a certified PREA auditor who audits facilities outside of Oregon, and she serves as a liaison to auditors who inspect ODOC facilities and policies every three years to ensure PREA compliance.  Ms. Sage may also testify about what measures she takes to ensure the facility is prepared for that audit, including overseeing and reviewing training, sending emails to staff, putting up posters in the facility, and other similar measures.

Ms. Sage has also been involved in changes made to the facility throughout the years to ensure PREA compliance or to reduce the risk of sexual assault and sexual assault allegations. Specific to this case, she may testify that throughout her employment with ODOC, she has conducted walk-throughs of the facility to identify locations where ODOC could add cameras or other enhancements to deter and prevent sexual assault.  She may testify that, after the defendant no longer worked at the facility, ODOC implemented some changes, such as replacing certain doors in the medical unit to add a window or increasing the size of the existing window, expanding the line of sight into that room.  To the extent the government seeks to elicit this testimony, it will be to explain that recent photographs of the facility, particularly in the medical unit, do not reflect what that area looked like at the time the defendant worked there.

///

///

**Government's Notice of Expert Witness Testimony Pursuant to**                        **Page 6**
**Fed. R. Crim. P. 16(a)(1)(G)**

Ms. Sage has not previously testified as an expert.  She was deposed as part of the civil litigation related to the conduct charged in the indictment, to which the defendant was a party.  A copy of that deposition was provided to the defendant, as well as a copy of other testimony and statements she provided as part of the present case.  These materials contain a summary of her professional background and experience.

Electronic signature_____*Ericka Sage*_____

Dated:  March 8, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/  Gavin W. Bruce*_____
GAVIN W. BRUCE
Assistant United States Attorney

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

*/s/  Cameron A. Bell*_____
CAMERON A. BELL
Trial Attorney
Civil Rights Division