IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:22-cr-84-SI |
| v. | **ORDER DENYING MOTION FOR CONTINUANCE** |
| **TONY DANIEL KLEIN**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Gavin W. Bruce, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 405 East 8th Avenue, Suite 2400, Eugene, OR 97401; and Cameron A. Bell, Trial Attorney—Civil Rights Division, 950 Pennsylvania Avenue, NW, Washington, DC 20530. Of Attorneys for United States of America.

Matthew G. McHenry, LEVINE & MCHENRY LLC, 1050 SW Sixth Avenue, Suite 1414, Portland, OR 97204; and Amanda A. Thibeault, ALVAREZ THIBEAULT LLC, 330 NE Lincoln Street, Suite 200, Hillsboro, OR 97124. Of Attorneys for Tony Daniel Klein.

**Michael H. Simon, District Judge.**

On March 9, 2022, a federal grand jury indicted Mr. Klein, charging him with 21 counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and four counts of making false declarations in a proceeding before or ancillary to a court of the United States, in violation of 18 U.S.C. § 1623. ECF 1. As alleged in the indictment, Mr. Klein was employed as a corrections nurse with the Coffee Creek Correctional Facility (CCCF), the only women's prison in the state of Oregon. In the first 21 counts, the indictment alleges that on various occasions in

PAGE 1 – ORDER

2016 and 2017, Mr. Klein, while acting under color of law, and without a legitimate penological or medical purpose, engaged in various sexual acts with female inmates serving sentences at CCCF. The indictment alleges that these acts were done without the consent of the female inmates and Defendant's conduct willfully deprived these inmates of their right not to be subjected to cruel and unusual punishment, a right secured and protected by the Constitution and laws of the United States. The indictment further alleges that Defendant's conduct resulted in bodily injury to these female inmates and included aggravated sexual abuse. In the final four counts, the indictment alleges that on November 20, 2019, Mr. Klein, having taken an oath to testify truthfully at a deposition ancillary to a civil lawsuit then pending in the United States District Court for the District of Oregon, knowingly made false and material declarations.

The Court initially scheduled a jury trial to begin on May 17, 2022. On May 17, 2022, with the consent of all parties, the Court scheduled a three-week jury trial to begin on July 10, 2023. On March 7, 2023, Defendant moved to continue the trial date. ECF 38. Defendant states that "[a] continuance of the trial is required in order to complete defense investigation and trial preparation and to defend Mr. Klein under constitutional standards." *Id*. at 1. Rather than request a specific amount of time that is needed, Defendant "proposes that a new trial date be set by the parties at a status conference to be scheduled." *Id*. at 4. Based on the Court's review of Defendant's motion and supporting materials, it appears to the Court that Defendant is requesting a substantial delay. The government opposes Defendant's request. ECF 46. For the reasons explained below, the Court denies Defendant's Motion to Continue Trial Date. Trial will commence as scheduled on July 10, 2023.

## STANDARDS

The Ninth Circuit directs district courts to balance five factors when deciding whether to grant a continuance of a trial date in a criminal case. These factors are: (1) whether the

continuance would inconvenience the witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant. *United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994).

The year after *Fowlie*, the Ninth Circuit decided *United States v. Mejia*, 69 F.3d 309 (9th Cir. 1995). In *Mejia*, the defendant conditionally pleaded guilty to the charge of possessing counterfeit currency after the district court denied his motions to suppress and to continue the suppression hearing for one day. *Id*. at 314. Ninth Circuit noted that "[t]he *most critical question* is whether Mejia was prejudiced by the district court's refusal to grant his request for a continuance." *Id.* at 316 (emphasis added). Mejia argued that the district judge "abused his discretion in refusing to grant [Mejia's] request that the suppression hearing be continued for one court day, so that the government's two main witnesses could testify in person and be cross-examined in front of the judge who would be required to assess their credibility." *Id*. at 314. The Ninth Circuit agreed with Mejia and reversed, explaining: "Given the importance of the testimony of the government witnesses who did not appear before Judge Real—and particularly the fact that the outcome turned on the credibility of those witnesses—we conclude that the district court's failure to hear their testimony directly and to view their demeanor was prejudicial." *See also United States v. Morel-Piñeda*, 829 F. App'x 187, 190 (9th Cir. 2020) (stating that prejudice is the "most important" factor). Accordingly, the Court will balance the five factors identified in *Fowlie*, emphasizing whether a denial would prejudice Defendants.

## DISCUSSION

The Court balances the five *Fowlie* factors and considers most important whether a denial would prejudice Defendant.

**1. Inconvenience**

The first factor is inconvenience to the witnesses, the Court, counsel, or the parties. There does not appear to be any inconvenience to the Court, counsel, or the parties. Inconvenience to the witnesses, however, including the alleged victims, is a different matter.

As the government explains, most of the conduct charged in the indictment occurred in 2016 and 2017, and it can be a challenge for any witness to remember details about what happened six or more years ago. Further delay would compound this problem. Moreover, the government adds that this case has already been affected by setting the trial date out 16 months from indictment, and additional delay will only cause additional prejudice to the government. Specifically, the government states that it has learned that one corroborating witness recently died. Another, whose testimony is necessary to prove several of the charged counts, suffers from incurable cancer. Multiple witnesses suffer from other serious medical conditions, which, according to the government, was the reason they had such frequent interaction with Defendant when he was a prison nurse and they were incarcerated.

In addition, the government notes that many of the government's anticipated witnesses have previously suffered from or are currently battling addiction, and there is a very real risk of relapse, particularly when faced with the instability of changing court dates for a trial in which they will be called to testify about some of the worst moments of their lives. The victims of Defendant's alleged sexual assaults have waited years for Defendant's day in court, and, as expressed by the government, they deserve resolution.

The Court finds that any further substantial delay of the trial date will inconvenience witnesses, including the alleged victims, and not serve the interests of justice. This factor supports denying Defendant's motion for a continuance.

PAGE 4 – ORDER

### 2. Other Continuances

Although this is only the second request for a continuance of the trial date, when the Court spoke with the parties on May 17, 2022, the Court asked Defendant's counsel how much time realistically would be needed to be to prepare for trial because the Court intended to set a realistic trial date. Defense counsel confirmed that an additional period of about 14 months would be sufficient. The Court then set the current trial date reflecting that consideration. This factor supports denying Defendant's motion for a continuance.

### 3. Legitimate Reasons for Delay

As discussed more fully in the context of prejudice to Defendant, the Court finds Defendant's stated reasons for delay to be speculative. This factor is, at most, neutral.

### 4. Defendants' Fault

Rather than discuss whether Defendant has made good use of his time thus far, the Court will focus on the issue of prejudice to Defendant. This factor is, at most, neutral.

### 5. Prejudice

As the Ninth Circuit has stated, prejudice is the most important factor for a court to consider. *Mejia*, 69 F.3d at 316. The Court has carefully reviewed Defendant's *Ex Parte* Declaration of Counsel in Support of Motion to Continue (ECF 43) and Defendant's Motion for Leave to File *Ex Parte* and Under Seal, with its three attached exhibits (ECF 49), which Defendant filed with his reply. In this Order, the Court will not discuss any specific details found in the confidential statements presented by defense counsel, which defense counsel states reflects Defendant's potential defense strategies. The Court simply will note its conclusion that almost the entirety of what Defendant says he needs is of speculative value. Further, a fair amount of what Defendant now seeks could have been requested quite a while ago. More significantly, it is

far from clear whether this information will provide any realistic benefit to Defendant. As noted, its value is speculative.

Thus, a substantial delay in the trial date in the hope that perhaps some useful evidence might turn up, especially when much of this material could have been sought earlier and when there is a serious burden placed on the witnesses, including the alleged victims, is not the sort of prejudice envisioned by the Ninth Circuit in either *Mejia* or *Fowlie* that is sufficient to warrant a substantial delay. Thud, this factor does not support Defendant's motion for a continuance.

## CONCLUSION

The Court DENIES Defendant's Motion to Continue Trial Date. ECF 38. Trial will commence as scheduled on July 10, 2023.

**IT IS SO ORDERED**.

DATED this 13th day of March, 2023.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
