ELLEN F. ROSENBLUM
Attorney General
JESSICA SPOONER  #105919
Assistant Attorney General
ELLEANOR H. CHIN #061484
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jessica.Spooner@doj.state.or.us
        Elleanor.Chin@doj.state.or.us
Attorneys for Oregon Department of Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>TONY KLEIN,<br><br>      Defendant. | Case No.  3:22-cr-00084-SI<br><br>SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA |

**INTRODUCTION**

Defendants have served an impermissibly broad, open-ended subpoena that imposes unreasonable burdens on the State of Oregon to interpret the scope of the subpoena, identify documents, gather enormous volumes of material, and process it for production, all in less than two weeks. Faced with precisely the sort of fishing expedition that Federal Rule of Criminal Procedure 17 is not supposed to be used to conduct, responding agencies have made good faith

Page 1 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
    JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

efforts to narrow the scope of discovery, as well as seek appropriate protections for the various categories of confidential information in the scope of Defendant's subpoena.

This motion respectfully requests this Court adopt subpoena respondents' Oregon Department of Corrections ("ODOC") and Oregon State Board of Nursing ("OSBN")(together "Producing Respondents") proposed scope of discovery and issue an appropriate protective order.

## MOTION

A. Subpoena respondents Oregon Department of Corrections and Oregon State Board of Nursing respectfully move the Court for entry of a protective order pursuant to Fed. R. Crim. Pro. 16(d)(1) and 17(d)(2), protecting confidential information to be produced in response to Defendant's subpoena and governing the use and disclosure of such confidential information.

B. Producing Respondents further move the Court for an order specifically directing the production of health information of adults in the custody of the Oregon Department of Corrections subject to ORS 179.495(1) and ORS 179.505, if the Court deems there is good cause for such disclosure.

C. ODOC respectfully moves the Court for an order modifying the subpoena pursuant to Fed. R. Crim. Pro. 16(d)(1) and 17(c)(2), allowing ODOC through and including May 15, 2023 to comply with the subpoena, an extension of approximately 45 days.

D. ODOC further moves the Court to limit the scope of production in response to the subpoena, in the manner set forth in Section II.D.1 herein.

The motion is supported by the Points and Authorities herein and the Declarations of Elleanor H. Chin and Michelle Dodson.

A proposed order is submitted as Exhibit 1 to the Chin Declaration. Counsel for Producing Respondents has provided a copy of the proposed order to counsel for the Defendant

Page 2 - SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

and the United States. The United States does not take a position on the entry of the proposed protective order. The Defendant has consented the entry of the proposed protective order.

## I.    FACTS

### A. This Action

Defendant Tony Daniel Klein has been charged with various federal crimes arising from alleged conduct taking place at the Coffee Creek Correctional Facility ("CCCF"), located in Wilsonville, Oregon, during Defendant's employment with ODOC. The Court set a trial date in May 2022 for July 10, 2023. *See* ECF Nos. 20, 22. Between June 2019 and May 2020 ODOC provided extensive subpoena responses to the United States, including but not limited to records pertaining to adults in the custody of ODOC, records pertaining to defendant, including complaints and grievances, and extensive records from past civil litigation involving Defendant's conduct.[1]

Defendant, through his attorneys, has issued subpoenas to ODOC and OSBN for records and information. Declaration of Elleanor Chin, Exs. 2 and 3. This Court authorized the issuance of the *ex parte* subpoenas on March 17, 2023 (ECF 53). This Court previously entered a Stipulated Protective Order on February 17, 2023 (ECF 34) governing use of images of CCCF facilities and access to CCCF facilities by the parties' counsel.

### B. Subpoena to OSBN

Defendants' subpoena to OSBN, transmitted on March 20, 2022,[2] seeks disciplinary and investigatory records of licensees other than the Defendant. OSBN records, specifically the records of licensee discipline and disciplinary records, are confidential and subject to ORS 678.126 and ORS 676.175. The OSBN records may contain other sensitive personal information such as social security numbers, identifying information and medical information of persons treated by licensees, and

---

[1] The record in this case indicates the United States has provided the Defendant with close to 100,000 pages of discovery, some of it clearly duplicative of the categories of ODOC records their current subpoena seeks. ECF 46, pp. 3-4.

[2] OSBN waives deficiencies in service and can produce responsive documents upon entry of the appropriate order(s) or on April 3, 2023, whichever is later.

Page 3 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

identification of confidential complainants. In addition to protected information of licensees, the OSBN records at issue in this case contain records of health care for adults in custody (AICs) of the Oregon Department of Corrections. Such information is subject to ORS 179.505 and disclosed to OSBN pursuant 179.508, which OSBN may not redisclose without an order specifically authorizing the disclosure.

### C. Subpoena to ODOC

Defendant, through his attorneys, transmitted a subpoena to ODOC on March 20, 2023.[3] Chin Decl. Ex. 2. The subpoena specified March 31, 2023 as the date for production of documents. The subpoena, the particulars of which are described herein, seeks voluminous and vaguely described records and information for twelve individual current or former AICs, twenty-two individual current or former "employees/contractors", and extensive security camera footage and facility information without limitation to times, location, or circumstances having any bearing on Defendant's alleged crimes, or even his known history of presence in CCCF facilities.

Discerning if such information exists at all, locating the information within ODOC records and across multiple information systems, reviewing the information for responsiveness and sensitivity of content, and applying confidentiality designations is potentially extraordinarily burdensome and oppressive. *See* Declaration of Michelle Dodson.

Counsel for ODOC has requested Defendant agree to an extension of time to respond. Counsel refused to consent to any extension. Chin Decl. Ex. 4. ODOC personnel estimate that some of the records can be collected and produced within three weeks, although that would require considerable allocation of staffing resources.

Defendants' subpoena to ODOC seeks multiple categories of information protected from disclosure by various privacy laws and/or security requirements, including but not limited to:

---

[3] ODOC waives deficiencies in service and deems the email from Defendant's counsel team to ODOC on March 20, 2023 the service date for the purposes of this motion.

Page 4 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND
           OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND
           TO MODIFY SUBPOENA
           JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

    a. Personal identifying information and protected health information of crime victims;

    b. Personal identifying information and incident information relating to reports of sexual assault;

    c. Personal identifying information and protected health information of adults in the custody of ODOC;

    d. Personal identifying information of ODOC employees, which if disclosed could pose security risks for individual employees and impair the maintenance of security, order, and discipline within ODOC institutions; and

    e. Facility information and security measures (including confidential informants to the extent any records in the scope of the subpoena includes such information), which if disclosed could impair the maintenance of safety, security, and discipline within ODOC institutions.

## II. POINTS AND AUTHORITIES

**A. There is good cause for a protective order restricting the use and disclosure of information produced by OSBN and ODOC in response to the subpoenas.**

Federal Rules of Criminal Procedure 16(d)(1) and 17(c)(2) permit the court, for good cause, to restrict discovery and grant other appropriate relief. Both ODOC and OSBN have information in the scope of the subpoenas to them that, if disclosed, could result in harm to individuals in the form of disclosing sensitive private information, or pose risks to security, safety, and discipline of a correctional institution or the safety of individuals identified in disclosed information.

Producing Respondents have prepared and submitted a form of order to the Court that Defendant does not oppose and as to which the United States takes no position.

Page 5 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

1. **The subpoena seeks health professional regulatory information protected from disclosure by Oregon law.**

Health professional disciplinary processes are confidential to protect the identity of complainants and other individuals who provide information to the Board. Confidentiality is crucial to OSBN's regulation of the Oregon nursing profession and ensuring confidence in the OSBN's processes and protecting the welfare and safety of individuals receiving care from OSBN licensees.

Health professional regulatory board disciplinary information that is the subject of the subpoena to OSBN is protected from disclosure by Oregon law and OSBN may not provide it to Defendant without a protective order. ORS 678.126(1)(information obtained by OSBN for licensing and investigation of violations is confidential) and ORS 676.175(1)("A health professional regulatory board shall keep confidential and not disclose to the public any information obtained by the board as part of an investigation of a licensee or applicant, including complaints concerning licensee or applicant conduct and information permitting the identification of complainants, licensees or applicants.")

2. **The subpoena seeks information from ODOC that, if disclosed, would reveal sensitive private information of individuals and create risks to the maintenance of safety, security, and discipline in a correctional institution.**

ODOC has multiple categories of information subject to the subpoena, which if disclosed would place individuals at risk of harm and/or loss of privacy, and create a risk to the security of CCCF and ODOC facilities, including detailed information regarding CCCF facilities and security measures, health records, records created pursuant the Prison Rape Elimination Act, and disciplinary investigations.

There are inherent risks to the maintenance of internal security, order and discipline at CCCF and other ODOC institutions associated with the production and dissemination of certain facility and security information including but not limited to information concerning camera

Page 6 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

locations, security staffing, lines of sight, and escape routes. As such, that there is a legitimate and important need to protect against the unauthorized copying, disclosure, and dissemination of ODOC records concerning facilities and security at CCCF.

The Court has previously found good cause to issue a protective order limiting the use and disclosure of photographs of CCCF facilities. ODOC and OSBN's proposed protective order includes the same protections and provisions to handling confidential information during and after trial, and allows for Producing Respondents to designate information either Confidential or Attorneys' Eyes Only.

**B.    The subpoena seeks information subject to ORS 179.495 and ORS 179.505 that ODOC and OSBN may not disclose absent a specific court order.**

The records of health care provided to adults in the custody of the Oregon Department of Corrections are protected from disclosure by ORS 179.495 and ORS 179.505. Specifically, ORS 179.505(2) provides "unless otherwise permitted or required by state or federal law or by order of the court, written accounts of the individuals served by any health care services provider maintained in or by the health care services provider by the officers or employees thereof who are authorized to maintain written accounts within the official scope of their duties are not subject to access and may not be disclosed."

ORS 179.508 permits the disclosure of AIC health information for purposes necessary to the health and safety of AICs, including investigations into the professional standards and practices of health care providers treating AICs. OSBN cannot redisclose information obtained pursuant to ORS 179.508 without an order specifically authorizing the disclosure.

OSBN and ODOC are not required to seek an order on Defendant's behalf authorizing the disclosure of protected materials in scope of the subpoenas, but in the interests of efficient resolution of the issues, Producing Respondents request this Court enter an order permitting

Page 7 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND
           OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND
           TO MODIFY SUBPOENA
           JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

disclosure in response to the subpoena, if the Court deems there is good cause to disclose AIC health information subject to ORS 179.495 and ORS 179.505 to Defendant.

**C.     The time specified for production in response to the subpoena is unreasonable, burdensome, and oppressive.**

The time between the Defendant's transmission of the subpoena to ODOC and the time set for compliance is ten days, which is a patently unreasonable time for a complex logistical effort of the sort demanded by a multi-part, vague subpoena. The subpoena demands the review and analysis of potentially tens of thousands of pages of material and other records in multiple formats, evaluation of multiple categories of responsiveness and confidentiality, collection of documents from multiple functional areas and administrative divisions with ODOC, and the processing and labeling for production in discovery of thousands of pages of material. Even subject to the significant objections to the excessively broad scope and undefined categories in the subpoena, and the need for a protective order, it is not practically feasible to prepare documents for production in that time frame.

Provided the Court enters the proposed protective order, OSBN should be able to produce responsive documents by April 3, the business day following March 31, except for material covered in Section B *supra*, which OSBN can produce if the Court enters an order specifically directing the production of material subject to ORS 179.495 and ORS 179.505.

ODOC cannot produce any material except one document retention policy by March 31. Upon the entry of the protective order ODOC should be able to provide additional materials on a rolling basis, with the majority of the material (subject to limits set forth in Section D.1 *infra*) to be provided within three weeks of March 31, and the remaining by May 15, 2023. That date is nearly two months before the date set for trial in this matter.

That production schedule will still require substantial commitment of resources by ODOC and its counsel at the Oregon Department of Justice, in light of substantial time

Page 8 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

commitments ODOC is already making to provide Defendant with access to CCCF for site visits and respond to public records information for different and in some cases overlapping information requested in the subpoena to ODOC. Dodson Decl. ¶¶ 7-8. ODOC recognizes the importance of other interests at stake in this litigation, including the fair enforcement of laws, the rights of crime victims, and the constitutional rights of criminal defendants, but the Defendants discovery demands are nonetheless burdensome. Defendant's tactic of deploying aggressive late stage discovery comes without consideration of the immense practical costs and burden on the fiscal and staffing resources of the affected agencies of the State of Oregon.

**D.  The scope of the subpoena is unreasonable and oppressive and ODOC moves for a limitation of total production to what it can reasonably identify, collect, and process.**

Defendant's subpoena to ODOC seeks, in general terms, the following categories of material to which ODOC objects on the basis of burdensome overbreadth [4] 1) information concerning AICs, 2) security camera footage 3) investigation files involving Defendant 4) investigation files concerning other employees 5) facility and staffing information. The subpoena describes all categories in open ended terms, either without time or subject matter limitations. This is specifically contrary to the purpose of Federal Rule of Criminal Procedure 17. *U.S. v. Villa*, 503 Fed. Appx. 487 (9th Cir. 2012) ("Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence. Under Rule 17(c), the party seeking documents must "clear three hurdles: (1) relevancy; (2) admissibility; (3) *specificity*." citing *U.S. v. Nixon*, 418 U.S. 683, 700 (1974)(emphasis added, additional internal cites omitted)).

Some categories of information (specifically including records concerning AICs, records of Defendant's employment, and records of complaints, grievances, and investigations) are

---

[4] The second request in the subpoena seeks security camera video retention policies. ODOC has no specific policy but will produce the general policies.

Page 9 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

unquestionably in the scope of documents the United States subpoenaed from ODOC and which the United States provided to the Defendant.

The particulars of relevance and timing in this matter, the motion practice between the parties, or the duplicative nature of Defendant's discovery would not ordinarily have any bearing on ODOC's obligation to comply with the subpoena, but for Defendant's complete failure to target or narrow discovery, combined with the artificial urgency of an extreme ten-day turnaround time. Defendant and his current counsel have had over a year to conduct discovery, including serving subpoenas on ODOC, or evaluate gaps in the discovery obtained from the United States. ODOC does not venture a position on what evidence Defendant "needs" or "should receive" but the decision to abruptly demand every conceivable type of record, within ten days, shortly after the Court denied their motion to continue the trial date entitles ODOC to question whether the scope of the subpoena is based on a good faith need to investigate facts.

1. **The Court should limit production to what ODOC can identify and produce within a reasonable time.**

ODOC has analyzed the requests in the subpoena and communicated to Defendant what it can reasonably identify, collect, categorize for confidentiality, and process for production within the time frame it has requested it be permitted to comply. Chin Decl. Ex. 4. Defendant has not responded other than to consent to entry of a protective order. To the extent Defendant asserts entitlement to more information than set forth below, the Court should require Defendant to narrow the scope and specify with particularity the time frame and specific subject matter of requested information.

Subpoena Request 1: "*Any and all* Oregon Department of Corrections files and materials" regarding twelve different adults in custody (AICs). (emphasis added)

This request is the most likely to be duplicative of information Defendants already have, while also being vague and overly broad. ***ODOC requests the Court limit the response to this***

Page 10 -  SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*request to individual AIC institution files,[5] grievances and complaints, unusual incident reports filed by the identified AICs, and Office of Inspector General PREA files*. Any additional information, Defendant should be required to identify with specificity.

      Subpoena Request 3: Any and all available Oregon Department of Corrections security video recordings or logs for CCCF from December 1, 2016, through and including January 31, 2018. The breadth in time and subject matter of this request, and failure to set any bounds of subject matter relevance calls into question the good faith of such a request. ODOC has no reasonable means of even locating what security camera footage exists and where it may be retained because ODOC only retains security camera footage if specific circumstances warrant review of footage for a particular purpose. Dodson Decl. ¶¶ 5-6. Such purposes vary widely and locating video would require reviewing files for hundreds of different incidents, investigations, audits, or other activities. ***ODOC requests the Court limit the production of security camera video to video contained in any record already being produced in response to Requests 1, 4, or 5.***

      Subpoena Request 4: Investigation files regarding any and all complaints made against defendant. This is an area that is almost certainly duplicative of records already in Defendant's possession. ***ODOC requests the Court limit the production to PREA investigatory records, AIC grievances concerning Defendant, and Special Investigation Unit files concerning Defendant, and any human resource investigation files.*** Any additional information, Defendant should be required to identify with specificity.

      Subpoena Request 5: Investigations files regarding any and all complaints made against 22 separate "employees/contractors". Setting aside the questionable relevance of other,

---

[5] Not including background check reports restricted from redisclosure by terms of use of the Oregon State Police Law Enforcement Data System.

Page 11 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

uncharged individuals' conduct, ***ODOC requests the Court limit the production to PREA investigation records*** concerning the named individuals, if any exist.

Subpoena Request 6: Any and all architectural drawings, schematics, or floor plans for the medical units at CCCF in the medium security housing unit and minimum security housing unit. Any floorplans or renderings more detailed than an emergency evacuation route expose CCCF's security measures and risk compromise of security and safety of individuals and the maintenance of internal order, safety, and security at CCCF more generally. The types of information in these materials (e.g., location and nature of security features), if disclosed and retained outside of ODOC custody, is inherently risky. ***ODOC requests the court limit the production to fire evacuation routes for the subject areas.*** If Defendant seeks additional material ODOC request the Court review the material in camera to determine if disclosure is necessary.

Subpoena Request 7: An "inventory of physical changes" made to approximately 18 separate functional areas in CCCF. This request is ambiguous and ODOC maintains no "inventory of physical changes". Moreover, the record reflects Defendant has received extensive discovery regarding physical changes to the relevant areas of CCCF. However, ODOC has agreed to generate and produce a report reflecting certain work orders, for the period in question, covering the parts of the facility identifiable in the request. To the extent Defendant seeks other or different information, Defendant should be required to restate the request with specificity.

## Conclusion

For all of the foregoing reasons, ODOC and OSBN respectfully request the Court

1. Find there is good cause to enter a protective order limiting the use and disclosure of documents produced in response to the Defendant's subpoenas;
2. Enter the proposed protective order submitted herewith;

Page 12 -   SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

3. Enter such orders as the Court deems appropriate concerning the production of AIC health information subject to ORS 179.495 and ORS 179.505;

4. Enter an order extending the time to produce documents in response to the Defendants subpoena through and including May 15, 2023; and

5. Enter an order limiting the production of all categories of production in the manner set forth in Part II.D.1 *supra*.

DATED March  30 , 2023.

        Respectfully submitted,
        ELLEN F. ROSENBLUM
        Attorney General

        *s/ Elleanor H. Chin*
        JESSICA SPOONER #105919
        Assistant Attorney General
        ELLEANOR H. CHIN #061484
        Senior Assistant Attorney General
        Trial Attorneys
        Tel (503) 947-4700
        Fax (503) 947-4791
        Jessica.Spooner@doj.state.or.us
        Elleanor.Chin@doj.state.or.us
        Of Attorneys for Oregon Department of Corrections

Page 13 -  SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/761413862

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791