ELLEN F. ROSENBLUM
Attorney General
JESSICA SPOONER #105919
Assistant Attorney General
ELLEANOR H. CHIN #061484
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jessica.Spooner@doj.state.or.us
        Elleanor.Chin@doj.state.or.us
Attorneys for Oregon Department of Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  3:22-cr-00084-SI |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| TONY KLEIN, | |
| Defendant. | |

This matter came before the Court upon the motion of subpoena respondents' Oregon Department of Corrections (ODOC) and Oregon State Board of Nursing (OSBN). Counsel for ODOC and OSBN has provided the form of order to counsel for the Defendant and the United States (the Parties). The Defendant consents to the entry of the Proposed Protective Order. The United States takes no position.

## FINDINGS OF FACT

1.    Defendant Tony Daniel Klein has been charged with various federal crimes arising from alleged conduct taking place at the Coffee Creek Correctional Facility ("CCCF"), located in Wilsonville, Oregon, during Defendant's employment with ODOC.

Page 1 -   [PROPOSED] PROTECTIVE ORDER
JS/a4s/761410070

Exhibit 1 to the Declaration of Elleanor Chin, Page 1 of 5

2.      Defendant, through his attorneys, has issued subpoenas to ODOC and OSBN for records and information, the scope of the ODOC subpoena being subject to a separate motion. This Court authorized the issuance of the *ex parte* subpoenas on March 17, 2023 (ECF 53).

3.      This Court previously entered a Stipulated Protective Order on February 17, 2023 (ECF 34) governing use of CCCF Images obtained by the parties' litigation teams at the direction of their counsel during separate tours of CCCF.

4.      Defendants' subpoena to OSBN seeks disciplinary and investigatory records of licensees other than the Defendant. OSBN records, specifically the records of licensee discipline and disciplinary records, are confidential and subject to ORS 678.126 and ORS 676.175. The OSBN records may contain other sensitive personal information such as social security numbers, and identifying information and medical information of persons treated by licensees.

5.      Defendants' subpoena to ODOC seeks multiple categories of information protected from disclosure by various privacy laws and/or security requirements, including but not limited to:

    a.  Personal identifying information and protected health information of crime victims;

    b.  Personal identifying information and incident information relating to reports of sexual assault;

    c.  Personal identifying information and protected health information of adults in the custody of ODOC, including confidential informants to the extent such information may be included in individual records in scope of the subpoena;

    d.  Personal identifying information of ODOC employees, which if disclosed could pose security risks for individual employees and impair the maintenance of security, order, and discipline within ODOC institutions.

    e.  Facility information and security measures, which if disclosed could impair the maintenance of security, order, and discipline within ODOC institutions

5.      There are inherent risks to the maintenance of internal security, order and discipline at CCCF and other ODOC institutions associated with the production and dissemination of certain

Page 2 -    [PROPOSED] PROTECTIVE ORDER
JS/a4s/761410070

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 to the Declaration of Elleanor Chin, Page 2 of 5

facility and security information including but not limited to information concerning camera locations, security staffing, lines of sight, and escape routes. As such, that there is a legitimate and important need to protect against the unauthorized copying, disclosure, and dissemination of ODOC records concerning facilities and security at CCCF.

6.      Based on the foregoing, OSBN and ODOC seek an order sealing in the Court's file all records designated "Confidential" or "Attorneys Eyes Only" that are received and admitted in evidence upon conclusion of the trial proceedings in this case, and to appropriate and reasonable protective orders restricting and governing access to and use of Confidential Information as described more fully below.

7.      The purposes of this Protective Order are to enable to OSBN and ODOC to produce documents in response to the subpoenas, while seeking to protect to the fullest extent possible against the unauthorized copying, disclosure, dissemination and Confidential Information by the Parties, their attorneys and member of their respective litigation teams, and by any other persons, outside of this criminal case.

8.      This Protective Order is binding on the Parties and their attorneys and all members of their respective litigation teams, including but not limited to the attorneys' agents, expert witnesses, investigators, paralegals, and all other litigation team participants.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court accepts, and hereby adopts for purposes of issuing the Protective Order, the findings as recited above.

2.      ODOC and OSBN (Producing Respondents) may designate as "Confidential" or "Attorneys' Eyes Only" documents testimony, written responses, or other materials produced in this case if they contain information the Producing Respondent has a good faith basis for asserting is confidential under the applicable legal standards. The Producing Respondent shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if

Page 3 -    [PROPOSED] PROTECTIVE ORDER
JS/a4s/761410070

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 to the Declaration of Elleanor Chin, Page 3 of 5

practical to do so. Information stamped "Confidential" and "Attorneys' Eyes Only" shall both termed "Confidential Information" for the purposes of this Order.

3.      All Confidential Information  produced to the Court pursuant to the subpoenas by the Producing Respondents in connection with this case may be possessed and examined only by the Parties' attorneys and by members of their respective litigation teams, the court, and the jury in this criminal case.  Any witness or potential witness may examine, but not possess, Confidential Information, and only under the direct supervision of one of the Parties' attorneys.  The Defendant may examine, but not possess, information marked stamped "Confidential", and only under the direct supervision of his attorneys. The Defendant may not examine or possess information marked "Attorneys Eyes Only".

4.      Copies of Confidential Information shall be made only as expressly authorized by Parties' attorneys, and only as necessary for the Parties attorneys' and their respective litigation teams to carry out their work. Defendant's attorneys may make and provide copies of Confidential Information to the United States as required to carry out discovery obligations. Copies of Confidential Information may be made and used by the Parties' attorneys as trial exhibits and displayed in the courtroom during trial.

5.      The Parties, their attorneys, and members of their respective litigation teams shall not make or disseminate any unauthorized copies of Confidential Information or otherwise cause or permit the unauthorized viewing and copying of Confidential Information by any other person, cause or permit the transfer or release of Confidential Information or any portions thereof for viewing by any other person, or cause or permit Confidential Information or any portion thereof to be uploaded to social media or other web-based sites or services or to be otherwise disseminated over the Internet or other electronic medium.

6.      Upon conclusion of the trial proceedings in this case, the Parties' attorneys shall be authorized to retain a single archival copy of Confidential Information obtained and possessed by them and their respective litigation teams. The Parties' attorney shall cause all other Confidential

Page 4 -    [PROPOSED] PROTECTIVE ORDER
JS/a4s/761410070

Information, including all physical copies and digital media and files in whatever format copied or maintained to either be delivered to counsel for the Producing Respondents or destroyed. The Parties' attorneys shall certify to the Court in writing, with a copy to counsel for the Producing Respondents, the manner in which they have disposed of the remaining Confidential Information in their possession. The Parties' attorneys shall maintain and safekeep the single archival copy of Confidential Information retained by them in a manner that ensures against the unauthorized copying and dissemination of the Confidential Information to others. The Defendant shall not retain any Confidential Information upon conclusion of the trial proceedings in this case.

7.    Confidential Information received and admitted into evidence in this case shall be sealed in the Court's file for possible appellate or collateral review, with an appropriate annotation on the outside of the envelope advising the Clerk that the images are sealed and not for public inspection absent further order of the Court in accordance with the terms and conditions and stipulations of use set forth in this Protective Order. The order shall allow the Parties and the Court in any appeal or collateral proceeding involving this case, including a federal *habeas corpus* proceeding, to view and use the images, but such order shall preclude any further copying or other dissemination of the images or any portion thereof.

8.    This Protective Order shall survive the final termination of these cases.

DATED: _____

_____
HONORABLE MICHAEL H. SIMON
U. S. District Court Judge

Respectfully submitted,

ELLEN F. ROSENBLUM
Oregon Attorney General


_____
ELLEANOR H. CHIN #061484
Senior Assistant Attorney General
Oregon Department of Justice
Counsel for subpoena respondents
Oregon Department of Corrections and Oregon State Board of Nursing

Page 5 -    [PROPOSED] PROTECTIVE ORDER
JS/a4s/761410070