| | |
|---|---|
| **From:** | Ari Steinberg-Lake <steinberglake@gmail.com> |
| **Sent:** | Monday, March 20, 2023 1:58 PM |
| **To:** | KNIGHT Amber N * DOC; Matthew McHenry; Amanda Thibeault |
| **Subject:** | Klein; Rule 17(c) subpoena for records |
| **Attachments:** | 23.03.15 SCANNED ODOC Subpoena.pdf |

Amber,

Thanks for talking with me today about the materials we are seeking to subpoena. Attached is the subpoena. I appreciate your help in coordinating with the various individuals/departments who are responsible for responding to the various requests. Please let me know how best to actually serve the subpoena once the coordination has been completed.

Ari Steinberg-Lake
Paralegal/Litigation Support
808-937-4864

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| United States of America<br>v.<br>Tony Daniel Klein<br><br>_Defendant_ | )<br>)<br>) Case No. 3:22-cr-00084-SI<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Oregon Department of Correction, Subpoena Compliance, 3734 Fairview Industrial Dr., Suite 200, Salem, OR 97302

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attachment

| Place: Matthew McHenry c/o Honorable Michael H. Simon<br>Mark O. Hatfield United States Courthouse Room 1527<br>1000 S.W. Third Ave., Portland, OR 97204 | Date and Time: 03/31/2023 5:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

_CLERK OF COURT_

_____
_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ ___Matthew McHenry___
_____ , who requests this subpoena, are:

1050 S.W. 6th Ave., Ste. 1414, Portland, OR 97204, Phone 503-546-3927, matthew@levinemchenry.com

---

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Exhibit 2 to the Declaration of Elleanor Chin, Page 2 of 9

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 3:22-cr-00084-SI

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 2 to the Declaration of Elleanor Chin, Page 3 of 9

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Exhibit 2 to the Declaration of Elleanor Chin, Page 4 of 9

Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, Oregon 97204
503-546-3927
Email: matthew@levinemchenry.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>    v.<br><br>TONY KLEIN,<br><br>                     Defendant. | Case No. 3:22-cr-00084-SI<br><br>ATTACHMENT TO SUBPOENA TO OREGON DEPARTMENT OF CORRECTIONS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE |

The following books, papers, documents data, or other objects are hereby requested under court-issued subpoena:

    1.    Any and all Oregon Department of Corrections files and materials regarding Autumn Brelin (SID 21591476), Nicole Crabtree (SID 12225779), Lindsey Criss (SID 16501026), Lisa Culley (SID 15045778), Julie Kellogg (SID 14794329), Lindsey Kruesi (SID 14442330), Stacie Mathieson (SID 12206103), Tonya Mertes (SID 10005991), Melodie Pinner (SID 13024246), Elizabeth Rydall (SID 16893234), Melissa Vitellaro (SID 12996815), and Connie

1

Exhibit 2 to the Declaration of Elleanor Chin, Page 5 of 9

Wilson (SID 07111302) (this request is extended to any names these individuals were previously or are currently known by);

2. Oregon Department of Corrections security video retention policy;

3. Any and all available Oregon Department of Corrections security video recordings or logs for Coffee Creek Correctional Facility from December 1, 2016, through and including January 31, 2018;

4. Oregon Department of Corrections investigation files regarding any and all complaints made against employee Tony Klein;

5. Oregon Department of Corrections investigation files regarding any and all complaints made against the following employees/contractors:

   a. Richard Alberts

   b. Troy Bryant Austin

   c. Brian Joseph Balzer

   d. Jeffrey Allen Barcenas

   e. Jason Battin

   f. Douglas Cloutier

   g. Elizabeth Crim

   h. Robert Dunlap

   i. Sean Charles Elliott

   j. Paul William Golden

   k. FNU Jacques

   l. Darcy Aaron MacKnight

   m. Edgar Mickles

2

Exhibit 2 to the Declaration of Elleanor Chin, Page 6 of 9

      n. Richard Mitchell

      o. Mark Olson

      p. Christopher Don Randall

      q. Richard Kaleo Rick

      r. Shawn/Schawn Jacob Riley

      s. John Shell

      t. Robert William Snider

      u. Jeremy Joseph Veelle

      v. Jason Wells

6. Any and all architectural drawing, schematics, or floor plans for the medical units at Coffee Creek Correctional Facility in the Medium Security housing unit and Minimum Security housing unit; and

7. An inventory of any physical changes made to the areas listed below between Jan 1, 2016, and the present day, to include the dates each change was made:

    a. Medium Security housing unit

        i. Health Services

           1. Nurses desk

           2. Doctors' Offices

           3. Trauma room

           4. X-Ray room

           5. Dialysis room

           6. Dental offices

           7. Behavioral Health Services Offices

                8. Chart room

                9. Infirmary

                10. Clothing/Supply closets in the infirmary

         ii. Triage rooms on all female housing units

         iii. Triage room(s) in Segregation

         iv. Any other medical areas used by staff or Adults in Custody

   b. Minimum security housing unit

         i. Health Services

                1. Clinic

                2. Provider/Exam rooms

                3. Med Line

                4. Call-out/Triage Line

         ii. Hallway adjacent to Minimum Health Services

   c. Please include the following information in the responsive inventory

         i. Doors that were added or removed

         ii. Windows that were added or removed

         iii. Window sizes that were changed

         iv. When frosted/fogged glass was added or removed

         v. When the parabolic mirrors were added or removed

         vi. When cameras were added or removed

         vii. When desks/stations were added or discontinued

         viii. When the desk used by the Correctional Officer in the Medium Security housing unit health services was moved

  ix. When cubicles were added or removed

  x. When the use of rooms changed (example: EX: Some rooms were marked "storage" that are not currently being used for storage)

  xi. When staffing Correctional Officer stations in Health Services in both Medium Security and Minimum Security housing units has changed, started, or was discontinued.

DATED: March 14, 2023.

                _/s/ Matthew McHenry_
                Matthew McHenry
                Attorney for Tony Klein