| | |
|---|---|
| **From:** | Thiems Leeanne N <Leeanne.N.Thiems@doj.state.or.us> |
| **Sent:** | Tuesday, March 28, 2023 3:28 PM |
| **To:** | matthew@levinemchenry.com; amanda@aatlegal.com |
| **Cc:** | Chin Elleanor; Pelletier Jennifer |
| **Subject:** | US v. Klein/3:22-cr-00084-SI |
| **Attachments:** | Klein 0084 CORR Letter to Counsel 3.28.23.pdf; Klein 0084 PLD SPO.pdf |

Counsel:

Attached please find correspondence from Elleanor Chin regarding the above referenced matter.

Thank you,

**Leeanne Thiems**
Legal Secretary for *Elleanor Chin | Aaron Kelley*
Civil Litigation Section | Trial Division
Oregon Department of Justice
1162 Court Street, Salem, OR 97301
503.947.4700

*****CONFIDENTIALITY NOTICE*****

This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.

**********************************



ELLEN F. ROSENBLUM
Attorney General

LISA M. UDLAND
Deputy Attorney General

# DEPARTMENT OF JUSTICE
TRIAL DIVISION

March 28, 2023

Matthew G. McHenry
Levine & McHenry, LLC
1050 SW Sixth Avenue, Ste. 1414
Portland, OR 97204

Amanda A. Thibeault
Alvarez Thibeault, LLC
330 NE Lincoln St., Ste. 200
Hillsboro, OR 97204

      Re:    *United States of America v Tony Klein*
               United States District Court, Case No. 3:22-CR-00084

Dear Counsel:

This follows on our discussion on Friday, March 24 concerning your subpoenas served March 20, 2023. As a preliminary matter, your refusal to agree to the courtesy of an extension for time to produce documents beyond March 31, 2023 is unfortunate. While I recognize that Defendant has constraints associated with a criminal trial schedule, that does not translate into the Department of Corrections, the Board of Nursing, or the Department of Justice having the staff resources to locate, review, and produce thousands of pages of documents in less than two weeks.

**Subpoena to OSBN**

It may be possible to provide the materials in scope of your subpoena to OSBN by March 31, provided the Court enters a protective order, with the exception of AIC health records covered by ORS 179.505 and disclosed to OSBN pursuant to ORS 179.508. The investigation and disciplinary records are protected from disclosure by ORS 678.126 and ORS 676.175, but a protective order limiting use and re-disclosure will allow OSBN to provide those materials. OSBN appreciates your agreement that providing social security numbers is not necessary and we may nonetheless redact SSNs in the production. To the extent there is audio in the records, which has social security numbers, we will either need to transcribe or redact the audio which may take longer than March 31, 2023 to complete.

I have provided a proposed form of protective order. Please advise if I may represent that Defendant consents to the form, or alternatively that you do not oppose it.

1162 Court Street NE, Salem, OR  97301-4096
Telephone: (503) 947-4700   Fax: (503) 947-4791   TTY: (800) 735-2900   www.doj.state.or.us
Exhibit 4 to the Declaration of Elleanor Chin Page 2 of 11

March 28, 2023
Page 2

**AIC Medical Information**

AIC health records are protected from disclosure pursuant to ORS 179.495(1) and ORS 179.505(2). Such records require a specific order affirmatively authorizing disclosure, beyond the general authority to issue a subpoena. While neither ODOC nor OSBN has the duty to move the court to seek the necessary authority to provide records Defendant seeks, in the interests of resolving the issues efficiently, ODOC and OSBN will incorporate a request for specific authorization to disclose AIC health records as part of the motion for protective order and other relief.

**Subpoena to ODOC**

The scope of your subpoena to ODOC as written would require potentially hundreds of hours to even discern if the information exists. Your assertion that outstanding public records requests should in some manner make responding to the requests easier is entirely unfounded. The public records requests from your office to ODOC largely seek either different information or information that is not subject to public records disclosure at all.

Your office made the public records request that actually seeks overlapping areas of information on March 15, 2023, thus you cannot in good faith claim that ODOC was in any way already collecting the records to respond to a PRR for the same information your subpoena seeks.

With respect to the information you seek in the subpoena to ODOC, ODOC will be preparing a motion to modify the subpoena to seek an additional 45 days to comply, but it is possible that some of the information could be produced on a rolling basis within three weeks. Please note that the same personnel responsible for responding to public records requests are needed to identify and collect records to produce in response to your subpoena have been and remain also substantially committed to fulfilling your other requests (e.g., escorting your team around the Coffee Creek Correctional Facility outside of ordinary business hours). All of those same personnel have duties and responsibilities in their capacity as employees of the State of Oregon, beyond responding to your requests. Accordingly, prioritizing responding to your subpoena to the extent feasible by the constraints of the ordinary working week may result in delay in fulfilling your other requests.

As a substantive matter, most of the material in your subpoena to ODOC is subject to various disclosure limitations including privacy protections and/or safety and security risks. For those reasons, we will be seeking a protective order. This is procedurally separate from the additional protective order that ODOC is negotiating with you addressing the video footage that ODOC officials have agreed to accommodate together with an additional site visit. Please continue to work with Mr. Van Valkenburgh on that order. I will provide you with a proposed form of protective order for document production in response to your subpoena, although I will model the scope of protections after the Order the Court previously approved in February.

I address additional specifics of your subpoena to ODOC below, in the event you wish to clarify the scope of any of the requests or limit the production to what ODOC can reasonably identify

Exhibit 4 to the Declaration of Elleanor Chin Page 3 of 11

March 28, 2023
Page 3

and produce within a timeframe that is not burdensome and oppressive. Otherwise, ODOC will move the court to modify the scope of the subpoena.

**Subpoena Requests**

1. **"Any and all Oregon Department of Corrections files and materials" regarding twelve different adults in custody (AICs).**

The scope of this request is ambiguous and attempting to comply would be burdensome, and oppressive in terms of staff hours, time, and costs.

"Any and all" records of adults in custody encompasses multiple categories of information including housing and programming history, disciplinary records, grievances, health information, and investigations into Prison Rape Elimination Act (PREA) complaints. This information is voluminous and exists in multiple administrative repositories, some of which are local to CCCF.

Certain categories of information, if disclosed, pose safety and security risks to AICs and corrections personnel, or contain other sensitive information such that ODOC will only disclose the information on an Attorneys Eyes only basis. This includes PREA investigations (also included in Subpoena Request 5), and anything identifying a confidential informant, to the extent such information appear in the file of any AIC.

If there are specific categories of information (such as employment or housing history) that are not necessary for your purposes, please advise. Locating, collecting, and identifying the AEO information in all of these categories is extremely time consuming and will require at minimum three weeks to complete.

ODOC will begin with producing complaint and disciplinary history.

2. **Oregon Department of Corrections security video retention policy.**

ODOC does not have a retention policy specific to security videos. The general ODOC retention guidance are the Consolidated Retention Classification Publication v-4-28-14 and Oregon Department of Corrections Special Records Retention Schedule, edition March 2011. We will produce the former and the latter is available here:
    https://sos.oregon.gov/archives/Documents/recordsmgmt/sched/schedule-corrections.pdf

3. **Any and all available Oregon Department of Corrections security video recordings or logs for CCCF from December 1, 2016, through and including January 31, 2018.**

It is not plausible that the vindication of your client's constitutional rights would require you to review the entirety of all video for an entire correctional facility containing dozens of separate cameras for a fourteen month period, including portions of the facility and times of day in which your client was unquestionably never present, or involving individuals with whom your client never came into contact.

Exhibit 4 to the Declaration of Elleanor Chin Page 4 of 11

March 28, 2023
Page 4

ODOC does not retain security camera video except for specific incidents where reviewing video would be pertinent to investigation or evaluation of a particular time or circumstance. Whether such video exists for any of the numerous security, disciplinary, or regulatory purposes in which any ODOC personnel might determine the specific facts warrant review of some camera footage is impossible to determine without reviewing hundreds of different sources of information across multiple ODOC record systems.

For this purpose, the only "available" recordings are those which form part of the records ODOC is able to locate to respond to Subjects 1, 4, or 5, if they exist already as part of the records. ODOC will produce those that exist, subject to the entry of a suitable protective order, although time to process video, in addition to the collection and review of the other categories of records requires an additional 45 days to respond to the request.

   4. **ODOC investigation files regarding any and all complaints made against employee Tony Klein.**

The scope of this request is ambiguous and attempting to comply may be burdensome, and oppressive in terms of staff hours, time, and costs. Mr. Klein was employed from with ODOC from 2010 to 2018 and the request is not limited in time or subject matter (e.g., complaints made by AICs or other ODOC employees).

ODOC can produce PREA investigatory records, AIC grievances concerning Mr. Klein, and Special Investigations Unit Case No. 17-0620-1 within three weeks of March 31, 2023. Beyond that it is impossible to estimate the amount of time needed to respond without additional specifics.

   5. **ODOC investigations files regarding any and all complaints made against 22 separate "employees/contractors".**

As a preliminary matter ODOC cannot identify 5(k) "FNU Jacques" or 5(q) "Richard Kaleo Rick".

The scope of this request is ambiguous and attempting to comply may be burdensome, and oppressive in terms of staff hours, time, and costs, to the extent you seek information beyond PREA investigation records for each identified employee (to the extent they exist).

ODOC can produce Special Investigations Unit and PREA investigation records, pursuant to a suitable protective order, within three weeks of March 31, 2023.

   6. **Any and all architectural drawings, schematics, or floor plans for the medical units at CCCF in the medium security housing unit and minimum security housing unit.**

This request is ambiguous and compliance with the subpoena would be burdensome and oppressive, including because of substantial risks to facility and personnel security.

Exhibit 4 to the Declaration of Elleanor Chin Page 5 of 11

March 28, 2023
Page 5

ODOC will produce, pursuant to a suitable protective order, the appliable fire evacuation maps. The remaining information potentially corresponding to this request contains information about the facility which would compromise facility security in that it reveals details of potential escape routes, security measures, and other information that would compromise the security and safety of individuals and the maintenance of internal order, discipline and security at CCCF more generally.

ODOC will move the Court to modify this category in its entirety to limit production to fire evacuation maps. If the court directs production to the court of additional records in this category ODOC will request the Court to review the additional information *in camera* before ordering its production to the defense

7. **An "inventory of physical changes" made to approximately 18 separate functional areas in CCCF, some of which contain multipole rooms or are defined in an open-ended fashion, for the past seven years.**

The scope of this request is ambiguous and attempting to comply would be burdensome, and oppressive in terms of staff hours, time, and costs.

ODOC has never created and does not maintain any "inventory of physical changes" to CCCF. To the extent it is possible to respond to this request by affirmatively interpreting the language to allow for some form of production, which ODOC has no obligation to do, ODOC does have a system for tracking certain types of work orders for maintenance. To the extent it is possible for ODOC to do so they will generate a report reflecting work orders for the period in question, covering the parts of the facility identifiable in the request. However, the system is not designed for queries of the scope in the request.

ODOC should be able to produce this information within three weeks of March 31, 2023.

Request 7(c) contains various requests beyond physical facility changes including requests for staffing information, narrative, and new records types which, to the extent their meaning is discernable, either do not exist or it would be burdensome, time consuming, and costly to locate and compile.

Federal Rule of Criminal Procedure 17 does not obligate subpoena recipients to create new information that does not exist and which the subpoena recipient does not create or maintain in ordinary course.

Respectfully,

*s/ Elleanor H. Chin*
Elleanor H. Chin
Senior Assistant Attorney General

763167982/EC/lnt

Exhibit 4 to the Declaration of Elleanor Chin Page 6 of 11

ELLEN F. ROSENBLUM
Attorney General
JESSICA SPOONER #105919
Assistant Attorney General
ELLEANOR H. CHIN #061484
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jessica.Spooner@doj.state.or.us
           Elleanor.Chin@doj.state.or.us
Attorneys for Oregon Department of Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-00084-SI |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| TONY KLEIN, | |
| Defendant. | |

This matter came before the Court upon the motion of subpoena respondents' Oregon Department of Corrections (ODOC) and Oregon State Board of Nursing (OSBN). Counsel for ODOC and OSBN has provided the form of order to counsel for the Defendant and the United States (the Parties). The Parties do not oppose the entry of the Protective Order.

**FINDINGS OF FACT**

1.  Defendant Tony Daniel Klein has been charged with various federal crimes arising from alleged conduct taking place at the Coffee Creek Correctional Facility ("CCCF"), located in Wilsonville, Oregon, during Defendant's employment with ODOC.

Page 1 -   [PROPOSED] PROTECTIVE ORDER
JS/a4s/761410070

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 4 to the Declaration of Elleanor Chin Page 7 of 11

2. Defendant, through his attorneys, has issued subpoenas to ODOC and OSBN for records and information, the scope of the ODOC subpoena being subject to a separate motion. This Court authorized the issuance of the *ex parte* subpoenas on March 17, 2023 (ECF 53).

3. This Court previously entered a Stipulated Protective Order on February 17, 2023 (ECF 34) governing use of CCCF Images obtained by the parties' litigation teams at the direction of their counsel during separate tours of CCCF.

4. Defendants' subpoena to OSBN seeks disciplinary and investigatory records of licensees other than the Defendant. OSBN records, specifically the records of licensee discipline and disciplinary records, are confidential and subject to ORS 678.126 and ORS 676.175. The OSBN records may contain other sensitive personal information such as social security numbers, and identifying information and medical information of persons treated by licensees.

5. Defendants' subpoena to ODOC seeks multiple categories of information protected from disclosure by various privacy laws and/or security requirements, including but not limited to:

   a. Personal identifying information and protected health information of crime victims;

   b. Personal identifying information and incident information relating to reports of sexual assault;

   c. Personal identifying information and protected health information of adults in the custody of ODOC, including confidential informants to the extent such information may be included in individual records in scope of the subpoena;

   d. Personal identifying information of ODOC employees, which if disclosed could pose security risks for individual employees and impair the maintenance of security, order, and discipline within ODOC institutions.

   e. Facility information and security measures, which if disclosed could impair the maintenance of security, order, and discipline within ODOC institutions

5. There are inherent risks to the maintenance of internal security, order and discipline at CCCF and other ODOC institutions associated with the production and dissemination of certain

Page 2 -   [PROPOSED] PROTECTIVE ORDER
    JS/a4s/761410070

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 4 to the Declaration of Elleanor Chin Page 8 of 11

facility and security information including but not limited to information concerning camera locations, security staffing, lines of sight, and escape routes. As such, that there is a legitimate and important need to protect against the unauthorized copying, disclosure, and dissemination of ODOC records concerning facilities and security at CCCF.

6. Based on the foregoing, OSBN and ODOC seek an order sealing in the Court's file all records designated "Confidential" or "Attorneys Eyes Only" that are received and admitted in evidence upon conclusion of the trial proceedings in this case, and to appropriate and reasonable protective orders restricting and governing access to and use of Confidential Information as described more fully below.

7. The purposes of this Protective Order are to enable to OSBN and ODOC to produce documents in response to the subpoenas, while seeking to protect to the fullest extent possible against the unauthorized copying, disclosure, dissemination and Confidential Information by the Parties, their attorneys and member of their respective litigation teams, and by any other persons, outside of this criminal case.

8. This Protective Order is binding on the Parties and their attorneys and all members of their respective litigation teams, including but not limited to the attorneys' agents, expert witnesses, investigators, paralegals, and all other litigation team participants.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court accepts, and hereby adopts for purposes of issuing the Protective Order, the findings as recited above.

2. ODOC and OSBN (Producing Respondents) may designate as "Confidential" or "Attorneys' Eyes Only" documents testimony, written responses, or other materials produced in this case if they contain information the Producing Respondent has a good faith basis for asserting is confidential under the applicable legal standards. The Producing Respondent shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if

Page 3 -   [PROPOSED] PROTECTIVE ORDER
         JS/a4s/761410070

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 4 to the Declaration of Elleanor Chin Page 9 of 11

practical to do so. Information stamped "Confidential" and "Attorneys' Eyes Only" shall both termed "Confidential Information" for the purposes of this Order.

3. All Confidential Information produced to the Court pursuant to the subpoenas by the Producing Respondents in connection with this case may be possessed and examined only by the Parties' attorneys and by members of their respective litigation teams, the court, and the jury in this criminal case. Any witness or potential witness may examine, but not possess, Confidential Information, and only under the direct supervision of one of the Parties' attorneys. The Defendant may examine, but not possess, information marked stamped "Confidential", and only under the direct supervision of his attorneys. The Defendant may not examine or possess information marked "Attorneys Eyes Only".

4. Copies of Confidential Information shall be made only as expressly authorized by Parties' attorneys, and only as necessary for the Parties attorneys' and their respective litigation teams to carry out their work. Defendant's attorneys may make and provide copies of Confidential Information to the United States as required to carry out discovery obligations. Copies of Confidential Information may be made and used by the Parties' attorneys as trial exhibits and displayed in the courtroom during trial.

5. The Parties, their attorneys, and members of their respective litigation teams shall not make or disseminate any unauthorized copies of Confidential Information or otherwise cause or permit the unauthorized viewing and copying of Confidential Information by any other person, cause or permit the transfer or release of Confidential Information or any portions thereof for viewing by any other person, or cause or permit Confidential Information or any portion thereof to be uploaded to social media or other web-based sites or services or to be otherwise disseminated over the Internet or other electronic medium.

6. Upon conclusion of the trial proceedings in this case, the Parties' attorneys shall be authorized to retain a single archival copy of Confidential Information obtained and possessed by them and their respective litigation teams. The Parties' attorney shall cause all other Confidential

Page 4 -   [PROPOSED] PROTECTIVE ORDER
JS/a4s/761410070

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 4 to the Declaration of Elleanor Chin Page 10 of 11

Information, including all physical copies and digital media and files in whatever format copied or maintained to either be delivered to counsel for the Producing Respondents. The Parties' attorneys shall certify to the Court and in writing, with a copy to counsel for the Producing Respondents, the manner in which they have disposed of the remaining Confidential Information in their possession. The Parties' attorneys shall maintain and safekeep the single archival copy of Confidential Information retained by them in a manner that ensures against the unauthorized copying and dissemination of the Confidential Information to others. The Defendant shall not retain any Confidential Information upon conclusion of the trial proceedings in this case.

7. Confidential Information received and admitted into evidence in this case shall be sealed in the Court's file for possible appellate or collateral review, with an appropriate annotation on the outside of the envelope advising the Clerk that the images are sealed and not for public inspection absent further order of the Court in accordance with the terms and conditions and stipulations of use set forth in this Protective Order. The order shall allow the Parties and the Court in any appeal or collateral proceeding involving this case, including a federal *habeas corpus* proceeding, to view and use the images, but such order shall preclude any further copying or other dissemination of the images or any portion thereof.

8. This Protective Order shall survive the final termination of these cases.

DATED: _____

_____
HONORABLE MICHAEL H. SIMON
U. S. District Court Judge

Respectfully submitted,

ELLEN F. ROSENBLUM
Oregon Attorney General

_____
ELLEANOR H. CHIN #061484
Senior Assistant Attorney General
Oregon Department of Justice
Counsel for subpoena respondents
Oregon Department of Corrections and Oregon State Board of Nursing

Page 5 -   [PROPOSED] PROTECTIVE ORDER
    JS/a4s/761410070