**Eamon McMahon**, OSB No. 153879
Assistant County Counsel II
eamon_mcmahon@washingtoncountyor.gov
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Washington County
  District Attorney's Office

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:22-CR-00084-SI |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| **TONY DANIEL KLEIN**, | |
| Defendant. | |

Non-Party Washington County expects to produce documents pursuant to a subpoena issued by this court containing confidential or private information, as well as possibly protected health information ("PHI") as defined under the federal Health Insurance Portability & Accountability Act of 1996 ("HIPAA") and state law. Counsel for Defendant Tony Daniel Klein agrees that for this and other reasons, there is good cause for entry of this Protective Order ("Protective Order") under Federal Rule of Civil Procedure 26(c). Counsel for Plaintiff United States of America takes no position on this order.

Page 1 – **PROTECTIVE ORDER**

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the non-party Washington County District Attorney's Office (WCDA) in this case and labeled "Confidential" shall be used only in this proceeding.

2.      The documents sought by the subpoena served on the WCDA in this case shall be produced via an electronic database or direct transmittal by the WCDA.

3.      Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any personal, business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential." If documents are produced in native Excel format, the party may make the relevant designation by including the word "Confidential" in the file name of the electronic document. If a party prints any Excel document produced as "Confidential" in native Excel format, it shall mark the document "Confidential"

contemporaneously with the printing. Confidentiality designations made pursuant to this protective order shall be made only in good faith.

5.      If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court may unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

6.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

Page 3 – **PROTECTIVE ORDER**

7.    "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

8.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by the parties, or authorized by the Court:

   a.  Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

   b.  In-house counsel for the parties, and the administrative staff for each in-house counsel.

   c.  Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

   d.  Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

   e.  The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly

employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    f.    The authors and the original recipients of the documents.

    g.    Any court reporter or videographer reporting a deposition.

    h.    Employees of copy services, microfilming or database services, trial support firms and /or translators who are engaged by the parties during the litigation of this action.

9.    Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.    Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pretrial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, or paragraph 7(a), for that portion of the deposition, hearing or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party

seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.     Designation by any party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. No party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

14.     A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if any party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert

Page 6 – **PROTECTIVE ORDER**

the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or discloses the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

15.     Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or certify by declaration and confirm destruction of, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents produced by Plaintiffs or produced by the Office of Washington County Counsel but may not retain confidential documents produced by the Oregon Department of Justice.

16.     This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

17.     Nothing in this Protective Order shall prejudice any party from seeking

amendments to expand or restrict the rights of access to and use of confidential information, or

other modifications, subject to order by the Court.

18.     Nothing in this Order shall be construed to change or restrict the obligation of

DHS, and the Department of Justice to respond to Public Records Requests pursuant to ORS

chapter 192.

19.     The restrictions on disclosure and use of confidential information shall survive the

conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion

for the purpose of enforcing the terms of this Protective Order.

IT IS SO ORDERED:

**WASHINGTON COUNTY**

*/s/ Eamon McMahon*
Eamon McMahon; OSB No. 055390
Assistant County Counsel
eamon_mcmahon@washingtoncountyor.gov
Attorney for Non-Party Witness
Washington County

Submitted: April 12, 2023.

**LEVINE & MCHENRY LLC**

*/s/ Matthew McHenry*
Matthew G. McHenry, OSB No. 043571
matthew@levinemchenry.com

**ALVAREZ THIBEAULT LLC**
Amanda Alvarez Thibeault, OSB No. 132913
amanda@aatlegal.com

Attorneys for Defendant Tony Klein

---

The Court has reviewed the reasons offered in support of entry of this Protective Order

and finds that there is good cause to protect the confidential nature of certain information.

Accordingly, the Court adopts the above Protective Order in this action.

**IT IS SO ORDERED.**

DATED: _____, 2023.

_____
Honorable Michael H. Simon
United States District Court Judge

**EXHIBIT A**

I, _____, have been advised by a party or the counsel of record

for _____ in Case No. 3:22-CR-00084-SI of the Protective Order

governing the delivery, publication, and disclosure of confidential documents and information

produced in this litigation. I have read a copy of the Protective Order and agree to abide by its

terms.

_____
Signature

_____
Print Name

_____
Date