Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, Oregon 97204
503-546-3927
email: matthew@levinemchenry.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY KLEIN<br><br>Defendant. | No. 3:22-cr-00084-SI<br><br>DEFENDANT'S RESPONSE TO SUBPOENA RESPONDENTS' OREGON DEPARTMENT OF CORRECTIONS AND OREGON STATE BOARD OF NURSING MOTION FOR ORDER AND TO MODIFY SUBPOENA |

Defendant Tony Klein responds to the Subpoena Respondents' Motion for Order and to Modify Subpoena as follows.

A) The defense does not oppose entry of the Respondents' proposed protective order pursuant to Fed R. Crim. Pro. 16(d)(1) and 17(d)(2) as set forth at Exhibit 1 to the Chin Declaration (ECF 64-1).

B) The defense joins Respondents in requesting this Court enter an order directing the production of health information of adults in the custody of the Oregon Department of Corrections subject to ORS 179.495(1) and ORS 179.505.

C) The defense objects to an extension of time to comply with the subpoena.

D) The defense objects in part to Respondents' motion to modify the scope of production as follows.

The Defendant's subpoena is sufficiently tailored in scope and identifies with specificity a limited set of documentary evidence. The materials subpoenaed are based on lengthy defense investigation and review of discovery provided by the government. The defense cannot rely solely on the government's discovery obligations to ensure receipt of complete sets of documents that may fall under the scope of the subpoena, but rather must conduct a full and independent investigation.

<u>Subpoena Request 1</u>: "Any and all Oregon Department of Corrections files and materials" related to twelve Adults in Custody (AICs).

Respondents request that the response to this request be limited to "individual AIC institution files, grievances and complaints, unusual incident reports filed by the identified AICs, and Office of Inspector General PREA files."  The defense does not object to the proposed limitation on the scope of the subpoena request.

<u>Subpoena Request 3</u>: Security camera logs and footage from CCCF from December 1, 2016 through and including January 31, 2018.

2

Contrary to Respondents' position, this request is limited in scope and not unduly burdensome. The request is for a specific period of time. The defense understands, and Respondents' pleading confirms, that ODOC "only retains security camera footage if specific circumstances warrant review of footage for a particular purpose." Respondents Motion at 11 (ECF 63). This retention policy further limits the universe of potential responsive documents and footage. Moreover, limiting this request only to "video contained in any record already being produced" in response to other requests would unnecessarily exclude existing documentation of the setting and individuals present where and when the allegations are said to have occurred. The defense objects to the modification in scope requested by Respondent.

<u>Subpoena Request 4</u>: Investigation files regarding any and all complaints made against defendant.

Respondents request the Court limit the scope of this request to "PREA investigatory records, AIC grievances concerning Defendant, and Special Investigation Unit files concerning Defendant, and any human resource investigation files." The defense objects to the requested modification—if ODOC possesses investigation files regarding complaints against the defendant, ODOC should produce those files regardless of how they are categorized internally.

Subpoena Request 5: Investigation files regarding any and all complaints made against 22 named individuals.

Respondents request the Court limit the scope of this request to "PREA investigation records" only. The defense objects to the requested modification. The named individuals have been identified through investigation as having been accused of wrongdoing by AICs while working at CCCF, by some of the same individuals who have accused the defendant in the instant case. The defense objects to the requested modification—if ODOC possesses investigation files regarding complaints against these individuals, ODOC should produce those files regardless of how they are categorized internally.

Subpoena Request 6: Architectural drawings, schematics, or floor plans for the medical units at CCCF in the medium security housing unit and the minimum security housing unit.

Respondents request the Court limit the scope of production on this request to fire evacuation routes for the identified areas. The defense does not object to the proposed limitation on the scope of this request.

Subpoena Request 7: Inventory of physical changes made to 18 separate functional areas in CCCF.

Respondents indicate they will produce a report of work orders for the period in question, covering the parts of the facility identified. Defendant does not object to receiving this information via such a report.

Respectfully Submitted this 13th day of April, 2023:

    <u>/s/ *Matthew G. McHenry*</u>
    Matthew G. McHenry
    Counsel for Tony Klein