NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:22-cr-00084-SI** |
| **v.** | **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS** |
| **TONY DANIEL KLEIN,** | |
| **Defendant.** | **Trial Date:  July 10, 2023, at 9:00 am** |

The United States submits the following Proposed Jury Instructions and requests leave to

submit additional jury instructions if they become necessary during trial.

Unless otherwise noted, these proposed instructions are substantially unchanged from the

Ninth Circuit Model Criminal Jury Instructions (2022) of the same number.  Proposed

**Government's Proposed Jury Instructions**                                **Page 1**

modifications to the model instructions are noted parenthetically and were made to customize the

instructions to this case or based on cited authority.

Dated: April 21, 2023

                                        Respectfully submitted,

NATALIE K. WIGHT                        KRISTEN CLARKE
United States Attorney                  ASSISTANT ATTORNEY GENERAL

*/s/ Gavin W. Bruce*                    */s/ Cameron A. Bell*
GAVIN W. BRUCE                          CAMERON A. BELL
Assistant United States Attorney        Trial Attorney
                                        Civil Rights Division

**Preliminary Instructions**

| Proposed Instruction # | 9th Circuit Model # | Title |
|---|---|---|
| No. 1 | 1.1 | Duty of Jury |
| No. 2 | 1.2 | The Charge—Presumption of Innocence |
| No. 3 | 1.3 | What Is Evidence |
| No. 4 | 1.4 | What Is Not Evidence |
| No. 5 | 1.5 | Direct and Circumstantial Evidence |
| No. 6 | 1.6 | Ruling on Objections |
| No. 7 | 1.7 | Credibility of Witnesses |
| No. 8 | 1.8 | Conduct of the Jury |
| No. 9 | 1.9 | No Transcript Available to Jury |
| No. 10 | 1.10 | Taking Notes |
| No. 11 | 1.11 | Outline of Trial |
| No. 12 | 1.16 | Bench Conferences and Recesses |

**Instructions in the Course of Trial**

| | | |
|---|---|---|
| No. 13 | 2.1 | Cautionary Instructions |
| No. 14 | 2.3 | Stipulations of Fact |
| No. 15 | 2.4 | Judicial Notice |
| No. 16 | 2.5 | Deposition as Substantive Evidence |
| No. 17 | 2.6 | Transcript of Recording in English |
| No. 18 | 2.10 | Other Crimes, Wrongs, or Acts of Defendant |

**Government's Proposed Jury Instructions**                                    **Page 3**

No. 19                    2.11                    Similar Acts in Sexual Assault Cases
                                                  (Fed. R. Evid. 413)

No. 20                    2.12                    Evidence for Limited Purpose

**Consideration of Particular Evidence**

No. 21                    3.1                     Statements by Defendant

No. 22                    3.14                    Opinion Evidence, Expert Witness

No. 23                    3.15                    Dual Role Testimony

No. 24                    3.16                    Charts and Summaries Not Admitted into
                                                  Evidence

No. 25                    3.17                    Charts and Summaries Admitted into
                                                  Evidence

**Jury Deliberations**

No. 26                    6.1                     Duties of Jury to Find Facts and Follow Law

No. 27                    6.2                     Charge Against Defendant Not Evidence—
                                                  Presumption of Innocence—Burden of Proof

No. 28                    6.3                     Defendant's Decision Not to Testify

No. 29                    6.4                     Defendant's Decision to Testify

No. 30                    6.5                     Reasonable Doubt—Defined

No. 31                    6.6                     What is Evidence

No. 32                    6.7                     What is Not Evidence

No. 33                    6.8                     Direct and Circumstantial Evidence

No. 34                    6.9                     Credibility of Witnesses

No. 35                    6.10                    Activities Not Charged

| No. 36 | 6.11 | Separate Considerations of Multiple Counts—Single Defendant |
| No. 37 | 6.18 | On or About—Defined |
| No. 38 | 6.19 | Duty to Deliberate |
| No. 39 | 6.20 | Consideration of Evidence—Conduct of the Jury |
| No. 40 | 6.21 | Use of Notes |
| No. 41 | 6.22 | Jury Consideration of Punishment |
| No. 42 | 6.23 | Verdict Form |
| No. 43 | 6.24 | Communication with Court |

**Substantive Offenses and Responsibility Instructions**

| No. 44 | | Deprivation of Rights 18 U.S.C. § 242 |
| No. 45 | | Color of Law—Defined |
| No. 46 | | Deprivation of a Constitutional Right—Defined |
| No. 47 | | Willfully—Defined |
| No. 48 | | Policy and Training Evidence—Limited Purpose |
| No. 49 | | Aggravated Sexual Abuse—Defined |
| No. 50 | | Bodily Injury—Defined |
| No. 51 | 24.17 | False Declaration Before Grand Jury or Court (18 U.S.C. § 1623) |

**Government's Proposed Jury Instructions**                    **Page 5**

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 1.*

### 1.1 Duty of Jury

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 2.*

## 1.2 The Charge—Presumption of Innocence

This is a criminal case brought by the United States government.  The government charges the defendant with Deprivation of Rights in violation of 18 U.S.C. § 242 (Counts 1 through 21) and False Declarations Before the Court in violation of 18 U.S.C. § 1623 (Counts 22-25).  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

[To help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] that the government must prove to make its case:

Counts 1 through 21 allege that the defendant violated the constitutional rights of adult women incarcerated at the Coffee Creek Correctional Facility by committing sexual acts without their consent.  To prove each of these counts, the government will have to prove beyond a reasonable doubt that the defendant was acting as a government employee; that he committed the sexual conduct alleged and acted without the woman's consent and without a legitimate penological or medical purpose; and that he did so willfully.  For some of the counts, you will also be asked to determine whether the defendant's conduct resulted in bodily injury and/or whether it included aggravated sexual abuse.

Counts 22 through 25 allege that the defendant made false statements under oath at a deposition.  To prove these counts, the government will have to prove beyond a reasonable doubt that the defendant testified under oath at a deposition ancillary to federal court proceedings; the defendant knowingly testified falsely; and that the false testimony was material.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 3.*

### 1.3 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence[.] [; and]

[Third, any facts to which the parties agree.]

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 4.*

### 1.4 What Is Not Evidence

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 5.*

## 1.5 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 6.*

## 1.6 Ruling on Objections

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 7.*

### 1.7 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 8.*

### 1.8 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you

have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

**Government's Proposed Jury Instructions**                                     **Page 15**

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 9.*

## 1.9 No Transcript Available to Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 10.*

### 1.10 Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 11.*

### 1.11 Outline of Trial

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 12.*

## 1.16 Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 13.*

## 2.1 Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.


[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a

**Government's Proposed Jury Instructions**                                        **Page 21**

member of the court's staff at the next break.  Thank you for your careful adherence to my

instructions.]

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 14.*

## 2.3 Stipulations of Fact

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

***\*\*\* Requested only if applicable \*\*\****

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 15.*

## 2.4 Judicial Notice

I have decided to accept as proved the fact that [*insert fact noticed*], even though no

evidence was presented on this point [,] [because this fact is of such common knowledge].  You

may accept this fact as true, but you are not required to do so.

***\*\*\* Requested only if applicable \*\*\****

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 16.*

## 2.5 Deposition as Substantive Evidence

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of [*name of witness*], which was taken on [*date*], is about to be presented to you.  You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.  [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

***\*\*\* Requested only if applicable \*\*\****

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 17.*

### 2.6 Transcript of Recording in English

You are about to [watch/hear] a [video/audio] recording that has been received in evidence. Please listen to it very carefully. Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling. After the recording has been played, the transcript will be taken from you.

***\*\*\* Requested only if applicable \*\*\****

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 18.*

## 2.10 Other Crimes, Wrongs, or Acts of Defendant

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] that the defendant [*summarize other act evidence*].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

[had a motive or the opportunity to commit the acts charged in the indictment;]

*or*

[was preparing or planning to commit the acts charged in the indictment;]

*or*

[acted with a method of operation as evidenced by a unique pattern [*describe pattern*];]

*or*

[did not commit the acts for which the defendant is on trial by accident or mistake;]

*or*

[*describe other purpose for which other act evidence was admitted*.]

Do not consider this evidence for any other purpose.


Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

**Government's Proposed Jury Instructions**                                     **Page 27**

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for the counts of Deprivation of Rights and False Declarations Before the Court that have been charged in the indictment, not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

*** *Requested only if applicable* ***

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 19.*

## 2.11 Similar Acts in Sexual Assault Cases
### (Fed. R. Evid. 413)

You are about to hear evidence that the defendant may have committed a similar offense of sexual assault.

You may use this evidence to decide whether the defendant committed the acts charged in the indictment.  You may not convict the defendant simply because he may have committed other unlawful acts.  You may give this evidence such weight as you think it should receive or no weight.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 20.*

## 2.12 Evidence for Limited Purpose

You are about to hear evidence about prison policies and training that the defendant received while employed at the Coffee Creek Correctional Facility. I instruct you that this evidence is admitted only for the limited purpose of determining the defendant's intent. Therefore, you must consider it only for that limited purpose and not for any other purpose.

***Requested only if applicable ***

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 21.*

### 3.1 Statements by Defendant

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 22.*

### 3.14 Opinion Evidence, Expert Witness

You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 23.*

### 3.15 Dual Role Testimony

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 24.*

### 3.16 Charts and Summaries Not Admitted into Evidence

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

***\*\*\* Requested only if applicable \*\*\****

**Government's Proposed Jury Instructions**                              **Page 34**

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 25.*

### 3.17 Charts and Summaries Admitted into Evidence

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

*** ***Requested only if applicable*** ***

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 26.*

## 6.1 Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 27.*

### 6.2 Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 28.*

### 6.3 Defendant's Decision Not to Testify

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

*** *Requested only if applicable and requested by defendant* ***

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 29.*

## 6.4 Defendant's Decision to Testify

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

*** *Requested only if applicable* ***

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 30.*

### 6.5 Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 31.*

### 6.6 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

> First, the sworn testimony of any witness;

> Second, the exhibits received in evidence[.] [; and]

> [Third, any facts to which the parties have agreed.]

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 32.*

## 6.7 What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 33.*

## 6.8 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 34.*

### 6.9 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

**Government's Proposed Jury Instructions**                                    **Page 44**

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 35.*

**6.10 Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 36.*

### 6.11 Separate Consideration of Multiple Counts—Single Defendant

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 37.*

### 6.18 On or About—Defined

The indictment charges that the offenses alleged in Counts 1 through 25 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts 1 through 25 of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 38.*

### 6.19 Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you

should not hesitate to reexamine your own views and change your opinion if you become

persuaded that it is wrong.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 39.*

### 6.20 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would

require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 40.*

### 6.21 Use of Notes

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 41.*

## 6.22 Jury Consideration of Punishment

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 42.*

### 6.23 Verdict Form

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 43.*

### 6.24 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 44.*

## Deprivation Of Rights Under Color Of Law
## (18 U.S.C. § 242)

The defendant is charged in Counts 1 through 21 of the indictment with deprivation of

rights in violation of Section 242 of Title 18 of the United States Code.  For the defendant to be

found guilty of that offense, the government must prove each of the following elements beyond a

reasonable doubt:

First, the defendant acted under color of law;

Second, the defendant deprived the victim named in each count of the right not to be

subjected to cruel and unusual punishment, which is a right secured or protected by the

United States Constitution; and

Third, the defendant acted willfully.

Authorities:

18 U.S.C. § 242.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("Section 242 makes it a crime for a state official to act willfully and under color of law to deprive a person of rights protected by the Constitution.") (internal quotations omitted).

*United States v. Lanier*, 520 U.S. 259, 264 (1997) ("Section 242 . . . mak[es] it criminal to act (1) 'willfully' and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States").

*Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1045 & n.6 (9th Cir. 2018) ("In relevant part, 18 U.S.C. § 242 applies to '[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.'").

*United States v. Gonzalez*, 533 F.3d 1057, 1064 (9th Cir. 2008) (upholding conviction when "[t]he defendant has been shown to have, willfully and under color of state law, unlawfully coerced his victims to suffer sexually-motivated assaults and batteries" in violation of the Fourteenth Amendment right to bodily integrity.)

*United States v. Lewis*, 368 F.3d 1102, 1106 (9th Cir. 2004) (explaining that § 242 "makes it a criminal act to act (1) willfully and (2) under color of [state] law (3) to deprive a person of rights protected by the Constitution or laws of the United States") (internal quotations omitted).

*United States v. Reese*, 2 F.3d 870, 880 (9th Cir. 1993) (Section 242 penalizes a defendant "for acting 'willfully' 'under color of any law' to 'subject' another 'to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.'") (quoting 18 U.S.C. § 242).

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, 2 Fed. Jury Prac. & Instr. § 29:03 (6th Edition and January 2022 updates) ("The essential elements of the offense charged.").

Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions: Fifth Circuit, Criminal Cases, § 2.18. Deprivation of Civil Rights (2019 ed.) (describing elements of § 242).

Sixth Circuit Pattern Jury Instructions - Instruction 2.02 (2022).

Committee on Federal Criminal Jury Instructions of the Seventh Circuit, Title 18 Offenses, 18 U.S.C. § 242 (2019 ed.) (describing elements of § 242).

Committee on Pattern Jury Instructions District Judges Association Tenth Circuit, Tenth Circuit Pattern Jury Instructions Criminal 2.17 (2021 ed.).

Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit, Deprivation of Civil Rights 18 U.S.C. § § 242 (2019 ed.) (describing elements of § 242).

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 45.*

## Color Of Law—Defined

The first element the government must prove beyond a reasonable doubt is that the defendant acted under color of law.  A person acts "under color of law" if he is an official or employee of a federal, state, or local government, and he uses or abuses power he possesses because of his official position.  A government official, including a prison employee, acts "under color of law" if he is performing his official duties, or pretending to perform those official duties, even if he abuses or misuses his official authority by doing something the law forbids.  If you find that the defendant was employed as a nurse by the Coffee Creek Correctional Facility and that he was acting, pretending to act, or giving the appearance of acting as an employee of the facility, then you may find that this element is satisfied.

Authority:

Ninth Circuit Model Civil Jury Instruction 9.3 (2022) (modified) ("A person acts 'under color of state law' when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.").

*West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. . . . Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (internal quotations omitted).

*Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that . . . the particular action which he took was not authorized by state law.").

**Government's Proposed Jury Instructions**                                    **Page 59**

*Monroe v. Pape*, 365 U.S. 167, 183-187 (1961) ("under color of state law" includes misuse of power possessed by virtue of state law), *overruled on other grounds by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

*Screws v. United States*, 325 U.S. 91, 111 (1945) ("It is clear that under 'color' of law means under 'pretense' of law. . . Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.").

*United States v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.").

*Garnier v. O'Connor-Ratcliffe*, 41 F.4th 1158, 1169 (9th Cir. 2022) ("At bottom, the inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.")

*Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("The traditional definition of acting under color of state law requires that the defendant . . . have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (internal quotation marks, citations, and alterations omitted) (quoting *West*, 487 U.S. at 49).

*McDade v. West*, 223 F.3d 1135, 1139–40 (9th Cir. 2000) (holding that "the traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and explaining that it is "firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State.").

**Government's Proposed Jury Instructions**                              **Page 60**

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 46.*

**Deprivation Of A Constitutional Right—Defined**

The second element the government must prove beyond a reasonable doubt is that the defendant deprived the person named in each count of the right not to be subjected to cruel and unusual punishment. This right is secured and protected by the United States Constitution.

The right to be free from cruel and unusual punishment includes the right of prison inmates to be free from nonconsensual sexual touching and sexual conduct by a prison employee that is done without a legitimate medical or penological purpose. A prison employee who engages in nonconsensual sexual touching or sexual conduct with a prisoner for the employee's own sexual gratification or for the purpose of humiliating, degrading, or demeaning the prisoner violates the Constitution. Conduct that is done for a legitimate medical or penological purpose does not constitute cruel and unusual punishment and is therefore not a constitutional violation.

Different counts allege different forms of sexual conduct. It is for you to determine whether each type of sexual conduct alleged occurred, and if so, whether it occurred freely and voluntarily or whether it was committed without the victim's consent and without a legitimate purpose.

In considering whether or not the person named in the count consented to the sexual conduct, you may consider the totality of the circumstances, including:

the context in which the alleged act occurred;

the kind of relationship, if any, that existed between the defendant and the person named in the count;

the extent, if any, to which the defendant had power over the person;

**Government's Proposed Jury Instructions**                                    **Page 61**

any disparity in size between the defendant and named person;

anything that the defendant said or did before, during, or after the sexual conduct;

the relative positions of power and authority between the defendant and the named

person; and

whether the victim agreed or submitted to the sexual conduct because of threats,

coercion, or duress.

Consent that is the product of official intimidation or harassment is not consent at all.  An

individual does not consent if she is coerced into complying with a request that she would prefer

to refuse.


<u>Authority</u>:

Ninth Circuit Model Civil Jury Instruction 9.26A (2022).

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal quotation marks omitted).

*Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020) ("We now hold that a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.").

*Wood v. Beauclair*, 692 F.3d 1041, 1046, 1050 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment" as "sexual contact between a prisoner and a prison guard serves no legitimate role and is simply not part of the penalty that criminal offenders pay for their offenses against society." Because "there is no legitimate penological purpose" served by sexual assault, "courts have 'presum[ed] malicious and sadistic intent.'") (internal quotation marks and citations omitted).

*Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (recognizing as well-established "the Eighth Amendment right of prisoners to be free from sexual abuse").

**Government's Proposed Jury Instructions**                                    **Page 62**

Consent

*Florida v. Bostick*, 501 U.S. 429, 438 (1991) ("'Consent' that is the product of official intimidation or harassment is not consent at all. Citizens do not forfeit their constitutional rights when they are coerced to comply with a request that they would prefer to refuse.").

*Tyson v. Sabine*, 42 F.4th 508, 513 & n.2 (5th Cir. 2022) (holding, in describing sexual assault by law enforcement officer conducting a welfare check, that it was "obvious" that consent that is "the product of official intimidation or harassment is not consent at all.  Citizens do not forfeit their constitutional rights when they are coerced to comply with a request that they would prefer to refuse.").

*United States v. Shaw*, 891 F.3d 441, 450-52 (3d Cir. 2018) (approving of a jury instruction defining consent in the context of an 18 U.S.C. § 242 prosecution that instructed the jury it could "consider factors such as the context in which the alleged incident occurred, the relationship between the parties, the relative positions of power and authority between the defendant and [the victim], the disparity in size between the defendant and [the victim], and the use of mental coercion" and instructed that the jury could consider whether the sexual contact was "unwanted or coerced").

*United States v. Cobenais*, 868 F.3d 731, 737 (8th Cir. 2017) (approving jury instruction stating "there is no consent if the sexual act was accomplished against the will of [the victim] by the use of force, coercion or threats").

*United States v. Webb*, 214 F.3d 962, 966 (8th Cir. 2000) (noting "the disparity in size between [the defendant] and [the victim], and . . . the coercive power, physical and psychological, that [the defendant] may have possessed by virtue of that disparity in size and by virtue of the office he held" in sexual assault case).

*United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998) (explaining force in the context of sexual assault may be inferred "from a disparity in size and coercive power between the defendant and his victim" and finding that warden's abuse of his official powers, disparity of power between him and the inmate victim, and detention of victim in a "relatively secluded location" behind a locked door, satisfied the force requirement of Section 2241).

Eighth Circuit Pattern Criminal Jury Instructions 6.18.242 (2022) (definition of consent in § 242 instruction) (modified).

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 47.*

## Willfully—Defined

The third element the government must prove is that the defendant acted willfully.  A person acts willfully if he acts voluntarily and intentionally, and with the specific intent to do something the law forbids.  In this case, it means that the defendant intentionally committed the alleged sexual misconduct knowing that it was for his own sexual gratification [or for the purpose of humiliating, degrading, or demeaning the prisoner,] and not for a legitimate medical or penological purpose.

Intent is a state of mind and can be proved by circumstantial evidence.  In determining whether the defendant acted with the required specific intent, you may consider all the surrounding circumstances.  In determining what the defendant intended at a particular time, you may consider any statements made or any acts done by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge and intent.  For example, you may consider anything the defendant did or failed to do, and whether the defendant took care to cover up or conceal his deeds.

To find the defendant acted willfully, it is not necessary for you to find that the defendant knew that he was violating a specific provision of the Constitution.  You may find that the defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved, provided that you find that the defendant intended to do what the Constitution forbids.

Authorities:

*Williams v. United States*, 341 U.S. 97, 102 n.1 (1951) (reciting, with approval, trial court's instructions that the jury was "entitled to consider all the attendant circumstances: the malice, if

any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights to be tried by a jury just like everyone else.").

*Screws v. United States*, 325 U.S. 91, 101, 104-07 (1945) (plurality opinion) ("willfully" means "a purpose to deprive a person of a specific constitutional right" including "act[ing] in open defiance or in reckless disregard of a constitutional requirement which has been made specific and definite"); *id.* at 106 (defendants need not have been thinking in constitutional terms); *id.* at 106-07 (willfulness may be inferred "from all the circumstances attendant on the act . . . [including] the malice of petitioners, the weapons used in the assault, its character and duration, the provocation, if any, and the like.").

*Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018) (holding, in discussion of § 242 jury instructions in a Fourth Amendment excessive-force case, that "the jury must find that the defendants intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances. But it is not necessary for the defendants to have been thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.") (internal citations and quotations omitted).

*United States v. Thompson*, 579 F. App'x 552, 553 (9th Cir. 2014) (holding that the court "did not err in instructing the jury. The court's instructions correctly stated the intent requirement of 18 U.S.C. § 242. As we have previously held, 'willfulness' encompasses reckless disregard of a constitutional requirement that has been made specific and definite.").

*United States v. Reese*, 2 F.3d 870, 880-82 (9th Cir. 1993) (reviewing "willfulness" decisions and concluding that "if a constitutional right is clearly delineated and the defendant acted with the particular purpose of depriving the citizen victim of his enjoyment of the interests that right protects, he will be adjudged as a matter of law to have acted 'willfully'– i.e., in reckless disregard of constitutional prohibitions or guarantees.") (internal quotation marks omitted).

*United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986) (approving willfulness instruction stating that "reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights") (internal quotation marks omitted).

Pattern Crim. Jury Instr. 5th Cir. § 2.12 (2019) (Deprivation of Civil Rights) ("To find that the defendant was acting willfully, it is not necessary for you to find that the defendant knew the specific Constitutional provision or federal law that his [her] conduct violated. But the defendant must have a specific intent to deprive the person of a right protected by the Constitution or federal law.").

Model Crim. Jury Instr. 8th Cir. § 6.18.242 (2021) (Deprivation of Civil Rights) ("To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew the specific constitutional provision or federal law that his or her conduct violated.  You may find that the defendant acted willfully even if you find that [he][she] had no real familiarity with the Constitution or with the particular constitutional right involved.  However, you must find that the defendant had a specific intent to deprive the person of a right protected by the Constitution or federal law.").

*United States v. Brown,* 934 F.3d 1278, 1296 (11th Cir. 2019) (Holding that the defendant "need not have been thinking in constitutional terms, so long as his aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution.").

*United States v. Proano*, 912 F.3d 431, 442 (7th Cir. 2019)("*Screws* explained that a defendant need not have been thinking in constitutional terms to have willfully deprived another of a constitutional right.").

*United States v. Figueroa*, 729 F.3d 267, 277 (3d Cir. 2013) (approving instructions that included "You may find the particular defendant under consideration acted with the requisite specific intent, even if you find the defendant had no real familiarity with the specific constitutional rights involved, provided you find that the defendant under consideration willfully and consciously did the act which deprived the person of his or her constitutional rights. You may find a particular defendant acted willfully if he performed an act in open defiance or reckless disregard of a constitutional [requirement] which has been made specific and definite.").

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 48.*

## Policy and Training Evidence—Limited Purpose

You have heard evidence about prison policies and training that the defendant received while employed at the Coffee Creek Correctional Facility.  I instruct you that this evidence has been admitted only for the limited purpose of determining whether the defendant acted willfully, as I have just defined that term for you.  In other words, if you determine that the defendant acted inconsistently with prison policies and/or training the defendant received while employed at the prison, then you may, but are not required to, conclude that he knew what he was doing was wrong and chose to do it anyway.  It is, of course, wholly up to you to determine whether the defendant acted consistently or inconsistently with policies or training.

It is possible for a prison employee to act inconsistently with policies and/or training without violating the Constitution, just as it is possible for a prison employee to violate the Constitution without violating policies and/or training.  For that reason, you should not consider policy and training evidence in determining whether the defendant violated the Constitution.


Authorities:

Ninth Circuit Model Criminal Jury Instruction 2.12 (2022) (modified).

Fed. Civ. Jury Instr. 7th Cir. § 7.04 (2021) (Limiting Instruction Concerning Evidence of Statutes, Administrative Rules, Regulations, and Policies) (limiting instruction stating "You have heard evidence about whether Defendant's conduct [complied with/violated] [a state statute/administrative rule/locally imposed procedure or regulation]. You may consider this evidence in your deliberations [as to [identify claim]]. But remember that the issue is whether Defendant [describe constitutional violation claimed, e.g., 'falsely arrested Plaintiff,' 'used excessive force on Plaintiff'], not whether a [statute/rule/procedure/regulation] might have been [complied with/violated].").

**Government's Proposed Jury Instructions**                                           **Page 67**

*United States v. Brown*, 934 F.3d 1278, 1296 (11th Cir. 2019) ("[T]he district court correctly instructed the jury that an officer's violation of a police department's policies on the use of force would not by itself establish that his actions amounted to excessive force.").

*United States v. Proano*, 912 F.3d 431, 439 (7th Cir. 2019) ("We have before recognized that evidence of departmental policies can be relevant to show intent in § 242 cases. Other circuit courts have as well. Those decisions, expressly or impliedly, acknowledge that an officer's training can help inform his state of mind in certain circumstances. If, for example, an officer has been trained that officers should do certain things when confronted with tense situations, and he does those things, the fact that he acted in accordance with his training could make it less likely that he acted willfully. And vice versa: If, as here, an officer has been trained that officers should not do several things when confronted with tense situations, yet he does those things anyway, the fact that he broke from his training could make it more likely that he acted willfully.") (citations omitted).

*United States v. Rodella*, 804 F.3d 1317, 1337-38 (10th Cir. 2015) (rejecting challenge to admission of training evidence and noting that the district court gave the jury a limiting instruction informing the jury it could use evidence of the defendant's training only to determine whether the defendant acted willfully to violate a right protected by the Constitution of the United States).

*United States v. Dise*, 763 F.2d 586, 588 (3d Cir. 1985) (ruling that "the jury could have found that [the defendant-officer] knew his conduct was illegal; this conclusion might have been derived from the evidence that . . . he received training as to proper responses to inmate behavior").

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 49.*

### Aggravated Sexual Abuse—Defined

If you find the defendant guilty of the charges in Counts 1, 4, 6, or 8 of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the defendant's conduct included aggravated sexual abuse.

To prove the defendant's conduct included aggravated sexual abuse, the government must prove that the defendant knowingly caused another person to engage in a sexual act: (1) by using physical force against that other person; or (2) by placing that other person in fear that she will be subjected to death, serious bodily injury, or kidnapping.

In this case, "sexual act" means (1) penetration, however slight, of the vulva by the penis; or (2) contact between the mouth and the penis.

You may find that the defendant's conduct involved aggravated sexual abuse if you find that the defendant used physical force during the alleged sexual assault sufficient to overcome the victim's will to resist, although brute violence is not required.  The requirement of force may be satisfied by a showing of the use of physical force sufficient to overcome, restrain, or injure a person to coerce or compel submission.  Restraint alone can constitute sufficient force to meet the force requirement when a defendant employs a degree of restraint sufficient to prevent an individual from escaping the sexual contact.

The defendant's conduct also involved aggravated sexual abuse if you find that the defendant placed the named victim in fear of death, serious bodily injury or kidnapping.

**Government's Proposed Jury Instructions**                                     **Page 69**

Authority:

18 U.S.C. § 2241(a) (defining "aggravated sexual abuse").

18 U.S.C. § 2246(2) (defining "sexual act").

Ninth Circuit Model Criminal Jury Instruction 20.1 (2022 ed., last updated Feb. 2023) (modified).

*United States v. H.B.*, 695 F.3d 931, 936 (9th Cir. 2012) (discussing elements of committing aggravated sexual abuse by force).

*United States v. Archdale*, 229 F.3d 861, 868 (9th Cir. 2000) ("The 'force' requirement may be satisfied by a showing of ... the use of such physical force as is sufficient to overcome, restrain, or injure a person. The force requirement is met when the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.") (internal quotations, citations, and alterations omitted).

*United States v. Montgomery*, 966 F.3d 335, 338 (5th Cir. 2020) ("We have held that the force element [for aggravated sexual abuse, as defined in § 2241] is restraint sufficient to prevent the victim from escaping.") (internal quotations omitted).

*United States v. Cates*, 973 F.3d 742, 745–46 (7th Cir. 2020) ("Aggravated sexual abuse can be reached when a person knowingly causes another person to engage in a sexual act—(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping. Here, force in § 2241(a)(1) "is the exertion of physical power upon another to overcome that individual's will to resist. Whereas fear and threats are not classified as physical power, but rather overcoming one's will to resist through mental and emotional power. Consequently, a person can be convicted of aggravated sexual abuse by either actual physical force or by threats or fear.") (internal quotations, citations, and alterations omitted).

*United States v. Shaw,* 891 F.3d 441, 449 (3d Cir. 2018) (stating that force requirement of aggravated sexual abuse element in 18 U.S.C. § 242 case "may be satisfied by a showing of . . . the use of such physical force as is sufficient to overcome, restrain, or injure a person").

*United States v. Buckley*, 195 F.3d 1034, 1035 (8th Cir. 1999) ("The element of force may be established . . . by showing that the defendant used physical force sufficient to overcome, restrain, or injure the victim.").

*United States v. Weekley*, 130 F.3d 747, 754 (6th Cir. 1997) (the force requirement includes "'the use of such physical force as is sufficient to overcome, restrain or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.'" (quoting *United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir.1990)).

**Government's Proposed Jury Instructions**                                    **Page 70**

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 50.*

## Bodily Injury —Defined

If you find the defendant guilty of the charges in Counts 1, 4, or 10 of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the defendant's conduct resulted in bodily injury.

"Bodily injury" means (A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary. Physical pain, no matter how temporary, satisfies this element. The government does not need to prove that the defendant intended to cause bodily injury.

Authority:

18 U.S.C. § 242.

18 U.S.C. § 831(g)(5) (defining "bodily injury" to mean "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ or mental faculty; or (E) any other injury to the body, no matter how temporary").

18 U.S.C. § 1365(h)(4) (same).

18 U.S.C. § 1515(a)(5) (same).

18 U.S.C. § 1864(d)(2) (same).

Seventh Circuit Pattern Criminal Jury Instruction (updated 2022) ("The term 'bodily injury' includes any of the following: a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of [the; a] function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.")

**Government's Proposed Jury Instructions**                                    **Page 71**

Fifth Circuit Pattern Criminal Jury Instruction 2.12 (2019 ed.) (defining bodily injury as: "(A) a cut, abrasion, bruise, burn, or disfigurement (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.")

*United States v. Boen,* 59 F.4th 983, 993 (8th Cir. 2023) (upholding similar instruction using plain error analysis).

*United States. v. DiSantis*, 565 F.3d 354, 362 (7th Cir. 2009) (upholding instruction; noting that § 242 does not define bodily injury but noting that jury instructions "track[ed] the language of several criminal statutes that define bodily injury as '(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary'" and that the *"*remaining portion of the instruction is similar to the definition of bodily injury provided by the Sentencing Guidelines")*.

*United States v. Perkins*, 470 F.3d 150, 161 (4th Cir. 2006) ("Although the statute does not define 'bodily injury,' the term is defined identically in four other provisions of Title 18. . . . All of these provisions define 'bodily injury' as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.") (internal citation omitted).

*United States v. Gonzalez*, 436 F.3d 560, 575 (5th Cir. 2006) (adopting, in § 242 case, definition of bodily injury set forth in 18 U.S.C. §§ 831 (f)(5), 1365(h)(4), 1515(a)(5), & 1864 (d)(2)).

*United States v. Bailey*, 405 F.3d 102, 111 (1st Cir. 2005) ("Although the statute does not define 'bodily injury,' the term is defined identically in four other provisions of Title 18. See 18 U.S.C. §§ 831(f)(5); 1365(h)(4); 1515(a)(5); 1864(d)(2) (all defining 'bodily injury' as '(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.'")).

*GOVERNMENT'S PROPOSED INSTRUCTION NO. 51.*

**24.17 False Declaration Before Grand Jury or Court (18 U.S.C. § 1623)**

The defendant is charged in Counts 22 through 25 of the indictment with having made a false declaration in violation of Section 1623 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath at a deposition ancillary to any court proceedings;

Second, the testimony was false;

Third, the defendant knew that the testimony was false; and

Fourth, the false testimony was material to the matters before the court; that is, it had a natural tendency to influence, or was capable of influencing, the court.

A deposition is an out-of-court proceeding in which a witness provides sworn testimony related to a court case.  An "ancillary proceeding" is one that is conducted in aid of a court proceeding or case.

Authority:

Ninth Circuit Model Criminal Jury Instruction 24.17 (2022) (modified).

*Dunn v. United States,* 442 U.S. 100, 111–12, (1979) (formal pretrial depositions, given under oath, are ancillary proceedings)

*United States v. Johnson*, 325 F.3d 205, 208-10 (discussing whether certain conduct occurred in a "proceeding before or ancillary to any court or grand jury")

**Government's Proposed Jury Instructions**                                      **Page 73**

*United States v. Tibbs*, 600 F.2d 19, 21 (6th Cir. 1979) (An "ancillary proceeding" is "an action conducted by a judicial representative or an action conducted pursuant to explicit statutory or judicial procedures.").

*United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (discussing false statement made during supervised release revocation hearing, an ancillary proceeding).

Note the specific unanimity language was removed from the second element of this instruction because each count charges only one false statement. *See* Comment to Instructions 24.17; *Vitello v. United States*, 425 F.2d 416, 423 (9th Cir. 1970).