UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00084-SI |
| v. | [PROPOSED] ORDER ON EVIDENCE OF DEFENDANT'S OTHER ACTS |
| TONY DANIEL KLEIN, | |
| Defendant. | |

On April 21, 2023, the United States submitted a Notice of Intent to Introduce Intrinsic Evidence or Alternatively To Introduce Other Acts Evidence Pursuant to Rules 413 and 404(b). The parties [have filed/have had an opportunity to file] responses in Opposition and in Reply. Upon review of the Notice and related documents, it is hereby:

ORDERED that the following evidence of uncharged conduct by the defendant, as generally described in the Notice, is admissible on the bases identified below.

<u>Uncharged Conduct Toward AV1</u>

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV 1 is admissible as intrinsic and inextricably intertwined with the charged crimes because it is necessary to complete the story and explain the circumstances surrounding and leading up to the conduct charged in Count 1. In addition, the same evidence is also admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV2

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV2 is admissible as intrinsic and inextricably intertwined with the charged crimes because it is necessary to complete the story and explain the circumstances surrounding and leading up to the conduct charged in Counts 2, 3, and 4. In addition, the same evidence is also admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV3

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV3 is admissible as intrinsic evidence because it is direct evidence of Counts 23 (digital penetration), 24 (kissing), and 25 (sexual contact), and because it is necessary to complete the story and explain the circumstances surrounding and leading up to the conduct charged in Counts 5 through 9.

In addition, the same evidence is also admissible pursuant to Rules 413 and 404(b). Specifically, evidence of the defendant's uncharged digital penetration of AV3 is admissible under Rule 413, and evidence of each instance of the defendant's uncharged conduct toward AV3, as set forth in the Notice, is admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV4

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV4 is admissible as intrinsic evidence because it is direct evidence of Counts 23 (digital penetration), 24 (kissing), and 25 (sexual contact, including mutual masturbation, oral sex without vaginal penetration, and defendant's

grabbing his penis), and because it is necessary to complete the story and explain the circumstances surrounding and leading up to the conduct charged in Count 10.

In addition, the same evidence is also admissible pursuant to Rules 413 and 404(b). Specifically, evidence of the defendant's uncharged conduct toward AV4 that amounts to a "sexual assault," as defined by Rule 413 of the Federal Rules of Evidence, is admissible under that Rule. This applies to the instances of digital penetration and oral sex. Finally, evidence of kissing, mutual masturbation, and the defendant's exposing or intentionally grabbing his penis is admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV5

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV5 is admissible as intrinsic evidence because it is direct evidence of Count 25 (sexual contact). The same evidence is alternatively admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV6

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV6 is admissible as intrinsic evidence because it is direct evidence of Count 25 (sexual contact). The uncharged conduct is also inextricably intertwined with the charged crimes because it is necessary to complete the story and explain the circumstances surrounding and leading up to the conduct charged in Counts 12, 13, and 14. The same evidence is also admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV7

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV7 is admissible as intrinsic evidence because it is direct evidence of Count 25.  The same evidence is also admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV11

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV11 is admissible as intrinsic evidence because it is direct evidence of Count 23 (digital penetration) and Count 25 (sexual contact), and because it is necessary to complete the story and explain the circumstances surrounding and leading up to the conduct charged in Count 19.  The same evidence is also admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV13

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV13 is admissible as intrinsic evidence because it is direct evidence of Count 23 (digital penetration) and Count 25 (all other conduct toward AVs 3, 13, and 14, as described in the Notice).  The defendant's conduct toward AV13 is also inextricably intertwined with the charged conduct; AV13 recognized the defendant's conduct toward AV3 and AV14 as inappropriate and sexually suggestive because it was very similar to the defendant's conduct toward AV13.  The evidence of the defendant's uncharged conduct toward AV13 is also admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV14

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV14 is admissible as intrinsic evidence because it is direct evidence of Count 22 (sexual vaginal intercourse), Count 23 (vaginal penetration using fingers, tongue, and penis), and Count 25 (all sexual contact). In addition, the defendant's conduct toward AV14 that was witnessed by AV3 or directly related to the defendant's conduct toward AV3 is inextricably intertwined with Counts 5 through 9; it is necessary to complete the story and explain the circumstances surrounding and leading up to the conduct charged in Counts 5 through 9.

In addition, the same evidence is also admissible pursuant to Rules 413 and 404(b). Specifically, evidence of the defendant's uncharged acts of vaginal penetration (using his fingers, tongue, or penis), is admissible pursuant to Rule 413. So, too, is evidence of the defendant causing AV14 to perform oral sex on him and evidence of the defendant touching AV14's buttocks. Evidence of this conduct, as well as evidence that the defendant used a stethoscope in a sexual manner with AV14 and rubbed and pressed his body against AV14's, is also admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV15

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV15 is admissible as intrinsic evidence because it is direct evidence of Count 25. The same evidence of the defendant's uncharged conduct toward AV15 is also admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV16

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV16 is admissible as intrinsic evidence because it is direct evidence of Count 25. The same evidence is also admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV17

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV17 is admissible as intrinsic evidence because it is direct evidence of Count 25. The same evidence is also admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV18

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV16 is admissible as intrinsic evidence because it is direct evidence of Counts 23 (digital penetration) and 25 (sexual contact). The same evidence is also admissible pursuant to Rules 413 and 404(b).

Uncharged Conduct Toward AV19

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV19 is admissible as intrinsic evidence because it is direct evidence of Counts 22 (sexual vaginal intercourse), 23 (vaginal penetration using penis), 24 (kissing), and 25 (sexual contact). Evidence about the incidents in which the defendant caused AV19 to perform oral sex is also admissible pursuant to Rule 413. All

other evidence of the defendant's uncharged conduct toward AV19 is admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV20

Pursuant to Rules 401, 402, 403 of the Federal Rules of Evidence, evidence of the defendant's uncharged conduct toward AV20 is admissible as intrinsic evidence because it is direct evidence of Count 25 (sexual contact).  The defendant's conduct toward AV20 is also inextricably intertwined with the charged conduct; AV20 recognized the defendant's conduct toward AV3 as inappropriate and sexually suggestive because it was very similar to some of the defendant's conduct toward AV20.  Pursuant to Rule 413, evidence about the defendant's uncharged touching of AV20's upper thigh is admissible.  All other evidence of the defendant's uncharged conduct toward AV20 is also admissible pursuant to Rule 404(b).

Uncharged Conduct Toward AV21

Pursuant to Rules 401, 402, 403, and 404(b) of the Federal Rules of Evidence, is admissible as intrinsic evidence because it is direct evidence of Count 25.  Evidence of the defendant's uncharged conduct toward AV21 is also admissible pursuant to Rule 404(b).

SO ORDERED.

Dated: _____, 2023

_____
HONORABLE MICHAEL H. SIMON
United States District Judge