Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204
503-546-3927
email: matthew@levinemchenry.com

Amanda Alvarez Thibeault, OSB 132913
Alvarez Thibeault LLC
330 NE Lincoln Street, Suite 100
Hillsboro, OR 97124
503-640-0708
email: amanda@aatlegal.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>TONY DANIEL KLEIN,<br><br>    Defendant. | No. 3:22-cr-00084-SI<br><br>**DEFENDANT'S MOTIONS IN LIMINE** |

Defendant Tony Klein, through counsel, makes the following motions

*in limine*:

**1) Defendant moves for an order allowing counsel to conduct individual questioning of prospective jurors.**

Jury selection "is the primary means by which a court may enforce a

defendant's right to be tried by a jury free from ethnic, racial, or political

prejudice or predisposition about the defendant's culpability." *Gomez v. United States*, 490 U.S. 858, 873 (1989) (citations omitted).  Given the charges alone, this case presents extraordinary risks of unfair prejudices and biases in the minds of jurors.

Voir dire plays "a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." *Rosales-Lopes v. United States*, 451 U.S. 182, 188 (1981).  Voir dire examination "serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991).  The process "provides a means of discovering actual or implied bias and a firmer basis upon which the parties may exercise their peremptory challenge intelligently." *J.E.B. v. Alabama*, 511 U.S. 127, 143-44 (1994). "The principal value of the peremptory is that it helps produce fair and impartial juries." *Id*. at 147 (O'Connor, J., concurring).

To uphold the constitutional right to trial, defendants "must be permitted sufficient inquiry into the backgrounds and attitudes of prospective jurors to enable them to exercise intelligently their peremptory challenges."  *United States v. Harris*, 542 F.2d 1283, 1295 (7th Cir. 1976). Because such challenges are "worthless if trial counsel is not afforded an

opportunity to gain the necessary information upon which to base such strikes . . . each lawyer [should] be given an opportunity to ferret out possible bias and prejudice." *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977).  Permitting the lawyers to question prospective jurors individually ensures that the parties can obtain sufficient information for an informed exercise of peremptory challenges or motions to strike for cause based upon lack of impartiality.  *United States v. Toomey*, 764 F.2d 678, 682 (9th Cir. 1985) (noting court's responsibility to ensure parties can obtain sufficient information).

### 2) Defendant moves to exclude evidence of acts not presented to the Grand Jury under the Fifth Amendment, Rule 403, and the Statute of Limitations

Mr. Klein is charged by a Grand Jury Indictment alleging 21 counts of Deprivation of Civil Rights against 12 different complaining witnesses, and 4 counts of False Declarations Before the Court.  The False Declaration charges are not linked to any particular individual.

Evidence not implicating the above charges that was not presented to the Grand Jury should be excluded. Moreover, the government should be precluded from referring to other conduct or arguing to the jury that a conviction can be based on any conduct outside of the Indictment.

Allowing such a broadening of the Indictment would amount to improper constructive amendment in violation of Mr. Klein's constitutional rights.

"A variance occurs when the proof introduced at trial differs materially from the facts alleged in the indictment." Charles Alan Wright, Federal Practice and Procedure, Criminal § 516 (2d ed.1982). A variance that affects a substantial right of the accused is reversible error. *See United States v. Tsinhnahijinnie*, 112 F.3d 988 (9th Cir. 1997); *see also Jeffers v. United States*, 392 F.2d 749 (9th Cir. 1968) (reversing defendant's mail fraud conviction where the misrepresentation alleged in the indictment varied from the misrepresentation that the government proved at trial). The rationale for the rule is that if the difference between the indictment and the proof is too great, it violates the defendant's Fifth Amendment right to indictment. *See United States v. Brown*, 400 F.3d 1242 (10th Cir. 2005).

Under the Fifth Amendment, Mr. Klein has the right to face at trial the same allegations presented to the grand jury that indicted him. *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014) (noting "the defendant's substantial right to be tried only on charges presented in an indictment"); *Stirone v. United States*, 361 U.S. 212, 217 (1960) (same). If the government is permitted to introduce at trial acts and conduct not charged in

the indictment, there is a real risk that any conviction would be based on an

impermissible constructive amendment. As the Ninth Circuit has explained:

> [W]hen conduct necessary to satisfy an element of the offense is
> charged in the indictment and the government's proof at trial
> includes uncharged conduct that would satisfy the same element,
> we need some way of assuring that the jury convicted the
> defendant based solely on the conduct actually charged in the
> indictment. Typically, that assurance will be provided by jury
> instructions requiring the jury to find the conduct charged in the
> indictment before it may convict. If the jury instructions do not
> impose that limitation, however, the defendant's conviction could
> be based on conduct not charged in the indictment. That
> possibility results in a constructive amendment of the
> indictment, requiring reversal, because it "destroy[s] the
> defendant's substantial right to be tried only on charges presented
> in an indictment." *Stirone*, 361 U.S. at 217.

*Ward*, 747 F.3d at 1191; *see also* 471 U.S. 130, 138 (1985) (noting a

constructive amendment occurs through "*broadening* the possible bases for

conviction from that which appear[s] in the indictment") (emphases in

original).

The Court should further exclude evidence of acts and conduct outside

the Indictment for undue delay and prejudice under Rule 403. "Relevant

evidence may be excluded if its probative value is substantially outweighed

by danger of undue delay, wasting time, or needlessly presenting cumulative

evidence." WEINSTEIN'S FEDERAL EVIDENCE § 403-06; *Burlington N.*

*R. Co. v. Washington Dep't of Revenue*, 23 F.3d 239, 241 (9th Cir. 1994) (in

action concerning state property taxes, district court did not err in excluding

evidence of how railroad company's properties were valued by other states on grounds that it was waste of time under Rule 403); *Poling v. Morgan*, 829 F.2d 882, 888 (9th Cir. 1987) (when mobile home purchasers sued after their mobile homes were repossessed and transferred to defendants, there was no abuse of discretion in excluding evidence of other schemes in which defendants defrauded buyers of mobile homes, since admission would have caused undue delay). Allowing evidence of alleged wrongdoings outside of those acts charged in the Indictment would cause undue delay both in the government's presentation of evidence, and in Mr. Klein's need to respond to each of the alleged acts.

In addition, allowing the government to present evidence of acts not presented to or charged by the Grand Jury would cause undue prejudice. Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis." *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) (internal citation omitted); *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

Finally, the introduction of conduct outside the indictment could also be outside the statute of limitations. The default statute of limitations

for Deprivation of Civil Rights is five years. 18 U.S.C. § 3282(a).  "[T]he return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990).  An indictment may toll the statute of limitations as if it were the original indictment in only one circumstance—if it is "on the same charges" and "returned while a previous indictment is still pending." *Pacheco*, 912 F.2d at 305. Any conduct outside the statute of limitations that is not tolled by the indictment cannot now be used at trial to establish an element of a charged offense.

Additionally, the Court should also explicitly preclude the government from arguing to the jury that a conviction could be based upon conduct outside of the indictment and/or not presented to a Grand Jury.

### 3) Defendant moves to exclude "overview" and "summary" witnesses.

Defendant objects to any government witness providing "overview" or "summary" testimony.  *See United States v. Casas*, 356 F.3d 104, 117 (1st Cir. 2004) ("Overview testimony by government agents is especially problematic because juries may place greater weight on evidence perceived to have the imprimatur of the government."); *United States v. Garcia*, 413 F.3d 201, 214 (2nd Cir. 2005) (improper to open case with an overview witness who summarizes anticipated evidence "that has not yet been

presented to the jury."); *United States v. Aviles-Colon*, 536 F.3d 1, 21 n.13 (1st Cir. 2008) (expressing concern about use of government agent "to endorse the testimony of other witnesses, who testify from personal knowledge about the involvement of the defendant in the conspiracy, and thereby add the imprimatur of the government to those witnesses' testimony").

### 4) Defendant moves to exclude improper opinion testimony by lay witnesses.

Defendant moves pursuant to Federal Rule of Evidence 401, 403, and 701, to preclude the government from eliciting opinion testimony by lay witnesses.  Under Rule 701, a lay witness may testify in the form of an opinion if it is (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge. Where a lay witness opinion is based on hearsay, speculation, or professional experience, such testimony is inadmissible. *United States v. Lloyd*, 807 F.3d 1128, 1155 (9th Cir. 2015) (reversing conviction where boiler-room employee testified based on hearsay, speculation, and his professional background that investors disregarded investment disclosures). Therefore, a witness that is not noticed

as expert under Rule 702 and Fed. Crim. R. 16 cannot opine based on professional experience.

### 5) Defendant moves to admit evidence of other acts of government witnesses under FRE 404

Defendant hereby provides notice of his intent to offer other acts evidence of the government's witnesses under FRE 404(b).[1]

Since the investigation into Mr. Klein began, many of the alleged victims have been arrested and charged with new criminal offenses.

1. AV2 was recently arrested in Alaska on allegations of trafficking drugs (heroin, fentanyl, methamphetamines). She is currently incarcerated in Alaska. While in Alaska, she spoke with one of the members of law enforcement and asked if they could assist her on her new charges based on her testimony against Mr. Klein.

2. AV11 was arrested in 2021 for allegations of Burglary in the Second Degree and Theft in the First Degree. She has continued to flee from law enforcement and is currently in bench warrant status on that case. When she was arrested (and then quickly released, after which she failed to appear for her next court date and remains in warrant status) she lied about her identification to the release officer.

---

[1] These acts are separate and in addition to offering impeachable criminal convictions of the government witnesses, which the defense and the government have already come to an agreement on.

**9 – DEFENDANT'S MOTIONS IN LIMINE**

3.  AV12 has been charged in four separate cases spanning from January of 2022 to November 2022. The allegations in those cases include multiple crimes of dishonesty, like Identity Theft and Forgery in the First Degree. AV12 remains in warrant status on all of her pending cases.

4.  AV8 has been charged in two separate cases in 2022. One case involving Driving Under the Influence and Reckless Driving allegations (she was convicted of the Reckless Driving and acquitted of the other charge). Her other case remains pending, set for trial in August. That also involves crimes of dishonesty and includes allegations of Forgery, Resisting Arrest, and Theft.

In addition to the charges pending, defense counsel also intends to offer and cross examine witnesses on their relevant disciplinary history while in custody at CCCF. Similarly, defense counsel intends to offer and cross examine witnesses about other grievances they have filed at DOC, unrelated to Mr. Klein.

FRE 404(b)(2) allows for the admission of other crimes, wrongs, or acts for non-propensity purposes, such as motive, opportunity, intent etc. Here, the above listed criminal allegations (and any other allegations that the Government's witnesses accrue before trial) are relevant and admissible to

prove their motive to testify falsely against Mr. Klein. All of the above
witnesses accused Mr. Klein of sexual misconduct. Most of them received
settlements from civil cases as a result. Despite that, they continued to
engage in various criminal enterprises. Although such acts may obviously be
the result of other things (drug addiction etc.), the fact that they have
pending criminal charges against them, *at the time of testimony*, is relevant
in showing why their testimony would be molded to whatever the
Government wants it to be, regardless of truth or falsity. The idea that these
named witnesses would change their testimony to curry favor with the
Government is not speculative. Indeed, in the case of AV2, it is exactly what
has already happened: she asked for assistance on her criminal case based on
the fact that she was expected to testify against Mr. Klein.

Mr. Klein maintains his innocence, as he has done from the beginning
of this investigation. All of his accusers have various motives for accusing
him falsely of sexual assault and that dynamic of falsely accusing medical
staff is well known throughout CCCF.[2] They had motive to falsely accuse
him at the time of the allegations and they have even stronger motives now:

---

[2] For example, a recent civil suit against Dr. Robert Snider ended with defense verdicts under remarkably
similar circumstances and remarkably similar allegations. *See* 3:17-cv-00624-SI

**11 – DEFENDANT'S MOTIONS IN LIMINE**

to testify the way the Government wants them to in the attempt to avoid further legal complications.

In addition to the fact that they are facing new criminal charges, the flight from law enforcement of some of the Government's witnesses is further probative of their motives to falsely accuse Mr. Klein. If the Government is successful in bringing them to trial, the fact that they fled from law enforcement for varying periods of time would further emphasize why they would want to curry favor with the Government. Not only are they accused of new criminal allegations that could land them time in jail or prison, but they would have been on the run for some time for the sole purpose of avoiding prosecution. Their continued flight from law enforcement further heightens the motivation to mold their testimony to the case as the Government wants it presented regardless of its truth.

Disciplinary records from around the time the complaining witnesses accused Mr. Klein of sexual misconduct, including ones shortly prior and subsequent to, are also relevant for the same reason. The accusers in this case had every motive to cooperate with the Government in an attempt to avoid discipline for their own behavior. AV#1, for example, was found to have committed racketeering and extortion in 2019 from inside the walls of CCCF.

12 – DEFENDANT'S MOTIONS IN LIMINE

Additionally, the defense will seek to cross examine witnesses and offer evidence of various other grievances they filed while inmates at CCCF. In this case, nearly all of the allegations against Mr. Klein were reported long after they were said to have occurred. One of the Government's explanations of this at trial will be that the witnesses were afraid of retaliation and did not want to administratively grieve the complaints until they felt certain enough to do so. This theory of delayed disclosure is directly contracted by the fact that most of the witnesses made frequent grievances, before and after accusing Mr. Klein, about all sorts of things. The following are illustrative examples defense has located in discovery (including in records just received, today, from ODOC).

AV2 made multiple grievances about how she was treated in medical, among other things, in a timely manner. Similarly, AV7 wrote a grievance against Mr. Klein in 2021 alleging abuse in 2016. Although she delayed writing a grievance on Mr. Klein's abuse for approximately five years per her own report, she immediately grieved things like not seeing the appropriate medical specialist (incident date and grievance date the same, where she asked for money pursuant to the "OARs") and similarly grieved another medical issue on October 21, 2020, the same day it was said to have

occurred. There are approximately ten more grievances from this AV, which all appear to have been made very close in time to the incident.

These are just examples from two of the Government's complaining witnesses, and multiple examples of this exist with other witnesses at well. In essence, the explanation that AICs did not feel comfortable filing grievances, did not understand the process, or did not know how to file a grievance related to sexual assault is simply untenable. However, the jury will not be able to understand that without understanding the list of other complaints (and their topics) that the witnesses made.

In addition to 404(b), the evidence is constitutionally required to be admitted. Mr. Klein has right under the Fifth and Sixth amendments to mount a defense to the charges. Mr. Klein's defense is quite simple: Mr. Klein did not sexually touch these women. Their allegations are false. The constitution requires that Mr. Klein be able to offer evidence about *why* (i.e. their motive) these witnesses would testify falsely, including the desire to avoid further prosecution based on their new criminal charges.

**6) Defendant moves for leave to file additional motions based on outstanding discovery and records.**

Though the pretrial motions deadline on Mr. Klein's case is currently set for April 21, 2023, thousands of pages of records that have been requested and/or subpoenaed by the defense have yet to be provided.

**14 – DEFENDANT'S MOTIONS IN LIMINE**

Defense counsel previously requested a set over based on these matters, among other things, and was denied. ECF 51. Although defense counsel has done everything they can to obtain the records they need prior to motions deadlines, thousands of pages have not yet been received by the defense. Moreover, the Government still continues to withhold *Brady* evidence, despite a formal request. ECF 58.

The Sixth Amendment's guarantee of compulsory process and the more general Fifth Amendment guarantee of due process also "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina,* 547 U.S. 319, 324 (2006). This right includes, "at a minimum…the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie,* 480 U.S 39, 56 (1967) ("The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts . . . . [The accused] has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.").

Moreover, "[w]hen evidence is excluded on the basis of an improper application of the [evidentiary] rules, due process concerns are still greater because the exclusion is unsupported by any legitimate state justification."

15 – DEFENDANT'S MOTIONS IN LIMINE

*United States v. Lopez-Alvarez,* 970 F2d 583, 588 (9th Cir. 1992). "The right

of an accused in a criminal trial to due process, is in essence, the right to a

fair opportunity to defend against the State's accusations." *Chambers v.*

*Mississippi,* 410 U.S. 284, 294. (1972).

Here, limiting the defense to motions based on the records received in

April, when trial is currently scheduled in July, undermines Mr. Klein's

ability to present a defense. Defense counsel has done everything within its

power to obtain the records it needs for trial. Without the ability to litigate

issues based on the later received discovery, Mr. Klein will lose a

meaningful opportunity to present a complete defense as is afforded to him

under the Federal Constitution.

The potential need to file motions past the April 21 deadline is in part

caused by the government's previous legal positions. Defense counsel

moved for a continuance previously, which the government objected to. In

support of its objection the Government stated, "Though the defendant is, of

course, entitled to and should seek records for his defense[.]" *Government's*

*Response to Defendant's Motion to Continue*, Page 8, ECF 46. The

government knew that the result of a denial of the Defense's Motion to

Continue would result in records arriving during the days leading up to trial

and even encouraged the defense to do so in opposition to its request. The

16 – DEFENDANT'S MOTIONS IN LIMINE

Government cannot now complain about certain motions not yet being filed this close to trial, when they themselves objected to the time the defense needed to avoid later timed filings.

Additionally, as addressed in other pleadings, the Government has still not met its discovery and disclosure obligations, particularly with respect to *Brady* material.  The Defendant cannot file motions based on records not yet provided. Despite the defense repeatedly requesting *Brady* information related to certain witnesses, the Government has yet to provide it. Not providing Mr. Klein the opportunity to litigate issues based on records he has yet to receive (but is constitutionally entitled to), violates his rights under the Sixth and Fifth Amendments.

Respectfully Submitted this 21st day of April, 2023:


/s/ *Matthew G. McHenry*               /s/ *Amanda Alvarez Thibeault*
Matthew G. McHenry                     Amanda Alvarez Thibeault
Counsel for Tony Klein                 Counsel for Tony Klein