Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204
503-546-3927
email: matthew@levinemchenry.com

Amanda Alvarez Thibeault, OSB 132913
Alvarez Thibeault LLC
330 NE Lincoln Street, Suite 100
Hillsboro, OR 97124
503-640-0708
email: amanda@aatlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   vs.<br><br>TONY DANIEL KLEIN,<br><br>          Defendant. | No. 3:22-cr-00084-SI<br><br>**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT EXHIBITS** |

Pursuant to Federal Rule of Criminal Procedure 12(b), and for reasons set forth in this motion, Defendant Tony Klein hereby moves the Court for an order excluding from evidence during trial the following exhibits offered by the government (ECF 44).

While some of the following exhibits may be admissible upon the government articulating a theory of relevance and laying a proper foundation for hearsay exceptions, Mr. Klein objects to their admission until such time as the government does so.  The following Federal Rules of Evidence are applicable to the objections listed herein: FRE 401, 402, 403, 602, 704, and 802.

## OBJECTIONS TO GOVERNMENT EXHIBITS

1. Exhibit 1.  This exhibit is an 82-minute video recording and 464-page transcript of a deposition by the Defendant from an earlier civil case. Some of the Defendant's statements in the exhibit may be admissible. However, the exhibit offered by the government contains a number of statements that are not relevant to the instant case, as well as a significant amount of unsworn commentary from attorneys and others present that is hearsay, improper opinion evidence, unfairly prejudicial, and would lead to confusion of the issues and misleading of the jury.

2. Exhibit 7. This exhibit appears to be an excerpt from an online application for renewal of Defendant's nursing license in 2018. This is hearsay evidence and not relevant to the instant case.

3. Exhibit 8. This exhibit is a stipulated order of reprimand from the Oregon State Board of Nursing.  This is hearsay evidence and not relevant to

the instant case, unfairly prejudicial, and would lead to confusion of the issues and misleading of the jury.

4. Exhibit 9. This exhibit appears to be a training-related document regarding sexual jokes in the workplace.  The exhibit is hearsay and not relevant to the instant case and would lead to confusion of the issues and misleading of the jury.

5. Exhibit 14. This exhibit is an email exchange between ODOC employees discussing the Defendant.  The exhibit is hearsay and not relevant to the instant case.  Further, if these individuals do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

6. Exhibit 15. This exhibit is an email exchange between ODOC employees.  The exhibit also contains a reference to a prior civil case (*Suarez, et al. v. ODOC, et al.*, No. 3:19-cv-00095-BR), a notation that the civil case is the "lead case," and a notation that the document is "Confidential Under Stipulated Protective Order-Attorneys' Eyes Only." The exhibit is hearsay and not relevant to the instant case and would lead to confusion of the issues and misleading of the jury. Further, if these individuals do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

7. Exhibit 16. This exhibit is an email from ODOC employee Dave Brown to an unknown number of individuals.  The exhibit also contains a reference to a prior civil case (*Suarez, et al. v. ODOC, et al.*, No. 3:19-cv-00095-BR). The exhibit is hearsay and not relevant to the instant case and would lead to confusion of the issues and misleading of the jury. Further, if Dave Brown does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

8. Exhibit 17. This exhibit contains a number of architectural sketches of CCCF facilities.  There is no indication of when these sketches were made or by whom, and no indication of what time period at CCCF the sketches purport to portray.  Further, the exhibit contains sketches of areas and facilities at CCCF that are not relevant to the instant case.  The exhibit is hearsay and would lead to confusion of the issues and misleading of the jury.

9. Exhibit 18. This exhibit is a 2-page excerpt from a 34-page document that appears to be a report on a CCCF PREA audit. The exhibit has a "Draft" watermark, a reference to a prior civil case (*Suarez, et al. v. ODOC, et al.*, No. 3:19-cv-00095-BR), a notation that the civil case is the "lead case," and a notation that the document is "Confidential Under Stipulated Protective Order-Attorneys' Eyes Only." The exhibit is hearsay

and not relevant to the instant case and would lead to confusion of the issues and misleading of the jury.

10. <u>Exhibit 21</u>. This exhibit is a Grievance Form.  It is hearsay. Further, if the individual who submitted this form does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

11. <u>Exhibit 22</u>. This exhibit is four pages excerpted from a medical record document that is hundreds of pages long.  It is incomplete, largely illegible, contains hearsay, is not relevant, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

12. <u>Exhibit 23</u>. This exhibit is a report written by a CCCF staff member.  It contains hearsay and needlessly cumulative.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the exhibit would violate the Confrontation Clause.

13. <u>Exhibit 24.</u> This exhibit is a one-page excerpt from a nine-page inmate misconduct report.  It is incomplete, contains hearsay and would lead to confusion of the issues and misleading of the jury.

14. <u>Exhibit 26</u>. This exhibit is a select number of pages excerpted from a medical records document that is hundreds of pages long.  It is

incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

15. Exhibit 27. This exhibit, a communication between an inmate and CCCF staff, contains hearsay statements from multiple individuals.  It is needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

16. Exhibit 28. This exhibit, a communication between an inmate and CCCF staff, contains hearsay statements.  It is not relevant, needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

17. Exhibit 29. This exhibit, a communication between an inmate and CCCF staff, contains hearsay statements.  It is not relevant, needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do

not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

18. Exhibit 30. This exhibit, a communication between an inmate and CCCF staff, contains hearsay statements.  It is not relevant, needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibit does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

19. Exhibit 31. This exhibit is an incident report by a CCCF staff member.  It contains hearsay and is needlessly cumulative. Further, if the individual who made the statements in the exhibit does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

20. Exhibit 32. This exhibit is a Report written by a CCCF staff member.  It contains hearsay and needlessly cumulative.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the exhibit would violate the Confrontation Clause.

21. Exhibit 33. This exhibit is a report of an inmate interview by a CCCF staff member.  It contains hearsay and is needlessly cumulative. Further, if the individual who made the statements in the exhibit does not

testify at trial, the statements in the exhibit would violate the Confrontation Clause.

22. <u>Exhibits 35–43</u>. These exhibits are Grievance Forms.  They are incomplete in that they do not contain CCCF's responses.  The exhibits contain hearsay, are needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibits does not testify at trial, the statements in the exhibits would violate the Confrontation Clause.

23. <u>Exhibits 44–47</u>. These exhibits are Grievance Appeal Forms. They are incomplete in that they do not contain CCCF's responses.  The exhibits contain hearsay, are needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibits does not testify at trial, the statements in the exhibits would violate the Confrontation Clause.

24. <u>Exhibit 48</u>. This exhibit is a select number of pages excerpted from a medical records document that is hundreds of pages long.  It is incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

25. <u>Exhibit 49</u>. This exhibit is a Report written by a CCCF staff member.  It contains hearsay and needlessly cumulative.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the exhibit would violate the Confrontation Clause.

26. <u>Exhibit 50</u>. This exhibit is an Inmate Communication Form. It contains hearsay statements.  It is not relevant, needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibit does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

27. <u>Exhibit 52</u>. This exhibit is an Inmate Communication Form. It contains hearsay statements.  It is not relevant, needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibit does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

28. <u>Exhibits 55–56</u>.  These exhibits are Grievance Forms.  They are incomplete in that they do not contain CCCF's responses.  The exhibits contain hearsay, are needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibits does not testify at trial, the statements in the exhibits would violate the Confrontation Clause.

29. <u>Exhibit 59</u>. This exhibit is a single page excerpted from a medical records document that is hundreds of pages long.  It is incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

30. <u>Exhibit 61</u>. This exhibit is a Grievance Form.  It is incomplete in that it does not contain CCCF's response.  The exhibit contains hearsay, is needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibit does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

31. <u>Exhibit 62</u>. This exhibit is a select number of pages excerpted from a medical records document that is hundreds of pages long.  It is incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

32. <u>Exhibits 64–65</u>. Exhibit 64 is a Grievance Form.  Exhibit 65 is a handwritten document with "Grievance Form" written at the top.  They are

incomplete in that they do not contain CCCF's responses.  The exhibits

contain hearsay, are needlessly cumulative, and would lead to confusion of

the issues and misleading of the jury.  Further, if the individual who made

the statements in the exhibits does not testify at trial, the statements in the

exhibits would violate the Confrontation Clause.

33. <u>Exhibit 66</u>. This exhibit is a select number of pages excerpted

from a medical records document that is hundreds of pages long.  It is

incomplete, largely illegible, contains hearsay, and would lead to confusion

of the issues and misleading of the jury.  Further, if the individuals who

made the statements in the exhibit do not testify at trial, the statements in the

exhibit would violate the Confrontation Clause.

34. <u>Exhibit 68</u>. This exhibit is a Grievance Form.  It is incomplete in

that it does not contain CCCF's response.  The exhibit contains hearsay, is

needlessly cumulative, and would lead to confusion of the issues and

misleading of the jury.  Further, if the individual who made the statements in

the exhibit does not testify at trial, the statements in the exhibit would

violate the Confrontation Clause.

35. <u>Exhibit 69</u>. This exhibit is a select number of pages excerpted

from a medical records document that is hundreds of pages long.  It is

incomplete, largely illegible, contains hearsay, and would lead to confusion

of the issues and misleading of the jury.  Further, if the individuals who

made the statements in the exhibit do not testify at trial, the statements in the

exhibit would violate the Confrontation Clause.

36. Exhibit 70. This exhibit is an Inmate Communication Form. It

contains hearsay statements.  It is not relevant, needlessly cumulative, and

would lead to confusion of the issues and misleading of the jury.  Further, if

the individual who made the statements in the exhibit does not testify at trial,

the statements in the exhibit would violate the Confrontation Clause.

37. Exhibit 71. This exhibit is a Report written by a CCCF staff

member.  It contains hearsay and needlessly cumulative.  Further, if the

individuals who made the statements in the exhibit do not testify at trial, the

exhibit would violate the Confrontation Clause.

38. Exhibit 72. This exhibit is an email exchange between ODOC

employees.  The exhibit is hearsay.  Further, if these individuals do not

testify at trial, the statements in the exhibit would violate the Confrontation

Clause.

39. Exhibit 74. This exhibit is a select number of pages excerpted

from a medical records document that is hundreds of pages long.  It is

incomplete, largely illegible, contains hearsay, and would lead to confusion

of the issues and misleading of the jury.  Further, if the individuals who

made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

40. <u>Exhibits 76-77</u>. These exhibits are Grievance Forms.  They are incomplete in that they do not contain CCCF's responses.  The exhibits contain hearsay, are needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibits does not testify at trial, the statements in the exhibits would violate the Confrontation Clause.

41. <u>Exhibit 78</u>. This exhibit is a select number of pages excerpted from a medical records document that is hundreds of pages long.  It is incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

42. <u>Exhibits 80–82</u>. These exhibits are Grievance Forms.  They are incomplete in that they do not contain CCCF's responses.  The exhibits contain hearsay, are needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibits does not testify at trial, the statements in the exhibits would violate the Confrontation Clause.

13 – DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT EXHIBITS

43. <u>Exhibit 83</u>. This exhibit is a select number of pages excerpted from a medical records document that is hundreds of pages long.  It is incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury.  Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

44. <u>Exhibits 87–88</u>. These exhibits are Grievance Forms.  They are incomplete in that they do not contain CCCF's responses.  The exhibits contain hearsay, are needlessly cumulative, and would lead to confusion of the issues and misleading of the jury.  Further, if the individual who made the statements in the exhibits does not testify at trial, the statements in the exhibits would violate the Confrontation Clause.

45. <u>Exhibit 89</u>. This exhibit is a schedule for an inmate at the CCCF infirmary.  The exhibit contains a reference to a prior civil case (*Suarez, et al. v. ODOC, et al.*, No. 3:19-cv-00095-BR), and a notation that the civil case is the "lead case." The exhibit is needlessly cumulative and would lead to confusion of the issues and misleading of the jury.

46. <u>Exhibit 94</u>.  This exhibit is a Grievance Form.  It is incomplete in that it does not contain CCCF's response.  The exhibit contains hearsay, is needlessly cumulative, and would lead to confusion of the issues and

misleading of the jury. Further, if the individual who made the statements in the exhibit does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

47. <u>Exhibit 95</u>. This exhibit is a select number of pages excerpted from a medical records document that is hundreds of pages long. It is incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury. Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

48. <u>Exhibit 96</u>. This exhibit is a transcript of a phone call between an inmate and a private party. The contents of the call are hearsay. Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

49. <u>Exhibit 98</u>. This exhibit is a Grievance Form. It is incomplete in that it does not contain CCCF's response. The exhibit contains hearsay, is needlessly cumulative, and would lead to confusion of the issues and misleading of the jury. Further, if the individual who made the statements in the exhibit does not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

50. <u>Exhibits 99–100</u>. These exhibits are a select number of pages excerpted from a medical records document that is hundreds of pages long. It is incomplete, largely illegible, contains hearsay, and would lead to confusion of the issues and misleading of the jury. Further, if the individuals who made the statements in the exhibit do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

51. <u>Exhibit 101</u>. This exhibit is an email exchange between ODOC employees. The exhibit is hearsay. Further, if these individuals do not testify at trial, the statements in the exhibit would violate the Confrontation Clause.

52. <u>Exhibit 102</u>. This exhibit is an unsigned and undated "PREA Allegation Checklist. It is largely illegible and does not appear to be related to any potential government witness. It contains hearsay, is not relevant, and would lead to confusion of the issues and misleading of the jury.

53. <u>Exhibit 105</u>. This exhibit, a journal, is in the physical custody of the government. The defense has not viewed the exhibit. The description of the exhibit suggests it contains hearsay and irrelevant information, as well as likely being needlessly cumulative and unfairly prejudicial.

54. <u>Exhibit 106</u>. This exhibit consists of excerpted pages from a handwritten journal. The exhibit is hearsay and is \largely not relevant.

Further, if the individual who wrote the journal does not testify at trial, the

statements in the exhibit would violate the Confrontation Clause.

Respectfully Submitted this 21st day of April, 2023:


/s/ *Matthew G. McHenry*                    /s/ *Amanda Alvarez Thibeault*
Matthew G. McHenry                          Amanda Alvarez Thibeault
Counsel for Tony Klein                      Counsel for Tony Klein