Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204
503-546-3927
email: matthew@levinemchenry.com

Amanda Alvarez Thibeault, OSB 132913
Alvarez Thibeault LLC
330 NE Lincoln Street, Suite 100
Hillsboro, OR 97124
503-640-0708
email: amanda@aatlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>        Defendant. | No. 3:22-cr-00084-SI<br><br>**DEFENDANT'S TRIAL BRIEF** |

Defendant Tony Klein, through counsel, submits the following brief regarding issues that may arise in the case.

**A. The Court should exclude witnesses and order them not to discuss the case with each other.**

On motion of the defense, the Court must order exclusion of witnesses. FRE 615. Furthermore, "the witnesses should be clearly directed . . . that they are not to

1 – DEFENDANT'S TRIAL BRIEF

discuss the case or what their testimony has been or would be or what occurs in the courtroom with anyone other than counsel for either side." *United States v. Buchanan*, 787 F.2d 477, 485 (10th Cir. 1986); *Gregory v. United States,* 369 F.2d 185 (DDC 1966).

Nor may the government attorney or any agent act as a go-between to subvert the order by relaying one witness's testimony to another who has not yet testified. *See United States v. Lee*, 800 F.2d 903, 904 (9th Cir. 1986) (court assumes that such conduct is improper).

### B. Under *Brady v. Maryland, Giglio v. United States*, and this Court's Standing Order 2021-6, the government must disclose any arguably favorable evidence.

Under this Court's standing order, the government must disclose to the defense any evidence that is arguably favorable to Mr. Klein. *District of Oregon Standing Order* 2021-6. Under the Order, such evidence includes any evidence that "casts doubt on any essential element of any count in the indictment or information; casts doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief; casts doubt on the credibility or accuracy of any evidence or testimony that the government anticipates offering in its case-in-chief; or supports an argument for lesser punishment at sentencing."

Furthermore, the Order directs that "the government's obligation to disclose exculpatory information extends to information covered under Fed. R. Crim. P. 16(a)(2) regardless of whether that information is admissible."

Finally, the Order directs that "the government must timely disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses. *United States v. Giglio,* 405 U.S. 150 (1972)."

Entirely apart from the Standing Order, the foregoing disclosures are of course mandated by the Supreme Court and by the Ninth Circuit. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio*; *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (government must disclose all favorable evidence); *United States v. Price*, 566 F.3d 900 (9th Cir. 2009) (conviction reversed where prosecutor violated his due process duty under *Brady* to learn the results of investigation into criminal past of government witness).

The Court should inquire of the government to ascertain that it has complied with the Standing Order and will continue to comply throughout the case.

**C. The defense has broad cross-examination rights of adverse witnesses.**

Cross-examination is the "the greatest legal engine ever invented for the discovery of truth." *Winzer v. Hall*, 494 F.3d 1192, 1197 (9th Cir. 2007) (quoting *Lilly v. Virginia,* 527 U.S. 116, 124 (1999)). Consequently, the Court must give

broad latitude to the defense attorney to cross examine adverse witnesses. *United States v. Mayans*, 17 F.3d 1174, 1184 (9th Cir. 1994); *United States v. Brooke*, 4 F.3d 1480, 1489 (9th Cir. 1993). Government employees and law enforcement agents who receive salaries from the government have a bias, motive, or interest to slant, unconsciously or otherwise, testimony in favor of their employer, the government. Complaining witnesses may have a myriad of reasons, financial and otherwise, to fabricate, slant, or omit testimony. Cross-examination to expose a witness's bias, motive, or interest is "always relevant as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska*, 415 U.S. 308, 316 (1974); *United States v. Abel*, 469 U.S. 5, 52 (1984) (bias of witness is always relevant). The Ninth Circuit has stated, "We cannot overemphasize the importance of allowing full and fair cross examination of government witnesses whose testimony is important to the outcome of the case." *Brooke*, 4 F.3d at 1489. Importantly, latitude on cross- examination must be given to the defense attorney "even though [the defense attorney] is unable to state what facts a reasonable cross-examination might develop." *Burr v. Sullivan*, 618 F.2d 583, 586 (9th Cir. 1980) (quoting *Alford v. United States*, 282 U.S. 687, 692 (1931)).

### D. The defense may attack the integrity of the investigation.

Through direct and cross-examination, the defense may attack the integrity and manner of the government's investigation. *See Kyles v. Whitely*, 514 U.S. 419,

449 (1995) (*Brady* violated where witness statement withheld from trial counsel "could have been used to cap an attack on the integrity of the investigation and on the reliability of the detective" at trial); *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000) (district court abused its discretion by instructing the jury not to "grade" the investigation by postal inspector, thereby informing the jury that it could not consider possible defects in the investigation because details of the investigatory process potentially affected the credibility of the witness).

> **E. The Court should exclude testimony as to why a law enforcement agent undertook a particular course of investigation.**

The Court should exclude testimony as to why an agent undertook a particular "course of the investigation" because such evidence is relevant only to probable cause, which no longer an issue at trial. *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (declarant's out-of-court statements were not admissible for nonhearsay purpose of showing why deputy went to mobile home, because "his reasons for going there are not of consequence to the determination of the action, *i.e.,* they do not bear on any issue involving the elements of the charged offense"); *United States v. Sallins*, 993 F.2d 344, 346 (3rd Cir. 1993) (reversible error to introduce recording of police call to explain reason for police response when government "simply could have solicited testimony that officers were responding to a call or information received"); *United States v. Lamberty*, 778 F.2d

5 – DEFENDANT'S TRIAL BRIEF

59, 61 (1st Cir. 1985) (error to admit testimony as to why the police officer set trap for defendant).

### F. Before cross-examination begins, the government must produce all prior statements of its witnesses.

The Jencks Act provides that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 8 U.S.C. § 3500(b); *See* Fed. R. Crim. P. 26.2; *United States v. Bibbero*, 749 F.2d 581, 585 (9th Cir. 1984). Consequently, before cross-examination begins, on defense demand, the government must produce all prior statements of its witness. "There are no exceptions to the Jencks rule that all statements relevant to the subject matter of the witness' testimony must be produced after direct examination of the witness." *Id*. If the government disobeys an order to produce or deliver a statement, "the court must strike the witness's testimony from the record [or] must declare a mistrial if justice so requires." Fed. R. Crim. P. 26.2(e).

The Court should encourage the government to release all witness statements at least 14 days before trial. Should the government delay such release, the defendant will be compelled to move for a recess or continuance of the trial to allow counsel to carefully review and analyze the statements before beginning

6 – DEFENDANT'S TRIAL BRIEF

cross-examination. The Court has discretion to grant such continuances. *See* Fed R. Crim. P. 26.2(d) ("The court may recess the proceedings to allow time for a party to examine the statement and prepare for its use."). Failure to grant a reasonable delay can amount to an abuse of discretion and reversible error. *See United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983) ("It was therefore an abuse of discretion on the part of the district court to deny a reasonable delay in the progress of the trial to permit counsel to complete their studies and reparation[of the Jencks statements]").

### G. Under Federal Rule of Evidence 403, the Court should protect the Defendant from evidence that is unfairly prejudicial or cumulative.

Federal Rule of Evidence 403 provides that the court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on aground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *see United States v. Curtin*, 489 F.3d 935, 964 (9th Cir. 2007) ("Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior and this risk is disproportionate to the probative value of the offered evidence.").

**7 – DEFENDANT'S TRIAL BRIEF**

In deciding whether evidence should be excluded under Rule 403, courts have readily reversed for abuse of discretion where trial courts admit evidence that either appeals to bias or is likely to inflame the jury. *See United States v. Cabrera*, 222 F.3d 590, 596-97 (9th Cir. 2000) (reversible error to allow an officer to make repeated references to defendant's Cuban origin and derogatory generalizations about the Cuban community); *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

The government intends to call multiple witnesses from the same agencies and from similar circumstances. To the extent these witnesses would provide cumulative testimony, or testimony inviting unfair prejudice, the Court should exclude such testimony.

Respectfully Submitted this 21st day of April 2023:


/s/ *Matthew G. McHenry*  
Matthew G. McHenry  
Counsel for Tony Klein

/s/ *Amanda Alvarez Thibeault*  
Amanda Alvarez Thibeault  
Counsel for Tony Klein