Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204
503-546-3927
email: matthew@levinemchenry.com

Amanda Alvarez Thibeault, OSB 132913
Alvarez Thibeault LLC
330 NE Lincoln Street, Suite 100
Hillsboro, OR 97124
503-640-0708
email: amanda@aatlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>TONY DANIEL KLEIN,<br><br>　　　　Defendant. | No. 3:22-cr-00084-SI<br><br>**DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT WITNESSES FOR WHOM THE GOVERNMENT HAS NOT PROVIDED FULL *BRADY* INFORMATION** |

COMES NOW, the defendant, Tony Klein, by and through counsel, and moves this court to exclude witnesses for whom the Government has not provided full *Brady* information.

### PROCEDURAL POSTURE and FACTUAL SUMMARY

On March 7, 2023, the Defense filed a motion to continue Mr. Klein's case, explaining, among other things, that the defense had not received all of the *Brady*

information it was entitled to. ECF 37-43. On March 22, 2023, defense counsel filed a discovery demand, again requesting additional *Brady* information that it had not yet received. ECF 55. As discussed in Defense counsel's motions in limine, the following alleged victims have picked up subsequent criminal allegations that are currently pending: AV2, AV11, AV12, and AV8.

Although the Government has provided LEDS background checks to the defense, the Government has at this point has failed to fully provide *Brady* information related to those witnesses in the form of police reports related to the pending criminal allegations, information about contact the Government may have had with the witnesses in warrant status, and what information the Government has in its possession that would allow it to call at least two witnesses that are currently in flight from law enforcement in various counties in Oregon.

## LAW and ARGUMENT

Under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), "the individual prosecutor has a *duty to learn* of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (emphasis added); *United States v. Hanna*, 55 F.3d 1456, 1461 (9th Cir. 1995) (same); *see United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) ("better practice is for the prosecutor herself to review [surveillance notes for *Brady* material]"); *see also* U.S. Atty's Manual, §§

9:5.000 & 9:5.001 (as revised eff. Oct. 19, 2006) ("Upon a defendant's request, the government must make available all information that is known to the attorney for the government or agents of law enforcement involved in the investigation of the case that is either exculpatory or impeaching."). For example, that includes (among other things):

    1. Any evidence that any prospective government witness has any criminal charge pending against them. *United States v. Fried*, 486 F.2d 201, 203 (2d Cir. 1973); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (pending indictment can be relevant to bias and motive of witness).

    2. Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985).

    3. Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case. *Roviaro v. United States*, 353 U.S. 53 (1957); U.S. Const. amend. VI.

Defendant has repeatedly made known in his pleadings that the Government is not providing full discovery in relation to at least the four witnesses above. Given the Government's repeated refusal to provide the *Brady* information that the defense is entitled to, the Court should exclude those witnesses from testifying at

3 – DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT WITNESSES

Mr. Klein's trial, and any other witnesses that the defense learns they have not received full discovery on.

The Defense moved for a continuance due to the incomplete discovery in this case, including the Government's failure to provide *Brady* information. The Government strenuously objected to that. Now that the trial remains set for July 2023, the Government should not be permitted to hamstring the defense by failing to provide relevant material it is required to provide, knowing that the trial clock is ticking at an expedited rate. The Government chose to object to the Defense's continuance request yet continues to fail to meet its discovery obligations. Given that, the only remedy for their continued *Brady* violations is the exclusion of witnesses for whom the defense has not received full *Brady* information.

Respectfully Submitted this 21st day of April, 2023:

/s/ *Matthew G. McHenry*  
Matthew G. McHenry  
Counsel for Tony Klein

/s/ *Amanda Alvarez Thibeault*  
Amanda Alvarez Thibeault  
Counsel for Tony Klein