**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR 97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com


**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com


Attorneys for Defendant Tony Daniel Klein


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:22-cr-00084-SI |
| PLAINTIFF, | |
| vs. | DEFENDANT'S PROPOSED JURY INSTRUCTIONS |
| TONY DANIEL KLEIN, | |
| DEFENDANT. | |

COMES NOW, the defendant, Tony Klein, by and through counsel, and requests that the Court give the following instructions in its charge to the jury. The defense seeks leave to request additional instructions as appropriate during the course of the trial.


1 – **DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

1.1 Duty of Jury

1.2 The Charge—Presumption of Innocence

1.3 What is Evidence

1.4 What is Not Evidence

1.5 Direct and Circumstantial Evidence

1.6 Ruling on Objections

1.7 Credibility of Witnesses

1.8 Conduct of the Jury

1.9 No Transcript Available to Jury

1.10 Taking Notes

1.11 Outline of Trial

1.16 Bench Conferences and Recesses

**INSTRUCTIONS DURING THE COURSE OF THE TRIAL**

2.1 Cautionary Instructions

2.10 Other Crimes, Wrongs, or Acts of Defendant (Requested only if the court allows in other acts evidence)

2.11 Similar Acts in Sexual Assault and Child Molestation Cases (Fed. R. Evid. 413 and 414) (Requested only if the court allows in other acts evidence)

**CONSIDERATIONS OF PARTICULAR EVIDENCE**

3.1 Statements by Defendant

3.8 Impeachment Evidence—Witness

3.9 Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea (To be given if appropriate, defense counsel is still awaiting *Brady* information that may make this instruction applicable)

3.14 Opinion Evidence, Expert Witness

3.15 Dual Role Testimony

3.17 Charts and Summaries Admitted into Evidence

3.20 Untimely Disclosure of Evidence

**JURY DELIBERATIONS**

6.1 Duties of Jury to Find Facts and Follow Law

6.2 Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

6.3 Defendant's Decision Not to Testify (To be given if appropriate)

6.4 Defendant's Decision to Testify (To be given if appropriate)

6.5 Reasonable Doubt—Defined

6.6 What is Evidence

6.7 What is Not Evidence

6.8 Direct and Circumstantial Evidence

6.9 Credibility of Witnesses

6.10 Activities Not Charged

6.11 Separate Consideration of Multiple Counts—Single Defendant

6.18 On or About—Defined

6.19 Duty to Deliberate

6.20 Consideration of Evidence—Conduct of the Jury

6.21 Use of Notes

6.22 Jury Consideration of Punishment

6.23 Verdict Form

6.24 Communication With Court

**SUBSTANTIVE OFFENSES**

24.17 False Declaration to a Court (To be adapted for each of the counts the Government has charged)

Defense Special Proposed Instruction #1-Deprivation of Rights (Elements)

Defense Special Proposed Instruction #2-Color of Law

Defense Special Proposed Instruction #3-Deprivation of Right

Defense Special Proposed Instruction #4-Willfully

Defense Special Proposed Instruction #5-Aggravated Sexual Abuse

Defense Special Proposed Instruction #6-Bodily Injury

Defense Special Proposed Instruction #7-Pattern Instructions for Deprivation of Rights under color of Law

## 1.1 Duty of Jury

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

## 1.2 The Charge—Presumption of Innocence

This is a criminal case brought by the United States government.  The government charges the defendant with Deprivation of Rights under Color of Law and False Declaration to a Court  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

### 1.3 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

## 1.4 What is Not Evidence

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## 1.5 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 1.6 Ruling on Objections

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.7 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## 1.8 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this

case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

## 1.9 No Transcript Available to Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

## 1.10 Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

### 1.11 Outline of Trial

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

## 1.16 Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## 2.1 Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**2.10 Other Crimes, Wrongs, or Acts of Defendant (to be tailored if/when other acts evidence is admitted against Mr. Klein)**

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] that the defendant [*summarize other act evidence*].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

*or*

[had a motive or the opportunity to commit the acts charged in the indictment;]

*or*

[was preparing or planning to commit the acts charged in the indictment;]

*or*

[acted with a method of operation as evidenced by a unique pattern [*describe pattern*];]

*or*

[did not commit the acts for which the defendant is on trial by accident or mistake;]

*or*

[is the person who committed the crime charged in the indictment.  You may consider this evidence to help you decide [*describe how the evidence will be used to prove identity*];]

*or*

[*describe other purpose for which other act evidence was admitted*.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight

as you feel it deserves, but only for the limited purpose that I described to you.

 The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime[s] charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], [he] [she] must also have committed the act[s] charged in the indictment.

 Remember that the defendant is on trial here only for [_state charges_], not for these other acts.  Do not return a guilty verdict unless the government proves the crime[s] charged in the indictment beyond a reasonable doubt.

### 2.11 Similar Acts in Sexual Assault and Child Molestation Cases (Fed. R. Evid. 413 and 414) (to be tailored if FRE 413 evidence is allowed against Mr. Klein)

You are about to hear evidence that the defendant [may have committed] [was convicted of] a similar offense of [sexual assault] [child molestation].

You may use this evidence to decide whether the defendant committed the act charged in the indictment.  You may not convict the defendant simply because he [may have committed] [was convicted of] other unlawful acts.  You may give this evidence such weight as you think it should receive or no weight.

[You may not use this evidence, however, to decide whether the defendant [*insert improper purpose, e.g., made a statement in this case or destroyed evidence in this case*].]

### 2.12 Evidence for Limited Purpose (To be tailored depending on any evidentiary rulings made by the court)

You are about to hear evidence that [*describe evidence to be received for limited purpose*].  I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

### 3.1 Statements by Defendant

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

### 3.3 Other Crimes, Wrongs, or Acts of Defendant (to be tailored depending on the evidentiary rulings made by this court and whether other act evidence is allowed)

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

### 3.8 Impeachment Evidence—Witness (to be tailored after certain evidentiary rulings by the court governing the admission of such evidence)

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

### 3.9 Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea (to be given if appropriate and based upon any additional discovery received)

You have heard testimony from [*name of witness*], a witness who

[received immunity.  That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

### 3.14 Opinion Evidence, Expert Witness (to be tailored based on the court's ruling regarding expert testimony)

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**3.15 Dual Role Testimony (to be tailored based on the Court's ruling regarding expert testimony)**

You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### 3.17 Charts and Summaries Admitted into Evidence

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## 6.1 Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

## 6.2 Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

The indictment is not evidence.  The defendant has pleaded not guilty to the charge[s].  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge[s] beyond a reasonable doubt.

### 6.3 Defendant's Decision Not to Testify

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your
verdict, the law prohibits you from considering in any manner that the defendant did not
testify.

**6.6 What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

  First, the sworn testimony of any witness; and

  Second, the exhibits received in evidence; and

  Third, any facts to which the parties have agreed.

## 6.7 What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## 6.8 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 6.9 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 6.10 Activities Not Charged

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

## 6.11 Separate Consideration of Multiple Counts—Single Defendant

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

### 6.18 On or About—Defined (to be tailored to every count)

The indictment charges that the offense alleged [in Count_____] was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in [Count _____of] the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

### 6.19 Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## 6.20 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**6.21 Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

### 6.22 Jury Consideration of Punishment

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**6.23 Verdict Form**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

### 6.24 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**24.17 False Declaration Before Grand Jury or Court (18 U.S.C. § 1623) (to be tailored to each count as appropriate)**

The defendant is charged in [Count _____ of] the indictment with having made a false declaration in violation of Section 1623 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath in or ancillary to any [court] [grand jury] proceedings;

Second, the testimony was false [, with all of you agreeing as to which statement was false];

Third, the defendant knew that the testimony was false; and

Fourth, the false testimony was material to the matters before the [court] [grand jury]; that is, it had a natural tendency to influence, or was capable of influencing, the [court] [grand jury's investigations].

**Special Requested Instruction #1-Elements**

The defendant is charged with deprivation of rights in Counts 1 through 21 of the indictment.

Although the elements for each individual count vary based on each allegation, the law underlying each count is similar and I am going to instruct you on the law common to all the allegations, first.

The allegation of "Deprivation of Rights" charged in Counts 1 through 21 have the same essential elements:

1. For each and every count, the Government must prove beyond a reasonable doubt that Mr. Tony Klein acted under color of law;

2. For each and every count, the Government must prove beyond a reasonable doubt that Mr. Klein performed an act that deprived a person of her rights under the Eighth Amendment which protects a person's rights not to be subjected to cruel and unusual punishment; and

3. For each and every count, the Government must prove beyond a reasonable doubt that Mr. Klein committed those acts willfully as it is defined under the law.

If the Government fails to prove any of the above elements beyond a reasonable doubt, you must find the defendant not guilty. Only if the Government proves all the elements for each and every count beyond a reasonable doubt may you find the defendant guilty.

In counts 1, 4, 6, and 8, only if you find the defendant guilty, you will then be asked to determine whether the Government has proven beyond a reasonable doubt

whether Mr. Klein committed aggravated sexual abuse. Additionally, in counts 1, 4, and 10, if you find the defendant guilty, you will then be asked to determine whether the Government has proven beyond a reasonable doubt whether Mr. Klein's conduct caused physical injury.

**Special Instruction #2-"Color of Law"**

Acting "under color of law" means to act under any state law, county or city ordinance, or other governmental regulation, or to act according to a custom of some governmental agency. Generally, a public employee acts under color of law while acting in his official capacity or while exercising his responsibilities pursuant to state law.

*West v. Atkins*, 487 U.S. 42 (1988)

## Special Instruction #3-Deprivation of Right

For charges 1 through 21, the Government must prove that Mr. Klein deprived persons of a constitutional right. Specifically, the Government must prove that Mr. Klein performed an act that deprived a person of their right to be free from cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment protects inmates from sexual abuse or assault.

In the context of these allegations, sexual assault or abuse occurs when, without a legitimate penological or medical justification, a person acting under color of law touches an inmate in a sexual manner or otherwise engages in sexual conduct for the person's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the inmate, without the consent of the inmate.

Where the allegation is that the actor's conduct began as an invasive procedure that served a legitimate medical or penological purpose, the Government must prove the conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure.

There is no per se rule that makes inmates incapable of legally consenting to sexual relationships with prison staff under the Eighth Amendment.

Some factors you may consider in deciding whether or not the Government has proven the witness did not consent to the sexual activity include:

- including whether or not there were any explicit assertions or manifestations of non-consent
- whether or not the sexual contact occurred as the result of an exchange of favors
- the context in which the alleged act occurred and;
- the kind of relationship, if any, that existed between the defendant and the person named in the count

*Bearchild v. Cobban*, 947 F.3d 1130 (9th Cir. 2020); *Wood v. Beauclair*, 692 F.3d 1041 (9th Cir. 2012)

**Special Instruction #4—Willfully**

For charges 1 through 21, the Government must also prove that Mr. Klein acted willfully. This level of intent is one of the highest in the law, and requires proof that Mr. Klein acted with the specific intent to deprive a person of a constitutional right. *Screws v. United States*, 325 U.S. 91 (1945).

**Special Instruction #5-Aggravated Sexual Assault (Counts 1, 4, 6, and 8)**

If you find Mr. Klein guilty in Counts 1, 4, 6, or 8, you are then required to consider whether the government has proven beyond a reasonable doubt that the conduct constituted aggravated sexual assault.

In order to prove aggravated sexual assault, the Government must prove beyond a reasonable doubt the following elements:

1. First, that there was a "sexual act." Sexual act in this case means:

    a. contact between the penis and the vulva or the penis and the anus, where there is penetration, however slight; or

    b. contact between the mouth and the penis

2. Second, that the sexual act occurred by using force or by threatening or placing that other person in fear that the person will be subjected to death, serious bodily injury, or kidnapping. Force requires that the Government prove that physical force was used to overcome, restrain, or injure a person.

*Cates v. United States*, 882 F.3d 731 (7th Cir. 2018)

## Special Instruction #6—Bodily Injury

If you find Mr. Klein guilty in counts 1, 4, or 10, you are then required to consider whether the government has proven beyond a reasonable doubt that the conduct caused bodily injury. "Bodily injury" means a "cut, abrasion, bruise, burn, or disfigurement," "physical pain," or any other injury to the body, no matter how temporary.

In order to find the Government has proven the bodily injury enhancement beyond a reasonable doubt, the Government must prove beyond a reasonable doubt that, but for the defendant's unlawful conduct, the named victim would not have been injured.

18 U.S.C. §§ 831(f)(5), 1365(h)(4), 1515(a)(5), 1864(d)(2); *Burrage v. United State*s, 571 U.S. 204, 211, 216 (2014).

**Special Instruction #7—Pattern Instruction for all Deprivation Counts (to be tailored to each count in the Indictment)**

As to Count [#], the Government has accused Mr. Klein of Deprivation of Rights under Color of Law. In order to convict Mr. Klein of this count, the Government must prove all of the following elements beyond a reasonable doubt:

1. On or about [date range in indictment], Mr. Klein willfully [insert relevant conduct]; and

2. At the time of performing such acts he was acting under color of law; and

3. AV# did not consent to the conduct; and

4. His act resulted in a deprivation of AV# rights under the Eighth Amendment of the United States Constitution

The Government must prove all of the above elements beyond a reasonable doubt. Failure to prove a single element beyond a reasonable doubt requires that you acquit Mr. Klein of the count charged.

Respectfully submitted on April 21, 2023

*/s/ Amanda Thibeault*
Amanda A. Thibeault, OSB #132913
Attorney for Defendant