**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com

Attorneys for Defendant Tony Daniel Klein

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>PLAINTIFF,<br><br>**vs.**<br><br>**TONY DANIEL KLEIN,**<br><br>DEFENDANT. | **No. 3:22-cr-00084-SI**<br><br>**DEFENDANT'S REQUEST FOR A *DAUBERT* HEARING**<br><br>*Oral argument requested* |

COMES NOW, the defendant, Tony Klein, by and through counsel, and moves this court for a *Daubert* hearing to determine the admissibility of the Government's expert witness and proposed testimony.

## LAW and ARGUMENT

Under Rule 702, expert evidence is admissible only if it is reliable and helpful to the trier of fact. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The expert's testimony must "be both relevant and reliable." *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001). In addition, to be admissible, "expert testimony must ... address an issue beyond the common knowledge of the average layman." *Id.*

In determining whether the evidence is admissible, the court must determine that expert opinion testimony "rests on a reliable foundation." *Daubert*, at 597; *see also* Fed. R. Evid. 104(a). The gatekeeper role "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is ... valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93. As the gatekeeper, the Court must determine "how [the expert's] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion(s), and how that experience is reliably applied to the facts." *See Advisory Committee's Note to the 2000 Amendment to Fed. R. Evid.. 702*; *see also, e.g., United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) (requiring an explanation of "the connection between [an expert's] knowledge and the particular conclusion").

A district court's duty to act as gatekeeper and to assure the reliability of proffered expert testimony before admitting it applies to all (not just scientific) expert testimony. *Kumho Tire Co.*, 526 U.S. at 147. "And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question ..., the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of (the relevant) discipline.'" Id. at 149 (quoting *Daubert*, 509 U.S. at 592).

Here, the Government has filed a notice of intent to offer expert witness testimony under 702. Given that, this court must act as gatekeeper in order to assure the reliability

of the expert testimony before admitting it. As such, a *Daubert* hearing is necessary. Until such a hearing occurs, the defense objects to the admission of any expert testimony. At the conclusion of the hearing, the defense will provide argument to the court about any limitations this court should place on the anticipated testimony at that time.

Respectfully submitted on April 21, 2023.

*/s/ Amanda Thibeault*
Amanda A. Thibeault, OSB #132913
Attorney for Defendant