ELLEN F. ROSENBLUM
Attorney General
JESSICA SPOONER  #105919
Assistant Attorney General
ELLEANOR CHIN #061484
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jessica.Spooner@doj.state.or.us
        Elleanor.Chin@doj.state.or.us
Attorneys for Oregon Department of Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TONY KLEIN,<br><br>　　　　Defendant. | Case No.  3:22-cr-00084-SI<br><br>SUBPOENA RESPONDENT'S OREGON DEPARTMENT OF CORRECTIONS REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA |

## Introduction

Subpoena recipient Oregon Department of Corrections has been diligently attempting to comply with the Defendant's subpoena and the Oregon State Board of Nursing has completed its production in response to the Defendant's subpoena. The only remaining issues before the Court are whether the Defendant can force ODOC to expend hundreds of hours searching for information that may not even exist, and to the extent such information does exist is unlikely to be related to any factual issue pertinent to defending the charges against Defendant. Defendant's

Page 1 -　SUBPOENA RESPONDENT'S OREGON DEPARTMENT OF CORRECTIONS REPLY
　　　　IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO MODIFY
　　　　SUBPOENA
　　　　JS/a4s/777550342

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Response fails to make any factual or legal arguments rebutting ODOC's remaining claims for relief seeking to reasonably narrow the Defendant's subpoena to feasible, appropriate scope.

**Facts**

Defendant served subpoenas on ODOC and OSBN in March 2023, demanding the production of tens of thousands of pages of information with less than 14 days to comply and refused to agree to any extension or other reasonable modification to address the burden of compliance. ODOC and OSBN promptly began efforts to comply, which entailed locating, copying, and analyzing for confidentiality thousands of pages of material from different record types. These efforts are ongoing, but as of the date of the filing of this reply OSBN has completed production. Since the entry of the Protective Order on April 17, 2023 and the April 20, 2023 order permitting disclosure of AIC health information, ODOC has produced over 3000 pages of records responsive to Defendant's subpoena and is preparing between 3000 and 8000 more pages.

ODOC and OSBN's motion 1) identified the need for an order specific to health information of adults in custody subject to ORS 179.505, 2) requested a protective order governing use and disclosure of multiple categories of sensitive information, 3) requested an extension of time to comply and 4) moved to limit the scope of the ODOC subpoena in several respects. Since then the Court has entered the unopposed protective order and ordered the production of statutorily protected AIC health information. Those orders permitted OSBN to complete its production, and it has no further requests for relief pending before this Court.[1]

The substantive categories of information at issue in the March 30, 2023 Motion for Protective Order are AIC records, records concerning Defendant, records concerning other ODOC employees or contractors, records relating to ODOC facilities, and security camera

---

[1] Of the persons identified in Defendant's subpoena, OSBN had responsive information for only one. OSBN completed production on April 21, 2023.

Page 2 -   SUBPOENA RESPONDENT'S OREGON DEPARTMENT OF CORRECTIONS REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/777550342

footage. Defendant did not oppose certain of the requests for relief so the disputed issues remaining are reasonable time needed to comply with the subpoena, availability of and ability to produce security camera footage, and record scope and/or classifications pertaining to Klein and other current and former ODOC employees and contractors.

## Points and Authorities

ODOC has requested and the law permits it reasonable time and reasonable scope limits on its production obligation. ODOC set forth its position, including the administrative burdens of locating and collecting information and the limits of the agency and institution records, in its Motion. Based on these basic factual and mechanical constraints, the State requested a reasonable time to comply based on its experience of ODOC actual administrative capacity and history of performing the types of tasks at issue. Likewise, ODOC identified the scope of records the agency believes actually exist and whose existence could be reasonably ascertained, and which could conceivably have some factual connection to Defendant, his alleged crimes, and his alleged victims.

### 1. Defendant has made no effort to show why ODOC's requested time for compliance is not appropriate.

Defendant made no attempt to rebut the request for reasonable time to comply, but objected to the May 15, 2023 date nonetheless.[2] ODOC has already diverted staff and administrative resources from other agency needs to review thousands of pages of records and collect multiple record types from different repositories. While ODOC expects to complete the majority of the production prior to the requested date of May 15, the records at issue are complex and require time not just to collect, but also to review and process for production.

---

[2] Had Defendant's counsel engaged in the minimum, ordinary professional and logistical courtesies of agreeing to an extension at least to confer, ODOC and its counsel could have prioritized entry of unopposed orders, and otherwise facilitated the earlier commencement of production, rather than immediately committing substantial resources to motion practice. This suggests that Defendant's priority is not actual receipt of documents in the most efficient manner and time frame possible.

Page 3 -   SUBPOENA RESPONDENT'S OREGON DEPARTMENT OF CORRECTIONS REPLY
            IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO MODIFY
            SUBPOENA
   JS/a4s/777550342

### 2. The request for an entire institution's security footage limited only by time is inherently unreasonable.

Defendant's response regarding security camera footage willfully misstates the scope of the request and the nature of ODOC's objection. There is no circumstance where "all" camera footage for an entire correctional institution is narrowly tailored.

The extreme logistical burden lies in ascertaining whether saved video footage exists at all, and where saved video footage might be retained, across thousands of investigations, audits, or other files in which it is theoretically possible someone might have decided it was appropriate to retain some camera footage. ODOC has committed to locate relevant investigations relating to all of Defendant's alleged victims, Defendant, and Prison Rape Elimination Act investigations relating to other employees and contractors, to the extent they exist. If those files contain video, ODOC will produce it. Otherwise there is no feasible method to ascertain <u>what other circumstances</u> might have theoretically captured security camera footage of "the setting and individuals" relevant to Defendant's charges *and* <u>whether</u> someone has ever determined, for any purpose, to retain that video, *and* <u>where</u> such video is now located.

### 3. The scope of ODOC's proposed response to Subpoena Request 4 is all the records that ODOC believes exist.

Defendant's Request 4 seeks "Investigation files regarding any and all" complaints against Defendant. The enumerated categories ODOC proposes to provide—"PREA investigatory records," "AIC grievances" "SIU Investigation" and "human resource investigation" files—are all of the "investigation files" concerning Klein that ODOC believes exist. ODOC has defined the actual administrative descriptors used by ODOC to both avoid ambiguity and also to make it clear that ODOC cannot and will not undertake an exhaustive and open-ended search of all categories of ODOC records based on the theoretical possibility that other records might exist.

Page 4 -  SUBPOENA RESPONDENT'S OREGON DEPARTMENT OF CORRECTIONS REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA
JS/a4s/777550342

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### 4. Subpoena Request 5 is vague and so ODOC has moved to limit its response to what it can reasonably identify and locate within a reasonable time.

Subpoena Request 5 covers twenty-two different named individuals with a variety of different job functions, employed or contracted across a span of time of several decades. "Investigation files" concerning such individuals could encompass numerous record types (employment related investigations, response to AIC or other employee allegations of multiple types, legal actions, financial or regulatory audits). "Investigation files" is a vague term but can apply to records organized in connection with the named individual or organized by other criteria that would make it extremely burdensome to discern if documentation relating to the named individual exists at all. For example, certain categories of complaints and investigations are organized by relation to the complaining party or the type of complaint.

To ascertain if an individual identified in Request 5 has records filed or organized by *complainant* name, or record type, it would be necessary to search every single complainant who had ever complained about anything at all, or all of an entire category of grievance to see if any of them identified a named individual. Not all record types are formatted and organized in manner that allows for easy search, particularly not for content imbedded in a record.

PREA investigation records record type that is relatively easy to locate and isolate from other records, and that has high relevance to the facts at issue in the charged conduct. For ODOC to even locate other records would require hours of manually combing through multiple data sources and an extreme burden on public resources that are already dedicated to maintaining safe correctional operations in the State of Oregon.

Page 5 -   SUBPOENA RESPONDENT'S OREGON DEPARTMENT OF CORRECTIONS REPLY
           IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO MODIFY
           SUBPOENA
           JS/a4s/777550342

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## Conclusion

For all of the foregoing reasons non-party subpoena recipient Oregon Department of Corrections respectfully moves the Court for an order extending the time to comply with Defendant's subpoena and limiting the scope of production in the manner requested in ODOC and OSBN's March 30, 2023 Motion for Protective Order.

DATED April  27 , 2023.

        Respectfully submitted,
        ELLEN F. ROSENBLUM
        Attorney General

        *s/ Elleanor H. Chin*
        JESSICA SPOONER #105919
        Assistant Attorney General
        ELLEANOR CHIN #061484
        Senior Assistant Attorney General
        Trial Attorneys
        Tel (503) 947-4700
        Fax (503) 947-4791
        Jessica.Spooner@doj.state.or.us
        Elleanor.Chin@doj.state.or.us
        Of Attorneys for Oregon Department of Corrections

Page 6 -   SUBPOENA RESPONDENT'S OREGON DEPARTMENT OF CORRECTIONS REPLY
            IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO MODIFY
            SUBPOENA
         JS/a4s/777550342

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791