NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:22-cr-00084-SI |
| v. | |
| **TONY DANIEL KLEIN,** | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXHIBITS (ECF NO. 93)** |
| Defendant. | |

      The United States hereby opposes the defendant's Motion *in Limine* to exclude exhibits. The defendant's motion should be denied because his argument that numerous exhibits should be excluded is premature. The defendant has raised several objections to specific evidence based on admissibility and relevancy arguments, but the Court lacks the context and information to rule on these objections at this juncture; moreover, some of the defendant's objections lack merit on their face and should be denied without further context.

ARGUMENT

The defendant's motion to exclude numerous exhibits contained on the United States' exhibit list, ECF No. 93, should be denied because his objections are premature and cannot be ruled on without the context and information required to determine whether they are relevant and admissible. *United States v. Pac Gas and Elec. Co.*, 178 F. Supp. 3d 927, 941 (N. D. Cal. 2016) ("Rulings on admissibility of evidence normally should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."). "To exclude evidence on a motion *in limine*, the evidence must be inadmissible *on all potential grounds*." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) (emphasis added). Notably, the defendant has acknowledged that some of the objected-to exhibits may be admissible if the United States articulates a theory of relevance and lays the proper foundation for hearsay exceptions, where appropriate. When offered or used in the appropriate context at trial, these exhibits will be relevant and admissible, or otherwise used consistent with the Federal Rules of Evidence. The Court should therefore defer ruling until trial.

To aid the Court and the defendant, the United States provides the following information about certain categories of evidence that it intends to offer and to which the defendant has objected. The information below does not individually address each objected-to exhibit.

A. **Statements by the Defendant**

The defendant has objected to several exhibits that contain statements by the defendant himself. Two such exhibits are Exhibit 1, his civil deposition, and Exhibit 7, the defendant's completed 2018 licensing renewal application with the Oregon State Board of Nursing. He has also objected to inmate medical records, which contain his statements; those documents are addressed more fully in Section G, below.

The defendant has objected to Exhibit 1 because it contains irrelevant statements, unsworn hearsay statements, and improper opinion evidence.[1] The defendant further objects that the statements from the deposition are unfairly prejudicial and would confuse the issues and mislead the jury. The defendant has objected to Exhibit 7 as hearsay and irrelevant.

Both of these exhibits contain statements by the defendant, which are admissible as non-hearsay if offered by the United States. Fed. R. Evid. 801(d)(2). These documents should thus not be excluded on hearsay grounds.

Both of these documents are also relevant. Exhibit 1 provides relevant, non-hearsay statements by the defendant, from a deposition where the central question was whether he had engaged in sexual or other inappropriate conduct with incarcerated women. Some of the defendant's statements from his deposition make up the basis for the four perjury charges in the Indictment. Additionally, he was asked explicitly in his deposition about his contact with several women, including women who were not plaintiffs in the civil case but are identified in this case as either charged victims (AVs 1 through 12) or uncharged victims (AVs 13 through 21). These statements are clearly relevant to the charges in this case. Exhibit 7 is also relevant. In it, the defendant was asked whether, since the date of his last licensing renewal, he had "been investigated for any alleged violation of any state or federal law, rule, or practice standard regulating a health care profession." Ex. 7 at 2. Although the defendant had, in fact, been investigated for state crimes and was aware of that fact, he answered "No." *Id.* The defendant is charged with four counts of perjury; character for truthfulness is pertinent to that charge. *See United States v. Brown*, 503 F. Supp. 2d 239, 241-42 (D. D.C. 2007) (charges of obstruction of justice and making false statements

---

[1] The United States plans to use portions of the deposition rather than introduce the entire, multi-hour deposition.

**United States' Opposition to Defendant's Motion to Exclude Exhibits**　　　　　　　　　　**Page 3**

"implicate the truthfulness and veracity of Defendants, and accordingly Defendants may offer character evidence with respect to these character traits."); *see also United States v. Orrock*, 2019 WL 1960258, at *2 (D. Nev. 2019) (discussing defendant's motion *in limine* to exclude character evidence under Rules 404 and 608). As described in greater detail below, if the defendant puts his character at issue or testifies, Exhibit 7 may be used to rebut his character evidence or impeach him. *See* Fed. R. Evid. 404(a)(2)(A).

### B. Evidence About Defendant's Character for Truthfulness

Exhibits 7 and 8 both relate to the defendant's character for truthfulness. As noted above, Exhibit 7 is the defendant's completed 2018 licensing renewal application with the Oregon State Board of Nursing. Exhibit 8 is the Stipulated Order of Reprimand, signed in 2020, which resulted from the investigation into the defendant's statements on his renewal application. The defendant objects to Exhibits 7 and 8, claiming that they are hearsay and not relevant to the instant case. Additionally, the defendant has objected that Exhibit 8 is unfairly prejudicial and would lead to confusion of the issues and misleading of the jury.

In this case, the defendant is charged with four counts of perjury. Exhibits 7 and 8 directly relate to the defendant's truthfulness and contain non-hearsay statements—explicit or adopted—made by him. *See* Fed. R. Evid. 801(d)(2). Exhibit 8 demonstrates that the defendant was subject to discipline for "failing to answer truthfully and completely any question asked by the Board on an application for licensure or during the course of an investigation or any other question asked by the board." Ex. 8 at 2. These documents may be used to impeach the defendant if he testifies. Furthermore, the United States may ask witnesses about the conduct described in these documents, if the defendant puts his character for truthfulness at issue. *See* Fed. R. Evid. 404(a)(2)(A)

("A defendant may offer evidence of the defendant's pertinent [character] trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it.").

### C. Training Documents and Statements Not Offered for the Truth of the Matter Asserted

The defendant has objected to several documents that relate to training or notice, and will not be offered for the truth of the matter asserted. Exhibit 9 is a document used in trainings to teach corrections staff about the importance of maintaining appropriate boundaries with inmates and contains a hypothetical scenario in which a member of the corrections staff shares sexual jokes with inmates. The defendant has objected to Exhibit 9 as hearsay and irrelevant, and posits that this exhibit would confuse the issues and mislead the jury. The training is relevant to show that the defendant was trained that he should not share sexual jokes with inmates, make sexual comments about an inmate's appearance, or demonstrate undue familiarity with inmates. This training—and the fact that the defendant ignored it—is relevant to show the defendant's intent, which the United States must prove in this case. It may also be relevant to undermine his defense. It is not hearsay because none of the statements contained in the training will be offered to prove that they are true, *see* Fed. R. Evid. 801(c)(2), but rather to demonstrate that the defendant's awareness of these prison policies and protocols.

In addition, Exhibit 16 is an email from a supervisor in the medical unit, reminding staff members of the "standby" policy for certain medical exams. The defendant has objected that this exhibit is hearsay and irrelevant, that it will confuse the issues and mislead the jury, and that if the author of the email does not testify, the statements will violate the Confrontation Clause. The United States plans to offer this document to show that the defendant and other staff members were aware of the "standby" policy, not to prove the truth of the matter asserted. In other words,

the exhibit will be offered to show that the policy existed and that the staff members knew of it. Consequently, concerns about hearsay and the Confrontation Clause are misplaced.

### D. Victims' Statements

Exhibits 21, 27–30, 35–47, 50, 55, 56, 61, 64, 65, 68, 70, 76, 77, 80–82, 87, 88, 94, 96, 98, and 105 each contain statements by AVs 1 through 21. These exhibits include victims' letters and communications to staff members, grievances reporting their sexual assaults (addressed more specifically in Section E, below), journal entries, and audio-recorded statements.

The defendant has objected to these documents, generally arguing that they contain hearsay, are needlessly cumulative, and may violate the Confrontation Clause if the declarant does not testify. Assuming the appropriate victim-declarant does testify, the documents are neither hearsay nor needlessly cumulative if offered as prior consistent statements pursuant to Rule 801(d)(1)(B). The United States anticipates that the defendant will attack the victims' credibility, thereby rendering these prior statements admissible under this Rule. If the defendant attacks a testifying victim's credibility, a prior consistent statement to rebut a motive to fabricate is not cumulative; it is necessary to rehabilitate her, a use contemplated by and consistent with the Federal Rules of Evidence. In addition, these exhibits may be used to refresh a testifying witness's recollection, if appropriate.

### E. Grievances

Exhibits 21, 35–47, 55, 56, 61, 64, 68, 76, 77, 80–82, 87, 88, 94, and 98 are inmate grievances written by the victims, documenting that the defendant sexually assaulted them. The defendant objects to these exhibits because they do not contain Coffee Creek's responses.[2]

---

[2] The defendant also objects to the grievances because, he asserts, they are hearsay, needlessly cumulative, confusing, and misleading to the jury. The hearsay objection is addressed above in Section D. The defendant's submission never specifies how a victim's prior consistent statement

Rule 106, sometimes referred to as "the rule of completeness" requires information to be presented when "in fairness [it] ought to be considered at the same time." Fed. R. Evid. 106. Nothing about CCCF's basic, form response is relevant or necessary to understanding the victim's initial grievance or statement. The United States intends to offer these exhibits, if warranted, to show, where such evidence exists, that the victims reported the defendant's conduct and when they did so.[3] The exhibits may also be relevant and substantively admissible as a victim's prior consistent statement, pursuant to Rule 801(d)(1)(B). The questions of when, whether, and how Coffee Creek responded to the victims' grievances are not relevant or necessary to understand the victim's account contained in the grievance. Nothing about the prison's response completes the victim's account or is required to fairly consider it or place it in context. *See United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (rule of completeness implicated "when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted *only through presentation of another portion*") (emphasis added) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988)). Indeed, rather than avert misunderstanding or distortion, any response by the prison may confuse the issues or mislead the jury because any investigation conducted by the prison or standard the prison must follow to evaluate inmate complaints is not a criminal legal standard and thus different from the standards governing the federal criminal trial in this matter.

---

about conduct charged in the Indictment could confuse the issues or mislead the jury, and it is not clear to the United States how these straightforward statements describing the defendant's conduct could do so.

[3] If appropriate, the United States can redact the records to address any hearsay concerns.

**United States' Opposition to Defendant's Motion to Exclude Exhibits**　　　　　　　　**Page 7**

### F. Statements by Coffee Creek Staff Members

Exhibits 23, 31 through 33, 49, 71, 72, 101, and 102 are reports or summaries written by Coffee Creek staff members that document interactions with inmates reporting sexual assaults. The defendant objects that the documents contain hearsay, are needlessly cumulative, and may violate the Confrontation Clause. The United States anticipates that it will use these exhibits to refresh a witness's recollection or as a prior consistent statement, pursuant to Rule 801(d)(1)(B).

### G. Medical Records

Finally, the defendant objects to several exhibits that are excerpted medical records, arguing that the original document, which is "hundreds of pages long," should be admitted. ECF No. 93 (objecting to Exhibits 22, 26, 48, 59, 62, 66, 69, 74, 78, 83, 95, 99, 100). The defendant further objects that the exhibits containing medical records are "incomplete, largely illegible, contain[] hearsay, and would lead to confusion of the issues and misleading of the jury." *Id.*

The proffered exhibits contain selected pages from the victim's medical records because only a few pages, out of hundreds, are relevant. As explained in the United States' Omnibus Motion *in Limine*, ECF No. 88 at 18-20, medical records contain highly sensitive material, and this is certainly true of prison medical records. The fact that these records have been excerpted does not render them inadmissible. To the contrary, by including only the relevant excerpts instead of the voluminous records, the United States has made these exhibits helpful and useful to the jury, and minimized any risk that they would mislead the jury or confuse the issues. *See* Fed. R. Evid. 403. Further, the defendant has not identified any specific information that he believes has been unfairly or improperly omitted from the exhibits.

The defendant also asserts that the documents are "largely illegible" and contain hearsay. As the United States explained in its Trial Brief, ECF No. 89 at 14, the medical records fall outside

of the prohibition against hearsay because they contain statements for the purpose of medical treatment (Fed. R. Evid. 803(4)) and statements by the defendant (Fed. R. Evid. 801(d)(2)). Indeed, nearly every page of the included medical records is relevant and admissible because it has the defendant's own handwritten notes and signature on it. Moreover, the medical records, when authored by someone other than the defendant, are a record of a regularly conducted business activity. Fed. R. Evid. 803(6). And finally, there are some instances in which the documents are being offered not for the truth of the matter asserted but rather to demonstrate other facts; for example, that the victim saw the defendant for medical care on a certain date, or that the victim had a particular medical procedure—whether or not provided by the defendant—on a particular day.

### H. Other Exhibits

The defendant has objected to other exhibits, not addressed above, on various grounds, including hearsay, relevance, and Rule 403 (needlessly cumulative, confusing the issues, or misleading the jury). *See* ECF No. 93 (objecting to the above-listed exhibits and Exhibits 14, 15, 17, 18, 24, 52, 89, 106). The United States plans to lay a proper foundation for any exhibit it offers into evidence at trial, including those listed above; alternatively, it may use the documents to refresh a testifying witness's recollection. Like the defendant's other objections, his objections to these remaining exhibits are premature and better addressed at trial, when the United States can provide the Court with the appropriate context to evaluate their relevance and admissibility.

///

///

///

///

## CONCLUSION

For the reasons described above, the defendant's Motion *in limine* to exclude exhibits is either premature, without merit, or both. The United States' exhibits are relevant and admissible, as will be made clear in the context of trial. The United States respectfully requests this Court deny the defendant's motion.

Dated: May 12, 2022

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| */s/ Gavin W. Bruce*<br>GAVIN W. BRUCE<br>Assistant United States Attorney | */s/ Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |