NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                v.<br><br>TONY DANIEL KLEIN,<br>                                Defendant. | Case No. 3:22-cr-00084-SI<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE WITNESSES [ECF NO. 95] |

The United States hereby opposes the defendant's Motion to Exclude Government Witnesses for Whom the Government Has Not Provided Full *Brady* Information.  ECF No. 95. For the reasons set forth below, the defendant's motion should be denied.

The defendant argues that the United States has failed to provide *Brady* information for at least four witnesses:  AV2, AV8, AV11, and AV12.  Specifically, the defendant alleges that he is entitled to: 1) police reports related to those witnesses' pending [state or local] criminal

**United States' Opposition to Defendant's Motion to Exclude Witnesses**            Page 1

allegations[1], 2) information about contact the Government may have had with witnesses in warrant status, and 3) information the Government has in its possession that would allow it to call at least two witnesses that are currently in flight from law enforcement in various counties in Oregon.

The United States has provided and will continue to provide discovery, consistent with its constitutional, statutory, and ethical obligations. To date, more than 97,000 pages of materials have been provided to the defendant. Some of those materials include criminal history documents related to potential witnesses, many of which were provided to the United States from the Oregon Department of Corrections (ODOC). The United States will continue to provide discoverable information as it is uncovered and generated in preparation for trial.

Importantly, and contrary to the defendant's repeated claims, the United States does not have an obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to affirmatively obtain and then turn over materials that are not in the United States' possession but rather under the control of state officials. *See Amado v. Gonzalez*, 758 F.3d 1119, 1137 (9th Cir. 2014) (noting that Ninth Circuit caselaw "stands for the proposition that the federal government's *Brady* obligation does not extend to 'files that were under the exclusive control of [state] officials'" (citing *Benn v. Lambert*, 283 F.3d 1040, 1061 (9th Cir. 2002)); *see also United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("the prosecution is under no obligation to turn over materials not under its control"). The United States has provided the materials it has in its possession, custody, or control related to any witness's pending charges. The United States does not have an obligation to affirmatively obtain materials pertaining to a local entity's criminal investigation or prosecution, which are wholly unrelated to this case.

---

[1] These reports are not in the United States' possession.

**United States' Opposition to Defendant's Motion to Exclude Witnesses**  **Page 2**

Next, in its second and third requests, the defendant seeks information about witnesses who are in warrant status and information about the United States' communications or contacts with those witnesses. The United States believes the witnesses to whom the defendant is referring are AVs 11 and 12. According to previously disclosed records containing the victims' consolidated criminal histories, a state arrest warrant was issued for AV11 on March 13, 2023. The team investigating and prosecuting this case has not had contact with AV11 since the warrant was issued. According to previously disclosed records, a state arrest warrant was issued for AV12 on January 18, 2023, after she failed to appear for a court date. The team investigating and prosecuting this case has not had contact with AV12 since the warrant was issued. The team has since learned that AV12 is in custody in a neighboring state.

Because the United States has not had contact with AVs 11 or 12 while they've been in warrant status, there is no information for it to disclose about the nature of those contacts. Moreover, this information would not be *Brady*; a witness's location, in the custody of another law enforcement agency, is not "favorable to the accused, either because it is exculpatory, or because it is impeaching." *Strickler v. Greene*, 527 U.S. 263, 281-82. With respect to the defendant's request for information in the government's possession that would allow it to call two witnesses, the United States believes the defendant is referring to AVs 11 and 12. There is no additional information to provide.

The United States cannot provide information that does not have. Nor can it provide information about contact that has not occurred. And the United States is not required to obtain and provide information that is not within its possession, custody, or control. Accordingly, the United States has neither failed to provide nor refused to provide *Brady* information to the defendant, and the Court should deny the defendant's motion.

**United States' Opposition to Defendant's Motion to Exclude Witnesses**  **Page 3**

Dated: May 12, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| */s/ Gavin W. Bruce*<br>GAVIN W. BRUCE<br>Assistant United States Attorney | */s/ Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |