NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TONY DANIEL KLEIN,<br><br>Defendant. | Case No. 3:22-cr-00084-SI<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS [ECF NO. 96]** |

The United States of America objects to portions of the defendant's proposed jury instructions (ECF No. 96). Specifically, the United States objects to one of the defendant's proposed instructions from the Ninth Circuit Model Criminal Jury Instructions, because it does not apply to the facts of this case. In addition, the United States objects to the defendant's proposed Special Requested Instructions Nos. 1–7 because the instructions are vague, contain incorrect or incomplete statements of the law, and are confusing.

**United States' Response to Defendant's Proposed Jury Instructions**         Page 1

The United States requests that the Court instruct the jury using the Ninth Circuit Model Criminal Jury Instructions, along with the United States' proposed instructions as to the specific elements of 18 U.S.C. § 242, because they are accurate and comprehensive.

## I. Objections to Model Instructions

**Instruction 3.9 – Testimony of Witnesses Involving Special Circumstances (ECF No. 96 at 26)**

The United States objects to Instruction 3.9 in its entirety. First, no one else has pleaded guilty in the connection with the defendant's crimes, nor is there an accomplice. Moreover, the United States does not anticipate that the facts at trial will warrant instructing the jury about the witnesses—namely, the victims—having received immunity from prosecution or "benefits, compensation, or favored treatment" from the United States in connection with the case.

This instruction will merely confuse the jury and, without the required factual foundation, will lead the jury to discredit witness testimony on improper bases. Specifically, the final sentence of this instruction, that the jury "should examine the testimony of [witness] with greater caution than that of other witnesses" is intended to be used for an accomplice. *See* Ninth Cir. Model Instr. 3.9, comment ("The instruction to consider accomplice testimony with 'greater caution' is appropriate regardless of whether the accomplice's testimony favors the defense or the prosecution.") (citing *United States v. Tirouda*, 394 F.3d 683 (9th Cir. 2005)). This instruction is improper under these circumstances and it is unnecessary; both parties have proposed other instructions related to how the jury can assess witness credibility. *See* ECF No. 86 at 13, 44-45; ECF No. 96 at 11, 36.

The defendant's proposed instruction should not be used at all; to the extent the Court wishes to defer a ruling on the immunity and benefits clauses of the instruction, the United States objects to including the instruction's final sentence.

## II. Objections to Special Requested Instructions

**Special Requested Instruction #1 – Elements (ECF No. 96 at 47)**

The United States objects to the defendant's Special Requested Instruction #1 in its entirety because it is misleading, confusing, and portions of it are legally incorrect. First, the United States objects to the statement that "the elements for each individual count vary based on each allegation." ECF No. 96 at 47. As the United States has explained in earlier briefing, *see, e.g.*, ECF No. 86 at 57; ECF No. 89 at 5-12, the three underlying elements for Counts 1 through 21 are exactly the same. Five counts (Counts 1, 4, 6, 8, and 10) have one or two additional elements: that the defendant's conduct involved aggravated sexual abuse and/or that the defendant's conduct resulted in bodily injury.

Next, the defendant has misstated the two aggravating elements. The defendant's instructions direct the jury to determine whether the defendant "*committed* aggravated sexual abuse." This phrasing, contrary to the plain language of 18 U.S.C. § 242 and to what is charged in the Indictment, erroneously implies that "aggravated sexual abuse" is a separate offense. *See* ECF No. 1 (charging, in Counts 1, 4, 6, and 8, that the defendant's conduct *included* aggravated sexual abuse"). The defendant's proposed instructions also erroneously state that the jury will be asked to determine whether the defendant's conduct "caused physical injury." ECF No. 96 at 48. Tracking the language of the statute, the Indictment has charged that the defendant's conduct

**United States' Response to Defendant's Proposed Jury Instructions**     **Page 3**

"*resulted* in bodily injury." ECF No. 1. "Bodily injury," as both parties' jury instructions note, includes physical pain. ECF No. 86 at 71-72; ECF No. 96 at 54.

**Special Requested Instruction #2 – Color of Law (ECF No. 96 at 49)**

The United States objects to the defendant's "Color of Law" instruction because it is incomplete. The United States has proposed an instruction that incorporates the relevant caselaw from the Ninth Circuit and the United States Supreme Court, as well as the Ninth Circuit Model Civil Jury Instruction. ECF No. 86 at 59-60. The United States' proposed instruction includes specific language, reflecting the caselaw, that a person may act under color of law "if he is performing his official duties, or pretending to perform those official duties, even if he abuses or misuses his official authority by doing something the law forbids." ECF No. 86 at 59; *see* Ninth Circuit Model Civil Jury Instruction 9.3 (2022) (modified) (person acts under color of law when he "acts or purports to act in the performance of official duties"); *see also Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("It is irrelevant that . . . the particular action [taken] was not authorized by state law."); *Monroe v. Pape*, 365 U.S. 167, 183-87 (1961) ("under color of state law" includes misuse of power possessed by virtue of state law"), *overruled on other grounds by Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Given that the allegations in this case involve the defendant abusing or misusing his official authority, including this language will assist the jury in understanding this element.

**Special Requested Instruction #3 – Deprivation of Right (ECF No. 96 at 50-51)**

The United States objects to all but the first two paragraphs of this instruction, because the remainder of the instruction is legally incorrect or does not fit the evidence the United States anticipates the jury will hear at trial.

First, paragraph three of the defendant's proposed instruction states that "[w]here the allegation is that the actor's conduct began as an invasive procedure . . .the Government must prove the [Defendant's] conduct exceeded the scope" of a legitimate medical purpose. That is an overly restrictive view of the applicable standard. The question for the jury is whether the defendant's conduct had no legitimate medical or penological purpose, regardless of whether a medical procedure was or was not "invasive." The United States anticipates that the evidence will show that the defendant performed non-invasive examinations or procedures that lacked any legitimate medical or penological purpose. The defendant's proposed instruction is therefore too narrow to encompass some of the defendant's conduct.

The United States next objects to the remainder of the instruction, which discusses consent, because it is misleading, confusing, and legally inaccurate.

The statement that "there is no per se rule that makes inmates incapable of legally consenting" is confusing and redundant. The United States has proposed instructions that make clear that the defendant's sexual conduct must have been committed without the victim's consent. *See* ECF No. 86 at 61-63 ("It is for you to determine whether . . . the sexual conduct alleged occurred, and if so, whether it occurred freely and voluntarily or whether it was committed without the victim's consent . . . ."). The defendant's additional proposed language unnecessary and confusing, and should not be included.

Next, the factors related to consent that the defendant has identified are incomplete, and the United States' proposed instruction better incorporates many of the non-exhaustive factors that should be considered as part of the "totality of the circumstances" analysis related to consent. ECF No. 86 at 61-62. The defendant offers four factors, two of which are factors the United States has

also proposed (the context of the act and the kind of relationship between the parties). *Compare* ECF No. 96 at 50 *with* ECF No. 86 at 61-62. The United States, however, objects to the second factor proposed by the defendant: whether or not the sexual contact occurred as the result of an exchange of favors. The United States objects to the inclusion of this factor because, unlike other proposed factors, the jury would require additional context and explanation to consider how the exchange of favors in a prison context is indicative of either coercion or consent.

The reason for this is that in *Wood v. Beauclair*, a civil case considering burden-shifting and rebuttable presumptions for Eighth Amendment sexual assault claims, the Court discussed the effect an exchange of "favors, privileges, or any other type of exchange for sex" has on consent in a prison setting. 692 F.3d 1041, 1049 (9th Cir. 2012). As the Court explained, "explicit assertions or manifestations of non-consent indicate coercion, but so too may favors, privileges, or any type of exchange for sex." *Id. Wood* stopped short of declaring that an exchange of favors or privileges is *always* indicative of coercion, instead discussing it as a factor that "*could* be fairly characterized as coercive." *Id.* (emphasis added). Merely listing this factor without providing context, however, may mislead the jury into believing that, wherever an exchange of material items occurred, *any* sex acts were voluntary. This is because outside of the power dynamics inherent to a prison environment, someone engaging in an exchange of goods for sex is typically not being coerced. But, allowing the jury to believe that this factor is indicative of consent would run counter to the point the *Wood* court was making.

Instead, the United States proposes excluding this factor from the instruction's non-exhaustive list of factors and instructing the jury, as the United States' proposed instructions do, that they may consider the "totality of the circumstances" to assess whether the conduct was

consensual or coercive. *See* ECF No. 86 at 61-62. Specifically, whether goods or favors were exchanged may appropriately be considered as part of other factors already contained in the United States' proposed instructions, including "the context in which the alleged act occurred, [and] the kind of relationship" between the defendant and the victims. Alternatively, this factor could be added to the non-exclusive list in the United States' proposed instruction, and the jury could be instructed that, based on the relevant context, an exchange of favors or privileges in a prison may be a form of coercion. *See Wood*, 692 F.3d 1048 n.3.

**Special Instruction #4 – Willfully (ECF No. 96 at 52)**

The United States objects to this Instruction because it is incomplete. The proposed instruction does little to actually instruct the jury on the relevant law and how to understand this element, other than to notify them that it is "one of the highest [levels of intent] in the law." ECF No. 96 at 52. The defendant's proposed instruction also notes that the United States must prove the defendant "acted with the specific intent to deprive a person of a constitutional right," ECF No. 96 at 52, even though the law—the same case the defendant cites—clarifies that the defendant does not have to have been thinking in constitutional or legal terms. That is, at the time he committed his sexual assaults, he did not need to know that he was violating the Eighth Amendment; he only needed to know that he was engaging in sexual conduct knowing that it was for his own gratification and not for a legitimate medical or penological purpose—an act that the Constitution forbids. The defendant's proposed instruction threatens to improperly elevate the level of intent that the United States must prove and risks conveying to the jury the incorrect idea that the defendant needed to know he was violating the Eighth Amendment at the time.

The defendant's proposed instruction does not provide the jury with any context to understand *how* to determine, based on the evidence, whether the defendant's conduct was willful. There is ample legal authority to equip the jury with the tools to assess this element. The United States' proposed instruction provides those tools as well as a correct and complete statement of the governing law.

**Special Instruction #5 – Aggravated Sexual Assault (ECF No. 96 at 53)**

The United States objects to the defendant's proposed instruction because it fails to account for relevant Ninth Circuit caselaw, it is incomplete, misleading, misstates the law, and includes references to sexual conduct that the United States does not expect to be raised at trial.

The defendant's proposed instruction refers to "aggravated sexual *assault*." The Indictment charges that the offenses "included aggravated sexual *abuse*," tracking the language of 18 U.S.C. § 242. ECF No. 1 (Counts 1, 4, 6, and 8); 18 U.S.C. § 242. Next, the defendant's proposed instruction defines "sexual act" as "contact . . . where there is penetration." ECF No. 96 at 53. The United States' proposed instruction more clearly streamlines the counterintuitive statutory language, explaining that "sexual act" means "penetration, however slight, of the vulva by the penis." ECF No. 86 at 69 (incorporating statutory definition at 18 U.S.C. § 2246(2) that "contact occurs upon penetration").

The defendant's proposed instruction also oversimplifies the appropriate definition of "force." *Compare* ECF No. 96 at 53 ("Force requires that the government prove that physical force was used to overcome, restrain, or injure a person") *with United States v. Archdale*, 229 F.3d 861, 868 (9th Cir. 2000) ("The force requirement is met when the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual

contact") *and United States v. Cates*, 973 F.3d 742, 745-56 (7th Cir. 2020) ("force in § 2241(a)(1) is the exertion of physical power upon another to overcome that individual's will to resist."). The United States' proposed instruction reflects and includes these alternative means of establishing force. *See* ECF No. 86 at 69 ("The requirement of force may be satisfied by a showing of the use of physical force sufficient to overcome, restrain, or injure a person to coerce or compel submission. Restraint alone can constitute sufficient force to meet the force requirement when a defendant employs a degree of restraint sufficient to prevent an individual from escaping the sexual contact."); *see also id.* ("brute violence is not required").

**Special Instruction #6 – Bodily Injury (ECF No. 96 at 54)**

The United States objects to this proposed instruction because it misstates the law in several ways. First, it states that the United States must prove that the conduct "*caused* bodily injury." In fact, the Indictment charges and the United States must prove that the conduct "*resulted in*" bodily injury. *See* ECF No. 1; 18 U.S.C. § 242 ("and if bodily injury results . . ."). Next, the defendant improperly refers to this element as an "enhancement." It is not an enhancement but an element. *Mathis v. United States*, 579 U.S. 500, 518 (2016) ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements, meaning they are treated as separate crimes."). Finally, the final sentence of the defendant's proposed instruction, including language about "but-for" causation, is confusing and unnecessary. While the but-for standard is correct, *see Burrage v. United States*, 571 U.S. 204, 216 (2014) ("results from" means "but-for causality"), it unnecessarily complicates the basic plain language of the statute and the Indictment—"resulted in bodily injury"—which any juror can understand. *See United States v. Alvarado*, 816 F.3d 242, 247-49 (4th Cir. 2016) (affirming, post-*Burrage*, a district court's "decision not to further define

'death results from'" in jury instruction); *Hancock v. United States*, 2018 WL 1666119, at *2 (6th Cir. 2018) (affirming, post-*Burrage*, instruction that "tracked the statutory language and . . . allowed the jury to rely on the ordinary meaning of 'resulted from'" without providing additional explanation). Moreover, the facts of this case do not raise a question of whether the bodily injury is so remote or attenuated in the chain of causation that a specific, explanatory instruction about causation is required.

**Special Instruction #7 – Pattern Instruction for All Deprivation Counts (ECF No. 96 at 55)**

The United States objects to this proposed instruction in its entirety. It misstates the law, incorrectly states and describes the elements, and transforms a legal question into a factual one for the jury. In addition, the United States objects to this instruction because, as proposed by the defendant, it will be repeated over and over, 21 times, to the jury before the case is submitted to them. This unnecessary repetition can be avoided with a single, streamlined instruction, as proposed by the United States. *See* ECF No. 86 at 57.

As an initial matter, the elements are incorrect. A basic violation of Section 242 has three elements: that the defendant acted under color of law, that he deprived someone of their constitutional rights, and that he acted willfully. *United States v. Lanier*, 520 U.S. 259, 264 (1997) ("Section 242 . . . mak[es] it criminal to act (1) 'willfully' and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States"). Here, the defendant's proposed instructions have taken one element—deprivation of rights—and improperly split it over multiple elements: lack of consent, the conduct itself (which has been combined with

**United States' Response to Defendant's Proposed Jury Instructions**              Page 10

the intent element), and an element asking the jury to determine whether the conduct legally amounted to an Eighth Amendment deprivation. *See* ECF No. 96 at 55.

Contrary to the defendant's proposed instructions, consent is not an element. *See* ECF No. 96 at 55 (adding lack of consent as a third element). Rather, where a jury finds it exists, it establishes that there was no constitutional deprivation. *United States v. Shaw*, 891 F.3d 441, 450 (3d Cir. 2018) (district court's instruction to the jury with respect to the constitutional deprivation discussed factors to assess whether the sexual contact was unwanted); ECF No. 86 at 61 (proposed instruction includes, "It is for you to determine whether each type of sexual conduct alleged occurred, and if so, whether it occurred freely and voluntarily or whether it was committed without the victim's consent and without a legitimate purpose.").

Finally, the fourth element of the defendant's proposed instructions improperly give the jury the opportunity to weigh in on a purely legal question. *See* ECF No. 96 at 55 (listing the fourth element as "[h]is act resulted in a deprivation of AV# rights under the Eighth Amendment of the United States Constitution."). Making this determination an element improperly forces the jury to make a legal determination—whether, assuming it finds that the defendant committed the alleged conduct willfully (and without consent), the defendant's actions deprived a victim of her Eighth Amendment rights. The Ninth Circuit caselaw is clear that sexual assault in prison violates the Eighth Amendment. *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (recognizing as well-established "the Eighth Amendment right of prisoners to be free from sexual abuse"). Under the established law of this Circuit, if the jury finds that the defendant sexually assaulted any of the

victims as charged in the indictment, the Deprivation of Rights element is satisfied. *See Wood*, 692 F.3d 1041. The jury should not be required to answer this purely legal question.

Dated: May 12, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| */s/ Gavin W. Bruce*<br>GAVIN W. BRUCE<br>Assistant United States Attorney | */s/ Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |