NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:22-cr-00084-SI |
| v. | |
| **TONY DANIEL KLEIN,** <br> Defendant. | **UNITED STATES' OPPOSITION TO DEFENDANT'S REQUEST FOR *DAUBERT* HEARING [ECF NO. 97]** |

  The United States of America hereby opposes the defendant's request for a *Daubert* hearing because holding a separate, pretrial proceeding is an unnecessary and time-consuming way to determine whether a proffered expert's testimony is reliable and helpful to the jury.  *See* ECF No. 97.  However, should the Court prefer to conduct a pretrial hearing, the United States requests that the Court also schedule a pretrial *Daubert* hearing of Constantine Alleyne, whom the defendant has noticed as an expert pursuant to Rule 702 of the Federal Rules of Evidence.

The district court exercises a "gatekeeping function" to ensure that expert testimony is reliable. "A trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *United States v. Gadson*, 763 F.3d 1189, 1202 (9th Cir. 2014). The Ninth Circuit has held that, to exercise its gatekeeping function, a separate, pretrial hearing is not required. *United States v. Alatorre*, 222 F.3d 1098, 1102-05 (9th Cir. 2000) (court fulfilled duty to determine reliability "by overruling [defendant's] objections and permitting the testimony after hearing not only the government's foundational proffer but also extensive voir dire"); *see also United States v. Valencia-Lopez*, 971 F.3d 891, 899 n.5 (9th Cir. 2020) ("voir dire is a recommended method for the district court to conduct a reliability determination and discharge its gatekeeping obligations"); *Gadson*, 763 F.3d at 1202 (voir dire of proposed expert witness can be sufficient to permit court to evaluate reliability under Rule 702). This Court can, consistent with these precedents, most efficiently and effectively exercise its gatekeeping function by permitting the parties, at trial, to proffer or lay appropriate foundation regarding their proposed experts' qualifications and, to the extent needed, to conduct voir dire of those experts.

If the Court believes a separate, pretrial hearing is necessary to evaluate the testimony of the United States' proffered expert witness, then the United States moves the Court to hold a similar *Daubert* hearing to evaluate the defendant's proffered expert, whose qualifications the United States has specifically objected to in its Motions *in Limine*. ECF No. 88 at 30-33.

///
///
///

**United States' Opposition to Defendant's Request for *Daubert* Hearing**         **Page 2**

Dated: May 12, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| */s/ Gavin W. Bruce*<br>GAVIN W. BRUCE<br>Assistant United States Attorney | */s/ Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |

**United States' Opposition to Defendant's Request for *Daubert* Hearing**     **Page 3**