Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204
503-546-3927
email: matthew@levinemchenry.com

Amanda Alvarez Thibeault, OSB 132913
Alvarez Thibeault LLC
330 NE Lincoln Street, Suite 100
Hillsboro, OR 97124
503-640-0708
email: amanda@aatlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>      Defendant. | No. 3:22-cr-00084-SI<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE INTRINSIC EVIDENCE OR ALTERNATIVELY TO INTRODUCE OTHER ACTS EVIDENCE PURSUANT TO RULES 413 AND 404(B)** |

On April 21, 2023, the government provided notice of its intent to offer evidence of charged and uncharged acts by the defendant, Mr. Klein, under various theories of admissibility. ECF 87. For each act, an exhibit attached to the government's notice sets forth the alleged conduct it seeks to admit, the witness through which the evidence would be presented, and a theory or theories of

**1 – DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE OTHER ACTS EVIDENCE**

admissibility. *Id.* The notice asserts the government's intent to call twelve complaining witnesses named in the indictment (identified in the government's exhibit as AV1–AV12) to testify about thirty-six alleged acts of Mr. Klein. As a threshold matter, Mr. Klein does not oppose the admission of the testimony of the twelve complaining witnesses named in the indictment (AV1–AV12) as set forth in the government's exhibit on the grounds set forth in the government's Notice. Mr. Klein agrees that the testimony proffered by the government for AV1–AV12 in that exhibit is admissible at trial under the theories articulated in the government's Notice. For these government witnesses, Mr. Klein reserves the right to object to testimony and evidence that is outside the scope of the government's exhibit or contains supplemental material not disclosed in the exhibit. Further, given that the government continues to produce discovery (Volume 6 was received on May 1, 2023), Mr. Klein reserves the right to oppose this testimony and evidence in the event that additional discovery received contradicts or undercuts the government's theories of admissibility. Finally, Mr. Klein's agreement regarding these twelve witnesses is limited in that the agreement only applies to the admissibility arguments made in the government's Notice (ECF 87). Mr. Klein has moved *in limine* to exclude any testimony from any witnesses for which the government has not provided required *Brady* information. ECF 95. Mr. Klein's agreement with respect to the government's Notice notwithstanding,

Mr. Klein continues to object to the testimony of any witness for whom the government has not provided complete *Brady* information.

On that point, it is very clear to the Defense that the Government has failed to meet its *Brady* obligations and the defense objects to their testimony. On May 12, 2023 (today), Defense Counsel received Volume 7 of discovery. It was apparently uploaded to USAFx sometime today, but defense counsel did not receive an email from the government notifying them of its existence until the evening at approximately 7:20 p.m., the day motion responses were due. That batch of discovery, which defense counsel has not even fully reviewed, contains at least the following *Brady* evidence:

- A report dated May 3, 2023, that indicated that on **February 1, 2023,** that FBI agents became aware that a Government Witness was involved in criminal activities at her home and that FBI agents purposefully did not serve the witness until later as "not to disrupt an ongoing law enforcement investigation." The report later indicated that AV15 was arrested on April 4, 2023 (over a month ago). Federal Agents were notified of this arrest in early April. The detective in AV15's other criminal investigation offered her an opportunity for a reduced sentence on her state investigation if she would cooperate with the state agency investigating her, which she said she was

heavily considering.

- AV8 was interviewed by federal agents on 5/1. She reported she spoke to well-respected journalist about the allegations in the case, but now regretted that. She explained the reason why she regretted it was because the news article "caused a little bit of trouble for her in town." The trouble it caused for her, as it turns out, was that she was later arrested for DUII and Reckless Driving (she was later acquitted of DUII but convicted of Reckless Driving; she also has a new Forgery case still pending) and blamed the arrest on police's bias against her based on the statements she made to the news reporter. She asked the FBI agents if "they could look into" that issue of her arrests for new crimes being caused by police's bias against her. She also blamed her new Forgery arrest for the other person living with her who she knew to be check washing and blamed her prosecution on the conspiracy of the local authorities to harass her.

- AV8 also reported that another AV, AV5, showed up to her house "loaded" and was talking about how she was going to get arrested on her subpoena if she did not show up to testify.

- AV10 has told the FBI, through another person, that "she did not wish to be contacted right now," and has been avoiding subpoena, despite

repeated pressure by the FBI to the third person, including promises of

"a lot of supportive resources that might help her in various ways."

- AV12 was arrested in Nevada two months ago (the report of which

    the defense just received today, May 12) for "probably something to

    do with identity theft."

The government's notice also asserts its intent to offer testimony from nine

other witnesses (AV13–AV21), none of whom are named in the indictment, to

testify about twenty-six different alleged acts of sexual misconduct. None of these

alleged acts are the subject of any charge in the indictment. For these witnesses,

Mr. Klein does not concede the admissibility of the evidence nor stipulate that the

witnesses will testify consistently with the government's exhibit. Indeed, during

the pendency of this case, the witnesses proffered by the government have

demonstrated significant credibility and consistency issues.

**A.    Federal Rule of Evidence 104(b) requires the Court to determine whether the jury could reasonably find the prior acts occurred by a preponderance of the evidence and whether such evidence is admissible subject to other Federal Rules of Evidence.**

Before any of this evidence can be admitted, Federal Rule of Evidence

104(b) requires the Court to examine the evidence of uncharged acts "and decide []

whether the jury could reasonably find a conditional fact . . . by a preponderance of

the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). *See also*

*Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 152 (3d Cir. 2002) (applying reasoning from *Huddleston* finding a trial court considering evidence under FRE 413 must decide pursuant to FRE 104(b) whether a reasonable jury could find by a preponderance of the evidence that the defendant committed the prior act). Mr. Klein is entitled to challenge that evidence and introduce contradictory evidence to be considered by the Court in making the determinations. Mr. Klein intends to make additional arguments regarding the admissibility of the uncharged acts after the actual testimony is presented at the FRE 104 hearing.

**B.    Federal Rule of Evidence 413 is subject to significant limitations.**

The government asserts that much of the evidence of uncharged acts are admissible under Federal Rule of Evidence 413, which provides that in criminal cases where the defendant is accused of sexual assault, "the court may admit evidence that the defendant committed any other sexual assault," and that such evidence, if admitted, "may be considered on any matter to which it is relevant." FRE 413(a). "Sexual assault" is defined in the rule as

> a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:
>
> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
>
> (2) contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus;
>
> (3) contact, without consent, between the defendant's genitals or anus

and any part of another person's body;

(4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or

(5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).

Fed. R. Evid. 413.

Even if the evidence presented by the government meets the definition of "sexual assault," such evidence may still be inadmissible under Fed. R. Evid. 403 (see below). After all, FRE 413 is "not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *United States v. Lemay*, 260 F.3d 1018, 1022 (9th Cir. 2001). Rather, the evidence is subject to the balancing test under Rule 403, and should be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and/or the needless presentation of cumulative evidence.

### C.     Where the proffered evidence is not "inextricably intertwined" with charged conduct, an analysis under Federal Rule of Evidence 404(b) is required.

The government's theory that the uncharged acts are admissible without an analysis under FRE 404(b) because they are "inextricably intertwined" with the charged offenses counts is subject to challenge based on the actual evidence offered. Evidence is not "inextricably intertwined" if it "does not add to the

government's narrative." *United States v. Sanchez*, 2011 WL 6090164 at *3 (C.D. Cal., Dec. 5, 2011) (excluding evidence where proffered testimony was "disjointed and difficult to place in context"). Where the proffered evidence is not "necessary in order to permit the prosecutor to offer a coherent and comprehensible story," it does not fall under the "inextricably intertwined" doctrine. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). *See also id.* at 1013 ("inextricably intertwined" doctrine does not apply where "the prosecution would encounter little difficulty in presenting [its case] without offering into evidence" the uncharged conduct); *United States v. Soliman*, 813 F.3d 277, 279 (9th Cir. 1987) ("proximity in both time and space" between other acts and charged conduct relevant to whether they are inextricable intertwined.").

### D.    Use of evidence under Federal Rule of Evidence 404(b) must be narrowly circumscribed and limited.

The government asserts that much of the uncharged act evidence is admissible under Federal Rule of Evidence 404(b) as proof of Mr. Klein's "motive, opportunity, intent, plan, knowledge, absence of mistake, and lack of accident." Under that rule, the government must prove that the proposed evidence satisfies four requirements: "(1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) the

act is similar to the charged offense (similarity)." *United States v. Charley*, 1 F.4th

637, 647 (9th Cir. 2021).

Even if the government meets its burden under the test above, "[t]he use of

such evidence must be narrowly circumscribed and limited." *Id*. "Courts must be

extremely careful to guard against the danger that defendants will be convicted

because they have previously committed a [prior] serious criminal offense rather

than because the Government has introduced evidence sufficient to prove beyond a

reasonable doubt that they are guilty of the offense for which they are being tried."

*United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982). In addition, any

evidence deemed admissible under FRE 404(b) will still be subject to the

balancing test required under FRE 403.

> **E.    Under Federal Rule of Evidence 403, the probative value of the
> prior uncharged act evidence in this case will be substantially
> outweighed by the danger of unfair prejudice and presentation of
> needlessly cumulative evidence.**

The Court's role as the gatekeeper for prior act evidence is particularly

critical in cases involving sexual misconduct. Evidence is unfairly prejudicial if it

has an "undue tendency to suggest decision on an improper basis, commonly,

though not necessarily, an emotional one." Advisory Committee's Note, F.R.Evid.

403. Evidence of prior sexual misconduct, in particular, "appeals to the jury's

sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise

may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (defining unfairly prejudicial evidence).

In this case, much of the uncharged evidence will be needlessly cumulative (thereby reducing its probative value) and unfairly prejudicial. Where the probative value is substantially outweighed by the dangers of unfair prejudice and the needless presentation of cumulative evidence, that evidence must be excluded.

When balancing the probative value of evidence of sexual assaults admissible under Federal Rule of Evidence 413 against the danger of unfair prejudice, a Court examines five factors:

(1) the similarity of the prior acts to the acts charged,

(2) the closeness in time of the prior acts to the acts charged,

(3) the frequency of the prior acts,

(4) the presence or lack of intervening circumstances, and

(5) the necessity of the evidence beyond the testimonies already offered at trial.

*LeMay*, 260 F.3d at 1027–28. This list is non-exclusive, and the Court

should "consider other factors relevant to individual cases," including "the extent

to which an act has been proved." *Id.* at 1029.[1]

The Court must "pay careful attention to both the significant probative value

and the strong prejudicial qualities" of the proffered evidence. *Id.* at 1027. There

must be limits placed on the amount and type of evidence allowed and number of

uncharged incidents, to ensure the government does not "parade past the jury a

litany of potentially prejudicial similar acts that have been established or connected

to the defendant only by unsubstantiated innuendo." *Huddleston*, 485 U.S. at 689.

*See also Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010) (excluding prior sexual

assault evidence because prior act witness's medical treatment was different than

complaining witness's treatment, and testimony would have been unduly

prejudicial); *Johnson*, 283 F.3d 138, 158–59 (excluding prior sexual assault

evidence under FRE 415, the civil equivalent to FRE 413, because prior alleged

---

[1] For example, courts in the Tenth Circuit consider: 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, Tenth Circuit courts consider: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct. *E.g.*, *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998).

assaults were not similar enough to the assaults at issue in the case, which "reduced significantly the probative value" of the uncharged act testimony).

The proffered evidence of uncharged acts, insofar as the government claims it is direct evidence of the perjury counts in particular, should be excluded under FRE 403 as needlessly cumulative and unfairly prejudicial. In the context of this case and the numerous other witnesses the government intends to call, there is no need for evidence beyond what is already going to be offered at trial with respect to the perjury charges. The government's main goal in proffering the prior alleged acts is to suggest to the jury that Mr. Klein has the propensity to commit such crimes. However, in this case, the government has charged multiple instances of sexual misconduct that would likewise support the elements of the perjury charges, if proven.

There are four counts of perjury on the indictment, Counts 22–25. According to the government's exhibit, every named complaining witness (AV1–AV12) will provide direct evidence on the perjury counts. Four of the named witnesses will provide evidence on Count 22, through testimony about four different alleged acts. Seven of the named witnesses will provide evidence on Count 23, through testimony about ten different alleged acts. Three of the named witness will provide evidence on Count 24, through testimony about three different alleged acts. All twelve named witnesses will provide evidence on Count 25, through thirty-two

**12 – DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE OTHER ACTS EVIDENCE**

different alleged acts.

The proffered testimony that the government will offer by the twelve named witnesses would necessarily meet the same prosecutorial goals as the alleged uncharged acts it proffers as evidence of the perjury counts. The number of charged incidents in this case, and the evidence that will be received on those, render additional testimony about uncharged acts needlessly cumulative. The piling on of such evidence, not presented to the Grand Jury and subjected a relatively low standard of proof for admissibility, is unfairly prejudicial to Mr. Klein. This is particularly true where, as here, the government has moved to exclude a large amount of evidence favorable to Mr. Klein (ECF 88). Essentially, the government asks this Court to admit all of its evidence regarding a number of incidents not directly related to the indicted charges, while simultaneously trying to exclude all of Mr. Klein's favorable evidence not directly related to the indicted charges.

On the other side of the FRE 403 equation, the probative value of the uncharged act evidence is substantially lessened by the substantial amount of evidence that will be offered by the named witnesses on the charged acts. Probative value in this context "is not an absolute; its value must be determined with regard to the extent to which the [fact] is established by other evidence, stipulation, or inference. It is the incremental probity of the evidence that is to be

**13 – DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE OTHER ACTS EVIDENCE**

balanced against the potential for undue prejudice." *United States v. Beechum*, 582

F.2d 898, 914 (5th Cir. 1978). *See also, e.g.*, *United States v. Williams*, 2022 WL

17547125 at *38 (D. Ariz. Dec. 9, 2022) (probative value of prior act reduced

when "cumulative of the substantial amount of other far more probative evidence

that will be admitted at trial") (citing cases).

The uncharged act evidence should be excluded as to the perjury counts

under FRE 403, as the probative value of the evidence is substantially outweighed

by the danger of unfair prejudice and needlessly presenting cumulative evidence.

Further arguments about admissibility will be made after the government presents

its evidence in the 104 hearing.

Respectfully Submitted this 12th day of May, 2023:


/s/ *Matthew G. McHenry*                    /s/ *Amanda Alvarez Thibeault*
Matthew G. McHenry                          Amanda Alvarez Thibeault
Counsel for Tony Klein                      Counsel for Tony Klein