**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR 97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com

Attorneys for Defendant Tony Daniel Klein

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:22-cr-00084-SI |
| PLAINTIFF, | |
| vs. | REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER OTHER ACT EVIDENCE UNDER FRE 404 |
| TONY DANIEL KLEIN, | |
| DEFENDANT. | |

COMES NOW, the defendant, Tony Klein, by and through counsel, and replies to the Government's response to Defendant's Motion to Offer other act evidence under FRE 404.

**1 – REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER OTHER ACT EVIDENCE UNDER FRE 404**

## PROCEDURAL and FACTUAL BACKGROUND

Defense counsel concedes that in its original briefing and subsequent response that the theories for admission for a wide variety of conduct by the AV's may have at times become muddled. The constantly updating universe of discovery means that motions that were filed a few weeks ago are no longer representative of the universe of discovery that exists, due to the Government's repeated failure to follow its *Brady* obligations.

As litigation continues, more discovery has come in on a delayed basis and even more discovery has not been disclosed to the defense at all. Instead, the defense has had to expend resources that it should not have to utilize in order to obtain the records the Government refuses to provide.  From the time that motions *in limine* were originally filed until now, defense counsel has uncovered even more failures by the Government to turn over critical exculpatory evidence about most of their AV's. That failure and the condensed timeline has required that the defense make legal arguments without understanding the full breadth of the universe of discovery that exists.

As discussed in ECF 107, at 7:20 p.m. on the day motion responses were due, the Government notified the defense that a batch of discovery had been uploaded into USAFx. Although it had been uploaded earlier in the day, the defense was not notified until the evening. That batch of discovery, "Volume 7," contained information that the defense had not received previously, included a variety of exculpatory evidence, including other acts evidence that would be subject to motions under 404 and 608.

In Volume 7, the defense learned that the federal government knew AV 15 had been involved in state level criminal activity since February 1st. Federal agents were in

**2 – REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER OTHER ACT EVIDENCE UNDER FRE 404**

contact with the state agents and knew about that issue. That information was never provided to the defense at that time. Likewise, federal agents knew in April of 2023 that AV15 had been arrested. That information was not provided to the defense at that time, either. It was not provided to the defense until May 12.

As a response to the Government's *Brady* failures, the defense quickly sought and received subpoenas to gather the *Brady* material the Government refused to provide. We received that information May 30, 2023.  It is enlightening. It shows that AV15 currently has pending allegations involving a scheduled II controlled substance (fentanyl) and felon in possession of a firearm. It includes text message exchanges with others that appear to depict AV15 committing a variety of crimes, including what looks to be Conspiracy to Deliver Fentanyl. The defense had to seek out this information, that one of the government's witnesses is currently being investigated for the same kind of crimes that many defendants are prosecuted for in this jurisdiction, despite the Government having knowledge of these offenses via their federal agents.

Another poignant example of the Government's *Brady* failures is witness AV10. Volume 7 also contained text messages between a government agent and a third party who purported to be in contact with AV10. From the discovery, it appeared that the agents were told that AV10 was in a domestic violence shelter and did not want to be involved.

The defense investigation has recently revealed how misleading those statements to federal agents were. AV10 actually has a pending case for Custodial Interference in the First Degree, with an incident date of April 11, 2023, and an indictment date of April 27,

**3 – REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER OTHER ACT EVIDENCE UNDER FRE 404**

2023. Defense counsel has subpoenaed the reports and discovery of those incidents which appear to show AV10 crossing state lines with the minor child who was in the custody of DHS and what appears to be (though defense cannot confirm) conspiring with someone in DOC regarding her flight. AV10's location and pending charges were so well known to law enforcement that a news bulletin of a local law enforcement agency posted about the custodial interference allegations, naming AV10 and providing photos of her, on social media in an attempt to locate her during her flight.

It is unclear how the FBI could fail to discover that one of their AV's was wanted by a local enforcement agency, especially in light of the Custodial Interference charges and the highly publicized social media posts. Inexplicably, that is the position the Government has taken. As a result of their continued failure to obtain and provide *Brady* information, the evidence the defense is seeking to admit and the legal avenues for their admission, have grown and changed with every new batch of discovery the defense obtains. At the time of the filing of this pleading, the defense investigation has revealed so much additional *Brady* information that has not been provided to the team that the original 404(b) motion is, essentially, outdated. There is now exponentially more "other acts" evidence that must be dealt with and defense expects even more will be discovered after the filing of this motion.

As a result, this motion seeks to clarify the various types of "other act" information defense counsel believes will be at issue during trial and the various legal theories through which it should be admitted.

**4 – REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER OTHER ACT EVIDENCE UNDER FRE 404**

## <u>ARGUMENT</u>

**I.    Admission of pending charges at the time of trial is governed by FRE 404,
FRE 607, and FRE 608**

**a.  The acts discussed in defendant's first 404(b) motion are admissible under
404(b)**

404(b) does not differentiate between "prior" and "subsequent" acts. *United States
v. Bilbo-Rodriguez*, 922 F.2d 1398 (9th Cir. 1990) (holding that evidence that defendant
trafficked in drugs at a later date was admissible to prove his knowledge of drug
trafficking in an earlier incident). *See also United States v. Hinostroza*, 297 F.3d 924 (9th
Cir. 2002)

Plainly, FRE 404(b) allows for the admission of other acts evidence even when
they occur subsequent to a particular point in time. In this case and as discussed in the
original 404(b) notice, several of the AV's now have pending charges for financial crimes
and drug related crimes, including the types of crimes this Government regularly
prosecutes.

The Government intends to call an expert who is going to try and get the jury to
believe that these disclosures were delayed disclosures, in part, due to the AV's fear of
punishment by law enforcement. In essence, the Government is attempting to put on
character evidence and hoping that the jury will infer that the AV's in this case had a
general character of being afraid of law enforcement as a reason for delaying reporting
their abuse. The pending charges plainly show the opposite. The AV's were not afraid of
law enforcement then and they are not now, and their continued refusal to abide by the

**5 – REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER
OTHER ACT EVIDENCE UNDER FRE 404**

law is direct evidence of that. The Government could choose not to put on its expert witness and it could choose not to try and explain away the delayed disclosures by claiming that the witnesses were afraid of law enforcement response to their claims. However, because the government is choosing to do that, the defense proffered other acts evidence rebuts that under 404(b).

**b. Cross examination regarding the pending charges is also authorized under FRE 608.**

As the Government apparently concedes in its briefing, the defense is fully entitled to cross examine their AV's regarding their pending charges, including their pending financial crimes and pending drug trafficking crimes. ECF 102, p. 14. Defense counsel plans to vigorously cross examine all of the Government's witnesses about their pending charges, the knowledge the AV's have of the possibility penalties for their pending charges, and all the various ways many AV's have attempted to seek out favorable results for those charges based on their cooperation with this case.[1] The Government also appears to concede that if the AV's deny their motive or bias, then the defense is entitled to offer extrinsic evidence at that time. *Id.* Therefore, defense is entitled to cross examine the witnesses on their pending charges and offer extrinsic evidence to rebut any denials of such motive or bias under 608.

---

[1] Although the Government argues that they have not made any promises to the AV's in regard to their pending charges, they cannot deny that multiple AV's in this case have requested preferential treatment on their pending charges and conditioned that treatment on their status as a witness in this case.

**6 – REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER OTHER ACT EVIDENCE UNDER FRE 404**

II.     **Admission of the disciplinary history of all of the AV's is admissible in order to rebut the Government and the AV's explanations for delayed disclosure**

As discussed in ECF 108, in response to Government's motion *in limine* number 5, the disciplinary history of the AV's is relevant under FRE 401 and admissible in order to rebut the testimony proffered by the Government, namely expert testimony and its witnesses explanations for why they delayed disclosing these allegations. Defense counsel will not repeat the same arguments made previously in ECF 108, but simply reemphasize that it is the Government who has chosen to offer evidence or make the argument that the disclosures were delayed, in part, because the AV's were scared of what would happen if they reported them. The disciplinary histories of almost all of the accusers show the complete opposite: that they had no problem engaging in wrongful behavior at CCCF, regardless of the sanctions it brought them. The disciplinary records directly contradict the Government's proffered evidence and must be admitted.

Additionally, the witnesses are going to be asked why they delayed disclosing these allegations, by the Government and the defense. Should any of them claim it was to avoid punishment at CCCF, FRE 608 would squarely allow cross examination and admission of that history as well. The evidence is admissible under 401 in order to rebut the Government's own proffered evidence as well as admissible under 608 under the conditions discussed above.

**7 – REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO OFFER OTHER ACT EVIDENCE UNDER FRE 404**

**<u>CONCLUSION</u>**

Mr. Klein must be allowed to present evidence of the witnesses pending criminal charges, flight from law enforcement, and disciplinary histories under FRE 401, 404, and 608.

Respectfully submitted on June 2, 2023

/s/ *Matthew G. McHenry*                    /s/ *Amanda Alvarez Thibeault*
Matthew G. McHenry                          Amanda Alvarez Thibeault
Counsel for Tony Klein                      Counsel for Tony Klein