NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone: (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:22-cr-00084-SI |
| v. | UNITED STATES' REPLY IN SUPPORT OF ITS NOTICE OF INTENT TO INTRODUCE INTRINSIC EVIDENCE OR ALTERNATIVELY EVIDENCE PURSUANT TO RULES 413 AND 404(b) [ECF NO. 87] |
| **TONY DANIEL KLEIN,** Defendant. | |

The United States hereby files this Reply in support of its Notice of Intent To Introduce Intrinsic Evidence or Alternatively To Introduce Other Acts Evidence Pursuant to Rules 413 and 404(b). (ECF No. 87).

///

///

**United States' Reply—Notice of Intent to Admit Intrinsic or 413/404(b) Evidence        Page 1**

I.  **Background and Agreement Between the Parties**

On April 21, 2023, the United States provided notice of its intent to offer evidence of the defendant's uncharged acts. ECF No. 87. In its Notice, the United States identified uncharged conduct toward AVs 1 through 12, as well as uncharged conduct toward 9 additional victims, AVs 13 through 21, who were not named in the Indictment. *Id*. The evidence of uncharged conduct is admissible under numerous different theories; namely, that most of the uncharged conduct is direct evidence to prove Counts 22 through 25 of the Indictment, and/or it is inextricably intertwined with the charged conduct. *See* ECF No. 87 and 87-1. In addition, nearly all of the uncharged conduct is admissible pursuant to Rule 413, and all of it is admissible pursuant to Rule 404(b).

In response, the defendant does not oppose the admission of uncharged conduct toward AVs 1 through 12, as described in the United States' Exhibit and Notice. *See* ECF No. 107 at 2. The defendant "reserves the right to object to testimony and evidence that is outside the scope of the government's exhibit or contains supplemental material not disclosed in the exhibit."[1] *Id*. With respect to AVs 13 through 21, however, the defendant "does not concede the admissibility of the evidence nor stipulate that the witnesses will testify consistently with the government's exhibit." *Id.* at 5. The defendant argues that "the witnesses proffered by the government have demonstrated significant credibility and consistency issues," but does not identify in his opposition what any of those alleged issues are, particularly with respect to AVs 13 through 21, whose testimony he opposes.

///

///

---

[1] The United States assumes the defendant's use of the word "exhibit" is shorthand for "Notice and Exhibit"; the Exhibit (ECF No. 87-1) provides merely a visual summary of the proffered evidence, while the Notice (ECF No. 87) offers a more detailed description of the relevant conduct.

**United States' Reply—Notice of Intent to Admit Intrinsic or 413/404(b) Evidence          Page 2**

## II. Argument

### A. A Separate Hearing To Establish the Sufficiency of the Evidence Under Rule 104(b) Is Unnecessary

The defendant argues that, in response to the United States' proffered other-acts evidence, he is entitled to challenge that evidence and introduce contradictory evidence at a hearing where he "intends to make additional arguments regarding" admissibility."[2] ECF No. 107 at 5. The defendant fails, however, to cite any specific inconsistencies or indicia of unreliability with the accounts of AVs 13 through 21, or offer any specific contradictory information. A separate hearing under Rule 104(b) is neither required nor necessary for this Court to assess whether the proffered other-acts evidence is relevant and admissible, and the defendant's request for a separate hearing should be denied.

Under the United States Supreme Court's holding in *Huddleston v. United States*, the admissibility of other-acts evidence is governed by Rule 104(b). 485 U.S. 681 (1988); *see also United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005) (applying *Huddleston* standard to evidence under Rules 413–415). Because "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor," the Court must "decide whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston*, 485 at 689-90; *see also* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."). Importantly, "in determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a

---

[2] *Huddleston* and Rule 104(b) govern other-acts evidence, however, this evidence is not only admissible under Rules 413 or 404(b); it is also admissible as direct evidence to prove the defendant's perjury. ECF No. 87 at 37-39. If the Court permits the evidence only as direct evidence of perjury but not as 413 or 404(b) evidence, then this issue is moot.

finding that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690.

Although the standard applies to both 404(b) evidence and 413–415 evidence, its application may differ due to the particular nature of the other-acts conduct and the theory of how that conduct is relevant. In *Huddleston*, for instance, the defendant was charged with selling stolen goods and possessing stolen property—specifically, videocassette tapes. At trial, the government offered evidence of other acts under Rule 404(b) to show that the defendant had previously offered to sell several thousand new televisions at a reduced price, which proved his knowledge that the goods were stolen. According to the U.S. Supreme Court, the "conditional fact" (and the government's theory of relevance) was that the televisions were stolen; if the televisions were not stolen, then the fact that Huddleston had previously sold televisions at a reduced price would not have been relevant. *Huddleston*, 485 U.S. at 686.

In this case, the other-acts evidence is relevant to show, consistent with Rule 413, that because the defendant committed other acts of sexual assault, he is more likely to have committed the charged acts of sexual assault. The "conditional fact" is whether the defendant committed the uncharged sexual assaults. The 404(b) evidence is relevant because the fact that the defendant exposed his penis or made sexually explicit comments reveals his mental state—his intent, plan, opportunity, knowledge, and lack of mistake or accident—and thereby counters his defense that he is being falsely accused by nearly two dozen women after a long period of strictly professional behavior. Summaries of the conduct are provided in the United States' Notice, *see* ECF No. 87, and comprehensive interview summaries of each victim—including, in some instances, what she observed of the defendant's conduct toward other victims—have been provided to the defendant.

The expected testimony of AVs 13 through 21 directly implicates the defendant; their expected testimony is that the defendant sexually assaulted them or engaged in sexually explicit conduct toward them. That testimony alone is sufficient for the jury to reasonably find, by a preponderance of the evidence, that the defendant committed the other acts, and it should therefore be admitted. *Id.* at 685. A preliminary hearing, with testimony from AVs 13 through 21, will not assist the Court in determining whether a jury could reasonably find that the other acts occurred; instead, it would require the Court to engage in a credibility assessment, which is not appropriate. *See Huddleston*, 485 U.S. at 690 ("In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence."). This Court can determine whether Rule 104(b)'s low threshold is met, without retraumatizing the defendant's victims by requiring them to testify twice.

This approach to evidence of other acts of sexual assault is consistent with the law of this Circuit. In a recent case Ninth Circuit case, *United States v. Deputee*, 714 F. App'x 778, 779-80 (9th Cir. 2018), the defendant challenged the testimony of his sister about uncharged sexual abuse that he had inflicted upon her, claiming that the district court did not satisfy the requirements of Rule 104(b). The Ninth Circuit disagreed, concluding that the defendant's "sister's testimony was sufficient, without more, to allow a jury to find by a preponderance that [he] had abused [his s]ister." *Id.* at 780; *cf. United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010) ("There are many ways to prove at trial that a defendant committed a different sexual assault, including . . . presenting the testimony of the victim."); *see McMahon v. Valenzuela*, 2015 WL 7573620, at *5 (C.D. Cal. 2015) (district court granted plaintiffs' motion *in limine* to introduce other acts of sexual assault pursuant to Rule 415, relying on the accounts of prior sexual assaults that were summarized

in a written report and concluding, based on the report, "that a reasonable jury could find by a preponderance of the evidence that the subject incidents . . . did in fact occur"); *see also United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (in non-413 context, there was "sufficient proof of the prior acts at issue because they were admitted through the testimony of [a witness], whose credibility was left to the jury") (cited with approval in *United States v. Giacomini*, 2022 WL 393194 at *5 (N.D. Cal. 2022) (prosecution for abusive sexual contact)).

Accordingly, a separate evidentiary hearing is unnecessary for this Court to determine that, through the testimony of AVs 13 through 21, there is sufficient evidence for the jury to reasonably find the defendant committed the uncharged conduct. The defendant will have an opportunity to challenge their testimony, and their credibility, through cross-examination at trial.

### B. The Proffered Evidence Is Admissible, Necessary, and Not Excluded by Rule 403

The United States' proffered evidence is admissible under numerous theories, as set forth in the United States' Notice. ECF No. 87. Some of the evidence, including the accounts of AVs 13, 14, and 20, is inextricably intertwined with the charged conduct and admissible under that theory. Nearly all of the proffered evidence about conduct toward AVs 13 through 21 is direct evidence of the perjury counts. Much of that same evidence is also admissible under Rule 413, which permits the admission of evidence that the defendant committed another act of sexual assault to be considered on any matter to which it is relevant, including the defendant's propensity to commit other sexual assaults. Fed. R. Evid. 413. Finally, evidence of the defendant's other acts that do not rise to the level of a sexual assault, such as his sexually explicit comments or his exposing his penis to inmates, is admissible pursuant to Rule 404(b), to show the defendant's mental state. No matter the theory of admission, this evidence is relevant, and its probative value is not substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the

jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence. It should be admitted.

### i. Evidence of Other Acts Toward AVs 13, 14, and 20 Is Inextricably Intertwined with the Charged Conduct

The United States provided notice that it will seek to admit evidence of the defendant's conduct toward AVs 13, 14, and 20 because it is inextricably intertwined with the charged conduct.[3] ECF No. 87 at 39-41. The defendant argues that the inextricably intertwined analysis is "subject to challenge based on the actual evidence offered" but does not specify which conduct he is referencing. ECF No. 107 at 7-8. Based on the defendant's filing, it is unclear whether he is referring only to AVs 13, 14, and 20, or if he is also referring to inextricably intertwined conduct related to AVs 1 through 12, as described in the Notice. *See* ECF No. 87 at 39-41 and 87-1 (identifying as inextricably intertwined conduct toward AVs 1, 2, 3, 4, 6, and 11); *but see* ECF No. 107 at 2 ("Mr. Klein does not oppose the admission of the testimony of [AVs 1 through 12] . . . on the grounds set forth in the government's Notice."). The United States' arguments about the admissibility of the defendant's conduct toward AVs 13, 14, and 20 as inextricably intertwined are set forth in its initial filing. *See* ECF No. 87 at 39-41.

### ii. The Defendant's Uncharged Sexual Conduct Is Admissible As Direct Evidence of Counts 22 Through 25

The United States has identified evidence about the defendant's conduct toward AVs 13 through 21 that is specifically relevant to prove Counts 22 through 25, which charge the defendant with perjury for falsely denying that he ever engaged in an array of sexual conduct with incarcerated women. The defendant contends that "none of these alleged acts [directed at AVs 13

---

[3] The United States also provided notice that it will seek to admit evidence of the defendant's conduct toward AVs 1, 2, 3, 4, 6, and 11, which occurred before the charged assaults, as direct, inextricably intertwined evidence. The defendant appears to concede that evidence of this conduct is admissible. *See* ECF No. 107 at 2.

through 21] are the subject of any charge in the indictment." ECF No. 107 at 5. He further argues that the proffered evidence of uncharged sexual conduct from AVs 13 through 21 should be excluded because it is needlessly cumulative and unfairly prejudicial; because AVs 1 through 12 will provide direct evidence on the perjury counts, he asserts, there is no need for additional witnesses. ECF No. 107 at 12. His argument, coupled with other arguments that he has made throughout the pendency of this case, demonstrates that, in fact, additional witnesses are necessary to present relevant, admissible evidence that is probative of Counts 22 through 25.

First, the defendant's contention that the conduct related to AVs 13 through 21 is "not the subject of any charge in the [I]ndictment" is incorrect and at odds with his own acknowledgement that "the False Declaration charges are not linked to any particular individual." ECF No. 91 at 3. As the United States has explained, evidence about the defendant's sexual conduct toward AVs 13 through 21 is relevant, direct evidence to prove Counts 22 through 25. *See generally* ECF Nos. 87, 87-1, 87-2; *see also* ECF No. 102 at 2-7.

Next, the defendant's anticipated defense theory necessitates the admission of evidence about the defendant's conduct toward victims other than AVs 1 through 12. Throughout the pendency of this litigation, the defendant has denied the charges against him and maintains that he is being falsely accused by numerous women; consequently, the United States expects that the defendant will likely attack the credibility of AVs 1 through 12 at trial. The United States should not be precluded from relying on the testimony of AVs 13 through 21 to prove Counts 22 through 25, simply because the testimony of some witnesses—namely, AVs 1 through 12, whom the defendant argues have a motive to fabricate—will overlap and prove both the conduct charged in Counts 1 through 21 and the conduct charged in Counts 22 through 25. Though Rule 413 would not govern the admissibility of the defendant's conduct toward AVs 13 through 21 if the testimony

is used to prove the perjury counts, the rationale behind that Rule is nevertheless instructive. Recognizing that "prosecutors often have only the victim's testimony," Rule 413 "permits other victims to corroborate the complainant's account via testimony about the defendant's prior sexually assaultive behavior." *United States v. Enjady*, 134 F.3d 1427, 1431-33 (10th Cir. 1998). In other words, the logic behind Rule 413 recognizes the value of additional victims being permitted to testify about additional instances of the defendant's same or similar conduct. Drawing upon that logic, the United States should be permitted to present relevant, admissible evidence from victims other than AVs 1 through 12 to prove that the defendant did engage in the sexual conduct he has denied under oath—regardless of whether that sexual conduct is expressly charged in other parts of the Indictment. This is especially true, as the defendant has indicated he intends to attack the credibility of each victim who testifies.

The defendant's proposed limitation on the United States' case presentation is particularly problematic given that some of the defendant's victims (charged and uncharged) are eyewitnesses to his behavior toward other victims—behavior that proves Counts 22 through 25 but is not explicitly charged in the Indictment. Moreover, some of these victims lack the very biases and motives the defendant has indicated he will challenge AVs 1 through 12 for having. For example, as described in the United States' Notice, AV21 observed the defendant sexually touch AV14, which is proof of Count 25. The defendant has argued that all of his accusers are fabricating their accounts that the defendant sexually assaulted them for financial gain or other nefarious purposes, and he has focused specifically on AVs 1 through 12. But AV21 has little motive to fabricate; the United States anticipates she will testify that she did not file a lawsuit against ODOC and, though the defendant made sexually explicit comments to her and exposed his penis, he did not sexually assault her. The United States should not be prevented from presenting direct evidence to prove

**United States' Reply—Notice of Intent to Admit Intrinsic or 413/404(b) Evidence**   **Page 9**

Counts 22 through 25 by relying on relevant and admissible testimony about uncharged sexual conduct simply because the defendant has been charged with a substantial number of other sexual assaults.

### iii. The Defendant's Uncharged Sexual Assaults Are Admissible Under Rule 413 and Rule 404(b)

Evidence of the defendant's uncharged sexual assaults, as described in the United States' Notice, is also admissible pursuant to Rule 413. ECF No. 87 at 41-42, 45-50. Rule 413 "permits other victims to corroborate the complainant's account via testimony about the defendant's prior sexually assaultive behavior." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (citing another source). The proffered 413 evidence meets the threshold test described in *United States v. Lemay*; as set forth in the United States' initial filing, the prior acts are similar to the charged conduct, they were committed close in time or simultaneous to the charged conduct, they occurred with frequency and regularity, there were no intervening circumstances that would have any bearing on the balancing analysis, and the evidence is necessary. 260 F.3d 1018 (9th Cir. 2001).

The defendant does not specifically apply the *Lemay* factors to the proffered evidence but argues only that the uncharged conduct is needlessly cumulative. The United States addressed this argument in its initial Notice. ECF No. 87 at 47-52. The caselaw is clear that "prior acts evidence need not be absolutely necessary to the prosecution's case in order to be introduced; it must simply be helpful or practically necessary." *LeMay*, 260 F.3d at 1029. As described in ECF No. 87, one important aspect of whether the testimony is "necessary" is whether the defendant attacks the victims' credibility. *See United States v. Charles*, 691 F. App'x 367, 370 (9th Cir. 2017) (testimony from victims of uncharged conduct was necessary because it corroborated the charged victims' testimony, in a case where the defendant's primary defense was to attack the victims'

credibility); *United States v. James*, 2021 WL 4027812 (9th Cir. 2021) (413 witness's testimony "served a helpful purpose at trial—bolstering and rehabilitating [victims'] credibility, on which the government relied to prove James's guilt beyond a reasonable doubt); *United States v. Door*, 663 F. App'x 570, 572 (9th Cir. 2016) (evidence of an uncharged sexual assault was necessary to counter defendant's theory of the case, which depended upon attacking victim's credibility); *Lemay*, 260 F.3d at 1029 (evidence was necessary given the lack of evidence to prove assaults other than the testimony of the charged victims); *United States v. Gatewood*, 601 F. App'x 580, 581 (9th Cir. 2015) (the "necessity factor weighed in favor of admissibility because the prior acts evidence would help corroborate the testimony of the victims of charged acts, a conclusion that was supported by the defendants' arguments that the victims were lying and that there was no physical evidence supporting their allegations"). Here, the defendant has repeatedly asserted that all the victims have "significant credibility and consistency issues," *see, e.g.,* ECF No. 107 at 5, and the United States expects that his defense will focus on attacking his accusers' credibility—by pointing to their civil lawsuits, their alleged motives to fabricate, and facts about their lives more generally. Consistent with *Lemay* and other caselaw in this Circuit, that argument makes the 413 evidence *more* necessary, not less, and weighs in favor of the proffered evidence's admission.

One other aspect of the anticipated defense weighs in favor of admitting the proffered evidence under Rule 413. Through filings, the defendant has argued that until late 2017, suddenly several women began falsely crying sexual assault, "as if the witnesses were coordinating with each other to falsely accuse Mr. Klein," marring the defendant's otherwise unblemished ODOC career, which began in 2010. ECF No. 108 at 2; *see also id.* at 3-5 ("The jury will be left to speculate what was happening with Mr. Klein in the years prior, a void the government will certainly try and take advantage of."). In fact, it is the defendant who is trying to take advantage

of this "void," because the proffered evidence contradicts his theory of the case: that suddenly in 2017, numerous women sprang forth to falsely accuse the defendant of sexual assault.[4] This defense theory is directly contradicted by the proffered 413 evidence which shows that in 2014 and 2015, the defendant was engaged in sexual misconduct directed toward numerous women. The defendant's sexual behavior toward AVs 4 and 15 began around the same time, in 2014 or early 2015, even though he was only charged with one count for his conduct toward AV4, in 2017. His assaults of AV13 occurred in late 2015 or early 2016. His assaults of AV14 spanned 2015 to 2017. His two assaults of AV16 occurred between 2010 and 2015. Furthermore, at least four of the women identified as AVs 13 through 21 never disclosed the defendant's conduct to state or CCCF authorities; it was not until 2020 (or even 2021 and later) that they initially disclosed that the defendant had engaged in any assaultive or explicit behavior toward them. Evidence of the defendant's prior behavior, particularly toward women who did not come forward until years after the defendant no longer worked at Coffee Creek, is relevant, admissible under Rule 413, and not unfairly prejudicial, as discussed in greater detail below.[5]

### iv. The Defendant's Other Uncharged Conduct Is Admissible Under Rule 404(b)

The United States has indicated that all of the prior-acts evidence, whether or not it constitutes a "sexual assault" under the definition of Rule 413, is admissible under Rule 404(b).

---

[4] Notably, as the defendant has pointed out, the statute of limitations for violations of 18 U.S.C. § 242 that do not involve aggravated sexual abuse is five years.

[5] The proffered evidence is not only relevant and admissible in the United States' case in chief, but it is also relevant to rebut the defendant's theory that he had neither committed nor been accused of misconduct before AVs 1 through 12 came forward with their accounts. If the Court is inclined to exclude the other-acts evidence, the United States requests that it be permitted to offer this evidence if and when the defendant opens the door to it, to counter the defendant's expected argument about his apparent lack of misconduct.

**United States' Reply—Notice of Intent to Admit Intrinsic or 413/404(b) Evidence    Page 12**

The defendant objects generally to the inclusion of that evidence. ECF No. 107 at 2-3 and 8-9. The United States' arguments are set forth in its initial filing.

### v. This Evidence Is Not Needlessly Cumulative and It Is More Probative Than Unfairly Prejudicial

Finally, this evidence is not needlessly cumulative, and it is more probative than unfairly prejudicial. "Evidence is cumulative when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial . . . ." *Ahmed v. State of Washington*, 203 F.3d 830 at *2 (9th Cir. 1999) (citing *United States v. Kizeart*, 102 F.3d 320, 325 (7th Cir. 1996)). Here, the probative value of the defendant's other sexual assaults or instances of sexually explicit comments is substantial; it is necessary to prove that the defendant did, in fact, commit the charged sexual assaults and perjury, and to counter his argument that they never occurred. *See United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) ("a decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question"); *see also Gatewood*, 601 F. App'x 580, 581 (9th Cir. 2015) ("The fact that the prior acts evidence may not have been absolutely necessary in order to convict [the defendant] of the charged acts does not mean that the prior acts evidence had no probative value."). Moreover, many of the women identified as AVs 13 through 21 will testify at trial, regardless of whether they are permitted to testify about the defendant's conduct toward them, because they directly observed the defendants' conduct toward other women or were told about his conduct immediately after it occurred, admissible as a prior consistent statement, in accordance with Rule 801(d)(1)(B). Allowing them to also explain how the defendant assaulted or targeted them will contribute to the determination of truth and will not significantly lengthen the trial. *See Ahmed*, 203 F.3d at *2.

Nor is this evidence unfairly prejudicial. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The proffered evidence will not "lure the factfinder into declaring guilt" on an inappropriate basis. As noted above, nearly all of the proffered evidence is direct evidence of Counts 22 through 25, which is "proof specific to the offense[s] charged." *Id*. Moreover, most of the proffered evidence is admissible under Rule 413, which permits evidence of uncharged sexual assaults to prove that the charged sexual assaults occurred. In this way, too, the proffered evidence is "proof specific to the offense[s] charged"—namely, Counts 1 through 21. That this evidence is prejudicial does not make it unfairly so. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("Relevant evidence is inherently prejudicial.").

As noted above with respect to the perjury counts, relevant and admissible testimony about uncharged sexual conduct that is direct proof of Counts 22 through 25 should not be excluded as unfairly prejudicial merely because the defendant has been charged with other sexual assaults and, collectively, there are numerous women who can testify that the defendant sexually assaulted them or directed sexually explicit conduct toward them. Instead, the proffered evidence is admissible under several theories, it is relevant, and its probative value is not outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence.

///

///

///

///

### III. Limiting the Evidence and Providing a Limiting Instruction

Both parties have proposed a limiting instruction as it relates to evidence admitted under Rule 413. ECF No. 86 at 29; ECF No. 96 at 21. Though the United States seeks a ruling that all of the proffered other-acts evidence is admissible, if this Court wishes to limit the number of uncharged victims who testify, the United States respectfully requests that the Court give the United States discretion to select which witnesses will testify at trial about the defendant's other acts.

Dated: June 2, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| */s/ Gavin W. Bruce*<br>GAVIN W. BRUCE<br>Assistant United States Attorney | */s/ Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |