IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**TONY DANIEL KLEIN**,<br><br>            Defendant. | Case No. 3:22-cr-84-SI<br><br>**ORDER REGARDING**<br>**JUROR QUESTIONNAIRES** |

**Michael H. Simon, District Judge.**

The Court has approved the District of Oregon's Jury Supervisor sending Confidential Juror Questionnaires and related instructions, substantially in the form attached, to all prospective jurors summonsed for the trial in this case. The Court will provide to counsel for the Government and counsel for Defendant completed Juror Questionnaires returned by prospective jurors who has not been excused by the Court on the basis of hardship.

The confidentiality of all completed Juror Questionnaires provided to counsel shall be maintained by the parties, their counsel, and anyone working for a party or counsel. This Order also restricts the parties, their counsel, and anyone working for a party or counsel from contacting or attempting to contact any prospective juror in this case without prior written authorization from the Court.

Completed questionnaires may be reviewed by the parties, their counsel, and any agents, consultants, investigators, or other person working for a party or counsel, all of whom are bound by this Order. No completed questionnaire, or any part thereof, may be otherwise disclosed or made public without prior written authorization from the Court.

In addition, the parties, their counsel, and any agent, consultant, investigator, or other person working for any party or counsel shall not communicate with or otherwise contact or attempt to communicate with or attempt to otherwise contact any prospective juror in any manner, whether through social media, by email, by telephone, by mail, or in person. The Court, however, will not restrict the parties, their counsel, and any agent, consultant, investigator, or other person working for any party or counsel from conducting research regarding a prospective juror, provided it is done only from generally available sources and that there is no actual contact or any reasonable possibility of contact with a prospective juror. Concerning this latter restriction:

1.　*LinkedIn* may not be used to conduct any research on any prospective juror. The reason for this restriction is that a prospective juror who is on *LinkedIn* may be notified of the identity of anyone who uses *LinkedIn* to view the prospective juror's profile or other information or notified that an "anonymous" person viewed the prospective juror's profile or even notified of the fact that an inquiry through *LinkedIn* has been made. This restriction also applies to any other form of social media besides *LinkedIn* that has this feature or a similar feature.

2.　*Twitter* may be used only to view publicly available profiles and feeds. No "follow requests" may be sent to any prospective juror on *Twitter*, regardless of whether a profile is public or private. The reason for this restriction is that a prospective juror who uses *Twitter* may be notified of the identity of anyone who sends a "follow request."

PAGE 2 – ORDER REGARDING JUROR QUESTIONNAIRES

3. If *Facebook* is used to conduct research about a prospective juror, it must be done in a manner that prevents any possible communication or contact with a prospective juror. Thus, no "friend requests," or the like, may be sent to any prospective juror through *Facebook* or any other form of social media.

4. Only sources that are publicly available and private sources that derive their information from publicly available sources may be used to research a prospective juror. This includes private databases maintained by third parties based on open-source or other publicly available information, notwithstanding the fact that a subscription or fee may be needed to access those databases.

5. Notwithstanding the foregoing, the parties, their counsel, and any agent, consultant, investigator, or other person working for any party or counsel shall not conduct any in-person surveillance, no matter how brief, of any home, neighborhood, or place of work of any prospective juror or any family member of a prospective juror.

**IT IS SO ORDERED**.

DATED this 6th day of June, 2023.

                                                           */s/ Michael H. Simon*
                                                         Michael H. Simon
                                                         United States District Judge