NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone: (202) 802-7643
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> **v.** <br> **TONY DANIEL KLEIN,** <br> **Defendant.** | **Case No. 3:22-cr-00084-SI** <br> **UNITED STATES' SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT WITNESSES [ECF NO. 95]** |

The United States opposes the defendant's Motion To Exclude Government Witnesses For Whom the Government Has Not Provided Full *Brady* Information (ECF No. 95) and submits this sur-reply in response to the defendant's reply brief (ECF No. 121).

The United States' understanding of its discovery obligations is not nearly as narrow as the defense asserts. Indeed, the United States acknowledges that it owes due diligence to "learn of

favorable evidence known to those acting on the government's behalf," where it has knowledge of and access to that evidence. *United States v. Cano,* 934 F.3d 1002, 1023 (9th Cir. 2019). In this case, however, none of the law-enforcement authorities who have been investigating or arresting the United States' witnesses are acting on its behalf.

The United States has supplied—as it does in all cases—criminal history records from state and local authorities. The United States has obtained and supplied this information for each victim-witness, as well as for other current or formerly incarcerated witnesses. In some instances, the United States has also obtained and provided additional publicly available documents related to those witnesses' prosecutions.[1] And the United States has updated, and will continue to update, that information as it becomes available and supplement with any new discoveries as the rules require. Indeed, the United States' ongoing discovery productions reflect its awareness and understanding of its continuing obligations as it learns and obtains additional information in preparation for trial.[2]

The defendant has not cited, nor is the United States aware of any due diligence obligation to gather and produce the underlying reports from these unrelated arrests and prosecutions when those separate officials are *not* acting on the United States' behalf. Courts have held to the

---

[1] These publicly available records are also independently available to the defense; indeed, it has already subpoenaed and received such information directly. ECF No. 120 at 3-4.

[2] For example, the United States conducted an updated criminal history check for each victim-witness and disclosed those records to the defense. They reflected that two AVs were in warrant status. When the United States found out that AV12 was in custody, it provided an FBI 302 report to the defense on May 12, 2023, which disclosed that location. This information was disclosed promptly and two months before trial. In an effort to preserve judicial resources and prevent publicly revealing anything about AV12's identity, the United States did not also include that information in the motion response it filed the same day. *See* ECF No. 104.

contrary. *See, e.g., United States v. Tadros,* 310 F.3d 999, 1005 (7th Cir. 2002) ("*Brady* prohibits the suppression of evidence, it does not require the government to act as a private investigator or valet for the defendant, gathering evidence and delivering it to opposing counsel."). The United States cannot avoid its *Brady* obligations by being willfully blind to the information in front of it. *United States v. Quinn,* 537 F. Supp. 2d 99 (D.D.C.2008); *United States v. Brooks,* 966 F.2d 1500, 1502–03 (D.C.Cir.1992); *United States v. Osorio,* 929 F.2d 753, 761 (1st Cir.1991). But, as the United States noted in its prior response, it is not responsible for information that is not in its possession. *See* ECF No. 104 at 2 (*citing Amado v. Gonzalez*, 758 F.3d 1119, 1137 (9th Cir. 2014) (the federal government's *Brady* obligation does not extend to 'files that were under the exclusive control of [state] officials"); *United States v. Aichele,* 941 F.2d 761, 764 (9th Cir. 1991) ("the prosecution is under no obligation to turn over materials not under its control")); *see also United States v. Hutcher,* 622 F.2d 1083, 1088 (2d Cir.1980) ("Clearly the government cannot be required to produce that which it does not control and it never possessed or inspected[.]").

The United States continues to oppose the defendant's motion to exclude government witnesses, and has separately moved to limit or exclude the use of much of this information on cross examination. *See* Government's Omnibus Motion *In Limine* (ECF No. 88 at 14-15); United States of America's Response To Defendant's Motions *In Limine* (ECF No. 102 at 11-15); United States' Reply In Support Of Its Omnibus Motion *In Limine* (ECF 123 at 7-8).

///

///

///

///

Dated: June 8, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Gavin W. Bruce*
GAVIN W. BRUCE
Assistant United States Attorney

KRISTEN CLARKE
Assistant Attorney General

*/s/ Cameron A. Bell*
CAMERON A. BELL
Trial Attorney
Civil Rights Division