Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204
503-546-3927
email: matthew@levinemchenry.com

Amanda Alvarez Thibeault, OSB 132913
Alvarez Thibeault LLC
330 NE Lincoln Street, Suite 100
Hillsboro, OR 97124
503-640-0708
email: amanda@aatlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:22-cr-00084-SI |
| Plaintiff, | **DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| vs. | |
| TONY KLEIN | |
| Defendant. | |

Pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, the Due Process clause of the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio*, 405 U.S. 150 (1972), defendant Tony Klein, through his attorneys, hereby moves the Court for an order requiring the government to produce the informant files of any witness it intends to call.

The defendant has made repeated requests and demands for the government to meet its continuing obligation to provide exculpatory and impeachment material in this case. On the afternoon of Tuesday, June 6, 2023, the government informed defense counsel that one of its witnesses (W1) has been working as a paid confidential informant / source for the federal Drug Enforcement Administration since at least December of 2022. The government further indicated it would produce reports of two controlled drug purchases conducted by W1 and a report of an interview with W1, subject to the defense's agreement to a protective order regarding the materials. The defense agreed to the protective order the same afternoon. The government submitted a motion for the protective order at approximately 7:45 PM on June 7, 2023. The Court granted the motion at 1:00 PM on June 8, 2023. At the time of this filing, the government has not produced any documents regarding W1's role as a confidential source.

The defense moves to compel the government to produce all documentation related to W1's role as a confidential source for the DEA, including the DEA's Confidential Source File for W1, the DEA Form 473 (confidential source agreement), and the DEA Form 202 (personal history report). The motion to compel seeks all agreements, written or otherwise, between W1 and the government regarding W1's role as a confidential

2

source, including compensation and any other benefits the government provides W1 under the agreement. The motion to compel seeks records of all drug transactions conducted by or through W1, including compensation provided. The motion to compel seeks reports of any violations or potential violations of the terms of W1's agreement to act as a confidential source. The motion to compel seeks reports regarding the underlying investigation and case, if any, that led to the witness being offered a role as a paid informant.

  The defendant further moves to compel the government to produce the above materials for any other government witness acting as a confidential source or confidential informant for the government.

  Federal Rule of Criminal Procedure 16 "grants criminal defendants a broad right to discovery . . . of all documents 'material to preparing the defense.'" *United States v. Muniz-Jacquez*, 718 F.3d 1180, 1183 (9th Cir. 2013). Upon request by the defense, "the government must disclose any documents or other objects within its possession, custody or control that are material to preparing the defense." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). Materials regarding a government witness's role as a confidential source or informant are unquestionably material to preparing the defense. This includes the full scope of any witness's past

cooperation with the government, including, but not limited to, all monies, benefits and promises received in exchange for cooperation, the full extent of the witness's assets, the status of the witness's present and past income tax liability, as well as any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent.  See *Giglio v. United States*, 405 U.S. 150 (1972) (agreement not to prosecute); *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) (special immigration treatment from INS and DEA for work as paid informant); *Singh v. Prunty*, 142 F.3d 1157, 1161-62 (9th Cir. 1998) (prosecutor's failure to disclose cooperation agreement with key witness against defendant); *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case); *Bagley v. Lumpkin*, 798 F.2d 1297, 1302 (9th Cir. 1986) (reversible error to fail to disclose contracts that would give impeachment evidence against key witnesses who were hired by government to investigate the defendant); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (earnings of informant in past cases "highly relevant to the question of potential bias and

interest"); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding must be disclosed even if no "promise" and even if conditional); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir 1974) ("protective" custody status, per diem and special privileges).

The materials sought are in the possession and control of the government. The government should be compelled to produce them.

Respectfully Submitted this 8th day of June, 2023:

| | |
|---|---|
| /s/ *Matthew G. McHenry* | /s/ *Amanda Alvarez Thibeault* |
| Matthew G. McHenry | Amanda Alvarez Thibeault |
| Counsel for Tony Klein | Counsel for Tony Klein |