NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>         v.<br><br>**TONY DANIEL KLEIN,**<br><br>                    **Defendant.** | Case No. 3:22-cr-00084-SI<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S SUPPLEMENTAL BRIEFING [ECF NO. 140]** |

The United States hereby submits the following response in opposition to the defendant's supplemental briefing pertaining to evidence of uncharged conduct (ECF No. 140).

The defendant's most recent filing demonstrates, once again, why evidence of the defendant's uncharged sexual assaults is necessary. *See, e.g.*, *United States v. Lemay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (identifying as a factor in Rule 413 analysis "the necessity of the [proffered Rule 413] evidence beyond the testimonies already offered at trial"); *see also* ECF No. 87 at 47-50 (discussing "necessity" factor); ECF No. 122 at 10-12 (same).  Reiterating his requests

for a hearing under Rule 104, the defendant concentrates almost exclusively on the alleged "credibility concerns" of the victims, even though that is not an appropriate consideration for the Court in a 104 hearing. *Huddleston v. United States*, 485 U.S. 681, 690 (1988) ("in determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court [does not] weigh[] credibility"). But by attacking the witness's credibility in filings, a tactic the United States expects the defendant to employ at trial, the defendant illustrates why the proffered evidence of uncharged assaults is necessary and not needlessly cumulative. The defendant's latest filing is yet another example of this strategy; the United States has already addressed it and refers the Court to its prior filings. *See, e.g.*, ECF No. 87 at 47-50 (discussing "necessity" factor); ECF No. 122 at 10-12 (same); ECF No. 87 at 50-52 (Rule 403 balancing weighs in favor of admitting the proffered evidence); ECF No. 122 at 13-14 (proffered evidence is more probative than prejudicial and not needlessly cumulative).

The defendant has identified what he believes are inconsistencies, issues with witnesses' credibility, and a lack of evidence; he argues that a hearing under Rule 104 is required to ferret out these problems, and he presumably would object to the admission of uncharged-acts evidence on these same grounds. All of these arguments fall flat. Curiously, the defendant devotes most of his filing to AVs 1 through 12—charged victims whose testimony is critical to the charged counts and whose testimony about charged and uncharged acts the defendant has already agreed is admissible[1]. *See* ECF No. 107 at 2. The alleged inconsistencies or credibility problems related to

---

[1] The defendant inexplicably argues that "despite [AV4] eventually making broad sweeping claims of sexual abuse against Mr. Klein, the Government chose not to put most of those claims in the indictment." ECF No. 140 at 6. As both parties have previously noted, the statute of limitations for offenses that do not involve aggravated sexual abuse is five years. *See, e.g.*, ECF No. 102 at 6, n.2 (citing 18 U.S.C. §§ 242, 3281); ECF No. 122 at 12, n.4. Additionally, the defendant has already conceded that those prior acts are admissible; the United States argued that the prior acts were admissible as inextricably intertwined with the charged conduct (Count 10), direct evidence of the perjury counts, and admissible under Rules 413 and/or 404(b). ECF No. 87; ECF No. 87-1.

**United States' Opposition to Defendant's Supplemental Briefing**    Page 2

AVs 1 through 12 are best addressed during trial, in cross-examination. Most puzzling is the defendant's apparent claim that the alleged sexual assaults could not have occurred without staff members witnessing the conduct because a prison "is one of the most secure and supervised facilities that exist," ECF No. 140 at 4, ignoring that sexual assault is rarely committed in front of other witnesses. Even so, this too, is an argument that is best considered by the jury, not the Court.

Meanwhile, the defendant's supplemental brief about evidence of uncharged conduct largely ignores AVs 13 through 21, the very witnesses whose testimony the United States offers, in part, as evidence of the defendant's uncharged conduct. His only argument about these witnesses is that they are not credible due to various affiliations and recent criminal investigations or charges. ECF No. 140 at 7-10 (identifying that AV13 was friendly with another victim-witness and in a gang, identifying that AV15 "has been investigated for new state crimes" related to drugs, and identifying that AVs 17 and 18 have new criminal charges). Again, credibility is not an appropriate topic for the Court to determine in a Rule 104 hearing, *Huddleston*, 485 U.S at 690, and, as the United States has already explained, much of this conduct is not relevant to witness credibility, *cf.* ECF No. 88 at 16 (gang affiliation is not probative of truthfulness); ECF No. 123 at 8-9 (gang affiliation and drug activity are not probative of truthfulness). Finally, the defendant's latest filing fails entirely to apply the tests under *Lemay* or Rule 404(b), making no attempt to show why, pursuant to the relevant legal framework, the United States' proffered evidence should be excluded.

Instead, the defendant's arguments support the United States' position that, under the fifth *Lemay* factor, the evidence of uncharged acts is necessary. His assertion that there is "no

---

The defendant agreed. ECF No. 107 at 2 ("Mr. Klein agrees that the testimony proffered by the government for AV1-AV12 in [ECF No. 87-1] is admissible at trial under the theories articulated in the government's Notice.").

**United States' Opposition to Defendant's Supplemental Briefing**  Page 3

corroborating evidence" is exactly the rationale behind Rule 413, which allows evidence about other sexually assaultive conduct to corroborate the charged sexual assaults. *See United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (Rule 413 "permits other victims to corroborate the complainant's account via testimony about the defendant's prior sexually assaultive behavior") (citing another source).

Lastly, the defendant's stated concerns about a mistrial are misplaced. His assertion that "many of the government's witnesses are unreachable" and that they "have yet to be subpoenaed" is incorrect. To date, the United States has served more than 50 subpoenas. All but two of AVs 1 through 21 have either been served with a trial subpoena or are in custody. Nevertheless, the United States will be mindful of any concerns about witnesses appearing at trial and will take care not to refer prematurely to evidence of sexual conduct that may not be admitted during the trial due to a witness's failure to appear.

The United States' prior filings address, at length, why the proffered evidence of uncharged acts should be admitted. The defendant's latest filing fails to refute those arguments. For the foregoing reasons and the reasons set forth in earlier filings, the United States respectfully requests that this Court determine the defendant's uncharged conduct is admissible, under the theories set forth in ECF No. 87.

Dated: June 20, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT | KRISTEN CLARKE |
| United States Attorney | Assistant Attorney General |
| | |
| */s/ Gavin W. Bruce* | */s/ Cameron A. Bell* |
| GAVIN W. BRUCE | CAMERON A. BELL |
| Assistant United States Attorney | Trial Attorney |
| | Civil Rights Division |