**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR 97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503)640-0708
E-mail: amanda@aatlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>          v.<br><br>TONY KLEIN,<br><br>                          Defendant. | Case No. 3:22-cr-00084-SI<br><br>DECLARATION OF STEVEN WILSON |

Steven Wilson does swear under penalty of perjury that the following is true:

1. I am a private investigator who is assisting counsels Matthew McHenry and Amanda Thibeault in the representation of Tony Klein in the above-captioned matter.

1

2. I have been a licensed Oregon private investigator for 20 years. During this time I have worked for the defense on hundreds of different criminal cases, including many complex cases, both at the state and federal level.

3. Tony Klein's case presents many distinct and unique challenges that require additional time to be appropriately investigated.

4. There are an exceptionally large number of potential witnesses—essentially all of the inmates who shared housing with the victims during the time period in question—and the wide geographic area in which they live—the entire state of Oregon—and the often-unsettled nature of the witnesses' current housing—many of the ex-inmates are homeless or itinerant, with no permanent phone number—makes locating them extremely time-consuming. I have spoken with about a third of the ex-inmates with whom I had planned to speak.

5. Collecting records is another area in which I could use additional time. Because the government continues to produce discovery in batches, I often don't know who might need to be interviewed, and what records we might need, until receiving and reviewing the latest batch of discovery. Most of my records requests have been with law enforcement agencies around the state, and with Oregon's Department of Corrections (DOC), and some of these agencies provide records slowly.

6. For example, I requested staff training records from Oregon DOC on December 30, 2022. I received the records in several installments over the next four months, receiving the final installment on April 21, 2023. Having reviewed the records I learned that a request for additional training records was necessary. I submitted a new records request on April 14, 2023 and have not yet received a single document. If the timeline for receiving the new records is

similar to my previous request, we will have all the records after the Klein trial is already finished.

7. As part of my background investigations into the government's witnesses, I am relying not only on the named victims but also the individuals named in the government's witness list dated March 22, 2023. However, I have already spoken with one individual subpoenaed by the government after that date, whose name does not appear on the government witness list. If there are additional witnesses whose names have not yet been shared with the defense, I will be unable to perform a thorough background check before the start of trial.

8. A background check on the government's witnesses typically involves an attempt to interview the government witness as well as requesting and reviewing public records from multiple sources. It may involve locating and interviewing additional individuals who know the government witness.

9. An amended witness list produced very close to the start of trial may mean insufficient time to locate and interview the witnesses (as described in paragraph 4) as well as insufficient time to request and receive relevant records (as described in paragraphs 5 and 6).

10. While the government's investigation into this case began in late 2017 and has involved multiple federal, state, and local law enforcement agencies, the Klein defense investigation did not begin until after we were able to review the first batch of discovery, in July of 2022, and was comprised of two individuals without any of the agency resources available to law enforcement.

11. In comparison, I recently worked for the defense on USA v Lorenzo Jones, a complex RICO case, also with many potential witnesses who were often difficult and time-

consuming to locate, many public records requests, and discovery produced in numerous batches over an extended period of time.

12. In USA v Lorenzo Jones, defense investigators worked from December 2019 until September of 2022, approximately 21 months more than we have been given on the Klein case.

DATED: June 16, 2023.

        /s/ *Steven Wilson*
Steven Wilson
swilsn@gmail.com
503-481-0671

4