**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com

Attorneys for Defendant Tony Daniel Klein

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>    vs.<br><br>**TONY DANIEL KLEIN,**<br><br>        Defendant. | No. 3:22-CR-00084-SI<br><br>**DEFENDANT'S SUPPMENTAL PROPOSED JURY INSTRUCTIONS** |

     COMES NOW, the defendant, Tony Klein, by and through counsel, and requests that the Court give the following additional instructions in its charge to the jury. The defense seeks leave to request additional instructions as appropriate during the course of the trial.

1 – DEFENDANT'S PROPOSED REQUESTED JURY INSTRUCTION

## Untimely Disclosure of Exculpatory or Impeachment Evidence

Under the United States Constitution, in order for the defendant to receive a fair trial, the Government must inform the Defense of any information known to the Government that tends to suggest the defendant might not have committed the crimes or crime charged and any information that casts doubt on the credibility of the Government's own evidence in a timely fashion. In this case, the Government violated those important Constitutional principles upon which the fair administration of our system of justice depends on multiple occasions.

In evaluating the merits of this case, you can decide what weight, if any, to give to the Government's violations of these Constitutional principles. The Government's actions standing alone or in combination with other facts presented in this case, may create a reasonable doubt in your mind about the defendant's guilt. Modified instruction from *United States v. Garrison*, 888 F.3d 1057, n3 1063 (9th Cir. 2018))

**Legal Authority: Ninth Circuit Model Criminal Jury Instructions 3.20:** A trial court has discretion in shaping the remedies for violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). For example, in *United States v. Garrison*, 888 F.3d 1057, 1061 (9th Cir. 2018), "the government made grave mistakes in its prosecution of the case by repeatedly failing to timely disclose information to the defense." Rather than dismiss the case, the district court instructed the jury that "the government's failure to timely comply with its constitutional obligations . . . could lead the jury to find reasonable doubt" as to guilt. The Ninth Circuit held that there was no error. *Id*. at 1066.

Respectfully submitted on June 22, 2023

*/s/ Amanda Thibeault*
Amanda A. Thibeault, OSB #132913
Attorney for Defendant

**2 – DEFENDANT'S PROPOSED REQUESTED JURY INSTRUCTION**