**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR 97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503)640-0708
E-mail: amanda@aatlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>   v.<br><br>TONY KLEIN,<br><br>       Defendant. | Case No. 3:22-cr-00084-SI<br><br>DECLARATION OF MATTHEW MCHENRY |

  Undersigned Counsel Matthew McHenry does swear under penalty of perjury that the following is true:

  1. I am one of the attorneys defending Mr. Klein in the above-captioned case.

  2. The defense team identified a critically important fact witness who has been, and remains in, the custody of the Tennessee Department of Corrections.

  3. Information posted online and communications from the Tennessee Department of Corrections throughout the course of the investigation indicated that this witness would be released on June 23, 2023.

4. Based on her expected and published release date, I did not believe I would need to apply for a writ ad testificandum to secure this witness's appearance at trial, nor did I have grounds to seek such a writ.

5. On June 12, 2023, the defense team learned that the published release date of June 23, 2023, for this witness was incorrect, and that she would in fact still be in the custody of the Tennessee Department of Corrections during the currently scheduled trial date.

6. Upon learning this, I began researching how to obtain a writ ad testificandum in this district. I drafted the necessary pleadings and located the contact information for the Supervisory Deputy U.S. Marshal in the district, Mackenzy Abelard, as I was told Deputy Abelard would handle the procedural aspects of the transport required pursuant to the writ. I attempted to contact Deputy Abelard by phone, and left a voicemail at the number I was provided.

7. On June 16, 2023, I emailed Deputy Abelard a copy of my draft pleadings to apply for the writ, asking him to review them to ensure they contained all necessary information before filing. I received no response to my email.

8. On June 22, 2023, I called Deputy Abelard again and spoke with him. During that phone call, Deputy Abelard informed me he was in training and had been unable to respond to my email. Deputy Abelard instructed me to file the application for the writ as soon as I could, and that the U.S. Marshal would take up the process once the order was obtained.

9. I filed the application for the writ ad testificandum and proposed order immediately after finishing my phone call with Deputy Abelard.

10. Shortly after filing the application for the writ, Deputy Abelard emailed me and informed me that the U.S. Marshal would not be able to accommodate the transport, as they require 45 days notice for such things when a prisoner is out-of-state.

11. Prior to the email from Deputy Abelard, I was not aware of the 45-day notice requirement for out-of-state individuals under a writ ad testificandum.

12. In any event, I did not learn that this witness would be in custody during July of 2023 until after the Marshal's 45-day deadline had passed, based on information from the State of Tennessee.

13. This witness is critically important to the defense.

14. If the United States Marshal cannot accommodate transfer of this witness for appearance at trial in July of 2023, this is further grounds for a continuance of the trial date.

DATED: June 22, 2023.

        /s/ *Matthew McHenry*
        Matthew McHenry
        Attorney at Law