**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com


**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com


Attorneys for Defendant Tony Daniel Klein

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>    Defendant. | No. 3:22-cr-00084-SI-1<br><br>DEFENDANT'S SUPPLEMENTAL BRIEFING REGARDING THE ADMISSIBILITY OF CERTAIN EXPERT TESTIMONY UNDER DAUBERT |

COMES NOW, the defendant, Tony Klein, by and through counsel, and provides supplemental briefing regarding the defendant's proposed expert and the Government's proposed expert, as ordered by the court in ECF 149.

1 – DEFENDANT'S SUPPLEMENTAL BRIEFING

## **LAW and ARGUMENT**

I.  **Ms. Alleyne is qualified to testify regarding the backgrounds of inmates and how those can contribute to false accusations against prison staff**

The Government moved to exclude Ms. Alleyne from testifying about how the trauma backgrounds of female inmates can contribute to a culture where false accusations against staff are prevalent. The Government argues that Ms. Alleyne lacks the educational credentials and experience that would support such an opinion.

Courts have routinely approved law enforcement officers to testify as experts on a wide variety of matters for which they do not have a formal degree. For example, in *United States v. Reyes Vera*, 770 F.3d 1232 (9th Cir. 2014), the Ninth Circuit Court of Appeals affirmed the admission of expert testimony regarding gangs based on the detectives training and experience. *See also United States v. Holguin*, 51 F.4th 481 (2022) (reaffirming the admissibility of law enforcement expert testimony on the structures of criminal enterprises) Most recently, in this district in October of 2022, this Government offered the "expert" testimony of a DEA agent based on his experience working with drug cartels, over the defense objection.[1] Although a court can and should consider an expert's educational background, extensive training and experience in the relevant field is sufficient to qualify a person as an expert, like how this Government regularly uses its own law enforcement officers to do.

---

[1] *USA v. Dontae Hunt*, 3:18-CR-00475, ECF 298 (allowing such testimony over the defendant's objection)

2 – DEFENDANT'S SUPPLEMENTAL BRIEFING

Here, the Government's arguments regarding Ms. Alleyne's lack of a particular degree fail to appreciate the 20 years of experience she has in the correctional system, and specifically, the experience she had working and managing other civilians in the health services unit of a prison. Contrary to the Government's arguments, Ms. Alleyne has extensive experience working with inmates and their trauma backgrounds. As part of her two decades of experience in the correctional field, she managed the Janet York Women's Facility in Connecticut. Moreover, she served on the PREA Audit Committee for three years, to ensure alignment with PREA standards. Through that experience, she understands the complexity of the institution's employees and population dynamics.

Given her experience in the correctional system, her experience in managing and participating in the health services unit of the correctional system, her experience with female inmates, and her experience on the PREA committee, Ms. Alleyne is more than qualified to testify about her training and experience with inmates from a trauma background. The Government's motion should be denied.

II.     **Ms. Alleyne's testimony does not provide a credibility assessment of the alleged victims and is the proper area for expert testimony**

Defense counsel addressed this argument in its response to the Government's Motion *in limine*.[2] In the interest of efficiency, defense counsel will not repeat the same arguments previously made and asks this court to incorporate those arguments previously made.

---

[2] See ECF 108, p. 20-22.

3 – DEFENDANT'S SUPPLEMENTAL BRIEFING

In summary, Ms. Alleyne's testimony is no more generalized than the Government's proffered expert. Ms. Alleyne and Mr. Dumond are on the same spectrum, only testifying from opposite ends. The Government intends to proffer Mr. Dumond's testimony, who like Ms. Alleyne, has never been employed at Coffee Creek and knows nothing about these particular AVs or their backgrounds, to explain how the circumstances of prison life contribute to a culture of underreporting of sexual abuse.

Ms. Alleyne, with her decades worth of relevant experience, will testify about how prison life contributes to a culture of false accusations, in particular against civilian staff. If Ms. Alleyne's testimony is a commentary that the named victims in this case should be seen as uncredible, then Mr. Dumond's testimony, whose notice by the Government reads almost identically to the notice later filed by the defense, is necessarily vouching.

Ms. Alleyne does not intend to nor will the defense attempt to get her to opine on the credibility of the witnesses. The Government intends to use an expert to explain that the culture in prisons fosters the underreporting of sexual abuse and minimizes the opportunity for false accusations. The defendant is entitled to rebut that testimony with an expert of his own.

### III. This court should forbid Mr. Dumond from testifying about the credibility of the Government's witnesses and opining as to whether or not the acts in question actually occurred

As the Government has previously argued, "no expert can properly opine about whether another witness is credible." *United States v. Sine*, 493 F.3d 1021, 1040 (9th Cir. 2007). Nonetheless, it appears that the Government's expert has previously done that in

at least one previous case. In *Mathie v. Frie*, 935 F.Supp. 1284 (E.D.N.Y. 1996), the court examined the written reports and deposition testimony of Robert W. Dumond. Defense counsel assumes from the context of the opinion that the Robert W. Dumond in that case is the same as the state's expert in this case. There, the trial judge noted that Mr. Dumond's report writing and testimony provided at deposition were "not of great assistance to the Court in its search for the truth." *Id.* at 1295. In that case, Mr. Dumond made certain conclusions "with a high degree of confidence" and opined that the plaintiff in the case was "likely the victim of a series of sexual assaults while incarcerated." *Id.* In essence, Mr. Dumond specifically opined on the credibility of the plaintiff in the case, something the trial judge found "unduly prejudicial" and emphasized that such testimony "will be ignored by the Court." *Id.*

As the *Mathies* court previously found, Mr. Dumond should not be permitted to testify that, based on his training and experience, any of the AV's in this case were performing in a way consistent with the victim of a sexual assault. Such testimony is a commentary on the credibility of a witness and must be excluded, pursuant to the Government's own legal argument. Mr. Dumond can testify about his experience and training, generally, but any attempt to diagnose or affirm that the individual AV's in this case performed in a way consistent with a victim of abuse must be excluded.

The Government's notice of expert testimony purports that Mr. Dumond will testify about his knowledge of the underreporting of sexual assaults in prison, power dynamics in prison, and prison culture regarding reporting, generally. To the extent that the Government intends to ask Mr. Dumond to opine about the experience of specific AV's,

5 – DEFENDANT'S SUPPLEMENTAL BRIEFING

defense counsel moves to exclude that evidence. To defense's knowledge, Mr. Dumond has not reviewed evidence related to the specific AV's in this case. Moreover, to the extent that the Government tries to fashion Mr. Dumond's testimony as anything more than general background testimony, defense counsel also objects due to Mr. Dumond's lack of personal knowledge.

For example, the Government's expert notice indicates that Mr. Dumond will "testify that the information medical staff can access about inmates, including medical history, mental-health history, and diagnoses, can be misused by staff in the prison setting." ECF 45, p. 4. Mr. Dumond has never been employed at CCCF. He does not know the specific items that people working in medical services there would or would not have access to. To the extent that the Government tries to couch his testimony as having personal knowledge about the procedures at CCCF, the defense objects.

## CONCLUSION

Ms. Alleyne is qualified to testify about the areas listed in the defense's expert notice. Moreover, the concerns about her testimony being general layperson evidence or a comment on the credibility of a witness would apply equally to the Government's expert. Should the court find the Government's argument on that issue persuasive, it must also exclude the Government's expert from testifying similarly.

//

//

//

//

Mr. Dumond must not be allowed to testify about the credibility of a particular witness, as he has previously done in the past. Although defense agrees his general background knowledge can be provided to the jury, any attempt to couch that testimony as him having personal knowledge of CCCF's operations must be excluded.

Respectfully submitted on June 23, 2023

                                        */s/ Amanda Thibeault*
                                      Amanda A. Thibeault, OSB #132913
                                      Attorney for Defendant