**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:22-cr-84-SI |
| v. | **ORDER ON SELECTED MOTIONS IN LIMINE** |
| **TONY DANIEL KLEIN**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, Gavin W. Bruce and Hannah Horsley, Assistant
United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 405 East 8th Avenue, Suite 2400,
Eugene, OR 97401; and Cameron A. Bell, Trial Attorney, UNITED STATES DEPARTMENT OF
JUSTICE, Civil Rights Division, 950 Pennsylvania Avenue, NW, Washington, DC 20530.
Of Attorneys for United States of America.

Matthew G. McHenry, LEVINE & MCHENRY LLC, 1050 SW Sixth Avenue, Suite 1414, Portland,
OR 97204; and Amanda A. Thibeault, ALVAREZ THIBEAULT LLC, 330 NE Lincoln Street, Suite
200, Hillsboro, OR 97124. Of Attorneys for Defendant Tony Daniel Klein.

**Michael H. Simon, District Judge.**

On April 21, 2023, Defendant filed six omnibus motions in limine and one motion in

limine to exclude Government exhibits. Defendant also filed a request for a pretrial Rule 702

hearing without raising any specific challenges to the Government's expert witness. The Court

requested supplemental briefing. The Court now construes Defendant's supplemental filing, ECF

186, as a motion to exclude the Government's expert witness, Mr. Robert W. Dumond. In

addition, the Government has filed 17 omnibus motions in limine.

PAGE 1 – ORDER ON SELECTED MOTIONS IN LIMINE

In a separate Opinion and Order Addressing Other Acts Evidence, the Court resolved the Government's Motions in Limine Nos. 1-6 and Defendant's Motions in Limine Nos. 2 and 5..At this time, the Court declines to address the Government's Motions in Limine Nos. 11, 12, and 15, and Defendant's motion to exclude the Government's expert witness. Instead, the Court will wait until after the Pretrial Conference scheduled for June 30, 2023, at which time those matters will be discussed. The Court's rulings on the remaining motions in limine follow.

## BACKGROUND

On March 9, 2022, a federal grand jury indicted Defendant Tony Klein, charging him with 21 counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and four counts of making false declarations in a proceeding before or ancillary to a court of the United States, in violation of 18 U.S.C. § 1623. ECF 1. As alleged in the indictment, Defendant was employed as a corrections nurse with the Coffee Creek Correctional Facility (CCCF), the only women's prison in the state of Oregon. In the first 21 counts, the indictment alleges that on various occasions in 2016 and 2017, Defendant, while acting under color of law, and without a legitimate penological or medical purpose, engaged in various sexual acts with 12 female inmates (AVs1-12)[1] who were incarcerated at CCCF. The indictment further alleges that these acts were done without the consent of the female inmates and Defendant's conduct willfully deprived these inmates of their right not to be subjected to cruel and unusual punishment, a right secured and protected by the Constitution and laws of the United States. The indictment also alleges that Defendant's conduct resulted in bodily injury to these female inmates and included aggravated sexual abuse. In the final four counts, the indictment alleges that on November 20,

---

[1] The indictment refers to the alleged adult victims in this manner to preserve their confidentiality.

2019, Defendant, having taken an oath to testify truthfully at a deposition ancillary to a civil lawsuit then pending in the United States District Court for the District of Oregon, knowingly made false and material declarations.

**STANDARDS**

**A.  Motions in Limine**

A motion in limine, broadly defined, means "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984); *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (stating that a motion in limine is a "procedural mechanism to limit in advance testimony or evidence in a particular area"). As with other motions raised before trial, motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quotation marks omitted); *see also Luce*, 469 U.S. at 41 n.4 (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials"). Further, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *Pomona*, 866 F.3d at 1070.

In many instances, however, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Thus, denial of a motion in limine to exclude certain evidence does not mean that all evidence contemplated by the motion

will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial.

*Id*. at 1168.

**B. Selected Federal Rules of Evidence**

    **1. Rule 401**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019).

    **2. Rule 403**

Even if evidence is relevant, it must be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

    **3. Rules 801, 802, and 805**

Hearsay evidence is inadmissible unless otherwise provided for under a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Hearsay is a statement "the declarant does not make while testifying at the current trial or hearing" and which "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay within hearsay" is only admissible "if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805.

## GOVERNMENT'S MOTIONS IN LIMINE

### A.  No. 7—Use of Victim Medical Information

The Government moves to have advance notice so that it may object to any proposed use of evidence or information from or about a witness's medical records except where it tends to corroborate or contradict that the witness saw Defendant on a particular date for medical treatment. The Government highlights the sensitive nature of this confidential information. *Cooper v. FAA*, 622 F.3d 1016, 1030 (9th Cir. 2010) (stating that "one's confidential medical records . . . often contain some of the most sensitive and intimate information about one's physical, mental, and emotional well-being, and sexual orientation"), *rev'd on other grounds*, 566 U.S. 284 (2012). The Government provided as proposed exhibits portions of the medical record it intends to use and argues that other portions of the medical record are irrelevant and that any probative value is substantially outweighed by the danger of unfair prejudice and confusing and misleading the jury.

Defendant responds that portions of the medical record may become relevant depending on how a witness testifies. The Court agrees with both sides. Specifically, the Court agrees that a witness's medical evidence generally is confidential, mostly irrelevant, and if it may have some minimal relevance, its probative value often is outweighed by the danger of unfair prejudice and confusing the jury. There may, however, be some medical information in this case that is relevant and highly probative. Without the context of trial testimony and knowledge of what information Defendant seeks to introduce from a particular witness's medical record, the Court is unable to rule in advance regarding its admissibility. The Court, therefore, reserves ruling on this motion. Unless the Court preadmits evidence from a witness's medical file, however, no party may discuss information or introduce an exhibit from a witness's medical file without first obtaining permission from the Court outside the presence of the jury.

## B. No. 8—Evidence with Inaccurate or Irrelevant Legal Standards

The Government asserts that in a case involving an alleged violation of 18 U.S.C. § 242, evidence about specific training that a defendant received generally is relevant to prove willfulness. The Government seeks to present evidence that Defendant had training that explains that sexually assaulting inmates is unlawful, and the Government's exhibits redact other statements or references of law. The Government moves to exclude other evidence that contain statements of state and federal law, including portions of Defendant's proposed exhibits 1077 and 1079. The Government argues that this evidence is irrelevant and confusing to the jury.

Defendant responds that these slides are relevant to show that inmates baselessly sue correctional staff so frequently that ODOC and CCCF provide extensive training on the subject. Defendant contends this is responsive to the Government's expert, Mr. Dumond, whom Defendant contends is offering "generalized assumptions about a prison" without having been employed at or investigating that specific facility and that the Government simply wants the jury to assume that the culture at CCCF aligns with Mr. Dumond's general description of prison conditions. Defendant argues the training materials at issue show that the culture at CCCF is different than the one depicted by Mr. Dumond and reflects a more "accurate picture of life at CCCF."

It is the role of the Court, not the parties or their exhibits, to instruct the jury on the applicable law. Legal concepts contained in the slides such as those describing state law on custodial sexual misconduct, describing what rights are protected under the First and Fifth Amendments and how they relate to prisoners or how an inmate can both be prosecuted criminally and have jail disciplinary proceedings without violating rights against double jeopardy are irrelevant and risk confusing the jury. Other slides touch on legal issues related to this trial, such as rights under the Eighth Amendment and the definition of "sexual contact," but these

comments invade the province of the Court. The Court, therefore, grants the Government's motion and will exclude all legal statements contained in the slides.

Excluding the slides that contain specific legal instructions does not hamper Defendant's proposed defense. Defendant may, if otherwise admissible, attempt to introduce evidence that ODOC and CCCF provided training about inmate lawsuits without introducing every slide in that training. The parties shall confer on appropriate redactions and if they are unable to reach agreement each side may submit to the Court their proposed redacted Exhibits 1077 and 1079.

## C. No. 9—Civil Settlements with ODOC or Defendant

Seven of the named complainants and two of the additional witnesses proposed by the Government have filed civil lawsuits against ODOC or the Defendant. All cases have settled and dismissed. The Government moves to limit evidence of civil settlements with ODOC or Defendant only to cross-examination regarding the existence of a civil suit, whether a witness expected or received any pecuniary gain from filing the suit, or any inconsistencies between statements made in the civil suits and witness testimony. The Government argues any other information is irrelevant and would cause unfair prejudice and risk confusing or misleading the jury or encouraging nullification because the witness has been made whole. The Government argues that the amount of the demands and the final settlement are irrelevant because the cases have concluded and the witnesses have no remaining pecuniary interest in this criminal case. The Government also argues that the risk is high that the jury will be confused by the amounts awarded among the victims, for example wondering why some victims received higher awards when they were assaulted only once while others received lower awards despite repeated assaults, among other questions, which are distracting and irrelevant to this criminal case.

Defendant responds that the witnesses accused Defendant before this criminal case was brought and that if a witness testifies in this trial that the abuse never happened, then Defendant

could seek to recoup the settlement amounts, making the witness's pecuniary interest in this trial ongoing. Defendant also argues the amounts demanded and settlement amounts paid are relevant because most of the charges are based on delayed disclosures and the money damages explain the defense theory as to why the witnesses would wait so long and then "lie" about what Defendant did. Defendant asserts that the witnesses gain more from a conviction than an acquittal because the conviction would be based on their maintaining their same story rather than changing their story and risk losing the money that they received in settlement.

Of the seven complaining witnesses who filed lawsuits, six of them were represented by the same attorney, Michelle Burrows, who requested $5 million in each complaint. The seventh, AV8, was represented by a different attorney, who requested $800,000. The cases settled for amounts ranging from $135,000 to $290,000. Two proposed Rule 413 witnesses also filed suit, and those cases settled for $165,000 and $250,000.

The initial amounts demanded in the complaints filed by the witnesses have limited, if any, probative value, and there is a significant danger of unfair prejudice and confusing or misleading the jury. The Court excludes this evidence under Rule 403. The fact that a witness received a significant money settlement, however, is relevant to Defendant's defense. Any risk of confusion does not substantially outweigh the probative value of the jury knowing this information. Thus, the Court will allow Defendant to establish during examination of a witness the amount of money that the witness received in settlement.

## D.  No. 10—Defendant's "Self-serving" Hearsay

The Government states that it intends to introduce in its case-in-chief certain prior statements of Defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence. The admissibility of a defendant's statement under this rule does not depend on the substance of a defendant's testimony at trial or on whether the defendant testifies at all. *See United States v.*

*Kenny*, 645 F.2d 1323, 1339-40 (9th Cir. 1981). Indeed, a defendant's own out-of-court admissions "surmount all objections based on the hearsay rule" and are "admissible for whatever inferences the [factfinder] could reasonably draw." *United States v. Matlock*, 415 U.S. 164, 172 (1974).

The Government seeks to exclude Defendant's evidence of self-serving hearsay that evades cross-examination.[2] The Government argues that Defendant may attempt to introduce his own statements under Rule 106 (the Rule of Completeness) or Rule 803(3) (then-existing state of mind or emotional condition), or another basis. Defendant responds that there are an "unlimited number of permutations" by which his statements will become admissible and that the Government's arguments are premature and should be assessed at the time a statement is offered, not out of context before trial.

The Court defers ruling on this motion and will await a timely objection at trial. No party, however, may attempt to elicit in the presence of the jury any self-serving statement of that party without prior leave of Court. Any party seeking to elicit any such statement must first inform the Court, and the matter will be heard outside the presence of the jury. In addition, the Court will enforce the limitation contained in the hearsay exception of Rule 803(3) (statements of the declarant's then-existing state of mind), which excludes "a statement of memory or belief to prove the fact remembered or believed."

### E.  No. 13—DNA Testing from Oregon State Police Investigation

The first inmate who made a complaint against Defendant waited four months to express her concerns and saved her underwear as evidence during that time in a plastic bag. The Oregon

---

[2] The Government also seeks to exclude Defendant from using his expert witnesses to introduce Defendant's self-serving testimony. Defendant states he will not do so.

State Police attempted to perform a DNA test to determine whether Defendant's DNA was found on that underwear. The sample was too small to make a comparison and so the results were inconclusive. This person is not one of the 12 named complainants in this case or one of the nine additional proposed Rule 413 witnesses. The Government does not plan to call this witness. The Government moves to exclude the DNA test as irrelevant and unfairly prejudicial.

Defendant responds that this evidence is relevant to show that other inmates were making complaints against Defendant and intending to "extort" money from him and to rebut the Government's expert testimony that sexual assaults are underreported in prisons. An inconclusive DNA test from a person who is not a witness in this case or a complaining victim in this case is irrelevant to the charged conduct in this case. Further, whatever minimal probative value it may have, if any, is substantially outweighed by the danger of undue prejudice and confusing the jury. The Court, however, will reconsider this ruling if this person testifies at trial.

## F.  No. 14—Subsequent Remedial Measures

The parties appear generally to agree about the proper resolution of this motion. The parties agree that neither party may argue that physical changes made to the facility post-accusation made it more or less likely that the alleged conduct occurred or that the previous conditions of the facility were defective. The United States agrees that Defendant may offer evidence or cross-examine witnesses about the conditions at the time of the relevant events as it relates to security measures and policies. The Court reserves any further rulings on these issues until trial.

## G.  No. 16—Exclude Witnesses Except Case Agents

The Government moves to exclude third-party witnesses until after they have testified, except for FBI Special Agents Caryn Ackerman, Elizabeth Bowditch, and Eric Hiser, so they may assist with case presentation and witness management. Defendant agrees and requests the

same privilege for his investigators. This motion is granted. Third party witnesses are excluded until after they testify, except for the investigators for each party. Further, neither side may directly or indirectly communicate to any witness before that witness has completed his or her testimony what any other witness previously stated in their testimony.

## DEFENDANT'S MOTIONS IN LIMINE

### A.  No. 1—Counsel to Conduct Voir Dire

Defendant seeks an order allowing counsel to conduct individual questioning of jurors. This issue is addressed in the Court's tentative Voir Dire script, which will be discussed during the final pretrial conference.

### B.  No. 3—"Overview" and "Summary" Witnesses

Defendant moves to exclude "overview" or "summary" witnesses presented by the Government. The Government responds that if it were to use such witnesses, it would do so consistent with the law of this Circuit and only to summarize voluminous or confusing records, *see United States v. Heine*, 2017 WL 449632, at *9 (D. Or. 2017), or offer it after testimony to "help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses." *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989). The Court reserves ruling on this motion. If the Government intends to call a "summary" witness, it shall first give timely notice to the Court outside the presence of the jury.

### C.  No. 4—Improper Lay Witness Opinion Testimony

Defendant moves to exclude improper lay witness opinion testimony. Defendant simply cites the federal rules of evidence and caselaw relating to lay witness opinion testimony but presents no argument about any specific Government witness

"Motions in limine afford the court and counsel the opportunity to give more deliberate consideration to *specific* objections to *specific* evidence. The purpose of a motion in limine is not to obtain a generic ruling that the parties must follow the rules of evidence . . . ." *Droplets, Inc. v. Yahoo! Inc.*, 2022 WL 2670188, at *5 (N.D. Cal. Feb. 28, 2022) (quotation marks and citations omitted) (emphasis in original). The Court denies this motion as unnecessary. *See United States v. Pilisuk*, 2023 WL 576523, at *5 (W.D. Wash. Jan. 27, 2023) ("The Court STRIKES Defendant's motion in limine regarding hearsay testimony from investigating officers as unnecessary, as it simply asks the Government to follow the rules of evidence, which all counsel are expected to do as officers of the Court."); *MicroVention, Inc. v. Balt USA, LLC*, 2022 WL 18284997, at *7 (C.D. Cal. Dec. 12, 2022) ("It is unnecessary for parties to file motions in limine for general instructions that the opposing party must follow the rules of civil procedure or the rules of evidence."). Defendant may timely object at trial to any lay witness opinion testimony that Defendant believes is improper.

## D.  No. 6—Additional Motions Based on New Discovery

Defendant moves for leave to file additional pretrial motions based on his review of ongoing discovery. The Government does not object to this motion. The Court grants this motion. Defendant may file additional motions if warranted and timely.

## E.  Motion to Exclude Government Exhibits

Defendant moves to exclude many of the Government's exhibits because the Government has not yet provided a foundation for relevance or shown how the documents are not hearsay. Defendant acknowledges that the Government may do so, but requests that the Court exclude the evidence "until such time as the Government does so."

The Court construes Defendant's motion as objecting to the preadmission of the Government's exhibits. They will not be preadmitted. The Court will rule on objections timely made at trial when evidence is offered.

## CONCLUSION

The Government's Motions in Limine Nos. 7-10, 13, 14, and 16 (from ECF 88), Defendant's Motions in Limine Nos. 1, 3, 4, and 6 (from ECF 91), and Defendant's Motion in Limine to Exclude Government Exhibits (ECF 93) are resolved as stated in this Order.

**IT IS SO ORDERED**.

DATED this 26th day of June, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge