NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone: (202) 802-7643
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:22-cr-00084-SI |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING REGARDING THE ADMISSIBILITY OF CERTAIN EXPERT TESTIMONY UNDER DAUBERT** |
| **TONY DANIEL KLEIN,** | |
| Defendant. | |

The United States hereby files this response to Defendant's Supplemental Briefing Regarding the Admissibility of Certain Expert Testimony Under Daubert. (ECF No. 186).

a.  **Neither Expert Intends to Provide Credibility Assessments of the Witnesses**

In his supplemental briefing, the defense agrees that Ms. Alleyne will not provide expert testimony regarding the credibility of any of the witnesses at trial. The government confirms that Mr. Dumond will also avoid the same.

b.  **Victims with Mental Health and Trauma Backgrounds**

The United States agrees that a witness's "extensive training and experience in the relevant field is sufficient to qualify a person as an expert." ECF No. 186, at 3. It is for this reason that the government maintains its objection that Ms. Alleyne is not qualified to testify about how the trauma backgrounds of many female inmates can contribute to a culture where false accusations may arise.

Defendant's most recent filing highlights that "[a]s part of her two decades of experience in the correctional field, she managed the Janet York Women's Facility in Connecticut. Moreover, she served on the PREA Audit Committee for three years, to ensure alignment with PREA standards." ECF No. 186, at 3. The defendant concludes that Ms. Alleyne "understands the complexity of the institution's employees and population dynamics." *Id.* Yet neither this explanation, the expert notice, nor Ms. Alleyne's one-page resume provide any additional details about any extensive training or experience with mental health and trauma, or more specifically, inmates with sexual abuse and trauma backgrounds. The defense does not proffer that Ms. Alleyne historically conducted any research into the issue, nor does he proffer that Ms. Alleyne's educational background would ground any such testimony.

This is distinctly different from her proposed testimony that "prison life contributes to a culture of false accusations." *Id.* at 4. Ms. Alleyne's 20-year background in prison settings,

trainings in those settings, and participating as a member of the PREA Audit Committee are sufficient to allow her to opine in such a manner. However, nothing received to date has indicated any experience, training, or education that would support her testimony as an expert on the effect of an inmate's mental health and trauma background on reporting of sexual abuse.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court limit Ms. Alleyne's testimony regarding the effect of an inmate's mental health and trauma background on reporting of sexual abuse.

Dated: June 27, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| */s/ Gavin W. Bruce*<br>GAVIN W. BRUCE<br>Assistant United States Attorney | */s/ Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |