**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com

*Attorneys for Defendant Tony Daniel Klein*


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-00084-SI-1 |
| Plaintiffs, | |
| vs. | **MOTION TO EXCLUDE EVIDENCE SUBJECT TO FRE 412** |
| TONY DANIEL KLEIN, | |
| Defendants. | |

Tony Daniel Klein, through counsel, moves this Honorable Court to preclude the

government from offering evidence and soliciting testimony of any alleged victim's prior

sexual abuse or sexual assault under Federal Rule of Evidence 412.

## BACKGROUND

As highlighted in the government's Expert Witness Notice, ECF 45, the

government intends to call Robert Dumond as an expert. The government explains that:

> Mr. Dumond will also testify that a large majority of female inmates have
> been subjected to sexual assault and abuse prior to their incarceration. Mr.
> Dumond will explain how victims of prior sexual assault and abuse process
> sexual abuse or assault encounters differently because their past trauma has
> warped their conception of acceptable behavior. This past trauma often
> leads to mental health complications that leave inmates more vulnerable to
> grooming behaviors and sexual abuse or assault. He will further explain
> that inmates who are also victims of prior sexual abuse are less likely to
> report the in-custody abuse or even to understand that the interaction is
> abusive and worthy of reporting.

ECF 45 at 5. Mr. Klein intends to call his own expert, Constantine Alleyne, to testify

regarding how trauma backgrounds of female inmates can contribute to a culture where

false accusations are prevalent. *See, e.g.*, ECF No. 186. Defense counsel does not intend

to elicit information about any of the trauma backgrounds of the alleged victims through

cross examination, nor does Mr. Klein intend to offer any direct evidence that any of the

alleged victims have suffered previous sexual abuse or trauma.

The discovery in this case, however, is replete with such references to past sexual

abuse and trauma. The depositions of many of the alleged victims contain exceptionally

detailed information about their histories of sexual abuse, rape, and trauma. Mr. Klein

anticipates that, based on the discovery received from the government, as well as the

anticipated testimony of Mr. Dumond, the government will seek to elicit information

about the alleged victims' prior history of sexual abuse. Defense counsel anticipates this

evidence will be used in an attempt to substantiate Mr. Dumond's testimony and provide

a justification for why nearly all of the alleged victims in this case waited years to make accusations against Mr. Klein. Moreover, Mr. Klein anticipates the government will elicit this testimony from the alleged victims to bolster their theory as to why Mr. Klein purportedly selected the particular alleged victims in this case. Mr. Klein anticipates that the government will argue that the alleged victims' history of abuse is precisely what made them vulnerable, and that it will use the possibility that Mr. Klein may have had access to this information to argue that Mr. Klein utilized this information to help him choose which women to target.

## **ARGUMENT**

Federal Rule of Evidence 412 places strict limits on the use of evidence of "other sexual behavior" or the "sexual predisposition" of an alleged victim in a criminal case involving alleged sexual misconduct, permitting such evidence only in strictly defined circumstances. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1104 (9th Cir. 2002), *as amended* (Feb. 20, 2002) ("Rule 412 *forbids* the admission of evidence of an alleged victim's 'sexual behavior' or 'sexual predisposition' . . . except under limited circumstances.") (emphasis added). Specifically, Rule 412 provides that, "[t]he following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). In criminal cases, Fed. R. Evid. 412(b)(1) establishes a discrete set of exceptions to the general prohibition against this type of evidence. Rule 412(b)(1)(A), provides that a court in a criminal case may admit "evidence of specific instances of a victim's sexual

behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence," while Rule 412(b)(1)(B) permits "evidence of specific instances of the victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor." Finally, the catchall provision in Rule 412(b)(1)(C) allows the use of such evidence if it's exclusion "would violate the defendant's constitutional rights." A party seeking to offer evidence under any of these subparts must file a motion describing the evidence and the purpose for which it is to be offered; do so at least 14 days before trial; serve the motion on all parties; and notify the victim or the victim's guardian or representative. Fed. R. Evid. 412(c)(1).[1] "Before admitting evidence under this rule, the court must conduct an *in camera* hearing and give the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2). "Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed." *Id.*

Fed. R. Evid. 412 is, of course, not the only "specialized relevance" rule. Rule 407, for example, limits evidence of subsequent remedial measures; Rule 408 limits the use of evidence of settlement offers and negotiations; Rule 409 limits evidence of offers to pay for medical expenses; and Rule 411 limits evidence that a person was or was not insured against liability. Most of these rules, however, bar evidence *only if offered to prove certain things*. Rule 408, for example, bars settlement evidence *if and only if* it is

---

[1] The 14-day notice deadline passed on Monday, June 26, 2023. Rule 412 bans the admission of such evidence outright. However, even if the Government wanted to argue for its admission under Rule 412, it has missed the deadline to file notice of its intent to do so.

being offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." *All other uses* of such evidence, however, are permitted. Fed. R. Evid. 408(b). The same is true for Rules 404, 407–409, and 411: each rule establishes a category of evidence and bars the use of that evidence *for a specific prohibited purpose*, while allowing the use of that category of evidence for any other purpose.

Rule 412, by its own terms, does not operate in this fashion. "Rule 412 reverses the ordinary approach of such rules and prohibits the use of any and all rape shield evidence unless it is explicitly permitted by the Rule." Rosanna Cavallaro, *Rape Shield Evidence and the Hierarchy of Impeachment*, 56 AM. CRIM. L. REV. 295, 299 (2019); *compare* Rules 412 and 410 *with* Rules 404, 407, 408, 409, and 411 (narrowly defining evidence to be excluded for enumerated purposes and thereby affirming that any relevant evidence not barred is admissible, albeit subject to Rule 403). Thus, along with Rule 410 (which operates in a similar manner), Rule 412 in criminal cases is fundamentally a rule of categorical exclusion, mandating the exclusion of otherwise admissible evidence if "Rule 412's broad prohibition on evidence of sexual behavior or predisposition" so requires. *United States v. Davis*, 2015 WL 519455, at *3 (C.D. Cal. Feb. 5, 2015) (emphasis added).[2]

---

[2] This difference has been colorfully illustrated by means of a (now-outdated) joke attributed to Former FCC Chairman Newton Minow: "After 35 years, I have finished a comprehensive study of European comparative law. In France, everything is permitted except that which is specifically forbidden. In Germany, everything is forbidden except that which is specifically permitted. In the Soviet Union, everything is forbidden, including that which is specifically permitted. And in Italy, everything is permitted, especially that which is specifically forbidden." Rosanna

Thus, Rule 412 bars all use of evidence of an alleged victim's other sexual behavior or sexual predisposition in criminal cases except in three specifically enumerated situations identified in Rule 412(b)(1). *See United States v. Haines*, 918 F.3d 694, 699 (9th Cir. 2019) ("Rule 412 is a rule of exclusion containing three specific exceptions in criminal cases; the victim's desire to testify or waive the protections of the Rule is not one of them."). None of these exceptions are applicable here. The anticipated testimony of long-ago sexual assaults is not being offered to prove that someone other than the defendant was the source of physical evidence (*see* Fed. R. Evid. 412(b)(1)(A)), nor do these incidents involve prior sexual contact between the victims and the defendant (*see* Fed. R. Evid. 412(b)(1)(B)).

The final enumerated exception, 412(b)(1)(C), clarifies that Rule 412, as a legislatively created rule, yields in criminal cases where the exclusion of such evidence "would violate the *defendant's* constitutional rights." The rule contains no such catch-all enabling the *government* to introduce such evidence for a non-enumerated reason, and the text of Rule 412 makes clear that its strictures apply to "any party" seeking to use such evidence, including the government. *See United States v. Giacomini*, 2022 WL 393194, at *2 (N.D. Cal. Feb. 9, 2022) ("By its plain terms, Rule 412(c) applies to *any party who intends to offer evidence* under Rule 412(b). Because the government has indicated its

---

Cavallaro, Rape Shield Evidence and the Hierarchy of Impeachment, 56 AM. CRIM. L. REV. 295, 297 n.13 (2019). Rules 404, 407 to 409 and 411 are "French"-style rules. They bar evidence only if offered to prove certain things, such as negligence or liability. Otherwise, all uses of the kind of evidence they address are allowed. Rule 412 (like Rule 410), by contrast, is a "German"-style rule. It bars all evidence of the victim's other sexual behavior or sexual predisposition except in specifically enumerated situations.

intent to offer "evidence of specific instances of [victim's] sexual behavior with respect to [defendant]," *the Government must also comply* with the provisions of Rule 412(c).") (emphasis added).[3] Simply put, the plain terms of Rule 412 do not permit the government or the defendant to introduce evidence of an alleged victim's "sexual behavior" or "predisposition," absent a specific exception identified in 412(b)(2). The government cannot show that any one of those exceptions applies here.

Additionally, an alleged victim's willingness to testify regarding their own "sexual behavior" or "sexual predisposition," is not a relevant consideration in determining admissibility under Rule 412. As the Ninth Circuit recently explained in *Haines*, while the purpose of Rule 412 is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details," the "applicability of the Rule *should not depend on the alleged victim's desire to testify*." 918 F.3d at 699 (emphasis added) (quoting Fed. R. Evid. 412, Advisory Committee's Notes to 1994 Amendments). In *Haines*, the defendant had contended that a witness "wanted to testify about her prior acts of prostitution" in a manner detrimental to the government's case, but the Court sustained the government's objection under Rule 412, which the defendant asserted was an improper use of "Rule

---

[3] The drafters of the Federal Rules of Evidence demonstrably knew how to write asymmetric rules, and Rule 412's categorical exclusions in criminal cases clearly apply with equal force to both parties. This is true both for the "prohibited uses" identified in Rule 412(a), as well as the mandatory notice provisions of 412(c)). Indeed, Rule 412 *itself* contains such carefully drafted asymmetric provisions, permitting "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, *if offered by the defendant*" only "to prove consent," but for *any* purpose "*if offered by the prosecutor*." See Rule 412(b) (emphasis added).

412 not as a shield to protect a cooperative victim's privacy, but as a sword to obtain a conviction by precluding [defendant] from eliciting favorable testimony from a recalcitrant witness." *Haines*, 918 F.3d at 699. Discussing the text and purpose of Rule 412, the Court emphasized that applicability of the Rule did not depend on the alleged victim's desire to testify because (1) Rule 412 "is a rule of exclusion containing [only] three specific exceptions in criminal cases;" (2) beyond the purpose of safeguarding a victim's interests, Rule 412 also "serves the purpose of keeping irrelevant, prejudicial, and/or inflammatory evidence from the jury" and; (3) that "allowing the victim's wishes" to hold *any* weight in determining the admissibility of "sexual behavior" or "sexual predisposition" evidence in a criminal case outside the circumscribed limits of Rule 412(b)(1) would "open[] the door to mischief. Indeed, in this case the government suspected that [the victim] changed her testimony based on pressure from [defendant]." *Id.*[4]

Finally, the government may not circumvent the categorical limits of Rule 412 by asserting that past instances of an alleged victim's sexual assault or other sexual trauma somehow do not qualify as "sexual behavior" within the meaning of Rule 412(a)(1); that argument is foreclosed by the text and purpose of Rule 412 and clear Ninth Circuit

---

[4] Indeed, that witnesses in the emotionally charged context of a criminal case involving allegations of sexual misconduct may face pressure from any number of sources, including the Government or third parties, to modify or limit their testimony critically demonstrates why Rule 412 is, and must be, construed as a categorical limit on the evidence a jury may hear, regardless of the circumstances. A contrary interpretation of Rule 412's categorical limits on the inclusion of sexual behavior or predisposition evidence would "open the door" to the very mischief the Ninth Circuit identified in *Haines*.

precedent. See *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001) ("excluding prior instances of sexual assault . . . serves Rule 412's principal purpose") (citation omitted). Indeed, courts in this Circuit have routinely held that the term "sexual behavior" in Rule 412 is "construed broadly, both in subject matter and temporal scope. It includes 'all activities that involve actual physical conduct, i.e., sexual intercourse or sexual conduct,' extending to activity that 'implies sexual activity' such as contraceptive use, the birth of an illegitimate child, and evidence of venereal disease, and even to 'activities of the mind.'" *Davis*, 2015 WL 519455, at *3 (emphasis added) (quoting Fed. R. Evid. 412, Advisory Committee's Notes to 1994 Amendments); *United States v. Mendoza*, 2019 WL 3220549, at *3 (D. Ariz. July 17, 2019). And, it "includes all sexual behavior of the victim of an alleged sexual assault which precedes the date of the trial," even if the behavior postdates the time of the alleged offense. *United States v. Torres*, 937 F.2d 1469, 1472 (9th Cir. 1991) (emphasis added). By excluding evidence of "sexual predisposition," the Rule also covers "evidence that does not directly refer to sexual activities or thoughts but that a proponent believes may have a sexual connotation to the factfinder," such as evidence of an alleged victim's "mode of dress, speech, or life-style." Fed. R. Evid. 412, Advisory Committee's Notes to 1994 Amendments. As the Ninth Circuit explained in *S.M. v. J.K.*, "excluding prior instances of sexual assault, in addition to prior accusations, serves Rule 412's 'principal purpose . . . to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives.'" 262 F.3d at 919 (quoting 124 Cong. Rec. H11944 (daily ed. Oct. 10, *920 1978) (statement of Rep. Mann)). "Had Defendant attempted to introduce evidence that Plaintiff had previously been assaulted, it

would have been subject to Rule 412." *S.M. v. J.K.*, 262 F.3d at 919. Based on the plain terms of Rule 412, the Court's reasoning applies with equal force to the government's attempt to introduce it.

## CONCLUSION

Rule 412 forbids the admission of evidence of any alleged victim's "sexual behavior" or "sexual predisposition," including evidence of past evidence of sexual assault or trauma. Accordingly, the government should be precluded from offering evidence and soliciting testimony of any alleged victim's prior sexual abuse or sexual assault.

DATED this 29th day of June 2023

Respectfully submitted,

s/*Matthew G. McHenry*                    /s/*Amanda Alvarez Thibeault*
Matthew G. McHenry                        Amanda Alvarez Thibeault
Counsel for Tony Klein                    Counsel for Tony Klein