NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:22-cr-00084-SI** |
| **v.** | **UNITED STATES' OPPOSITION TO MOTION TO EXCLUDE EVIDENCE SUBJECT TO FRE 412 [ECF NO. 213]** |
| **TONY DANIEL KLEIN,** | |
| **Defendant.** | |

The United States hereby opposes the defendant's motion to exclude evidence subject to

Federal Rule of Evidence 412.  This Court should deny the defendant's motion.  First, the motion

is premature; the United States does not intend to elicit testimony about any Adult Victim's (AV's)

prior sexual abuse or sexual assault unless the defendant opens the door to such evidence, for

example by questioning a victim about her failure to promptly report the charged assault.  In such

a situation, Ninth Circuit precedent allows the government to introduce evidence of the victim's

reasons for failing to report, including testimony relating to past sexual trauma.  A contrary ruling,

**United States' Opposition to Motion to Exclude Evidence Subject to FRE 412        Page 1**

barring the United States from offering the necessary context to the defendant's cross-examination, would defeat the purpose of Rule 412; that is, the defendant asks this Court to transform Rule 412 from a shield, preventing victims of sexual misconduct from further exploitation, into a sword, using to his advantage the fact that their past victimization may have informed their responses to the conduct for which he is now charged. Second, Rule 412 does not apply to any evidence the United States may elicit to demonstrate that the defendant either knew or assumed that the victims had suffered earlier sexual abuse. For these reasons, the defendant's motion should be denied.

## BACKGROUND

The United States has noticed its intent to offer expert witness testimony from Robert Dumond. ECF No. 45. As set forth in the notice, Mr. Dumond is expected to testify about "the phenomenon of in-custody sexual abuse"; "reporting of sexual abuse and assault by female inmates"; "the power imbalance at play between inmates and staff, including medical staff"; "what 'grooming' is and what it entails"; and "that a large majority of female inmate have been subjected to sexual assault and abuse prior to their incarceration." ECF No. 45 at 3-5. Mr. Dumond is not expected to opine about whether the Adult Victims (AVs) in this case were, in fact, sexually abused or sexually assaulted before they were incarcerated or whether any of the AVs acted consistently with victims of prior sexual abuse or sexual assault. The defendant intends to call his own expert on "how trauma backgrounds of female inmates can contribute to a culture where false accusations are prevalent." ECF No. 213 at 2 (citing ECF No. 186).

The defendant anticipates, based upon discovery materials and the United States' intention to call Mr. Dumond, that the United States "will seek to elicit information about the [AVs'] prior history of sexual abuse." ECF No. 213 at 2. For that reason, the defendant filed a motion pursuant

to Rule 412 to preclude the United States from introducing evidence about the AVs' prior trauma to "substantiate" Mr. Dumond's testimony and "bolster" its theory of prosecution. ECF No. 213 at 3.

## ARGUMENT

I.    **Testimony of the AVs' Prior Sexual Abuse or Sexual Assault May Be Admitted If the Defendant Opens the Door to Such Testimony**

A.    **The United States Does Not Intend to Elicit Evidence That May Be Prohibited by Federal Rule of Evidence 412**

Rule 412 bars evidence offered to prove a victim's sexual behavior or sexual predisposition unless offered for a limited purpose not relevant here. Fed. R. Evid. 412; *see also United States v. Perez*, 662 F. App'x 495, 496 (9th Cir. 2016). When one of the limited exceptions applies, the rule sets out a clear procedure for parties to seek the admission of such evidence. Fed. R. Evid. 412(c).

The United States is aware of the obligation to provide notice to the court and the parties of any intention to offer evidence under Rule 412(b). Fed. R. Evid. 412(c). The United States has not provided such notice because it does not intend to offer evidence of any AV's prior sexual abuse or sexual assault to prove that any victim was, in fact, the victim of such prior sexual abuse or assault. *See* Fed. R. Evid. 412(a)(1). If the United States intended to elicit such evidence, it would have complied with Rule 412's notice requirement.

B.    **The United States May Elicit Testimony of an AV's Prior Sexual Abuse or Sexual Assault If the Defendant Opens the Door to Such Testimony**

The United States may introduce evidence that is otherwise inadmissible when the defendant "opens the door" to its admissibility. *See S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001), *amended*, 315 F.3d 1058 (9th Cir. 2003) (Rule 412 ruling should be reconsidered if the opposing

**United States' Opposition to Motion to Exclude Evidence Subject to FRE 412          Page 3**

party "opens the door" to the evidence).  Permitting a party to introduce otherwise inadmissible evidence to rebut specific evidence introduced by an opposing party is a well-accepted practice in the Ninth Circuit.  *See, e.g., United States v. Lujan*, 936 F.2d 406, 411 (9th Cir. 1991) (hearsay statement of informant admissible after defense opens the door); *United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992) (evidence of five-year-old drug sales admissible after defense opens the door); *United States v. Stuart*, 718 F.2d 931, 935 (9th Cir. 1983) (co-defendant's statement to FBI implicating defendant admissible after defense opens the door).  Doing so is necessary because "[o]therwise, litigants could exploit the rules of evidence to create misleading impressions, secure in the knowledge that the other side was barred from disabusing the jury." *United States v. Catano*, 65 F.3d 219, 226 (1st Cir. 1995) (A "district court may allow testimony on redirect which clarifies an issue which the defense opened up on cross-examination even when this evidence is otherwise inadmissible.").

Admission of otherwise inadmissible testimony to rebut impeachment applies to Rule 412 as well as to other rules of evidence.  *See, e.g.*, *S.M. v. J.K.*, 262 F.3d 914, 920 (9th Cir. 2001) (explaining that a victim of prior sexual abuse "opened the door to the admission of further related evidence").  The Ninth Circuit has reasoned that permitting the government to elicit evidence in response to evidence introduced by an opposing party strikes "an acceptable balance between the danger of undue prejudice and the need to present the jury with relevant evidence." *Id.* (citation omitted).  Thus, consistent with Ninth Circuit precedent, this Court should permit the United States to introduce limited information about an AV's prior sexual abuse or sexual assault if the defendant "opens the door" to its introduction either during cross-examination or during the defendant's opening statement.

**United States' Opposition to Motion to Exclude Evidence Subject to FRE 412**         **Page 4**

During the pretrial conference on June 30, 2023, this Court expressed an inclination to allow the evidence to be presented if the defendant impeaches the AVs on cross-examination based upon their delayed reporting.  Such impeachment would open the door for the United States to probe narrowly on re-direct the reason for the delay.  The United States anticipates that the response would necessarily elicit information about that victim's prior sexual abuse or sexual assault.  The United States does not anticipate that this would require it to elicit specific details of the prior trauma or even attempt "to prove that a victim [was, in fact, abused or assaulted]."  *See* Fed. R. Evid. 412(a)(1).  Rather, the testimony would be elicited for the specific purpose of rebutting and responding to any "misleading impressions" created from the information elicited under cross-examination.  *Catano*, 65 F.3d at 226.

Ninth Circuit authority also permits the United States to introduce this information for rehabilitation during its case in chief on direct examination if the defendant elects to refer to the delayed reporting during his opening statements to attack the victims' credibility.  If that occurs, the United States need not wait for redirect examination to elicit an explanation of the delay; instead, it may raise it with the victim during direct examination to "draw the sting" from this line of questioning.  Indeed, the Ninth Circuit has permitted the government to elicit information on direct examination after a defendant has opened a line of questioning during opening statements.  *See, e.g., United States v. Curtin,* 489 F.3d 935, 941 (9th Cir. 2007); *see also United States v. Halbert,* 640 F.2d 1000, 1005 (9th Cir.1981) (*per curiam) ("The prosecutor may also wish to place the plea [of a cooperating codefendant] before the jury [in its case-in-chief] so as to blunt defense efforts at impeachment and dispel the suggestion that the government or its witness had something to hide."); *United States v. Necoechea*, 986 F.2d 1273, 1280 n. 4 (9th Cir.1993); *United States v.*

*Henderson*, 717 F.2d 135, 137 (4th Cir.1983); *cf. United States v. Croft*, 124 F.3d 1109, 1120 (9th Cir. 1997) (noting, after defendant "branded [a witness] as a liar in her opening statement," that it was "permissible . . . to bolster the testimony of a witness whose credibility has been attacked in an opening statement").

Denying the United States its ability to respond to the defendant's promised attack on the AVs' credibility would "exploit the rules of evidence" and pervert the purpose of Rule 412. *Id.* The purpose of the rule is to "safeguard . . . victim[s] against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact finding process," and thereby "encourage[] victims of sexual misconduct to institute and participate in legal proceedings against alleged offenders." Fed. R. Evid. 412, Advisory Committee Notes (1994 Amendments). The rule, often called the "rape shield law,"[1] is a "*shield*" to protect victims. Fed. R. Evid. 412, Advisory Committee Notes (1994 Amendments) (emphasis added). The purpose of the Rule is thus vindicated when, following either an explicit or implicit attack on her credibility, a victim is permitted to explain her conduct following a sexual assault.

By moving to exclude evidence, even in this limited context, the defendant is attempting to use Rule 412 as a *sword* to bolster his anticipated defense that the victims in this case have fabricated their accounts. His pleadings suggest that he wishes to impeach them for failing to promptly report an assault, and then invoke Rule 412 to prohibit them from explaining the reasons for that failure. If the defendant injects into this trial a victim's failure to file a timely complaint

---

[1] *See, e.g.*, *United States v. Haines*, 918 F.3d 694, 696 (9th Cir. 2019).

**United States' Opposition to Motion to Exclude Evidence Subject to FRE 412        Page 6**

about his conduct, the United States must be permitted to allow the witness to complete the story and explain the reason for her failure to do so.

Permitting the United States to elicit limited information from a victim to rebut or explain information obtained by the defendant through cross-examination will in no way prejudice the defendant.  The defendant may, of course, make the tactical decision to refrain from impeaching the victims in this manner and thus avoid the issue altogether.  If, however, he wishes to bring this issue before the jury, he may explore it through cross-examination.  He may ask any question for which he has a good-faith basis, attempting to cast doubt on the victim's explanation.  He may also address any issues raised through direct testimony from his expert, and, of course, he may marshal all admitted evidence and present it to the jury during closing argument.  But he should not be permitted to use a rule of evidence intended to exclude irrelevant and highly prejudicial evidence of a victim's prior sexual activity to "shield" himself—not the victims—and prevent the United States from countering that very defense.

For these reasons, and consistent with well-established Ninth Circuit precedent, this Court should deny the defendant's motion to the extent it would preclude the United States from rebutting or responding to any issue relating to the victims' prior sexual abuse or sexual assault to which the defendant "opens the door."

## II.    Rule 412 Does Not Bar Evidence That Is Introduced To Prove That the Defendant Subjectively Believed the Victims Had Suffered Prior Sexual Abuse, Regardless of Whether That Belief Was Accurate

To prove a defendant guilty of violating 18 U.S.C. § 242, the United States must prove, among other things, that the defendant acted willfully, meaning that he acted intentionally with an understanding of the wrongfulness of his conduct.  *United States v. Reese*, 2 F.3d 870, 885 (9th

Cir. 1993) ("The court charged the jury that to be convicted under section 242, 'a defendant must have acted willfully.  I instruct you that an act is done willfully if it is done voluntarily and intentionally and with a specific intent to do something the law forbids, that is, with the intent to violate a specific protected right.' This is an accurate statement of the law as set forth in *Screws*."); *see also United States v. Thompson*, 579 F. App'x 552, 553 (9th Cir. 2014) (discussing intent requirement under section 242).

The United States anticipates that it may elicit evidence that the defendant targeted women whom he believed, based on what they had told him or what he learned from their records, had suffered prior sexual abuse—and that he targeted these women, in part, because he believed such individuals would be more likely to submit to his conduct and less likely to report misconduct. This evidence is admissible to prove willfulness, as it shows consciousness of guilt.  Admission of such evidence is not barred by Rule 412 because it does not depend upon whether any victim *actually* suffered sexual abuse in the past.  Indeed, it is irrelevant whether the defendant was correct in his belief.  Instead, to the extent it is offered by the United States, it is admissible only to prove the defendant's perception of the vulnerability of those he targeted.

## CONCLUSION

This Court should deny the defendant's motion to preclude the United States from eliciting evidence about a victim's prior sexual abuse or sexual assault and permit the United States, if necessary, to elicit limited information in the circumstances described above.

///

///

///

///

**United States' Opposition to Motion to Exclude Evidence Subject to FRE 412**        **Page 8**

Dated:  July 3, 2023


Respectfully submitted,

NATALIE K. WIGHT                          KRISTEN CLARKE
United States Attorney                     ASSISTANT ATTORNEY GENERAL

*/s/ Gavin W. Bruce*                        */s/ Cameron A. Bell*
GAVIN W. BRUCE                            CAMERON A. BELL
Assistant United States Attorney           Trial Attorney
                                          Civil Rights Division