**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR 97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com

*Attorneys for Defendant Tony Daniel Klein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>Defendants. | Case No. 3:22-cr-00084-SI-1<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO EXCLUDE EVIDENCE SUBJECT TO FRE 412 [ECF. NO. 213]** |

The vast majority of the government's Opposition to Mr. Klein's Motion to Exclude Evidence Subject to FRE 412 (ECF 222) merely echoes the Court's discussion at the June 30 pre-trial conference regarding whether Mr. Klein might open the door to evidence of a witness' prior sexual assault and thereby waive any objection under 412.

However, at the very end of the government's Opposition, in two short paragraphs unburdened by reference to the text or purpose of Rule 412 or any relevant Ninth Circuit

precedent, the government insists that it must be permitted to elicit testimony regarding witnesses' prior sexual behavior, *even if* Mr. Klein has not opened the door to such testimony, in order to prove that Mr. Klein acted willfully. See 18 U.S.C. § 242; *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993). This assertion, made for the first time in the Government's Opposition, is barred by the plain terms of Rule 412 and clear Ninth Circuit precedent.

Rule 412 bars *all* use of evidence of an alleged victim's other sexual behavior or sexual predisposition in criminal cases except in the three specifically enumerated situations identified in Rule 412(b)(1), none of which are applicable here. *See United States v. Haines*, 918 F.3d 694, 699 (9th Cir. 2019); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1104 (9th Cir. 2002), *as amended* (Feb. 20, 2002) ("Rule 412 *forbids* the admission of evidence of an alleged victim's 'sexual behavior' or 'sexual predisposition' . . . except under limited circumstances.") (emphasis added). Rule 412 in criminal cases is fundamentally a rule of *categorical exclusion*, mandating the exclusion of otherwise admissible evidence if "Rule 412's broad prohibition on evidence of sexual behavior or predisposition" so requires. *United States v. Davis*, 2015 WL 519455, at *3 (C.D. Cal. Feb. 5, 2015). Simply put, the Government may not circumvent the categorical limits of Rule 412 by asserting that past instances of an alleged victim's sexual assault or other sexual trauma are offered for some other purpose. Tellingly, the government cites no authority for this last-minute assertion.

Additionally, the government's unsupported assertion that "[a]dmission of such [sexual behavior] evidence is not barred by Rule 412 because it does not depend upon whether any victim *actually* suffered sexual abuse in the past," is meritless. ECF 222 at 8 (emphasis in original). Indeed, that the Government may not, absent an enumerated exception, introduce evidence of an alleged victim's "sexual behavior" or "predisposition" in a criminal case is made

PAGE 2 – DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REGARDING EVIDENCE SUBJECT TO FRE 412

clear by the Rule's different application in civil cases. *See* Fed. R. Evid. 412(b)(2). Echoing Rule 403's familiar balancing requirement, 412(b)(2) permits a court "*in a civil case*," to "admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value *substantially* outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2) (emphasis added); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1104 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (clarifying "that the balancing test to be employed in assessing whether to admit proposed evidence" under Rule 412 in a civil case is "more stringent than that governing Rule 403"). Rule 412, however, by its plain terms, permits no such balancing in *criminal cases*, categorically prohibiting the admission of such evidence except in the three specifically enumerated situations identified in Rule 412(b)(1). *See Haines*, 918 F.3d at 699. In other words, the government implicitly seeks to have the Court apply Rule 412(b)(2) provisions for *civil cases* to the criminal context. But, as Mr. Klein articulated in his prior briefing, had the drafters of the Federal Rules of Evidence wished to add such *additional* asymmetric provisions to Rule 412, they would have done so.[1] The government may not simply evade the clear limits of Rule 412 when it is convenient to do so.

Finally, as the Ninth Circuit recently explained in *Haines*, because the purpose of Rule 412 is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details," the

---

[1] Indeed, Rule 412 *itself* contains such carefully drafted asymmetric provisions, permitting "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, *if offered by the defendant*" only "to prove consent," but for *any* purpose "*if offered by the prosecutor*." See Rule 412(b) (emphasis added). Critically, no exception is made for the Government's use of such evidence in a criminal prosecution *generally*, and the text of Rule 412 is clear that its strictures applies to "any party" seeking to use such evidence, not just to the defendant. *See United States v. Giacomini*, 2022 WL 393194, at *2 (N.D. Cal. Feb. 9, 2022) ("By its plain terms, Rule 412(c) applies to *any party who intends to offer evidence* under Rule 412(b)").

PAGE 3 – DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REGARDING EVIDENCE SUBJECT TO FRE 412

"applicability of the Rule should not depend on the alleged victim's desire to testify." 918 F.3d at 699 (emphasis added) (quoting Fed. R. Evid. 412, Advisory Committee's Notes to 1994 Amendments). At the core of the Ninth Circuit's reasoning in *Haines* was the recognition that Rule 412's categorical restrictions apply with equal force to all parties in criminal cases, without exception for desires or special circumstances of *any* party or witness. But here, however, the government makes the last-minute demand that it be allowed to invade the privacy of witnesses as it sees fit, discussing intimate sexual details of past sexual trauma because the evidence would not be offered to prove "any victim *actually* suffered sexual abuse in the past." ECF 222 at 8. But, that is not what Rule 412 requires. As the *Haines* Court explained, not only is Rule 412 clearly "a rule of exclusion containing [only] three specific exceptions in criminal cases," but "beyond the purpose of safeguarding a victim's interests," Rule 412, like Rule 403, also "serves the purpose of keeping irrelevant, prejudicial, and/or inflammatory evidence from the jury." 918 F.3d at 699. The government cannot invade witnesses' privacy and disclose the intimate sexual details of past sexual trauma merely where it suits the needs of its case. Such evidence is clearly barred by the plain terms of Rule 412.[2]

---

[2] Notably, it is unclear how the Government could establish Mr. Klein's belief or opinion that the AVs were victims of sexual abuse without offering or evidence of prior sexual abuse, such as disclosures on medical records in DOC records or other paperwork containing information that the AVs were, in fact, the victims of sexual abuse. In order to establish Mr. Klein's belief that the AVs were victims of sexual abuse, they would have to provide evidence documenting such abuse, which is clearly barred by the plain terms of Rule 412.

PAGE 4 – DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REGARDING EVIDENCE SUBJECT TO FRE 412

## CONCLUSION

Rule 412 categorically forbids the admission of evidence of any alleged victim's "sexual behavior" or "sexual predisposition," including evidence of past sexual assaults or trauma, regardless of the purpose for which it is being offered.

DATED this 3rd day of July 2023

                    Respectfully submitted,

                    s/ *Amanda A. Thibeault*
                    **AMANDA A. THIBEAULT, OSB #132913**
                    Alvarez Thibeault, LLC
                    330 NE Lincoln Street, Suite 100
                    Hillsboro, Oregon 97124
                    (503) 640-0708
                    E-mail: amanda@aatlegal.com

                    s/ *Matthew McHenry*
                    **MATTHEW G. McHENRY, OSB# 043571**
                    Levine & McHenry LLC
                    1050 SW 6th Ave Ste 1414
                    Portland OR  97204
                    (503)-546-3927
                    E-Mail: matthew@levinemchenry.com

                    Attorneys for Defendant Tony Klein