NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | **Case No. 3:22-cr-00084-SI** |
| v. | |
| | **UNITED STATES' OPPOSITION TO MOTION TO EMPANEL A NEW JURY BEFORE TRIAL AND REQUEST FOR CURATIVE INSTRUCTION** |
| **TONY DANIEL KLEIN,** | |
| **Defendant.** | **[ECF NO. 219]** |

The United States opposes Defendants' Motion To Empanel A New Jury Before Trial And

Request For Curative Instruction.  ECF No. 219.  Defendant moves "to empanel a new jury before

trial from an untainted jury pool" or, alternatively, for a curative instruction.  *Id.* at 1.  The motion

should be denied because the jury pool has not been tainted and any questions about whether any

member of the jury pool has been prejudiced can be detected during voir dire and jury selection.

**United States' Opposition to Motion To Empanel A New Jury**
**Before Trial And Request For Curative Instruction**                                    **Page 1**

I.      **The Jury Pool Has Not Been "Tainted"**

The United States Supreme Court has held that Rule 24(a) of the Federal Rules of Criminal

Procedure grants federal judges "ample discretion in determining how best to conduct voir dire."

*Mu'Min v. Virginia*, 500 U.S. 415, 423 (1991).  As a general rule, matters relating to the selection

and seating of jurors are within the sound discretion of the trial judge.  *United States v. Johnson*,

823 F. App'x 485, 488 (9th Cir. 2020) (district court's determinations as to juror impartiality, the

scope and method of voir dire, and the manner of addressing possible jury misconduct ordinarily

reviewed for abuse of discretion).  Written jury questionnaires are meant to help facilitate the jury

selection process by assisting the attorneys and the Court during oral voir dire and the actual

selection of the jury.  *United States v. Bonds*, No. C 07-00732 SI, 2011 WL 902207, at *3 (N.D.

Cal. Mar. 14, 2011).

This Court's juror questionnaire summarized the charges in the indictment, stating:

> In this case, the Government has charged the defendant,
> Tony Daniel Klein, in a 25-count indictment. The indictment
> charges Mr. Klein with 21 counts of violating 18 U.S.C. § 242,
> alleging that he sexually assaulted 12 female inmates at the Coffee
> Creek Correctional Facility (CCCF) in Oregon while employed as a
> corrections nurse. . . . *The charges are only allegations; they are not*
> *evidence. The defendant has pleaded not guilty to all charges and is*
> *presumed innocent.* It will be the responsibility of the government,
> through a jury trial, to prove these charges beyond a reasonable
> doubt.

ECF No. 125-1 at 5 (emphasis added).  The information Defendant claims "tainted" the jury pool

is based merely on facts set forth in the publicly filed Indictment in this case which charged the

defendant with 25 counts, including 21 counts of allegedly violating 18 U.S.C. § 242 based on his

conduct toward 12 adult victims.  *See* ECF No. 1.  The questionnaire goes on to instruct jurors,

**United States' Opposition to Motion To Empanel A New Jury**
**Before Trial And Request For Curative Instruction**                                                    **Page 2**

"[a]s you read the questions, you are not to draw any inferences about the issues that must be decided by the jury in this matter." *Id.* at 5-6. "The purpose of this questionnaire is to determine whether, if you are selected as a juror in this case, you could fairly and impartially decide this matter based solely on the evidence that will be presented at trial and the instructions about the law that will be given to the jury by the Court." *Id.* at 6. A jury is presumed to follow the court's instructions, *Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and those cautionary instructions have equal effect regardless of whether the Defendant is facing 23 counts instead of 25, and 11 charged victims instead of 12. The change in the structure of the indictment does not inherently taint or prejudice the jury pool.

Without any legal authority that addresses a situation like this, Defendant strains to apply the reasoning set forth in *United States v. Jesenik,* No. 3:20-CR-228-SI, 2022 WL 11815826, at *7 (D. Or. Oct. 20, 2022) and other cases regarding the severance of counts. ECF No. 219 at 3-4. He fails to acknowledge, however, that those decisions go against his position. In *Jesenik,* the Court acknowledged the defendant's fear that the jury would "consider him a bad actor" based on the large number of charges against him, but denied severance finding "one extra count on top of 30 others is not likely to tip the scale." 2022 WL 11815826, at *7. Similarly, the district court was "not persuaded" by the defendant's motion to sever two counts in *United States v. Rothenberg*, No. 20-CR-00266-JST-1, 2021 WL 6807580, (N.D. Cal. Oct. 25, 2021), based on an argument that joinder was "manifestly prejudicial" and the jury may consider the defendant "bad" because the indictment "includes 23 counts, involving numerous purported victims over an extended period." *Id.* at *4. As in *Jesenik,* the *Rothenberg* court found that "the [two] challenged counts

add only modestly to the totality of the [23-count] case against the defendant." *Id.* So too here, the dismissal of two counts from a 25-count indictment is not presumptively prejudicial.

In the absence of presumed prejudice, the court can use voir dire to detect and address any actual prejudice caused by the then-accurate summary of the charges in the juror questionnaire or anything else prospective jurors have been exposed to. Cases addressing potential prejudice based on pretrial publicity are instructive. Jurors are not required to be "totally ignorant of the facts and issues involved." *United States v. Kaplan*, No. 2:13-CR-00377-GMN, 2014 WL 3366442, at *3 (D. Nev. July 8, 2014) (quoting *Irvin v. Dowd*, 366 U.S. 717, 722–23 (1961)). It is sufficient if the juror "can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Id*. (citations omitted).

There are several options available to the district court during the voir dire process that can assist in detecting actual prejudice in the jury pool, all of which this Court has already indicated it will allow. These include asking questions to detect knowledge about this case or exposure to prejudicial pre-trial publicity, questioning prospective jurors individually to avoid exposing the other venire members to prejudicial information, and allowing the attorneys for the parties to ask follow-up questions and submit questions. *Id.* (citing *Skilling v. United States*, 561 U.S. 358, 389 (2010)). Moreover, as the *Rothenberg* court reasoned, any risk of prejudice is further mitigated because the jury will be instructed that a separate crime is charged against the defendant in each count, that the jury must decide each count separately, that the verdict on one count should not control their verdict on any other count, and that "[a] jury is presumed to follow its instructions." *Id.* (citing *Weeks*, 528 U.S. at 234 (citation omitted)). Similarly, if the United States moves to dismiss counts midtrial, or a district court grants a Rule 29(a) motion on some but not all counts,

**United States' Opposition to Motion To Empanel A New Jury**
**Before Trial And Request For Curative Instruction**                                **Page 4**

the remaining counts nevertheless go to the jury without declaring a mistrial and empaneling a new jury.

**II.     The United States Did Not Invite Error and There Is No Prejudice To Cure**

Defendant's alternative proposed curative instruction should also be denied.  *See* ECF No. 219 at 9.  There is no prejudice to cure and no basis to effectively punish the United States by saying the statements in the juror questionnaire were "not true" and attributing the change to the government's decision to dismiss two counts in the indictment.  Defendant's assertion that the United States invited error or sought some tactical advantage is unfounded.  So too is Defendant's claim that the "government's basis for dismissing AV12 was not based on new information but due to long standing impeachability issues, which were well known by all parties at the time the questionnaire was drafted."  ECF No. 219 at 10.

The United States' decision to dismiss two counts related to one victim was based in part on information obtained after the juror questionnaire was finalized and this Court's pretrial rulings *in limine*.  Defendant's speculation that other counts will be dismissed before trial is just that: pure speculation.  That has not happened and should not form the basis for the Court's decision. Defendant's motion should be denied.  It is devoid of relevant legal authority and appears to be a thinly veiled attempt to delay the trial after this Court denied his latest motion to continue.

///

///

///

///

///

**United States' Opposition to Motion To Empanel A New Jury**
**Before Trial And Request For Curative Instruction**                                                    **Page 5**

### III.    In the Alternative, Any Potential Prejudice Can Be Cured With an Instruction

In the alternative, any potential prejudice to the defendant can be cured with a tailored instruction to the venire.  The United States proposes the following:

> The Jury Questionnaire you received stated that "the Government has charged defendant Tony Klein in a 25-count indictment. The indictment charges him with 21 counts of violating 18 U.S.C. § 242, alleging that he sexually assaulted 12 female inmates at Coffee Creek Correctional Facility (CCCF) while employed as a corrections nurse."
>
> The Indictment now charges Mr. Klein with 23 Counts, including 19 counts of violating 18 U.S.C. 242, which allege that he sexually assaulted 11 inmates at CCCF. You should not speculate or draw any conclusions about this change.  Nothing in the Indictment, or any references to it in the Jury Questionnaire you received, is evidence.

### CONCLUSION

For the reasons set forth above, the defendant's motion should be denied.

Dated:  July 5, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT | KRISTEN CLARKE |
| United States Attorney | Assistant Attorney General |
| | |
| /s/ Gavin W. Bruce | /s/ Cameron A. Bell |
| GAVIN W. BRUCE | CAMERON A. BELL |
| Assistant United States Attorney | Trial Attorney |
| | Civil Rights Division |

**United States' Opposition to Motion To Empanel A New Jury**
**Before Trial And Request For Curative Instruction**                                         **Page 6**