NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone: (202) 802-7643
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:22-cr-00084-SI |
| v. | **UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN DEFENSE WITNESS TESTIMONY** |
| **TONY DANIEL KLEIN,** | |
| **Defendant.** | |

The United States files this motion *in limine* to exclude or limit hearsay testimony from Defendant's proposed witnesses regarding out-of-court statements by both non-testifying inmates at CCCF, as well as Indictment AVs and, in at least one case, Witness AVs. The United States also moves for a Rule 104 hearing to determine whether any defense witnesses will offer testimony about prior inconsistent statements purportedly made by Indictment AVs and Witness AVs when they were incarcerated at CCCF.

**RELEVANT BACKGROUND**

Defendant has recently filed an amended witness list (ECF No. 224) and disclosed memoranda of his investigators' interviews with several potential defense witnesses. Those reports indicate that he may call several witnesses to testify about an alleged scheme orchestrated by a former inmate (hereinafter "DF") to falsify allegations against the defendant. DF is neither an Indictment AV nor a Witness AV, and she is not listed on either party's witness list. In addition, the defendant's recently disclosed memoranda identify witnesses who claim that while they were incarcerated at Coffee Creek, they "overheard" various "women" (including or led by DF) talking about "lawsuits." The alleged group of "women talking" include both Indictment AVs, Witness AVs, and other women who are not listed on either party's witness list.

According to at least some of the witnesses identified by the defense, the meetings of women occurred at a picnic table outside the housing unit. Those witnesses provide varying specific details, but most of them share a common assertion: that DF was a leading member—if not the ringleader—of this group and that she told the women in this group, and others, how to make allegations against the defendant in order to sue the Department of Corrections. According to the defense memoranda, some of the potential defense witnesses describe DF, who apparently held herself out to be an experienced litigant against the Department of Corrections, as "conspiring" with other women "to create false allegations about sexual misconduct." Notably, none of these defense reports identify what, if anything, the women at the picnic table said or did in response to any of DF's statements. With respect to another potential witness, the defense investigator documented that the potential witness "no longer recalled exactly what was said, but she had overheard that [several women] were going to make sexual misconduct allegations so that

**United States' Motion In Limine To Exclude or Limit Certain**
**Defense Witness Testimony**                                                                                   Page 2

they could eventually get money from lawsuits." That witness also claims she "saw" several women in conversation "to fabricate allegations," but does not indicate what she may have heard or the basis for her belief that the women were discussing *fabricating* allegations.

## ARGUMENT

**I.     Testimony About DF's Out-of-Court Statements Is Excludable Hearsay**

The United States moves to preclude, under Rules 801 and 802, testimony about statements that DF purportedly made to a group of CCCF inmates. As far as the United States is aware, DF will not be testifying at trial, and any statements that she may have made out of court about falsifying allegations against the defendant are inadmissible hearsay.

Hearsay is an out-of-court statement that is offered to prove the truth of the matter asserted, Fed. R. Evid. 801(c), and it is inadmissible unless otherwise provided for under a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Based on the discovery provided, the United States anticipates that the defendant may attempt to offer DF's purported statements for the truth of the matter asserted—that the declarant, DF, was indeed orchestrating such a scheme. If her alleged statements are offered for this purpose, they are classic hearsay. Based on the facts outlined in the defense interview reports, no hearsay exceptions apply; testimony about the statements DF may have made should therefore be excluded.

**II.    Testimony Regarding Any Purported Statements by Testifying AVs Should be Subject to a Preliminary Examination by the Court**

If the defense seeks to admit testimony about statements purportedly made by testifying AVs related to a plan to fabricate allegations against the defendant, the United States requests a hearing pursuant to Rule 104. As described above, the memoranda documenting interviews of

potential defense witnesses demonstrate that those potential witnesses were focused primarily on DF and what *she* was saying, not what any of the testifying AVs were saying.[1]  In that regard, such testimony is not relevant; without more information. What DF said about fabricating allegations would tend to impeach DF, who is not expected to testify at trial.  And without any specific information to suggest that any potential defense witness can identify which of the testifying AVs made statements and, more importantly, what was said, the Court is unable to evaluate whether this information is anything other than irrelevant, inadmissible hearsay.

Although "prior inconsistent statements may be used to impeach the credibility of a witness . . . the court must be persuaded that the statements are indeed inconsistent." *United States v. Hale*, 422 U.S. 171, 176 (1975).  Without a more robust foundational underpinning, there is insufficient information in this case for the defendant to argue that, in these alleged picnic-table conversations, any of the testifying AVs have made inconsistent statements—that is, statements that contradict their current claims that the defendant sexually assaulted them.  A Rule 104 hearing is therefore necessary to determine what, specifically, the potential defense witnesses know or believe about the testifying AVs, not simply DF, and any statements the testifying AVs, not DF, may have made about filing a lawsuit or making false allegations for money.  If there are no

---

[1] Additionally, the United States notes that some of the potential defense witnesses were interviewed by investigators (whether the Oregon State Police, the FBI, or both), in 2018 and 2021. During those interviews, the potential defense witnesses reported their belief that DF was fabricating allegations.  Some of the potential defense witnesses offered one or two additional names.  According to the memoranda provided by the defense investigators, these potential defense witnesses have now identified, years later, several of the Indictment AVs.  If these potential defense witnesses are called to testify, the United States requests that the Court inquire about the basis for their apparent recollection, outside the presence of the jury.

**United States' Motion In Limine To Exclude or Limit Certain**
**Defense Witness Testimony**                                                                                                      **Page 4**

admissible prior inconsistent statements, then the defense witness's testimony should be limited to what she saw: a group of women inmates, sitting together, apparently talking.

## CONCLUSION

The Court should exclude testimony and argument about statements by DF.  Additionally, the United States requests that the Court hold a Rule 104 hearing before permitting any defense witness to testify about statements allegedly made by any testifying AV pertaining to a scheme to fabricate allegations against the defendant.

Dated:  July 8, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General |
| */s/ Gavin W. Bruce*<br>GAVIN W. BRUCE<br>Assistant United States Attorney | */s/  Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |