**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group, LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
(503) 954-2232
E-Mail: amanda@angelilaw.com

*Attorneys for Defendant Tony Daniel Klein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>  Defendants. | Case No. 3:22-cr-00084-SI-1<br><br>**EMAIL EXCHANGE REGARDING JURY SELECTION** |

/s Amanda A. Thibeault
**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group, LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
(503) 954-2232
E-Mail: amanda@angelilaw.com

Re: 3:22-cr-00084-SI USA v. Klein

Michael Simon <Michael_Simon@ord.uscourts.gov>
Sun 7/9/2023 8:00 PM
To:Amanda Thibeault <Amanda@angelilaw.com>
Cc:gavin.bruce_usdoj.gov <gavin.bruce@usdoj.gov>;amanda_aatlegal.com <amanda@aatlegal.com>;Bell, Cameron (CRT) <Cameron.Bell@usdoj.gov>;Hannah.horsley_usdoj.gov <Hannah.horsley@usdoj.gov>;matthew_levinemchenry.com <matthew@levinemchenry.com>;Nicholle Winters <Nicholle_Winters@ord.uscourts.gov>;Mary Austad <Mary_Austad@ord.uscourts.gov>;Dennis Apodaca <dennis_apodaca@ord.uscourts.gov>;Michael Simon <Michael_Simon@ord.uscourts.gov>

Thank you. I am still inclined to use the "struck jury" method for the reasons previously stated but will limit counsel's first 16 strikes for the 12-person jury to the first 32 jurors (12+6+10+2+2=32), and counsel may then use their one additional strike only against the potential alternates (i.e., not against the selected 12-person jury). Also, any attempt at racial manipulation can be addressed through a Batson challenge.

MHS

Sent from my iPhone


> On Jul 9, 2023, at 7:36 PM, Amanda Thibeault <Amanda@angelilaw.com> wrote:


CAUTION - EXTERNAL:

Good evening, Judge Simon:

In response issue #2 (use of peremptory strikes), the defense would rely on the following analysis:

Defense takes the court's procedure to be employing the "struck jury" system as opposed to the "box system." The "struck jury" system has been analyzed in detail in *United States v. Ricks*, 802 F.2d 731 (4th Cir. 1986). *Ricks* and the other circuits cited therein (*See e.g., Amsler v. United States*, 381 F.2d 37 (9th Cir. 1967)), appear to have all approved the "struck jury" method only where the district court had "limited the jury lists to the number to the number of potential jurors necessary to provide a petit jury after the exercise of peremptory strikes." *Ricks*, 802 F.2d at 736. Indeed, the *Ricks* Court found it "significant that *all* of [the cases it reviewed] describe the [struck jury] system as such, because after an extensive review of federal cases, we have found *no* case supporting the contrary view." *Id.* (emphasis in original).

Likewise, in *Amsler*, the district court submitted a list of 37 potential jurors to provide a jury of twelve plus four alternates, where the defense had thirteen peremptory strikes, the government had six, and each side was given an additional strike against the alternates. *Amsler*, 381 F.2d 37 at 44. In the five cases cited in *Ricks* upholding the "struck jury system," "the district courts had all limited the jury lists to the number of potential

jurors necessary to provide a petit jury after the exercise of peremptory strikes." 802 F.2d at 736.

The defense shares the concerns the *Ricks* court identified—under the "struck jury" system, if, after exercising for cause challenges, the potential list of jurors is larger than would allow both sides to exercise their maximum amount of peremptory strikes, this will "dilute the defendant's right to exclude potential jurors of whom he disapproves, but for whom he lacks a basis for an objection for cause." *Id.* at 734.

Moreover, the 9th Circuit has expressed a preference for the "box jury" system. *See e.g. United States v. Esparza-Gonzalez,* 422 F.3d 897 (9th Cir. 2005) (noting that although "it has been held to pass constitutional muster, at least in the abstract," the struck jury system has long been criticized for allowing the racial engineering of juries and to allow the government the power to eliminate entire races or classes of people from jury service).

Defense counsel requests the "box jury" system. Assuming your honor employs the "struck jury" system, defense counsel requests that your honor employ the system discussed in *Ricks*, *Amsler*, and other recent district court cases from the Ninth Circuit. *See, e.g., United States v. McNeal*, 2017 U.S. Dist. Lexis 38093 (E.D. California) (explaining that the "[t]he 'struck jury' system is 'designed to allow the prosecution and the defense a maximum number of peremptory challenges. The venire . . . start[s] with about 3[6] potential jurors, from which the defense and prosecution alternate with strikes until a petite panel of 12 jurors remain[s].'"

Put more succinctly, defense counsel objects to the "struck jury" method of the exercising of each sides' peremptory challenges if the list from which we are required to strike from represents a larger group than would allow both sides to exercise the maximum amount of strikes. Moreover, based on cases like *Esparza-Gonzalez*, defense counsel reiterates its request for the "box jury" method of striking.

If Your Honor was only planning on using the "struck jury" method as discussed above and in the haze of trial preparation, we did not understand that process from your instructions, then the defense would reiterate its preference for the "box jury" method.

As always, please let me know if you have any questions or would like more information from the defense.

Thank you,

Amanda


**Amanda Alvarez Thibeault** | Attorney
**Angeli Law Group LLC**

121 SW Morrison Street, Suite 400 | Portland, OR 97204

**T** (971) 302-6346

**From:** Michael Simon <Michael_Simon@ord.uscourts.gov>
**Sent:** Sunday, July 9, 2023 5:36 PM
**To:** Amanda Thibeault <Amanda@angelilaw.com>; gavin.bruce_usdoj.gov <gavin.bruce@usdoj.gov>; amanda_aatlegal.com <amanda@aatlegal.com>; Bell, Cameron (CRT) <Cameron.Bell@usdoj.gov>; Hannah.horsley_usdoj.gov <Hannah.horsley@usdoj.gov>; matthew_levinemchenry.com <matthew@levinemchenry.com>
**Cc:** Nicholle Winters <Nicholle_Winters@ord.uscourts.gov>; Mary Austad <Mary_Austad@ord.uscourts.gov>; Dennis Apodaca <dennis_apodaca@ord.uscourts.gov>; Michael Simon <Michael_Simon@ord.uscourts.gov>
**Subject:** RE: 3:22-cr-00084-SI USA v. Klein

Dear Counsel:

1. I am attaching my further revised voir dire script, which simply adds the three names requested by the Government and the six names requested by the Defendant to the list of prospective jurors to be questioned privately.

2. Regarding Ms. Thibeault's 3rd paragraph, I believe that it is more appropriate to allow the parties to exercise their limited peremptory strikes (6 and 10) against anyone who is summoned for jury service. My reasoning is that this allows any party to ensure that a person summoned for jury service whom that party does not believe will be fair and impartial will not sit on the jury. If Defendant wants to provide further analysis for why my approach is not appropriate, including informing me of any relevant case law, Defendant may do so.

3. Regarding Ms. Thibeault's 4th and 5th paragraphs, all counsel and parties should be in the courtroom and ready to proceed by 8:45 a.m. After addressing Mr. Klein about whether the Government's plea offer has been communicated to him, I will allow Defense Counsel to make whatever additional motions Defendant wishes to makes. I will plan to bring the prospective jurors in at 9:00 a.m. sharp.

Thank you.

Judge Simon


**Michael H. Simon** (he/him/his)
U.S. District Judge
1000 SW Third Avenue, Suite 1527
Portland, OR 97204
Telephone: (503) 326-8380
Email: michael_simon@ord.uscourts.gov

**From:** Amanda Thibeault <Amanda@angelilaw.com>
**Sent:** Sunday, July 9, 2023 4:06 PM
**To:** Michael Simon <Michael_Simon@ord.uscourts.gov>; gavin.bruce_usdoj.gov

<gavin.bruce@usdoj.gov>; amanda_aatlegal.com <amanda@aatlegal.com>; Bell, Cameron (CRT) <Cameron.Bell@usdoj.gov>; Hannah.horsley_usdoj.gov <Hannah.horsley@usdoj.gov>; matthew_levinemchenry.com <matthew@levinemchenry.com>
**Cc:** Nicholle Winters <Nicholle_Winters@ord.uscourts.gov>; Mary Austad <Mary_Austad@ord.uscourts.gov>; Dennis Apodaca <dennis_apodaca@ord.uscourts.gov>
**Subject:** Re: 3:22-cr-00084-SI USA v. Klein

**CAUTION - EXTERNAL:**

Good afternoon, Judge Simon:

The answers to your questions from the defense perspective are below:

1. The witness list you provided in the *voir dire* script contains all the witnesses the defense has on its list, at the moment. Should additional witnesses become necessary to add, we will alert the court and the government.
2. The defense has identified the following additional people it would like questioned outside the presence of other jurors, in addition to all of those you listed on page 16 (some of which the defense had also identified as wanting individual questioning for but I will not list any names in this email that already appear on the list the court has provided):

    a. Elizabeth Erickson
    b. Haley Ferguson
    c. Jennifer Winkler

3. The defense requests that the parties only be allowed to exercise peremptory strikes on persons in the jury box, i.e. the 12 potential seated jurors. If the court means to allow the parties to exercise strikes on any prospective juror regardless of their seated position at the time a strike is exercised, the defense prefers that the parties only be allowed to exercise strikes on those seated in the box at the time it comes for them to exercise their strikes. I.e. a strike may not be issued on someone who is seated in seat 22 because they are not yet a prospective juror. Please let me know if you need more clarity on the defense's position on this issue.
4. The defense objects to the court's proposed curative instruction regarding the previously 12 alleged victims now 11 alleged victims, issue. Defense reiterates its request for a new jury panel (which I understand the court is denying) and reiterates its request for its proposed curative jury instruction. The defense would like 1-2 minutes to orally preserve this issue on the record tomorrow morning, understanding the court's ruling and proposed instruction, only for preservation purposes.
5. This was not a question or issue raised in your email but I did want to note that the defense intends to make another oral motion to continue the case tomorrow morning, based on additional discovery that has been provided to the defense over the weekend (Volumes 16 and 17). Defense counsel expects this will only take 1-2 minutes and wants to make sure it makes an adequate record for Mr. Klein.

Please let me know if you need any additional clarity from the defense on any matters prior to tomorrow morning. Thank you very much.

Amanda

a.

**Amanda Alvarez Thibeault** | Attorney
**Angeli Law Group LLC**
121 SW Morrison Street, Suite 400 | Portland, OR 97204
**T** (971) 302-6346

---

**From:** Michael Simon <Michael_Simon@ord.uscourts.gov>
**Sent:** Sunday, July 9, 2023 4:05 PM
**To:** gavin.bruce_usdoj.gov <gavin.bruce@usdoj.gov>; amanda_aatlegal.com <amanda@aatlegal.com>; Bell, Cameron (CRT) <Cameron.Bell@usdoj.gov>; Hannah.horsley_usdoj.gov <Hannah.horsley@usdoj.gov>; matthew_levinemchenry.com <matthew@levinemchenry.com>; Amanda Thibeault <Amanda@angelilaw.com>
**Cc:** Nicholle Winters <Nicholle_Winters@ord.uscourts.gov>; Mary Austad <Mary_Austad@ord.uscourts.gov>; Dennis Apodaca <dennis_apodaca@ord.uscourts.gov>
**Subject:** RE: 3:22-cr-00084-SI USA v. Klein

Thank you. I will add those names. Also, I just received the following from our Jury Coordinator:

Hi Judge,

I just received a message and confirmation of a positive COVID-19 test from Julia Pharis who was scheduled to report tomorrow. Ms. Pharis tested positive yesterday and is experiencing flu like symptoms, so she will not be attending tomorrow.

Please let me know if you have any questions or need additional information from Ms. Pharis.

Sincerely,
Nicole

I have excused Ms. Pharis.

Judge Simon



**Michael H. Simon** (he/him/his)
U.S. District Judge
1000 SW Third Avenue, Suite 1527
Portland, OR 97204
Telephone: (503) 326-8380
Email: michael_simon@ord.uscourts.gov

---

**From:** Bruce, Gavin (USAOR) <Gavin.Bruce@usdoj.gov>
**Sent:** Sunday, July 9, 2023 4:00 PM
**To:** Michael Simon <Michael_Simon@ord.uscourts.gov>; amanda_aatlegal.com <amanda@aatlegal.com>; Bell, Cameron (CRT) <Cameron.Bell@usdoj.gov>; Hannah.horsley_usdoj.gov <Hannah.horsley@usdoj.gov>; matthew_levinemchenry.com

<matthew@levinemchenry.com>
**Cc:** Nicholle Winters <Nicholle_Winters@ord.uscourts.gov>; Mary Austad <Mary_Austad@ord.uscourts.gov>; Dennis Apodaca <dennis_apodaca@ord.uscourts.gov>
**Subject:** RE: 3:22-cr-00084-SI USA v. Klein

**CAUTION - EXTERNAL:**

Good evening, Judge Simon:

In response to your questions below:

1. No additional witness names to add or delete from the government.
2. We would request to add the following names to the list for individual voir dire:
    a. Mark Person
    b. Eric Reich
    c. Denis Polishchuck
    d. Jennette Ferrill
    e. Lucas Booher
    f. Pedro Castaneda
3. No objection regarding your proposed method for exercising preemptory strikes.
4. While we are still completing our final review, at this time, we have no objection to the proposed voir dire script or preliminary instructions. If that changes, we will notify the court and counsel immediately.

Thank you,
Gavin

**Gavin W. Bruce**
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF OREGON
405 E. 8th Avenue | Suite 2400 | Eugene, Oregon 97401
**(541) 465-6839 | gavin.bruce@usdoj.gov**

---

**From:** Michael Simon <Michael_Simon@ord.uscourts.gov>
**Sent:** Sunday, July 9, 2023 2:57 PM
**To:** Bruce, Gavin (USAOR) <gbruce@usa.doj.gov>; amanda_aatlegal.com <amanda@aatlegal.com>; Bell, Cameron (CRT) <Cameron.Bell@usdoj.gov>; Horsley, Hannah (USAOR) <HHorsley@usa.doj.gov>; matthew_levinemchenry.com <matthew@levinemchenry.com>
**Cc:** Michael Simon <Michael_Simon@ord.uscourts.gov>; Nicholle Winters <Nicholle_Winters@ord.uscourts.gov>; Mary Austad <Mary_Austad@ord.uscourts.gov>; Dennis Apodaca <dennis_apodaca@ord.uscourts.gov>
**Subject:** 3:22-cr-00084-SI USA v. Klein

Dear Counsel:

I am attaching PDF copies of my slightly revised voir dire script and preliminary jury instructions for tomorrow morning's trial.

Please note three the following three items in the Voir Dire script:

1. Pages 11-13. Are there any names that I should add to or delete from this list of potential witnesses?

2. Page 16. If a prospective juror who name appears on this list of 26 names appears for jury service tomorrow, I plan to question that person outside the presence of the other prospective jurors and will allow you to ask follow-up questions in that setting as well. I selected this list based on my review of the completed juror questionnaires. Are there any other prospective jurors whom you would like to add to this list for relatively private questioning?
3. Page 21. This is my proposed method for exercising peremptory strikes. Does anyone object?
4. Does anyone object to anything else that is either in the voir dire script or the preliminary instructions?

Thank you.

Judge Simon



**Michael H. Simon** (he/him/his)
U.S. District Judge
1000 SW Third Avenue, Suite 1527
Portland, OR 97204
Telephone:  (503) 326-8380
Email: michael_simon@ord.uscourts.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

NOTE: This email is from a law firm, Angeli Law Group LLC ("ALG"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this email in error, please notify the sender immediately, delete the email from your computer and do not copy or disclose it to anyone else. If you are not an existing client of ALG, do not construe anything in this email to make you a client unless it contains a specific statement to that effect and do not disclose anything to ALG in reply that you expect it to hold in confidence. If you properly received this email as a client, co-counsel or retained expert of ALG, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**