**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR 97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
121 SW Morrison St. #400
Portland, OR 97204
(503) 640-0708
E-mail: amanda@angelilaw.com

*Attorneys for Defendant Tony Daniel Klein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TONY DANIEL KLEIN,<br><br>    Defendants. | Case No. 3:22-cr-00084-SI-1<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN DEFENSE WITNESS TESTIMONY** |

  The government contends that certain statements related to a former CCCF inmate, DF, may be inadmissible hearsay if offered at trial. (ECF 237). Specifically, memoranda of defense interviews with multiple former CCCF inmates indicate that DF was the ringleader of a conspiracy to make false allegations against Mr. Klein in order to sue the Oregon Department of Corrections. Multiple defense witnesses agree that at least four Indictment AVs, and one or more Witness AVs (one of whom is no longer being called) met with DF and discussed the planned

conspiracy. The government asserts that any out-of-court statements DF may have made about falsifying allegations are inadmissible hearsay. There are, however, generally two categories of statements, neither of which are hearsay. First, there are statements by DF about her experience suing the Department of Corrections ("DOC") and suggestions that other inmates could make money by suing the DOC too. Those statements are not hearsay because they are not offered for the truth of the matter. The second category of statements are statements related to a plan by multiple inmates, individually and collectively, including DF and multiple Testifying and non-testifying AVs, to falsely accuse Mr. Klein of sexual abuse to enable lawsuits against the DOC. Those statements fall squarely within the hearsay exception for state-of-mind or plan set forth in Fed. R. Evid. 803(3). Further, as discussed herein, certain out-of-court statements of Testifying AVs are also relevant for impeachment purposes.

## ARGUMENT

**I.      The Anticipated Testimony is not Offered for the Truth of the Matter Asserted**

Many of DF's statements, and certain statements of other Testifying and non-testifying AVs, are simply not hearsay, as they are not offered for the truth of the matter asserted. It is expected that multiple defense witnesses will testify that they overheard DF make statements to numerous Testifying and non-testifying AVs about her experience filing lawsuits against DOC and suggesting that they could all make money by filing lawsuits. Mr. Klein is not using those statements to prove the truth of the matters asserted—that DF is an expert at filing lawsuits, or that they could make money by filing lawsuits. The truth of those statements is irrelevant. What is relevant is that the AVs, before they made *any* allegations against Mr. Klein, heard these statements from DF. What they heard goes directly to their motivations in making the allegations and their motivations in testifying at trial. It also shows an opportunity among the accusers to align their stories. *See United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) ("We find

PAGE 2 – **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN DEFENSE WITNESS TESTIMONY**

that the statement properly was treated as non-hearsay because it was not introduced for the truth of the matter asserted. The statement was introduced ... to show the effect on the listener[.]").

With regard to these statements, the government mistakes the "truth of the matter asserted" with the effect of the words spoken. The government claims that testimony about these out-of-court statements cannot be used to show that "DF was indeed orchestrating such a scheme." But unless the words from DF were "I am currently orchestrating a scheme to falsely accuse Tony Klein," that is not the truth of the matter asserted. The fact that a scheme was orchestrated from her words is the *effect* of the words, not the truth of them. As set forth in *Payne*, statements offered to show the effect the words spoken are simply not hearsay.

## II.     The Anticipated Testimony is Admissible Under Rule 803(3)

Additionally, the out-of-court statements by Testifying AVs or non-testifying inmates at CCCF about their plan to falsely accuse Mr. Klein of sexual abuse are also admissible under Fed. R. Evid 803(3). Mr. Klein anticipates that certain defense witnesses will testify to the following:

- Sarah Rodgers, a former CCCF inmate, will testify that she overheard DF and 8-10 other CCCF inmates, many of whom are Testifying AVs, talking on multiple occasions about making up allegations against Mr. Klein in order to sue the DOC, and that DF told the women to make up to reasons to go to the medical center to see Mr. Klein to create a record for future lawsuits that they saw him.
- Celia Nash, another former CCCF inmate, will testify that she wrote a letter to her husband, noting that "8 girls, including [DF]…are making false allegations, sexual" against Mr. Klein. This witness will also testify that DF bragged about suing the DOC and encouraged other women to join in, and that a certain non-testifying AV repeatedly made excuses to go to the medical unit to create a paper trail for a future lawsuit against Mr. Klein, and that this non-testifying AV discussed making false allegations with at least eight other inmates, include both Testifying and non-testifying AVs.
- Teresa Gillette, another former CCCF inmate, and a former bunkmate of DF, will testify she heard DF and other inmates, including multiple Testifying AVs, discussing making false allegations of sexual abuse against Mr. Klein. This witness will also testify that certain Testifying and non-testifying AVs tried to recruit her to make up allegations against Mr. Klein and file a civil suit, but she declined.
- AV7 is expected to testify that a former AV in this case (since excused) told her that she was making these things up against Mr. Klein for money.

PAGE 3 – **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN DEFENSE WITNESS TESTIMONY**

These and other statements are admissible under Rule 803(3), the state of mind or plan exception to the hearsay rule. Fed. R. Evid. 803(3). The state of mind exception allows hearsay into evidence to prove the declarant's then-existing condition or state of mind and to prove his plan, reason, motive, design, or intent to complete a subsequent act. *Id*. Rule 803(3) recognizes a clear distinction between using state of mind evidence to prove conduct that preceded the statement and using this evidence to prove what occurred *after* it was made. McCormick on Evid. § 275 (8th ed.) ("Statements of state of mind are now recognized as admissible to prove subsequent conduct. Thus, out-of-court statements that tend to prove a plan, design, or intention of the declarant may be received, subject to the usual limitations as to remoteness in time and perhaps apparent sincerity common to all statements of mental state, to prove that the plan, design, or intention of the declarant was carried out by the declarant."); *see also United States v. Jenkins*, 579 F.2d 840 (4th Cir. 1978) (out-of-court statement of declarant that she was going to a specific location was admissible in perjury case to show falsity of declarant's testimony that she did not go); *United States v. Hogan*, 886 F.2d 1497, 1511-12 (7th Cir. 1989) (emphasizing that "statements of a declarant's future intent are admissible to show that the declarant acted in conformity with his intention").

Rule 803(3) embodies a longstanding rule of evidence set out in *Mutual Life Ins. Co. of New York v. Hillmon*, 145 U.S. 285 (1892); *see Hogan*, 886 F.2d at 1511 (7th Cir. 1989) (noting that "the rule of [*Hillmon*]" was "preserved in the advisory committee notes to Rule 803(3)"). In that case, Mrs. Hillmon filed a claim with the life insurance carrier under a policy covering her husband, whom she claimed was dead. A body had been found near Crooked Creek, Kansas, and Mrs. Hillmon asserted that it was that of Mr. Hillmon. The insurance company defended on the ground that the body was actually that of a man named Walters and denied the claim. To prove

PAGE 4 – **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN DEFENSE WITNESS TESTIMONY**

that the corpse was Walters', the insurance company offered a letter written by Walters stating, that he, Walters, planned to leave Wichita along with Mr. Hillmon. The trial court excluded the evidence, but the Supreme Court ultimately reversed, holding that the evidence was admissible "not as narrative of facts communicated to the writer by others, nor yet as proof that he actually went away from Wichita, but as evidence that, shortly before the time when other evidence tended to show that he went away, he had the intention of going, and of going with Hillmon, which made it more probable both that he did go and that he went with Hillmon than if there had been no proof of such intention."

Here, out-of-court statements by both Testifying AVs, DF, and other non-testifying AVs, related to their intention or plan to conspire to make false claims against Mr. Klein are relevant and admissible under Rule 803(3) and *Hillmon*. See McCormick on Evid. § 275 (8th ed.) (discussing Rule 803(3) and emphasizing that "the accepted standard of relevancy, i.e., more probable than without the evidence, is easily met."). As the Ninth Circuit explained in *United States v. Pheaster* in discussing the parameters of the doctrine, "under the *Hillmon* doctrine the state of mind of the declarant is used inferentially to prove other matters which are in issue. Stated simply, the doctrine provides that when the performance of a particular act by an individual is an issue in a case, his intention (state of mind) to perform that act may be shown. From that intention, the trier of fact may draw the inference that the person carried out his intention and performed the act. 544 F.2d 353, 376 (9th Cir. 1976). Accordingly, "hearsay evidence of statements by the person which tend to show his intention is deemed admissible under the state of mind exception." *Id*. at 376; *see also* Fed. R. Evid. 803(3) advisory committee's note ("The rule of [*Hillmon*], allowing evidence of intention as tending to prove the doing of the act intended, is, of course, left undisturbed." Accordingly, per Rule 803(3) and

*Hillmon*, evidence of Testifying AVs, DF, and other non-testifying inmates at CCCF conspiring to make false allegations against Mr. Klein are admissible and relevant.

**III.     The Anticipated Testimony is Admissible for Impeachment Purposes**

Finally, certain of the statements made by Testifying AVs are admissible as prior inconsistent statements of witnesses. "It is elementary that statements made outside the courtroom and offered to prove the truth of those statements are hearsay." *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir.1984). But it is equally elementary that the defendant may use the prior out-of-court statements of a government witness which are inconsistent with her trial testimony to impeach the witness's credibility. *United States v. Monroe*, 943 F.2d 1007, 1012 (9th Cir. 1991) ("A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness." *United States v. Monroe*, 943 F.2d 1007, 1012 (9th Cir. 1991); *see also* McCormick On Evid. § 34 (8th ed.) ("[T]he most widely used impeachment technique is proof that the witness made a pretrial statement inconsistent with her trial testimony. . . . Even though the statements are inadmissible hearsay as evidence of the facts asserted, they are admissible for the limited purpose of impeaching the witness."). "A prior inconsistent statement is admissible to raise the suggestion that if a witness makes inconsistent statements, then his entire testimony may not be credible; such an inference does not depend on whether either the prior statement or the subsequent in-court statement is true." *United States v. Bao*, 189 F.3d 860, 865-66 (9th Cir. 1999). "[T]he making of the previous [inconsistent] statements may be drawn out on cross-examination of the witness himself, or if on cross-examination the witness has denied making the statement, or has failed to remember it, *the making of the statement may be proved by another witness*." *Monroe*, 943 F.2d at 1012 (internal quotation omitted) (emphasis added).

PAGE 6 – **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN DEFENSE WITNESS TESTIMONY**

Mr. Klein recognizes that, although the "prior statement by a witness" offered to show inconsistency with testimony at trial is not hearsay, see Fed. R. Evid. 801(d)(1), "this rule only applies to prior inconsistent statements of testifying witnesses." *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995). "Whereas an inconsistent statement by a testifying witness can be used to impeach that witness's credibility, an inconsistent account by another source is offered to show an alternative view of the truth." *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir.1995). Regardless, as discussed above, Mr. Klein anticipates that multiple defense witnesses will testify that DF and at least four Indictment AVs, and one more Witness AVs, discussed making false claims against Mr. Klein, and that DF appeared to be a leader or organizer of a conspiracy to make false claims against Mr. Klein. Further, Mr. Klein also anticipates that at least one defense witness will testify that multiple Indictment and Witness AVs affirmatively asked them to join a conspiracy to make false allegations against Mr. Klein. Such testimony is clearly relevant for impeachment purposes.

## CONCLUSION

All of the testimony the government seeks to limit or exclude is either not hearsay, admissible under Rule 803(3), or admissible for impeachment purposes. The government's motion should be denied.

DATED this 13 day of July 2023

Respectfully submitted,

s/ *Amanda A. Thibeault*
**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com

PAGE 7 – **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT CERTAIN DEFENSE WITNESS TESTIMONY**

s/ *Matthew McHenry*
**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

Attorneys for Defendant Tony Klein