IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:22-cr-84-SI |
| v. | **ORDER ADDRESSING GOVERNMENT'S MOTION IN LIMINE REGARDING DEFENSE WITNESS TESTIMONY** |
| **TONY DANIEL KLEIN**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

A federal grand jury indicted Tony Daniel Klein on 21 counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242, and four counts of making false declarations in a proceeding ancillary to a court of the United States, in violation of 18 U.S.C. § 1623. The Government has since dismissed two counts. Mr. Klein, who previously was employed as a corrections nurse on the staff of the Coffee Creek Correctional Facility (CCCF), a women's prison run by the Oregon Department of Corrections, is alleged to have sexually abused and assaulted female inmates, referred to as "adult victims" (AVs), without their consent and while acting under color of law, thereby depriving them of constitutional rights. Mr. Klein also is alleged to have knowingly made false statements while testifying under oath at a deposition in November 2019 ancillary to a civil lawsuit then pending in federal court. The Court previously resolved multiple motions in limine filed by both the Government and Defendant. ECF 190, 191, 192, 239.

PAGE 1 – ORDER

Now before the Court is a motion in limine filed by the Government, seeking to exclude certain anticipated defense witness testimony from persons previously incarcerated at CCCF. The Government anticipates that the Defendant will call certain witnesses based on the Defendant's disclosures under Rule 26.2 of the Federal Rules of Criminal Procedure. The Government expects that the Defendant will be calling these witnesses in an attempt to impeach the credibility of certain AVs whom the Government has already called (or will soon call) as witnesses during the Government's case-in-chief. The Defendant states that he may call some witnesses to testify about an alleged plan purportedly orchestrated by an inmate at CCCF identified at "DF." That person, however, is not being called as a witness by either party. The Government states that it expects that the witnesses called by the Defendant to testify about what DF said will also testify that certain AVs who have already testified (or will soon testify) during the Government's case-in-chief were present when DF made those statements and may have heard those statements or even participated in discussions with DF. The Defendant also states that he intends to call one or more witnesses to testify that certain AVs who have already testified (or will soon testify) during the Government's case-in-chief made statements indicating either their participation in a plan to give false testimony about the Defendant or their intent to give false testimony about him. The Government challenges the anticipated testimony from the Defendant's witnesses as inadmissible hearsay, as otherwise irrelevant, or in violation of Rule 613(b) of the Federal Rules of Evidence.

Defendant argues three grounds for why the challenged anticipated testimony would not be inadmissible hearsay. First, Defendant asserts that the anticipated testimony would not be offered for the truth of the matters asserted but only to show the "effect" on those persons who heard the words, *i.e.*, the effect on the listener. ECF 244, at 2-3. Second, Defendant argues that even if such evidence were offered for the truth of the matters asserted (and thus would be

hearsay), that testimony would fall within an exception to the rule against hearsay provided by Rule 803(3) of the Federal Rules of Evidence, which allows evidence of a person's then-existing state of mind to show, for example, motive, intent, or plan. ECF 244, at 3-6. Third, Defendant argues that the anticipated testimony is admissible as extrinsic evidence for impeachment purposes. ECF 244, at 6-7. Defendant did not directly respond to the Government's argument under Rule 613(b).

Regarding the Defendant's first argument, the Government replies that the anticipated testimony does not show the "effect" on any listener of relevance. Regarding the Defendant's second and third arguments, the Government offers three responses. First, the Government states that under Rule 608(b), extrinsic evidence is not admissible to prove specific instances of a witness's conduct to attack that witness's character for truthfulness. Second, the Government states that whether testimony falls within the hearsay exception provided in Rule 803(3) depends on the precise content of the evidence. The Government adds that the Court should hold a preliminary hearing outside the presence of the jury under Rule 104 of the Federal Rules of Evidence before deciding whether to allow testimony from a witness called by the Defendant who previously was incarcerated at CCCF. The Defendant does not object to the Court holding such a preliminary hearing. The Court agrees and will hold such a hearing.

Third, the Government states that under Rule 613(b), before any extrinsic evidence of a prior inconsistent statement may be admissible, the witness being impeached must first be given an opportunity to explain or deny the statement and the adverse party (here, the Government) must be given an opportunity to examine the witness being impeached about the purportedly inconsistent statement. The Court agrees with the Government. Assuming it is otherwise admissible, before any witness may be called to present extrinsic evidence of a prior inconsistent statement supposedly made by a witness called by the Government, the Government's witness

must first have been given an opportunity to explain or deny that inconsistent statement. Further, the Court interprets the term "inconsistent statement" in a way that gives effect to the fairness considerations that underlie Rule 613(b).

The Court denies without prejudice the Government's motion to exclude the Defendant's anticipated testimony but grants the Government's request to hold a preliminary hearing outside the presence of the jury before allowing that testimony. Thus, the Defendant may not present testimony from any witness previously incarcerated at CCCF until after the Court has heard that testimony, outside the presence of the jury, and has made a ruling on admissibility, after allowing all parties a further opportunity to be heard upon the conclusion of that hearing. Further, before the Defendant may present extrinsic evidence of any prior inconsistent statement by another witness, the earlier witness must have been given an opportunity to explain or deny that purportedly inconsistent prior statement.

The Court resolves the Government's Motion to Exclude or Limit Certain Defense Witness Testimony (ECF 237) as stated in this Order.

**IT IS SO ORDERED**.

DATED this 17th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge