**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
121 SW Morrison Street, Suite 400
Portland, OR 97204
503-954-2232
E-mail: amanda@angelilaw.com

Attorneys for Defendant Tony Daniel Klein

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>    vs.<br><br>**TONY DANIEL KLEIN,**<br><br>        Defendant. | No. 3:22-cr-00084-SI-1<br><br>**MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN *BRADY* INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR *BRADY* INFORMATION** |

COMES NOW, the defendant, Mr. Tony Klein, by and through counsel, and moves this court for an order compelling the Government to produce certain discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, the Due Process

1 – DEFENDANT'S RENEWED MOTION FOR *BRADY* EVIDENCE

Clause of the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Giglio*, 405 U.S. 150 (1972).

On the morning of July 18, 2023, defense counsel spoke with defense witness Deborah Beaver. For context, Deborah Beaver is a defense witness who, if called, would testify that she was aware of a scheme to falsely accuse Mr. Klein of sexual abuse. She would also be able to specifically identify AV15 and another person as specifically approaching her to make false accusations against Mr. Klein. She made those statements to a defense investigator and the defense provided those statements to the Government.

During the defense conversation with Ms. Beaver, she indicated that she was interviewed by Agent Hiser and Cameron Bell on approximately June 26 of this year, to the best of her recollection. She indicated that they asked her questions about the case. Defense counsel does not have access to the FBI agent's notes or a copy of that written interview. However, Deborah Beaver indicated that she provided exculpatory information about Mr. Klein's case to the agents in the course of answering their questions.

Defense counsel raised that issue with the court on the morning of July 18th and explained that although defense counsel understands that it is not entitled to material under the Jencks act, that it was entitled to all *Brady* material, including the repetition of statements that the witness has previously made to the defense investigator when they are repeated to the Government.

The Government indicated its understanding that it was not obligated to provide those materials to the defense on the following bases[1]:

1. The defense was already aware of those statements pursuant to the interview with the defense investigator

2. That even if they would be a prior consistent statement assuming the witness is called by the defense to testify, that the defense already had a prior consistent statement from their own investigator so a separate prior consistent statement with the government would not be necessary to disclose.

Defense counsel made a motion to ask the court to order the Government to turn over the prior consistent statement of Ms. Beaver, and any other similar such statements of other defense witnesses.

## LAW and ARGUMENT

In *Brady*, the Supreme Court held that a prosecutor who withholds evidence "which, if made available, would tend to exculpate [the defendant] or reduce the penalty * * * does not comport with standards of justice." *Brady*, 373 U.S. at 87-88. A prosecutor's *Brady* obligations extend not only to exculpatory evidence, but also to "evidence that the defense might have used to impeach the Government's witnesses." *U.S. v. Bagley*, 473 U.S. 667, 676 (1985) (emphasis added) (citing *Giglio v. U.S.*, 405 U.S. 150 (1972)). As a result, "[t]he prosecution must disclose materials that are potentially exculpatory or impeaching." *U.S. v. Olsen*, 704 F.3d 1172, 1181 (9th Cir.

---

[1] This was defense's recollection of the Government's position. The most accurate summary of the Government's position would be the transcript from the hearing that day.

3 – DEFENDANT'S RENEWED MOTION FOR *BRADY* EVIDENCE

2013) (emphasis added). Such materials must be disclosed "without regard to whether th[e] information has been recorded in tangible form." *U.S. v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). Furthermore, prosecutors have a duty not only to search their own files for potentially favorable evidence, but also "to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (emphasis added); see also *Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2006) ("*Brady* suppression occurs when the government fails to turn over even evidence that is known only to police investigators and not to the prosecutor" (internal quotation omitted))

    The government cannot satisfy its *Brady* obligation to disclose exculpatory evidence by making some evidence available and claiming the rest would be cumulative. Rather, the government is obligated to disclose "all material information casting a shadow on a government witness's credibility." *Carriger v. Stewart*, 132. F.3d 463, 481-82 (9th Cir. 1997) (*quoting United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993))

    Here, although the defense knew that Ms. Beaver said something *previously*, the defense did not know that she told the Government this on a separate occasion. The fact that she communicated that same information to the government is not something the defense already knew and it is independently exculpatory as a prior consistent statement. Moreover, not giving that information to the defense would allow the Government to provide a slanted view of the defense witness testimony. Presumably the Government intends to impeach the defense witness with the impeachment material, without

4 – DEFENDANT'S RENEWED MOTION FOR *BRADY* EVIDENCE

disclosing to the defense that at the same time she made those statements, she also reaffirmed her prior consistent statements. Defense counsel would certainly be permitted, under the rules of evidence, to offer such a prior consistent statement (as the Government has done throughout this case with its own witnesses), including the prior consistent statement the witness made during the Government. Moreover, there is independent value in the fact that a defense witness repeated a statement *to the FBI*, as opposed to an investigator for the defense. Defense counsel expects that as part of its case, the government will try and argue that the statements made to defense investigators are less credible because they were to defense investigators, as opposed to the FBI. The Government's refusal to turn over such evidence would prevent the defense from making both arguments while they would be allowed to paint a false picture surrounding the defense witnesses' credibility.

## CONCLUSION

The evidence is exculpatory and subject to *Brady*. There is no "cumulative" exception to the Government's *Brady* requirement. Moreover, the defense would not have known that the witness made such statements to the FBI, which is independently exculpatory and not duplicative of the information that the defense already has.

Respectfully submitted on June 17, 2023

| | |
|---|---|
| /s/*Matthew G. McHenry* | /s/*Amanda Alvarez Thibeault* |
| Matthew G. McHenry | Amanda Alvarez Thibeault |
| Counsel for Tony Klein | Counsel for Tony Klein |