NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone: (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:22-cr-00084-SI |
| v. | UNITED STATES' MOTION IN LIMINE TO EXCLUDE DEFENSE WITNESS TESTIMONY THAT CERTAIN STAFF DID NOT OBSERVE REPORTABLE MISCONDUCT |
| TONY DANIEL KLEIN, | |
| Defendant. | |

The United States moves the Court to exclude testimony from Mike Brasch, Gina Melise, Nicole Navarre, Marylou Ward and other current and former CCCF staff members that they are mandatory reporters, that they never saw Defendant do something that they had to report, that they only saw the defendant provide proper medical care, and other similar, improper character evidence. Such testimony is irrelevant, inadmissible, and cumulative; it should be excluded pursuant to Federal Rules of Evidence 401, 403, 404 and 405.

**United States' Motion In Limine To Exclude Defense Witness
Testimony That Certain Staff Did Not Observe Reportable Misconduct**                    Page 1

## BACKGROUND

The United States filed a pretrial motion in limine to exclude evidence that Defendant engaged in good, or failed to engage in bad, conduct. *See* ECF No. 88 at 9-10 (Motion in Limine 1). Among other things, the United States argued that the defendant's general good conduct has no bearing on the question of whether the defendant committed the charged crimes. "A defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions." *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955); *see also United States v. Glazer*, 850 F. App'x 488 (9th Cir. 2021) (quoting *Herzog*). Evidence of non-pertinent character traits risks confusing the issues relevant to this case and could unfairly lead the jury to reach its verdict based on personal opinions or sympathies. Fed. R. Evid. 403.

This Court granted the motion in large part and precluded Defendant from offering such evidence, including testimony from "not me too" witnesses and "specific acts evidence that he performed medical examinations without being accused of sexual assault." ECF No. 191 at 23-26.[1] This Court deferred ruling only on the portion of the motion that sought to preclude "evidence that other nurses never saw Defendant act inappropriately." *Id.* at 26. Specifically, the court deferred ruling pending an offer of proof from the defense about the scope of the evidence Defendant intended to offer. *Id.*

On July 18, 2023, defense counsel gave notice that they intend to call CCCF nurses to testify. Given the memoranda produced and the questioning of past government witnesses, the

---

[1] The Court's Opinion and Order Addressing Other Acts Evidence is sealed pending trial or other resolution. ECF No. 191.

**United States' Motion In Limine To Exclude Defense Witness**
**Testimony That Certain Staff Did Not Observe Reportable Misconduct**    Page 2

government expects the defense to elicit that these staff members are mandatory PREA reporters, that they never saw Defendant do something that they had to report, or that they only saw the defendant provide proper medical care. To the extent these memoranda constitute an offer of proof, the United States renews its motion in limine to exclude such evidence for the reasons the Court granted the rest of the United States' motion in limine in its prior Opinion and Order Addressing Other Acts Evidence. ECF No. 191 at 23-26.

## ARGUMENT

Defendant's proposed evidence that other nurses did not see him engage in conduct that required them to file a PREA report is inadmissible for multiple reasons. First, it is irrelevant under Rule 401. The evidence is substantially similar to the "not me too" evidence this Court already excluded and it is likewise "irrelevant to whether he engaged in sexual misconduct with the AVs." *Id.* at 24. Whether he did not engage in sexual misconduct in violation of PREA on some occasions that his former colleagues witnessed does not make it more or less probable that he sexually assaulted some inmates on different occasions.

Second, such evidence is improper character evidence under Rules 404 and 405. Rule 404(b)(1) provides that evidence of an "act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Under Rule 405(a), when evidence of character or reputation is admissible, it may be proved only by testimony about reputation or by opinion testimony, and on cross-examination of a character witness, a court may allow inquiry into specific acts of conduct.[2] "More to the point here, a

---

[2] "Rule 405(b) allows proof of specific instances of conduct '[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense.'" *United*

**United States' Motion In Limine To Exclude Defense Witness
Testimony That Certain Staff Did Not Observe Reportable Misconduct**                    **Page 3**

defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions." *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) (cleaned up); *see also Herzog*, 226 F.2d at 565; *Glazer*, 850 F. App'x at 492. As explained in a treatise on evidence,

> Succinctly put, the absence of prior bad acts may not be used to prove a client's innocence. Although a criminal defendant may elect to offer proof of his "good" character under Rule 404(a), he may only offer such proof through reputation or opinion testimony, as provided by Rule 405. In short, Rule 404(b) may not be used to end-run the ban against proof of character through specific instances—even good ones.

Wright & Miller, 22B Fed. Prac. & Proc. Evid. § 5243 (Apr. 2023).

Third, precluding inadmissible evidence does not violate Defendant's right to put on a defense. "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. S. Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). A criminal defendant does not, however, "have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 408-09 (1988). The evidence that Defendant seeks to admit is not admissible under Rules 404(b) and 405(a). *See Boyce v. Weber*, 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021) ("Defendants also move to admit the testimony of three Anti-*Modus Operandi* Witnesses, who will allegedly testify that they [photo]shot with Weber without any improper conduct. That motion is denied[.] . . . It is well established that a defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions. . . . In sum, evidence that Weber engaged in a pattern of sexual misconduct

---

*States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987). As this Court previously concluded, character is not an essential element of the charges against Defendant.

**United States' Motion In Limine To Exclude Defense Witness**
**Testimony That Certain Staff Did Not Observe Reportable Misconduct**         **Page 4**

against Boyce and the Non-Party Accusers is admissible to prove knowledge under Rule 404(b), whereas evidence that Weber did not engage in sexual misconduct against the Anti-*Modus Operandi* Witnesses is inadmissible propensity evidence." (cleaned up)); *United States v. Mack*, 298 F.R.D. 349, 355 (N.D. Ohio 2014) ("[E]vidence that Mack did not on other occasions use force or coercion to compel other women to perform commercial sex acts would not negate allegations that he violated federal law on those occasions and with the identified alleged victims specifically set forth in the superseding indictment.").

Finally, the evidence is also inadmissible under Rule 403 because its probative value is substantially outweighed by the danger of confusing the jury. *See Mack*, 298 F.R.D. at 355 ("Any probative value of this evidence is substantially outweighed by the likelihood of jury confusion. The 'reverse 404(b)' evidence involving whether other women were forced to engage in commercial sex would be entirely confusing to the jury, and would distract them from their determination of the charged conduct involving Victims # 1-# 4."). The evidence is also inadmissible under Rule 403 because it is cumulative. Defendant has already elicited this same testimony during cross-examination of some of the United States' witnesses during trial, including Dane Koznek.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For all the reasons set forth herein, the United States respectfully requests that the Court exclude testimony from current and former CCCF staff members that they are mandatory reporters, that they never saw Defendant do something that they had to report, that they only saw the defendant provide proper medical care, and other improper character evidence of the same design.

Dated:  July 18, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General |
| */s/ Gavin W. Bruce*<br>  GAVIN W. BRUCE<br>  Assistant United States Attorney | */s/ Cameron A. Bell*<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |