**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
121 SW Morrison Street, Suite 400
Portland, OR 97204
(503) 954-2232
E-mail: amanda@aatlegal.com

*Attorneys for Defendant Tony Daniel Klein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>Defendants. | Case No. 3:22-cr-00084-SI-1<br><br>**RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE CERTAIN EVIDENCE** |

Tony Daniel Klein, through counsel, submits this motion *in limine* to allow testimony from current and former Coffee Creek Correctional Facility ("CCCF") employees and inmates regarding defendant's behavior and conduct.

## BACKGROUND

During its opening argument ***and its own case in chief***, the government revealed that it intends to elicit testimony from both inmates and employees at CCCF regarding their interactions with Mr. Klein's and his purportedly suspicious or improper behavior while

performing his medical duties. Counsel for the government described the "extraordinary access" Mr. Klein purportedly had to the alleged victims within the CCCF medical units, describing in detail the physical dimensions of the medical units and the "places to avoid be seen" therein while allegedly assaulting inmates. Mr. Klein seeks to offer testimony from multiple witnesses rebutting and clarifying the government's assertions and the anticipated testimony of government witnesses.

Moreover, the Government has repeatedly solicited from its own witnesses evidence that the defendant was "flirty" with other inmates, not just charged AV's generally. Further the Government has also offered, in its own case in chief, evidence about PREA and mandatory reporters.

Mr. Klein has previously argued that such testimony is admissible to rebut testimony from government witnesses regarding Mr. Klein's allegedly suspicious or improper behavior while performing his duties. (ECF 108). The Court previously deferred ruling on the admissibility of this testimony. (ECF 191 at 26).

## ARGUMENT

There is no dispute that a "defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions." *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955). "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014); Fed. R. Evid 404(b). However, while "Rule 404(b) precludes the use of other-acts evidence to prove a person's character, it allows such evidence for other purposes." *Dimora*, 750 F.3d at 630. Here, Mr. Klein does not offer this evidence to show that he acted appropriately in other unrelated instances. Instead, Mr. Klein offers this evidence to (1) describe and provide

PAGE 2 –RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE CERTAIN EVIDENCE

context for the CCCF medical unit where the alleged abuse took place and (2) refute the assertions of government witnesses claiming, years after the fact, that they observed (but never reported) Mr. Klein acting in a suspicious manner.

The facts of *Herzog* are instructive. In that case, the Ninth Circuit upheld as irrelevant and immaterial the exclusion of Defendant's evidence of instances where he did not commit crimes similar to those charged in the indictment. 226 F.2d at 565. The government had charged the defendant, Herzog, with three counts of income tax evasion. The defendant was a used car wholesaler. At trial, the government produced evidence that 18 new cars were transferred into Herzog's personal ownership and when subsequently resold, the income was not recorded on the books of the agency nor reflected in Herzog's tax returns. *Id*. The defendant then offered evidence to show that there were 13 other cars registered in his name, and when resold those sales were recorded on the books. *Id*. The Ninth Circuit agreed that the defendant's evidence of his 13 properly recorded sales of cars was "immaterial" to whether the defendant was guilty of the eighteen 18 unreported sales. *Id*.

Unlike the defendant in Herzog, Mr. Klein does not offer evidence that he acted properly in some other unrelated instances (such as when caring for the many former patients at CCCF who have not accused him of misconduct), to demonstrate that he acted appropriately with the testifying AVs. Instead, the evidence is relevant and admissible for at least two other separate reasons. First, testimony from witnesses with firsthand knowledge of the medical unit at CCCF is relevant, because it provides context and background information to the jury regarding the location where the alleged criminal conduct occurred. *See United States v. King*, 200 F.3d 1207, 1215 (9th Cir. 1999) (noting evidence describing "the general nature of [defendant's] business activity" was properly admitted to provide "a context in which" events occurred). Such

testimony can explain to the jury, among other things, the physical space at issue (the CCCF medical unit); the number of people usually in or passing through the space, how those individuals interacted, how sounds traveled within the space, and so on. In this context, evidence, including circumstantial evidence, is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action," Fed. R. Evid. 401 (a)-(b). Witness testimony providing context for the environment where the alleged crimes occurred is relevant because it will allow a jury to reasonable infer that the alleged conduct, as described by the government's witnesses, did not or could not occur.

  Second, to the extent the government offers witnesses who will testify that Mr. Klein had the opportunity to commit the alleged conduct, Mr. Klein is entitled to offer evidence demonstrating, based on the testimony of firsthand observers of the medical unit at CCCF and individuals that regularly interacted with Mr. Klein, that such opportunities were unlikely or impossible. Just as Rule 404(b) includes "opportunity" in its exemplary list of possible uses of other acts evidence, Mr. Klein may offer testimony of witnesses with firsthand knowledge of the CCCF medical unit to demonstrate that such opportunity was either unlikely or impossible. Such evidence demonstrating lack of opportunity to commit the alleged conduct is particularly relevant to refute any impression that the accusations against the Defendant must be true, given the large number of accusers. Not allowing Mr. Klein to admit such evidence would unfairly prejudice him by preventing him from providing relevant evidence that demonstrates it was unlikely that he could have committed the alleged misconduct.

  Lastly, the evidence is not cumulative. The Government has presented approximately 18 AV's who said that Mr. Klein sexually abused him. The defense should be allowed to call an equal amount of witnesses, at the least, to impeach such claims. Moreover, the defense expects

PAGE 4 –RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE CERTAIN EVIDENCE

the Government to be withholding witnesses from CCCF who would testify about Mr. Klein's "flirtatious character," a character trait that they have already injected into this trial. The Government's attempt to limit the defense from challenging the anticipated evidence in the defense's case in chief, knowing that it likely intends to call those witnesses in rebuttal, when the defense will have no opportunity to rebut the evidence, violates Mr. Kleins' right to present a defense.

In closing, the Government allowed the defense to put on this evidence in its own case and chief. It allowed the defense to ask whatever questions, beyond the scope, to avoid having to recall witnesses in the defense's case in chief. To now say the evidence is not relevant or admissible is a reversal of its prior position in order to obtain an unfair strategic advantage against Mr. Klein.

## CONCLUSION

Mr. Klein should be permitted to elicit testimony as discussed above, as he has been doing this entire trial without objection by the Government.

DATED this 19th day of July 2023

Respectfully submitted,

s/ *Amanda A. Thibeault*
**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
e-mail: amanda@angelilaw.com

s/ *Matthew McHenry*
**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

PAGE 5 –RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE CERTAIN EVIDENCE

Attorneys for Defendant Tony Klein