**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
121 SW Morrison Street, Suite 400
Portland, OR 97204
503-954-2232
E-mail: amanda@angelilaw.com


Attorneys for Defendant Tony Daniel Klein


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>DEFENDANT. | No. 3:22-cr-00084-SI-1<br><br>AMENDED RENEWED MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN *BRADY* INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR *BRADY* INFORMATION |


Tony Daniel Klein, through counsel, moves this Court for an order compelling the

Government to produce certain discovery pursuant to Rule 16(a) of the Federal Rules of

Criminal Procedure, the Due Process Clause of the United States Constitution, *Brady v.

Maryland*, 373 U.S. 83 (1963), and *United States v. Giglio*, 405 U.S. 150 (1972).

**1 – RENEWED MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN
BRADY INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR BRADY
INFORMATION**

Consistent with his reciprocal discovery obligations under Fed. R. Crim. P. 26.2, Mr. Klein provided Ms. Beaver's statements to the government on July 2, 2023.

On the morning of July 18, 2023, after speaking with Ms. Beaver, counsel for Mr. Klein learned that Ms. Beaver had *also* provided highly exculpatory information to the FBI during a previous interview. This fact had *never* been disclosed to counsel for Mr. Klein. Counsel promptly filed a *Brady* demand seeking this information from the government. In response, the government produced a 302 of an interview of Ms. Beaver. In that interview, Ms. Beaver referenced two women, one being AV15, each of whom made plainly exculpatory statements to the government more than three weeks ago. When counsel for Mr. Klein demanded that the government explain its failure to comply with its discovery obligations, the government asserted that Mr. Klein's prior Rule 26.2 disclosure led it to believe that the defense was already in possession of similar information, and thus it was under no obligation to provide it. Setting aside for a moment whether this erroneous belief would legally justify withholding admittedly exculpatory information from defense counsel (as indicated below, it does not), counsel for Mr. Klein has recently learned that the government's proffered explanation for its prior failure to disclose the 302 of Ms. Beaver's interview was illusory.

Ms. Beaver's interview with the FBI (in which she made the exculpatory statements at issue) took place on June 26, 2023—a full week before the defense ever disclosed to the Government Ms. Beaver's statements to defense investigators. The government has failed to provide *any* explanation for its failure to produce Ms. Beaver's statements to the defense in the week between first learning this information and

**2 – RENEWED MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN BRADY INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR BRADY INFORMATION**

receiving Mr. Klein's 26.2 disclosure. Given this fact, the government's recent assertion that defense counsel was already in possession of this exculpatory information rings hollow.

Moreover, defense counsel learned for the first time yesterday—in the middle of trial—that AV1 told the FBI during its investigation of this matter that a non-testifying witness, DF, told her she planned to make false allegations of sexual abuse against Mr. Klein. The government had *never* before disclosed this fact to the defense. Indeed, at the time of this filing, the government has still failed to comply with its obligation to produce this plainly exculpatory information to Mr. Klein.

Even more concerning is the fact that, while the government had this exculpatory information related to AV1 in its possession, custody, or control, the Government moved to exclude almost identical exculpatory testimony from other defense witnesses. In other words, the government cannot reasonably claim that it was unaware of the critical importance of this exculpatory information related to AV1 where it was simultaneously moving to exclude almost identical testimony from at least three other defense witnesses.

The following colloquy during AV1's testimony revealed the government's *Brady* violation:[1]

Q: Were knows things that she was planning on making up false accusations against Mr. Klein?

---

[1] The rough transcript is not cited as a certified or completely accurate account of what transpired during court proceedings. Rather, the rough transcript is cited for ease of analysis and to refresh the parties' recollections of what transpired during court proceedings, with the understanding that only the final transcript will be a completely accurate account of the words used in court.

**3 – RENEWED MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN BRADY INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR BRADY INFORMATION**

A: I reported it, yes.

Q: I'm sorry?

A: I reported it, yes.

Q: You reported it?

A: When I -- when the federal investigators I believe came and questioned me I let them know what was going on.

Q: Yes. That was yesterday?

A: No. I'm talking about when I was in the prison.

Q: Okay. When was the first time that you mentioned to the FBI that Ms. Farmer was making up accusations against Mr. Klein?

A: I can't remember exactly when. It was probably right before -- I can't remember exactly when. I'm sorry. It has been a long time.

Q: So definitely before yesterday, though?

A: Yes.[2]

## **ARGUMENT**

The defense asks the Court to incorporate all of its previous arguments made in motions: ECF 55, ECF 58, ECF 131, and ECF 162. Mr. Klein has repeatedly asked the government for all *Brady* information, *including agent's notes*, on the topics at issue here. Moreover, it has been obvious to the government since the beginning of the case what Mr. Klein's defense is: That he is innocent. That he did not commit the crimes alleged in

---

[2] Rough Tr. at 95-96.

**4 – RENEWED MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN BRADY INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR BRADY INFORMATION**

the Indictment, just as he said in his deposition and in his two passed polygraphs.

Therefore, there can be no serious argument that information from a *government witness*

that confirmed that women were, in fact, making up false allegations against Mr. Klein

for money (the very heart of the defense theory in this case) was not plainly *Brady*

material.

       In *Brady*, the Supreme Court held that a prosecutor who withholds evidence from

a defendant "which, if made available, would tend to exculpate [the defendant] or reduce

the penalty . . . does not comport with standards of justice." *Brady*, 373 U.S. at 87-88. A

prosecutor's *Brady* obligations extend not only to exculpatory evidence, but also to

"evidence that the defense might have used to impeach the Government's witnesses."

*U.S. v. Bagley*, 473 U.S. 667, 676 (1985) (emphasis added) (citing *Giglio v. U.S.*, 405

U.S. 150 (1972)). As a result, "[t]he prosecution must disclose materials that are

potentially exculpatory or impeaching." *U.S. v. Olsen*, 704 F.3d 1172, 1181 (9th Cir.

2013) (emphasis added). Such materials must be disclosed "without regard to whether

th[e] information has been recorded in tangible form." *U.S. v. Rodriguez*, 496 F.3d 221,

226 (2d Cir. 2007). Furthermore, prosecutors have a duty not only to search their own

files for potentially favorable evidence, but also "to learn of any favorable evidence

known to the others acting on the government's behalf in the case, including the police."

*Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (emphasis added); see also *Youngblood v.*

*West Virginia*, 547 U.S. 867, 869-70 (2006) ("*Brady* suppression occurs when the

government fails to turn over even evidence that is known only to police investigators

and not to the prosecutor" (internal quotation omitted))

**5 – RENEWED MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN
BRADY INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR BRADY
INFORMATION**

The government "cannot satisfy its *Brady* obligation to disclose exculpatory evidence by making some evidence available and claiming the rest would be cumulative." *Carriger v. Stewart*, 132. F.3d 463, 481-82 (9th Cir. 1997). That is simply not a determination the government is ever permitted to make in light of *Brady*. Rather, the government is obligated to disclose "all material information casting a shadow on a government witness's credibility." *Carriger*, 132. F.3d at 481-82 (*quoting United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993)).

Here, although the defense was aware that AV1 had said something *previously* in the context of a civil deposition, the defense did not know that she told the government this information on a separate occasion. The fact that she communicated that same information to the government is not something the defense already knew, and it is independently exculpatory. Moreover, withholding that information from the defense would allow the government to provide a slanted and misleading view of defense witness testimony. There is independent evidentiary value in the fact that a defense witness repeated a statement *to the FBI*, as opposed to a defense investigator or a civil litigator. The Government's refusal to turn over such evidence has no basis in the law.

## CONCLUSION

The evidence here is exculpatory and subject to *Brady*. There is no "cumulative" exception to the Government's *Brady* requirement. Moreover, the defense would not have known that the witness made such statements to the FBI, which is independently exculpatory and not duplicative of the information that the defense already has.

DATED this 19th day of July 2023

Respectfully submitted,

s/ *Amanda A. Thibeault*
**AMANDA A. THIBEAULT, OSB #132913**
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, Oregon 97124
(503) 640-0708
E-mail: amanda@aatlegal.com

s/ *Matthew McHenry*
**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**Attorneys for Defendant Tony Klein**

**7 – RENEWED MOTION TO COMMAND THE GOVERNMENT TO DISCLOSE CERTAIN
BRADY INFORMATION AND RENEWAL OF PREVIOUS MOTIONS FOR BRADY
INFORMATION**