**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
121 SW Morrison Street, Suite 400
Portland, OR 97204
503-954-2232
E-mail: amanda@angelilaw.com

*Attorneys for Defendant Tony Daniel Klein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>        Defendants. | Case No. 3:22-cr-00084-SI-1<br><br>**DEFENDANT'S MOTION FOR MISTRIAL** |

Tony Daniel Klein, through counsel, moves this Court for a mistrial.

**I.**     **The Court's Statements to the Jury Admonishing Defense Counsel For Cross-Examining a Government Witness Was Structural Error and Requires a Mistrial.**

Over the course of the trial, defense counsel has been admonished by the Court in front of the jury multiple times:

- On July 17, 2023, defense counsel objected to the Court allowing Mr. Bruce to interrupt counsel's cross-examination of a witness to offer an exhibit that could have been offered in during the government's re-direct. The ensuing colloquy followed[1]:

MR. BRUCE: Your Honor, under Rule 106 I would ask that the remainder be read under the rule of completeness.

THE COURT: Which pages and line number.

MR. BRUCE: 121 19 through 23.

THE COURT: She just read 121, 19 through 23.

What are the additional questions and answers you want read.

MS. THIBEAULT: Judge.

THE COURT: I didn't ask you anything yet.

MR. BRUCE: Next page, page 122 line 20 through 123, line 5.

THE COURT: You wanted to say something

MS. THIBEAULT: I have no objection to the Government doing this during redirect. But this is my cross.

THE COURT: It is also 106. Let me take a look at 122, line 20. Let me read it to myself. Let me see 123.5.

* * * (court proceeds to read exhibit)

THE COURT: Under the rule of completeness, that's allowed. You may continue.

---

[1] The rough transcript is not cited as a certified or completely accurate account of what transpired during court proceedings. Rather, the rough transcript is cited for ease of analysis and to refresh the parties' recollections of what transpired during court proceedings, with the understanding that only the final transcript will be a completely accurate account of the words used in court.

PAGE 2 – **DEFENDANT'S MOTION FOR A MISTRIAL**

MS. THIBEAULT: Judge, I am going to object per Mr. McHenry and my motion to that questioning.

THE COURT: You are objecting to the rule of completeness.

MS. THIBEAULT: I'm objecting to your questioning of the witness per Mr. McHenry's and my earlier motion.

THE COURT: It is the rule of evidence. It is the rule of completeness.

MS. THIBEAULT: Judge, you asked us to object. I'm objecting.

THE COURT: Overruled.

- Later on July 17, 2023, defense counsel asked a question of the witness and the court. The court objected to the line of questioning defense counsel was engaging in and, in front of the jury, said that Mr. McHenry's line of questioning was inappropriate.

THE COURT: I think your question implies that it does. Your question implies that that is what she told the FBI. So I'm going to direct that this entire paragraph be read and that is here is what it says: The interviewers asked -- then a last name of this person what she has heard about other inmates and Klein. She said she has heard of Kameron Bazsler and other girls having sex in medical. The word sex was used, not rape, in what she heard. There is nothing at all about making anything up in what you're showing her. I don't think it is appropriate to imply that's what she said. Next question.

- On July 18, 2023, defense counsel was questioning a witness. The Court told counsel he would be permitted only 3 questions remaining at a certain point in the examination and said, in front of the jury, that counsel had wasted time in his cross-examination of the witness.

PAGE 3 – **DEFENDANT'S MOTION FOR A MISTRIAL**

WITNESS: You know, I'm not doing this. I'm not going to be sitting here railroaded him. I'm here that's something that's even not my fault. I'm done. I can't take no more.

THE COURT: All right. I'm going to give up three more questions.

BY MR. McHENRY: Q Your Honor, I will object to the Court's?

THE COURT: Request ask your three questions. And see if there is a relevant fourth. So far you have been wasting time on some redundancies not completely.[2]

Because of the Court's admonishment of counsel, and the language used by the Court, the jury was left with the impression that the Court was disapproving of defense counsel for inappropriate or unethical conduct at trial. See *United States v. Harris*, 720 F.2d 1259, 1262 (11th Cir. 1983) (a "blunt reprimand in the jury's presence" was "unnecessary and improper"). A trial judge, however, must take "great care" to "always be calmly judicial, dispassionate and impartial." *United States v. Elder*, 309 F.3d 519, 525 (9th Cir. 2002). A judge stating during cross-examination of a government witness that defense counsel was wasting the jury's time, is, because of the sensitive role of the judge, structural error.

Second, the Court's statement in the jury's presence undermined the presumption of innocence and left the impression that the Court had prejudged the case and determined that Mr. Klein was already guilty. For the Court to state or imply to the jury that cross-examination of a government witnesses is "a waste of time" is structural error. This is particularly the case here, where the government's case rests *entirely* on the credibility of the witnesses being cross-examined. For the Court to state or otherwise imply that cross-examination is a waste of time is little different than a statement to the jury that the witness must be believed. *See United States v.*

---

[2] Again, defense counsel is using experts from the rough transcript for the same purpose as described in Footnote 1.

*Stephens*, 486 F.2d 915, 916 (9th Cir. 1973) (reversing and remanding when a judge commented to the jury in a manner that seemed to indicate the court's opinion of the defendant's guilt, even despite a curative instruction); *see also United States v. Murdock*, 290 U.S. 389, 394 (1933) (holding that a judge erred in stating the opinion the defendant was guilty).

"A trial court must be ever mindful of the sensitive role it plays in a jury trial and avoid even the appearance of advocacy or partiality." *Kennedy v. LA Police Dep't*, 901 F.2d 702, 709 (9th Cir. 1990). And "great care must be taken by a judge to 'always be calmly judicial dispassionate and impartial.'" *United States v. Hickman*, 592 F.2d 931, 933 (6th Cir. 1979). The jury cannot unhear the prejudicial admonishment from the Court. A mistrial is the only appropriate remedy to safeguard Mr. Klein's right to a fair trial.

DATED this 19th day of July 2023

                Respectfully submitted,

                s/ *Amanda A. Thibeault*
                **AMANDA A. THIBEAULT, OSB #132913**
                Angeli Law Group
                121 SW Morrison Street, Suite 400
                Portland, OR 97204
                503-954-2232
                E-mail: amanda@angelilaw.com

                s/ *Matthew McHenry*
                **MATTHEW G. McHENRY, OSB# 043571**
                Levine & McHenry LLC
                1050 SW 6th Ave Ste 1414
                Portland OR 97204
                (503)-546-3927
                E-Mail: matthew@levinemchenry.com

                Attorneys for Defendant Tony Klein