IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**TONY DANIEL KLEIN**,

         Defendant.

Case No. 3:22-cr-84-SI

**ORDER ADDRESSING DEFENDANT'S MOTION FOR MISTRIAL**

**Michael H. Simon, District Judge.**

    Before the Court is a motion filed by Defendant requesting a mistrial. ECF 264. Defendant asserts that the Court has "admonished" defense counsel in front of the jury. Defendant argues that the Court's comments constitute "structural error" and require a mistrial. Defendants are mistaken in several respects.

    First, the Supreme Court has "adopted the general rule that a constitutional error does not automatically require reversal of a conviction, the [Supreme] Court has applied harmless-error analysis to a wide range of errors and has recognized that most constitutional errors can be harmless." *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991) (citing cases). In *Fulminante*, the Supreme Court explained that these errors are "trial errors" because they "occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the

PAGE 1 – ORDER

context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." *Id.* at 307-308. This is in contrast to errors that implicate "structural defects in the constitution of the trial mechanism," which are not subject to a harmless error analysis. *Id.* at 309-10. A "structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself" means the criminal trial cannot reliably serve its function. *Id.* at 310.

Examples of structural errors include the total deprivation of the right to counsel, a judge who is not impartial, unlawfully excluding from the jury members of the defendant's race, deprivation of the right to self-representation, and deprivation of the right to a public trial. *Id.* at 309-10. Examples of trial errors include admission of evidence obtained in violation of the Fourth Amendment; admission of the out-of-court statement of a non-testifying codefendant in violation of the Sixth Amendment; failure to instruct the jury on the presumption of innocence; allowing improper comment on defendant's silence at trial, in violation of the Fifth Amendment; and unconstitutional jury instructions. *Id.* at 311.

Second, Defendant cites three instances that he alleges requires a mistrial. The first is where the Court sustained an objection by the Government requesting additional evidence be presented under Rule 106 of the Federal Rules of Evidence (the "rule of completeness") during Defendant's cross-examination of a witness called by the Government. The Court sustained the Government's objection. The Court then read aloud to the jury the additional information into the record under the rule of completeness. Defendant objected, the Court asked if Defendant was objecting to the rule of completeness, defense counsel responded that Defendant was objecting to the Court "questioning the witness," the Court stated that the matter was a ruling on evidence,

PAGE 2 – ORDER

specifically, the rule of completeness, Defendant reasserted his objection, and the Court overruled the objection.

Defendant argues that the Court improperly "admonished" defense counsel in sustaining an objection made by the Government. The Court disagrees that it "admonished" counsel. The Court simply sought clarification of the basis of Defendant's objection. Defendant also argues that the additional information requested by the Government should have been received during the Government's redirect examination and that receiving it during cross-examination was structural error. Receiving the information on redirect, however, is not the proper timing, let along required, under Rule 106. That rule states: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, *at that time*, of any other part—or any other writing or recorded statement—that in fairness ought to be considered *at the same time*." Fed. R. Evid. 106 (emphasis added). The Court did not err in receiving the completing information during cross-examination.

The next instance is when defense counsel showed an impeachment exhibit to a witness and asked if the document refreshed the witness's recollection that she had made a specific statement. The specific statement, however, was not contained in the document. Indeed, Defendant's questing in that context risked misleading the jury. The Court clarified that the statement as represented by counsel was not in the document, noted that it was "inappropriate to imply" that the statement as represented by counsel was in the document, and then read the relevant paragraph from the document to the jury.

The final instance occurred during the cross-examination of an adult victim called by the Government. The witness became upset with the tone of defense counsel repeated and somewhat redundant questioning. The Court initially stated that defense counsel could ask only three more

PAGE 3 – ORDER

questions of this question, but the Court then promptly added that it would "see if there is a relevant fourth," noting that "so far you have been wasting time on some redundancies." Defense counsel did not ask more than one or two additional questions and was not precluded from asking more.

"A trial judge is more than a referee to an adversarial proceeding. Indeed, the judge may question witnesses, comment on the evidence, and interrupt the trial in order to correct an impropriety." *United States v. Harris*, 720 F.2d 1259, 1261 (11th Cir. 1983); *see also United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986) ("It is well established that a trial judge is more than a moderator or umpire. It is entirely proper for him to participate in the examination of witnesses for the purpose of clarifying the evidence, confining counsel to evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony." (citations omitted)). A "trial judge certainly [would be] warranted in speaking to the jury in order to correct [an improper] statement made by [a party's] attorney." *Harris*, 720 F.2d at 1261.

Defendant argues that the Court's "admonishment of counsel" left the jury with the impression that the Court was disapproving of counsel's inappropriate or unethical conduct, which constitutes a structural error. Defendant cites *Harris*, but in *Harris* the Eleventh Circuit held that a judge's "blunt reprimand" of counsel in front of the jury, which served to embarrass counsel and not correct his impropriety, *was not* reversible error. *Harris*, 720 F.2d at 1262. Here, the Court corrected defense counsel's impropriety in making an inaccurate representation about what was stated in a document that the jury was unable to see. Correcting an impropriety is within this Court's purview. *See id.* at 1261; *cf. United States v. Bennett*, 702 F.2d 833, 836 (9th Cir. 1983) ("It was justifiable for the trial judge to reprimand defense counsel for holding a

document in his hand during cross-examination in a way designed to suggest that it was a report he was reading from, where he had been told in a prior sidebar conference to avoid precisely this tactic."). Thus, the Court did not make the error of the judge in *Harris* and even if the Court erred, as in *Harris*, it would not be a structural error.

Defendant also argues that the Court's statement that defense counsel was "wasting time" undermined Defendant's presumption of innocence because it indicated that the Court had already prejudged the case, determined that Defendant was guilty, and concluded that cross-examination was a waste of time. That, however, is not what the Court said and is not a reasonable inference from the Court's statement. The Court stated that defense counsel had wasted time with redundancies, not that cross-examination of the witness was a waste of time. It is "entirely proper" for the Court to "control[] the orderly presentation of the evidence and prevent[] undue repetition of testimony." *Mostella*, 802 F.2d at 361. The Court also then stated to the Government with respect to the same witness that the Court "assume[s] you have no redirect . . . or if you do it is very brief." This further detracts from any inference that the Court's comments about cross-examination could be prejudicial to Defendant in light of the Court's similar comments to the Government regarding keeping the examination of the witness moving.

The Court's statements do not show bias, partiality, or advocacy. *See id.* at 362 (stating that trial judge's participation may cross the bounds of propriety if it creates an "abiding impression" that it "discloses actual bias" or "project[s] to the jury an appearance of advocacy of partiality"(quoting *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525 (9th Cir. 1986)); *see also United States v. Maldonado-Pena*, 4 F.4th 1, 45-47 (1st Cir.), *cert. denied sub nom. Rivera-Alejandro v. United States*, 142 S. Ct. 729 (2021), *and cert. denied sub nom. Rivera-George v. United States*, 142 S. Ct. 1184, *and cert. denied sub nom. Rivera-Alejandro v. United States*, 142

S. Ct. 1185 (2022) (rejecting argument that judge was biased or impartial despite the judge admonishing defense counsel "several times" throughout trial, using a tone and demeanor that counsel characterized as "reflecting impatience, annoyance, and ire," and there being "no love lost" between the judge and counsel, noting that "[a]s a general rule, a judge's mid-trial remarks critical of counsel are insufficient to sustain a claim of judicial bias or partiality against the client"). The Court has performed its role as permitted under Rule 614(b) of the Federal Rules of Evidence and caselaw.

The Court DENIES Defendant's Motion for Mistrial (ECF 264).

**IT IS SO ORDERED**.

DATED this 19th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge