IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:22-cr-84-SI |
| v. | **ORDER ADDRESSING GOVERNMENT'S MOTION IN LIMINE REGARDING REPORTABLE MISCONDUCT WITNESS TESTIMONY** |
| **TONY DANIEL KLEIN**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Before the Court is a renewed motion in limine filed by the Government, seeking to exclude certain anticipated defense witness testimony from persons who previously worked with Defendant at CCCF. ECF 259. The Government anticipates that Defendant will call certain witnesses based on Defendant's disclosures in court and in filed memoranda. The Government expects that Defendant will be calling these witnesses to show that Defendant did not engage in improper conduct with inmates.

The Government previously moved in its Motion in Limine No. 1 to exclude as improper evidence of Defendant's good character. In that motion, the Government reserved challenging the testimony from other nurses who worked with Defendant and did not see or report any improper conduct, subject to an offer of proof by Defendant. The Government stated that it

PAGE 1 – ORDER

needed to wait until trial to better understand the context of such testimony before taking a position on its admissibility, but that the Government had concerns regarding its admissibility under the Federal Rules of Evidence. The Court deferred ruling on this portion of the Government's motion but granted the remainder of the Government's motion, excluding evidence that Defendant generally is a good worker or good person and that Defendant examined other inmates without sexual misconduct as irrelevant, improper character evidence under Rules 404 and 405, and under Rule 403.

During the Government's case, the Government did not object to questions during cross-examination of the Government's witnesses, who were co-workers with the Defendant, regarding whether they were mandatory reporters and had reported Defendant. The Government has explained that its position is that those questions were relevant to potentially impeach the credibility of these witnesses who testified on behalf of the Government that they observed concerning behavior by Defendant. Defendant was able to elicit evidence that these witnesses did not file reports even though they are mandatory reporters under Oregon law.

Defendant states that he may call some witnesses to testify that they are nurses or coworkers of Defendant, are mandatory reporters, and that they did not see any concerning behavior by Defendant and thus did not file any reports about Defendant. The Government argues that such testimony is irrelevant, improper character evidence, and should be excluded under Rule 403.

"A defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions." *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955); *United States v. Glazer*, 850 F. App'x 488, 492 (9th Cir. 2021) (quoting *Herzog*). In other words,

a defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions." *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021).

Defendant "cannot introduce evidence whose only probative value would be to show that there were occasions when he dealt with [inmates] non-corruptly or without" sexually assaulting them. *See United States v. Sittenfeld*, 2022 WL 2192955, at *12 (S.D. Ohio June 17, 2022). "The point is that [Defendant] cannot introduce evidence of otherwise unrelated good conduct . . . so that [the jury] will conclude that he is generally [a good] person who therefore likely behaved [properly] with respect to the specific [sexual assaults] at issue in this case." *See id.*

Defendant argues that the evidence is not being offered to show that Defendant acted properly in some instances. Defendant contends that it is relevant for context and background regarding the medical unit and its layout, the number of visitors, and so forth. The Government, however, is not challenging the ability of these witnesses to testify regarding the medical unit's layout and visitors. The only challenged testimony is regarding the witnesses' status as a mandatory reporter and whether they filed a report against Defendant.

Defendant next argues that the witnesses should be able to testify that the opportunity for the alleged conduct to occur was not available in the medical unit. This also is not the testimony challenged by the Government. General testimony that a nurse or other staff member would not have the opportunity to commit sexual misconduct given how the medical unit is staffed, monitored, or for some other reason is not the subject of the Government's motion.[1]

---

[1] Defendant also argues that because the Government allowed questioning of the Government's witnesses as to whether they reported Defendant's behavior, it must allow similar questioning of Defendant's witnesses. The Court agrees with the Government that the witnesses are not similarly situated. The Government's witnesses testified regarding concerning behavior and Defendant is entitled to impeach their credibility by asking whether they reported that behavior and why not.

Defendant offers no persuasive argument showing any probative value to the anticipated testimony by the other nurses that they are mandatory reporters and never filed a report against Defendant other than to show that these nurses did not see improper behavior or report any improper behavior with Defendant and inmates on the occasions they worked with him and so Defendant must not have engaged in the specific improper behavior alleged in this case. Such use, however, is irrelevant and impermissible under Rules 404 and 405. *See Dawkins*, 999 F.3d at 792; *Herzog*, 226 F.2d at 565; *see also Boyce v. Weber*, 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021) (excluding testimony that the defendant allegedly performed his job taking photographs of the witnesses without sexually abusing them because "[i]t is well established that a defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions"); Wright & Miller, 22B Fed. Prac. & Proc. Evid. § 5243 (Apr. 2023) (explaining that "the absence of prior bad acts may not be used to prove a client's innocence . . . . Rule 404(b) may not be used to end-run the ban against proof of character through specific instances—even good ones").

Additionally, even if this evidence did have some probative value, that value would be so minimal as to be significantly outweighed by the danger of misleading and confusing the jury. Thus, the Court also excludes this testimony under Rule 403.

The Court GRANTS the Government's Motion (ECF 259).

**IT IS SO ORDERED**.

DATED this 19th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
