IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-84-SI |
| v. | **ORDER ADDRESSING DEFENDANT'S MOTIONS IN LIMINE REGARDING *BRADY* VIOLATION RELATING TO DEFENSE WITNESS** |
| TONY DANIEL KLEIN, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Before the Court are motions in limine filed by Defendant all related to *Brady* material. ECF 256, 259, 262, 263. Defendant does not specifically articulate the information he seeks but generally discusses that the Federal Bureau of Investigation (FBI) has interviewed *defense* witnesses, that these defense witnesses have made "prior consistent statements" to the FBI, and that Defendant is entitled to "all *Brady* information."[1]

---

[1] Defendant also moves that based on court testimony from AV1 that she reported inmate DF was making false accusations against Defendant, the Government has withheld exculpatory information. The Court does not agree that AV1's testimony clearly supports such an inference. To the Court's recollection, the witness testified that she reported that information "when the federal investigators I believe came and questioned me" when she was "in the prison." The witness also testified that she was interviewed in the prison by Oregon State Police and other law enforcement personnel. Defense counsel mentioned questioning by the FBI, but the witness did not appear clear that it was the FBI. The Government has represented that it has produced all the 302s relating to the AVs. There is insufficient support that AV1 made a statement to the FBI that DF, who is not a victim or witness in this case, discussed making a false accusation against Defendant and the Government suppressed that information. Further, even if this information was suppressed, the Court finds no *Brady* violation because the information was disclosed to the jury and Defendant thus is unable to show prejudice.

PAGE 1 – ORDER

This motion was triggered because defense witness Deborah Lynn Beaver informed defense counsel that she told the FBI the same information she previously told defense counsel about certain persons at CCCF having a plan to make false accusations against Defendant. On June 23, 2023, Defendant filed a Writ of Habeas Corpus ad Testificandum for Ms. Beaver. On June 26, 2023, the FBI interviewed Ms. Beaver. On July 18, 2023, defense counsel spoke with Ms. Beaver and learned what she told the FBI during that June 26th interview. Defendant asserts that the Government violated *Brady* by failing to provide information relating to that June 26th interview with Defendant, as well as information from other interviews that may have occurred with defense witnesses. After Defendant raised this issue, the Government produced the 302 from the June 26, 2023 interview with Ms. Beaver.

Under *Brady*, "prosecutors are constitutionally obligated to disclose 'evidence favorable to an accused . . . [that] is material either to guilt or to punishment.'" *Amado v. Gonzalez*, 758 F.3d 1119, 1134 (9th Cir. 2014) (alterations in original) (quoting *Brady*, 373 U.S. at 87). There are three components to a *Brady* violation: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "[I]n a case like this, in which the defendant requests specific evidence under *Brady*, he must show that it is material. The test for materiality is whether the requested evidence might affect the outcome of the trial." *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004).

Defendant states that there is no "cumulative" exception to *Brady* information, citing *Carriger v. Stewart*, 132 F.3d 463 (9th Cir. 1997). In *Carriger*, however, the Ninth Circuit explained:

> We have held that the government cannot satisfy its *Brady* obligation
> to disclose exculpatory evidence by making some evidence available

> and claiming the rest would be cumulative. Rather, the government is
> obligated to disclose *all* material information casting a shadow on a
> *government witness's* credibility.

*Id.* at 481-82 (quotation marks and citations omitted) (first emphasis in original, second emphasis added). Defendant does not provide authority about production relating to *defense* witnesses.

In addition, the Ninth Circuit, in appeals from trials as well as in habeas proceedings, repeatedly has rejected *Brady* claims when the evidence was cumulative, including based on lack of prejudice or materiality. *See, e.g.*, *Hooper v. Shinn*, 985 F.3d 594, 618 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 1376 (2022); *United States v. Wallis*, 630 F. App'x 664, 669 (9th Cir. 2015); *Gentry v. Sinclair*, 705 F.3d 884, 903-04 (9th Cir. 2013); *United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2011); *Barker v. Fleming*, 423 F.3d 1085, 1096-97 (9th Cir. 2005). Thus although as a general proposition the government may not avoid its disclosure obligations by unilaterally declaring information to be cumulative, courts may find that a purported *Brady* violation does not meet the necessary requirements because the evidence was cumulative.

Defendant fails to show that the purported *Brady* information is material because he fails to show that it might affect the outcome of the trial. Undisclosed evidence is material and constitutes a *Brady* violation when it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). "[M]ateriality of the withheld evidence [must] be analyzed cumulatively . . . ." *Barker*, 423 F.3d at 1094. A court first examines the "force and nature of the withheld evidence item by item," and then "consider[s] the cumulative effect of the suppressed evidence." *Id.* at 1099. "Gauging the collective impact of the withheld evidence requires [a court] to step back and consider the strength of the prosecution's case . . . ." *Id.*

Although it is more difficult to perform a materiality analysis in the middle of trial, several factors support the Court's finding that Defendant fails to show materiality. First, these are defense

witnesses, and the information appears already to be available to Defendant. Defendant is able to ask these witnesses if before trial they made consistent statements to the FBI. Defendant can then ask them during redirect examination whether they made such statements to the FBI if their credibility have been challenged. *See* Fed. R. Evid. 801(d)(1(b). Additionally, Defendant may elicit evidence of these witnesses' prior consistent statements to defense investigators. These options, and likely others, are and have been available regardless of whether the Government produced any documents, thereby reducing any claim of prejudice.

Second, given the first reason, the requested information is cumulative. Defendant has the same or similar information available to him to put before the jury.

Third, even assuming Defendant never had any knowledge that these witnesses could have made a prior consistent statement to the FBI, which is not the case, Defendant fails to show that the mere fact that any of these witnesses made a prior consistent statement to the FBI as well as to defense investigators might make a difference in the outcome of this trial. Defendant generally argues that the Government might assert that statements made to the FBI are entitled to more weight. Defendant, however, fails to show that given the strength of the Government's case and the expected testimony by these witnesses, the mere fact that these witnesses also may have made a prior consistent statement to the FBI might make a difference in the verdict.

The Court DENIES Defendant's Motions relating to *Brady* information. (ECF 256, 259, 262, 263).

**IT IS SO ORDERED**.

DATED this 19th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge