# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:22-cr-84-SI |
| v. | **FINAL JURY INSTRUCTIONS** |
| **TONY DANIEL KLEIN,** | |
| Defendant. | |

DATED:  July 21st, 2023

Michael H. Simon
United States District Judge

FINAL JURY INSTRUCTIONS – Page 1

# INDEX OF JURY INSTRUCTIONS

Instruction No. 1:  Duty of the Jury to Find Facts and Follow Law.........................4

Instruction No. 2:  Charges, Presumption of Innocence, and Burden of Proof.........6

Instruction No. 3:  Reasonable Doubt...................................................................8

Instruction No. 4:  A Defendant's Decision Not to Testify.....................................9

Instruction No. 5:  What Is Evidence....................................................................9

Instruction No. 6:  Stipulation of Facts................................................................9

Instruction No. 7:  What Is Not Evidence............................................................10

Instruction No. 8:  Direct and Circumstantial Evidence.......................................11

Instruction No. 9:  Credibility of Witnesses.........................................................11

Instruction No. 10: Evidence for a Limited Purpose.............................................13

Instruction No. 11: Similar Acts Evidence............................................................13

Instruction No. 12: Separate Consideration of Each Count....................................14

Instruction No. 13: Activities Not Charged...........................................................14

Instruction No. 14: Statements by Defendant........................................................14

Instruction No. 15: Charts and Summaries Not Admitted into Evidence...............14

Instruction No. 16: Charts and Summaries Admitted into Evidence......................15

Instruction No. 17: Summary Witness..................................................................15

Instruction No. 18: Deprivation of Rights (18 U.S.C. § 242).................................15

Instruction No. 19: "Color of Law"—Defined......................................................16

Instruction No. 20: "Deprivation of a Constitutional Right"—Defined.................17

Instruction No. 21: "Willfully"—Defined............................................................19

Instruction No. 22: Policy and Training Evidence—Limited Purpose...................20

Instruction No. 23: "Aggravated Sexual Abuse"—Defined...................................21

Instruction No. 24: "Bodily Injury"—Defined.....................................................22

Instruction No. 25: False Declarations Before Court (18 U.S.C. § 1623)..............22

Instruction No. 26: "Knowingly"—Defined.........................................................23

Instruction No. 27: "On or About" and "About"—Defined .....................................23

Instruction No. 28: Venue ..........................................................................................24

Instruction No. 29: Duty to Deliberate ......................................................................24

Instruction No. 30: Consideration of Evidence—Conduct of the Jury....................25

Instruction No. 31: Use of Notes ...............................................................................27

Instruction No. 32: Jury Consideration of Punishment ............................................27

Instruction No. 33: Evidence in Electronic Format ..................................................28

Instruction No. 34: Verdict Form...............................................................................29

Instruction No. 35: Communication with Court ........................................................29

Members of the Jury, now that you have heard all the evidence, it is my duty to instruct you regarding the law that applies to this case. Each of you has been given a written copy of these final jury instructions and a copy of the verdict form. To the extent that anything in these final instructions is inconsistent with anything that I said in my preliminary instructions at the beginning of the trial, these final instructions control and apply to your deliberations. You may take these documents to the jury room to consult during your deliberations.

**Instruction No. 1:  Duty of the Jury to Find Facts and Follow Law**

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Perform these duties fairly and impartially. You will recall that you took an oath promising to do so at the beginning of the case.

You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. As I explained at the beginning of the trial, unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed

without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

On several occasions, I asked a witness a question or two. I did this only to clarify the testimony or to keep the trial moving along. I certainly did not intend to suggest by my questions that I have any opinion as to the guilt or innocence of the Defendant on any count. It is not my role to express any opinion on guilt or innocence. That is entirely a decision for you to make.

Also, on several occasions, I made rulings on objections based on the rules of evidence. Sometimes, I overruled an objection and allowed the testimony or allowed the exhibit to be received in evidence. Other times, I sustained the objection and did not allow the question to be answered or the exhibit received. As I previously instructed, when I sustained an objection to a question, you should not guess or speculate what the answer might have been. You should draw no inferences based on any of my rulings.

Further, sometimes an attorney, out of zeal for his or her cause, did something that prompted me to admonish that attorney. My objective is strictly to

ensure that the rules of evidence and procedure are being followed and that the trial is kept moving along properly. You should draw no inferences based on any of my rulings or admonishments.

**Instruction No. 2:  Charges, Presumption of Innocence, and Burden of Proof**

As I explained at the beginning of this trial, this is a criminal case brought by the United States against the Defendant, Mr. Tony Klein.

In this case, an indictment describes the charges the United States brings against Mr. Klein. The indictment is not evidence and does not prove anything. The Defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves that the Defendant is guilty of a charge beyond a reasonable doubt. In addition, a Defendant has the right to remain silent and never has to prove innocence or even present any evidence.

The indictment alleges that Mr. Klein was employed as a corrections nurse with the Coffee Creek Correctional Facility, which I sometimes simply refer to as "Coffee Creek." The Coffee Creek Correctional Facility is a prison operated by the state of Oregon and is the only prison for women in the state. Mr. Klein was employed as a corrections nurse at Coffee Creek from 2010 through 2017.

While working as a corrections nurse at Coffee Creek, Mr. Klein interacted with women inmates, also referred to as "Adults in Custody," who were incarcerated at that facility. The indictment alleges that Mr. Klein, while acting as

a corrections nurse employed by the state of Oregon, and without a legitimate

penological or medical purpose, abused adult female victims through various acts

of sexual misconduct. The indictment charges Mr. Klein with multiple counts of

deprivation of rights under color of law, in violation of Title 18 of the United

States Code, Section 242, and several additional counts of making false

declarations in a proceeding before or ancillary to a court of the United States, in

violation of Title 18 of the United States Code, Section 1623.

More specifically, the indictment alleges that on various occasions in 2016

and 2017, Mr. Klein, while acting under color of law and without a legitimate

penological or medical purpose, engaged in various sexual acts with multiple

female inmate adult victims incarcerated at Coffee Creek. The indictment further

alleges that these acts were done by Mr. Klein without the consent of the female

inmates and that his conduct willfully deprived these inmates of their right not to

be subjected to cruel and unusual punishment, which is a right secured and

protected by the Constitution and laws of the United States. The indictment also

alleges that the Defendant's conduct resulted in bodily injury to some of these

female inmates and, for some, included aggravated sexual abuse. In addition, the

indictment alleges that on November 20, 2019, Mr. Klein, having taken an oath to

testify truthfully at a deposition ancillary to a civil lawsuit then pending in the

United States District Court for the District of Oregon, knowingly made false and

FINAL JURY INSTRUCTIONS – Page 7

material statements.

Please remember, the indictment itself is not evidence. It only presents allegations. A Defendant is presumed innocent, and it is the government's burden to prove all the essential elements of any charge or charges beyond a reasonable doubt. A Defendant need not prove anything.

Also, the Jury Questionnaire that you received and returned stated that "the Government has charged Defendant Tony Klein in a 25-count indictment. The indictment charges him with 21 counts of violating 18 U.S.C. § 242, alleging that he sexually assaulted 12 female inmates at Coffee Creek Correctional Facility (CCCF) while employed as a corrections nurse." The Government has dismissed two of the original charges. Accordingly, the Indictment now charges Mr. Klein only with 23 Counts, including 19 counts of violating 18 U.S.C. 242, which allege that he sexually assaulted 11, and not 12, inmates at Coffee Creek. You should not speculate or draw any conclusions about this change. Please remember that nothing in the Indictment, or any references to it in the Jury Questionnaire, is evidence. You must base your decision in this case only on the evidence received at trial and the legal instructions that I give to you.

**Instruction No. 3:  Reasonable Doubt**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the government prove guilt beyond

all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

## Instruction No. 4:  A Defendant's Decision Not to Testify

The Defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the Defendant did not testify.

## Instruction No. 5:  What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed or stipulated.

## Instruction No. 6:  Stipulation of Facts

The parties have agreed to certain facts that have been stated to you. The

parties' stipulations read as follows:

> (1)    On Wednesday, November 20th, 2019, Tony Daniel
> Klein testified under oath at a deposition ancillary to a Court
> proceeding. The testimony was material to the matters before
> the Court. The deposition was video recorded and transcribed
> by a certified shorthand reporter. Exhibit 1 is a portion of that
> testimony.
>
> (2)    Beginning November 18, 2017, Tony Daniel Klein was
> no longer present at the Coffee Creek Correctional Facility.

These facts are now conclusively established. Also, Exhibit 1 has been received in evidence and will be available to you in the jury room during deliberations.

## Instruction No. 7:  What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received in evidence and any stipulations of fact to which all parties have agreed. The following things are not evidence, and you may not consider them in deciding what the facts are:

> (1)    Questions, statements, objections, and arguments by the lawyers are
> not evidence. The lawyers are not witnesses. Although you must
> consider a lawyer's questions to understand the answers of a witness,
> the lawyer's questions are not evidence. Similarly, what lawyers have
> said in their opening statements and will say in their closing
> arguments is intended to help you interpret the evidence, but those
> statements and arguments are not evidence. If the facts as you

remember them differ from the way they are described in the opening

statements or closing arguments, your memory of the facts controls.

(2)    Any testimony that I have excluded, stricken, or instructed you to

disregard is not evidence. In addition, some evidence was received

only for a limited purpose; when I have instructed you to consider

certain evidence in a limited way, you must do so.

(3)    Anything you may have seen or heard when the court was not in

session is not evidence. You are to decide the case solely on the

evidence received at the trial.

## Instruction No. 8:  Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof,

such as testimony by a witness about what that witness personally saw or heard or

did. Circumstantial evidence is indirect proof; it is proof of one or more facts from

which you may find another fact.

You are to consider both direct and circumstantial evidence. Either can be

used to prove any fact. The law makes no distinction between the weight to be

given to either direct or circumstantial evidence. It is for you to decide how much

weight to give to any evidence.

## Instruction No. 9:  Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

If, however, you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. 10: Evidence for a Limited Purpose**

During the trial, I allowed you to hear some evidence for a limited purpose. When I instructed you that this evidence is admitted only for the limited purpose that I described, you must consider it only for that limited purpose and not for any other.

**Instruction No. 11: Similar Acts Evidence**

During the trial, I allowed you to hear some evidence that the Defendant may have committed similar offenses of sexual misconduct or sexual assault against persons other than the alleged victims in Counts 1 through 19. You may

use this evidence to decide whether the Defendant committed the acts charged in the Indictment. You may not convict the Defendant simply because he may have committed other unlawful acts. You may give this evidence such weight as you think it should receive or no weight.

**Instruction No. 12: Separate Consideration of Each Count**

A separate crime is charged against the Defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Instruction No. 13: Activities Not Charged**

You are here only to determine whether the Defendant is guilty or not guilty of the charges alleged in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

**Instruction No. 14: Statements by Defendant**

You have heard testimony that the Defendant made certain statements. It is for you to decide: (1) whether the Defendant made the statements; and (2) if so, how much weight to give them. In making these decisions, you should consider all the evidence about the statements, including the circumstances under which the Defendant may have made them.

**Instruction No. 15: Charts and Summaries Not Admitted into Evidence**

Certain charts and summaries, called "demonstrative" or "illustrative"

exhibits, were shown to you during the trial to help explain the evidence in the

case. These charts and summaries were not admitted into evidence and will not go

into the jury room with you. They are not themselves evidence or proof of any

facts. If they do not correctly reflect the facts or figures shown by the evidence in

the case, you should disregard these charts and summaries and determine the facts

from the underlying evidence.

**Instruction No. 16: Charts and Summaries Admitted into Evidence**

Certain charts and summaries have been admitted into evidence. These

charts and summaries are only as good as the underlying supporting material. You

should, therefore, give them only such weight as you think the underlying material

deserves.

**Instruction No. 17: Summary Witness**

You have heard testimony from Ms. Erin Magee, an analyst with the Federal

Bureau of Investigation (FBI). Ms. Magee presented two charts or summaries that

the government contends show the contents of voluminous records. The

government marked these charts or summaries as Exhibits 210 and 211, and I

received them in evidence. Also, you should not give Ms. Magee undue deference

or any consideration that is different from your consideration of any other witness.

**Instruction No. 18: Deprivation of Rights (18 U.S.C. § 242)**

In Counts 1 through 19, the Indictment charges the Defendant with

deprivation of rights in violation of Section 242 of Title 18 of the United States

Code. For the Defendant to be found guilty of that offense, the government must

prove each of the following three elements beyond a reasonable doubt:

First, the Defendant acted under color of law.

Second, the Defendant deprived the person specifically named or otherwise

specifically identified as the alleged victim in each count of the right not to be

subjected to cruel and unusual punishment, which is a right secured and protected

by the United States Constitution.

Third, the Defendant acted willfully.

I will now explain these three elements and related terms in more detail.

**Instruction No. 19: "Color of Law"—Defined**

The first element the government must prove beyond a reasonable doubt is

that the Defendant acted under what is referred to as "color of law." A person acts

under "color of law" if that person is an official or employee of a federal, state, or

local government and uses or abuses power possessed by that person based on that

person's official position. A government official or employee, including a person

employed by a state department of corrections to work at a prison, acts "under

color of law" if that person is performing official duties, or pretending to perform

official duties, even if that person abuses or misuses official authority by doing

something the law forbids. If you find that the Defendant was employed as a nurse

FINAL JURY INSTRUCTIONS – Page 16

by the Coffee Creek Correctional Facility and that he was acting, pretending to act, or giving the appearance of acting as an employee of that facility, then you may find that this element is satisfied.

**Instruction No. 20: "Deprivation of a Constitutional Right"—Defined**

The second element the government must prove beyond a reasonable doubt is that the Defendant deprived the person specifically named or otherwise specifically identified as the alleged victim in each count of the right not to be subjected to cruel and unusual punishment. This right is secured and protected by the United States Constitution.

The right to be free from cruel and unusual punishment includes the right of prison inmates to be free from nonconsensual sexual touching and sexual conduct by a prison employee that is done without a legitimate medical or penological purpose. A prison employee who engages in nonconsensual sexual touching or sexual conduct with a prisoner for the employee's own sexual gratification or for the purpose of humiliating, degrading, or demeaning the prisoner violates the Constitution. Conduct that is done for a legitimate medical or penological purpose does not constitute cruel and unusual punishment and is not a constitutional violation.

Different counts allege different forms of sexual conduct and against different alleged victims. In each count, it is for you to determine whether the type

of sexual conduct alleged occurred against the specific alleged victim, and if so, whether it occurred freely and voluntarily or whether it was committed without the alleged victim's consent and without a legitimate purpose.

In considering whether the person named in a count as the alleged victim consented to the sexual conduct, you may consider the totality of the circumstances, including:

(1)     the context in which the alleged act occurred;

(2)     the kind of relationship, if any, that existed between the Defendant and the person named in the count as the alleged victim;

(3)     the extent, if any, to which the Defendant had power over the person named in the count as the alleged victim;

(4)     any disparity in size between the Defendant and person named in the count as the alleged victim;

(5)     anything that the Defendant said or did before, during, or after the sexual conduct;

(6)     the relative positions of power and authority between the Defendant and the person named in the count as the alleged victim; and

(7)     whether the alleged victim agreed or submitted to the sexual conduct because of threats, coercion, or duress.

Any purported consent that is the product of intimidation, threat, or

harassment is not consent at all. An individual does not consent if she is coerced or threatened, expressly or impliedly, into complying with a request that she would prefer to refuse.

**Instruction No. 21: "Willfully"—Defined**

The third element the government must prove is that the Defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, and with the specific intent to do something the law forbids. In this case, it means that the Defendant intentionally committed the alleged sexual misconduct knowing that it was either for his own sexual gratification or for the purpose of humiliating, degrading, or demeaning the alleged victim, and not for a legitimate medical or penological purpose.

Intent is a state of mind and can be proved by circumstantial evidence. In determining whether the Defendant acted with the required specific intent, you may consider all the surrounding circumstances. In determining what the Defendant intended at a particular time, you may consider any statements made or any acts done by the Defendant and all other facts and circumstances received in evidence that may aid in your determination of the Defendant's knowledge and intent. For example, you may consider anything the Defendant did or failed to do, and whether the Defendant took care to hide, cover up, or conceal his deeds.

To find the Defendant acted willfully, it is not necessary for you to find that

the Defendant knew that he was violating a specific provision of the Constitution. You may find that the Defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the specific constitutional right involved, provided you find that the Defendant intended to do what the Constitution forbids.

**Instruction No. 22: Policy and Training Evidence—Limited Purpose**

You have heard evidence about prison policies and training that the Defendant received while employed at the Coffee Creek Correctional Facility. I have admitted this evidence only for the limited purpose of your consideration of whether the Defendant acted willfully, as I have just defined that term for you. In other words, if you determine that the Defendant acted inconsistently with prison policies or training that the Defendant received while employed at the prison, then you may, but are not required to, conclude that he knew what he was doing was wrong and chose to do it anyway. It is entirely up to you to decide whether the Defendant acted consistently or inconsistently with policies or training.

It is possible for a prison employee to act inconsistently with policies or training without violating the Constitution, just as it is possible for a prison employee to violate the Constitution without violating policies or training. For that reason, you should not consider policy and training evidence in determining whether the Defendant violated the Constitution. It is relevant only to the issue of

whether the Defendant acted willfully.

**Instruction No. 23: "Aggravated Sexual Abuse"—Defined**

If you find the Defendant guilty of any of the charges alleged in the Indictment in Counts 1, 4, 6, or 8, you are then to determine whether the government proved beyond a reasonable doubt that the Defendant's conduct included aggravated sexual abuse. In the verdict form, this is presented as a "yes" or "no" question.

To prove the Defendant's conduct included aggravated sexual abuse, the government must prove that the defendant knowingly caused another person to engage in a sexual act either: (1) by using physical force against that other person; or (2) by placing that other person in fear that she will be subjected to serious bodily injury.

In this case, the term "sexual act" includes: (1) penetration, however slight, of the vulva by the penis; or (2) contact between the mouth and the penis.

You may find that the Defendant's conduct involved aggravated sexual abuse if you find that the Defendant used physical force during the alleged sexual assault sufficient to overcome the victim's will to resist. Brute violence is not required. The requirement of force may be satisfied by a showing of the use of physical force sufficient to overcome, restrain, or injure a person so as to coerce or compel submission. Restraint alone can constitute sufficient force to meet the force

requirement when the Defendant employs a degree of restraint sufficient to prevent

an individual from escaping the sexual contact.

Although bodily injury is not required for you to find aggravated sexual

abuse, if you find that the Defendant placed the alleged victim in fear of serious

bodily injury, even if such injury did not occur, that is sufficient to find aggravated

sexual abuse.

**Instruction No. 24: "Bodily Injury"—Defined**

If you find the Defendant guilty of any of the charges alleged in the

Indictment in Counts 1, 4, or 10, you are then to determine whether the

government proved beyond a reasonable doubt that the Defendant's conduct

resulted in bodily injury to the person named in the count as the alleged victim. In

the verdict form, this too is presented as a "yes" or "no" question.

"Bodily injury" includes: (1) physical pain; (2) illness; or (3) any other

injury to the body, no matter how temporary. Physical pain, no matter how

temporary, satisfies this element. The government does not need to prove that the

Defendant intended to cause bodily injury.

**Instruction No. 25: False Declarations Before Court (18 U.S.C. § 1623)**

In Counts 22 through 25 of the Indictment, the Defendant is charged with

knowingly making a false declaration in violation of Section 1623 of Title 18 of

the United States Code. For the Defendant to be found guilty of that charge, the

government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant testified under oath in or ancillary to a Court proceeding.

Second, the testimony was false.

Third, the Defendant knew that the testimony was false.

Fourth, the false testimony was material to the matters before the court; that is, it had a natural tendency to influence, or was capable of influencing, the court.

**Instruction No. 26: "Knowingly"—Defined**

For purposes of both Instruction No. 23 and Instruction No. 25, an act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

**Instruction No. 27: "On or About" and "About"—Defined**

The Indictment charges that the offenses alleged were committed "on or about" or "about" a certain date or range of dates. Although it is necessary for the government to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date or date range alleged in the Indictment, it is not necessary for the government to prove that an offense was committed precisely on the date charged.

FINAL JURY INSTRUCTIONS – Page 23

**Instruction No. 28: Venue**

The Indictment alleges that the offenses charged occurred in the District of Oregon. The District of Oregon includes any location within the geographical boundaries of the State of Oregon. Before you may return a verdict of guilty on any specific count, if that is your decision, the government must convince you that at least some act in furtherance of the crime charged in that count took place in Oregon.

Unlike all the specific elements of the offenses charged that I have described earlier in these instructions, this fact need only be proven by a preponderance of the evidence. This means that, for any specific count, the government need only convince you that it is more likely than not that some act in furtherance of the crime charged in that count took place in Oregon. Remember, however, the government must prove all the specific substantive elements (that is, everything except venue) of any offense charged beyond a reasonable doubt.

### *** CLOSING ARGUMENTS BY COUNSEL ***

**Instruction No. 29: Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous. Each

of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases to influence you. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Instruction No. 30: Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the trial and on these instructions, I remind you that you must not be exposed to any

FINAL JURY INSTRUCTIONS – Page 25

other information about the case or to the issues it involves. You may, of course,

discuss the case with the other jurors during your deliberations.

During your deliberations, you must not communicate with or provide any

information to anyone by any means about this case. You may not use any

electronic device or media, such as the telephone, a cell phone, smart phone,

iPhone, or computer, the Internet, any Internet service, any text or instant

messaging service, any Internet chat room, blog, or website, for example

Facebook, Messenger, Instagram, TikTok, YouTube, Twitter, LinkedIn, Snapchat,

Reddit, or Threads to communicate to anyone any information about this case or to

conduct any factual or legal research about this case until after I accept your

verdict. In other words, you cannot talk to anyone on the phone, correspond with

anyone, or electronically communicate with anyone about this case. You may not

use electronic or any other means to research, investigate, or communicate

anything about the case because it is important that you decide this case based

solely on the evidence presented in this courtroom. Do not read, watch, or listen to

any news or media accounts or commentary about the case or anything to do with

it; do not do any factual or legal research about anything related to the case, such

as consulting dictionaries, searching the Internet, or using other reference

materials; and do not make any investigation or in any other way try to learn about

the case on your own.

FINAL JURY INSTRUCTIONS – Page 26

The law requires these restrictions to ensure that the parties have a fair trial based on the same evidence that each party has had an opportunity to address. Furthermore, information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence that you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom because your decision may not be based on information known only by you and not by your fellow jurors or the parties in the case. This would unfairly and adversely affect the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings. I expect that you will inform me if and as soon as you become aware of another juror's violation of these instructions. Also, if any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 31: Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction No. 32: Jury Consideration of Punishment**

The punishment provided by law for these crimes is for the court to decide.

FINAL JURY INSTRUCTIONS – Page 27

You may not consider punishment in deciding whether the government has proven its case against the Defendant beyond a reasonable doubt.

**Instruction No. 33: Evidence in Electronic Format**

The exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, monitor, and related equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You also will be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury may not deliberate or discuss the merits of the case. No juror may say

FINAL JURY INSTRUCTIONS – Page 28

anything to the court technician or any non-juror other than to describe the

technical problem or to seek information about operation of the equipment.

The sole purpose of providing the computer in the jury room is to enable

jurors to view the exhibits received in evidence in this case. You may not use the

computer for any other purpose. At my direction, technicians have taken steps to

ensure that the computer does not permit access to the Internet or to any outside

database, directory, website, or other material. Do not try to alter the computer to

obtain access to such materials. If you discover that the computer provides or

allows access to such materials, you must inform the Courtroom Deputy

immediately and refrain from viewing such materials. Do not remove the computer

or any electronic data from the jury room, and do not copy any such data.

**Instruction No. 34: Verdict Form**

A verdict form has been prepared for you. After you have reached

unanimous agreement, your presiding juror should complete the verdict form

according to your deliberations, sign it, date it, and advise the Clerk of the

Courtroom that you are ready to return to the courtroom.

**Instruction No. 35: Communication with Court**

If it becomes necessary during your deliberations to communicate with me,

you may send a note through the Clerk of the Courtroom signed by any one or

more of you. No member of the jury should ever attempt to communicate with me

FINAL JURY INSTRUCTIONS – Page 29

except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged by the Court.