**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
121 SW Morrison St
Suite 400
Portland, OR 97204
(971)-302-6346
E-mail: amanda@angelilaw.com

*Attorneys for Defendant Tony Daniel Klein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>Defendants. | Case No. 3:22-cr-00084-SI-1<br><br>MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29 |

Defendant Tony Daniel Klein, through his attorneys, moves this Court for a Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure to the counts discussed below.

**LAW and ARGUMENT**

Under Rule 29(c), "defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is

later." Here, the parties consented, and the court granted an extension of the 14 day deadline to August 21. The Government objected to any further continuance.

I.   **Count 1—AV1**

No rational juror could find beyond a reasonable doubt that Mr. Klein penetrated the vulva of AV1 without her consent. Evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, *See Juan H. v. Allen,* 408 F.3d 1262, 1277-79 (9th Cir. 2005).

Here, AV1 testified that the charged act of sexual abuse occurred after she had requested modifications to her work restrictions due to medical issues. The records admitted at trial show that that request, i.e., "kyte" for an appointment resulted in such an appointment on September 19, a day where Mr. Klein was not scheduled to work and where the chart notes written reflected they were written by a different provider. To try and recover from this radical inconsistency, the Government offered a record showing that AV1 could have been called to medical on September 18, a day Mr. Klein was working, and the assault must have occurred on that date. There were no chart notes documenting the visit on such a date, the appointment on the 19th and its chart notes and contradicted any such contact with Mr. Klein on the 18th. In essence, the Government's charged allegation was based on speculation and unsupported by the evidence.

Additionally, no rational juror could find beyond a reasonable doubt that the sexual contact involved aggravated sexual abuse or caused bodily injury. AV1's testimony surrounding the incident was not sufficient, even viewed in the light most favorable to the state, to support that Mr. Klein used physical force or placed her in fear of serious physical injury. Likewise, AV1's testimony "It hurt," after a series of leading questions by the Government was not

sufficient even when viewed in the light most favorable to the Government to establish the element of bodily injury.

## II. Count 4—AV2

No rational juror could find beyond a reasonable doubt that Mr. Klein engaged in aggravated sexual abuse or caused bodily injury as alleged in Count 4. Even when viewed in the light most favorable to the Government, AV2's testimony surrounding Count 4 did not amount to the use of physical force and did not cause AV2 fear of serious bodily injury. Moreover, there was insufficient evidence from which a juror could have found that AV2 suffered bodily injury based on her description of the incident at trial.

## III. Count 9—AV3

No rational juror could find beyond a reasonable doubt that the sexual contact alleged in Count 9 occurred. AV3's accusations, that Mr. Klein pinched her nipples during an exam that took place in the segregation unit of the prison while in the presence of two armed guards flies in the face of both common sense and the other objective, unimpeached evidence, that was presented at trial. To find Mr. Klein guilty of Count 9, a reasonable juror would be forced to speculate and create situations unsupported by the records and the testimony at trial.

The alleged incident in segregation took place on November 13th. According to DOC medical records as analyzed by the Government's own witness, Nurse Theresa Hannon, the records indicate that Mr. Klein never took AV3 out of her cell into an exam room on the day he was scheduled to work in segregation, nor was there any other record of him being present in segregation during the time of the alleged incident. Hannon testified that if an exam was done as described by AV3, there should have been records of such an exam. In essence, there was no record of AV3 receiving any medical treatment during Mr. Klein's shift on November 13th.

The Government's attempt to impeach the medical records failed. The Government attempted to show the possibility of such an exam being performed by trying to imply that chart notes appeared in AV3's medical record by persons not on the schedule that day, thus implying an inconsistency between the nursing schedule and the chart notes was possible.

As it turned out, a close examination of the records showed that they were consistent, and that the Government attempted to mislead the jury during its presentation of those records, because they showed only records related to day shift, and excluded discussion of the swing shift schedule. In closing argument, the defense displayed the swing shift calendar to the jury and illustrated that the chart notes on AV3's records were from the person scheduled to be in segregation on swing shift that day. Moreover, the notes by the other provider that the Government claimed were not scheduled to be working in segregation on the time they made a chart note also turned out to be misleading. That person was not even a nurse, and because the Government only sought the nursing schedule, their implication that the records were in contradiction with each other was a product of their own failure to gather additional scheduling records.

Moreover, Defense Exhibit 1088 revealed that Mr. Klein was not scheduled to work in Segregation another shift in the following week. Thus, in order to convict Mr. Klein of Count 9, a jury had to speculate about the reasons why the supportive records contradicted the witnesses' testimony. The Government provided no evidence, beyond its own self-serving speculation and their failed and deceptive attempt to impeach the records credibility, as to how Mr. Klein could have assaulted AV3 on the day alleged and in the manner described by her.

**IV. Count 12-AV6**

No rational juror could find beyond a reasonable doubt that the act alleged in Count 12 beyond a reasonable doubt even when the evidence is viewed in the light most favorably to the Government. At trial, AV6 testified that this incident occurred in the minimum side of the facility. Housing records show that she was not moved to the minimum side of the facility until December 23, 2023. AV6 admitted on the stand that she told the Government this incident took place before Christmas, of 2023.

Defense Exhibit 1087 and 1088 show that Mr. Klein was scheduled to work a shift in minimum on 12/11/16 and was not scheduled to work another shift there until January 28, 2017. Moreover, Exhibits 1087 and 1088 also show that Mr. Klein was scheduled to be out of the facility between January 7, 2017 until January 11, 2017, again from January 14, 2017, to January 21, 2021. Nothing in the Government's re-direct examination or records provided on this issue re-establish the Government's timeline on this issue to any degree that does not require speculation. The evidence is insufficient to convict Mr. Klein on count 12.

### V. Count 15-AV7

No rational juror can find the elements of Count 15 beyond a reasonable doubt, even when viewing the evidence in the light most favorable to the Government.

As to Count 15, AV7 testified that the event occurred in the medical unit of the facility, after she had passed out in her cell and was asked to walk to the medical facility alone. It was important that this incident happen at the medical unit, as opposed to her housing unit, because only then would Mr. Klein have had any kind of privacy in which to assault AV7. Moreover, it is also important that this incident supposedly occurred in the medical unit because that is what AV7 testified to. The Government offered records in support of AV7's account, showing that she had been treated for rectal bleeding, the issue AV7 explained predicated her assault, by Mr.

Klein in March 2017. However, the records clearly noted that the treatment took place in the context known as EMER. The acronym, EMER, as explained by **multiple** witnesses, meant that the treatment was an emergency, and would have occurred in the housing unit of the facility. The Government offered no evidence contradicting that testimony or why someone would have written EMER if the treatment had occurred somewhere else. In essence, to find that AV7 testified truthfully would require the jury to speculate about reasons why the chart notes, which indicated that AV7 were treated in her housing unit, must be wrong.

The Government did not present any evidence about why the EMER note would be inaccurate, other than its own circular supposition that it was. Therefore, no reasonable juror can find the elements of Count 15 beyond a reasonable doubt, even when viewing the evidence in the light most favorable to the Government.[1]

//
//
//
//
//
//
//
//
//

---

[1] For context, AV7 is the same witness who, as noted in Defense's Rule 33 motion, lied under oath to this court and this jury when she testified that she was never after a lawsuit or had one in mind, according to the messages she sent to another AV in the case.

PAGE 6 – RULE 29 MOTION

**CONCLUSION**

The court should enter a judgment of acquittal on the above mentioned counts under Rule 29(c).[2]

DATED this 21 day of August, 2023

Respectfully submitted,

s/ *Amanda A. Thibeault*
**AMANDA A. THIBEAULT, OSB #132913**

s/ *Matthew McHenry*
**MATTHEW G. McHENRY, OSB# 043571**

Attorneys for Defendant Tony Klein

---

[2] Defense counsel would have been able to make additional Rule 29 arguments if the court had granted its motion for continuance in March, June, and again on the day of trial, because defense counsel would have had additional evidence, as discussed in the Rule 33 motion. Because the continuance requests were denied, defense counsel was not able to make any arguments based on the evidence that was not available to Mr. Klein prior to trial as a result of the denial of its requested continuance.

PAGE 7 – RULE 29 MOTION