NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
**CAMERON A. BELL, CSB #305872**
Trial Attorney—Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Cameron.Bell@usdoj.gov
Telephone:  (202) 802-7643
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                v.<br><br>TONY DANIEL KLEIN,<br>                                      Defendant. | Case No. 3:22-cr-00084-SI<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL [ECF NO. 283] |

After a two-week trial with 38 witnesses and 115 exhibits, a conscientious jury convicted the defendant of Counts 1–15, Counts 18–19, and Counts 22–25 of the Indictment.  ECF Nos. 278, 279.  The jury found the defendant not guilty as to Counts 16 and 17.  *Id.*  Counts 20 and 21 were dismissed prior to trial.  After the close of the evidence, the defendant moved for judgment of acquittal on all counts (MJOA).  *See* ECF No. 270.  The Court denied the defendant's motion.

Now, post-conviction, the defendant has filed a renewed motion only as to Counts 1, 4, 9, 12, and 15.  This Court should deny the defendant's motion.  Viewing the evidence in the light

**United States' Response to Defendant's Motion for Judgment of Acquittal                    Page 1**

most favorable to the United States, there is ample evidence to support the defendant's convictions. The jury carefully deliberated over each charge, and its verdict should not be disturbed.

### A. LEGAL STANDARDS

A court "may set aside the verdict and enter an acquittal" if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c). The verdict must be upheld if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). Under this standard, "it is not the district court's function to determine witness credibility" or otherwise substitute its valuation of the evidence for the jury's. *Id*. "[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977), *supplemented*, 574 F.2d 476 (9th Cir. 1978) (addressing timing of post-trial motions).

To defeat a Rule 29 motion, "the government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or 'rule out every hypothesis except that of guilty beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). All conflicting evidence is to be resolved in favor of the jury verdict. *United States v. Corona-Verbera*, 509 F.3d 1105, 1117 (9th Cir. 2007).

Here, there was sufficient evidence from which a rational trier of fact could find the defendant guilty of every count of conviction—including Counts 1, 4, 9, 12, and 15—beyond a reasonable doubt. The defendant's motion urges this Court to supplant the jury's determination and reassess the evidence that the jury has already evaluated. The defendant's alternative

**United States' Response to Defendant's Motion for Judgment of Acquittal   Page 2**

interpretation of the evidence does not negate the rational inferences and reasonable interpretations made by the jury in convicting him. His motion should be denied.

### B. ARGUMENT

**1. The Motion as to Count 1 Should Be Denied Because the Evidence Presented at Trial Sufficiently Established that the Defendant Sexually Assaulted AV1 and that the Offense Resulted in Bodily Injury and Included Aggravated Sexual Abuse**

Count 1 charged the defendant with a violation of 18 U.S.C. § 242 when he penetrated AV1's vulva without her consent. Count 1 further charged that the offense resulted in bodily injury to AV1 and included aggravated sexual abuse. The defendant argues both that the underlying conduct did not occur and that the evidence was insufficient to prove bodily injury or aggravated sexual abuse. Each of his arguments fails.

**a. The Evidence Presented at Trial Was Sufficient To Prove Beyond a Reasonable Doubt that the Defendant Penetrated AV1's Vulva without Her Consent.**

Contrary to the defendant's assertion, the evidence presented at trial was sufficient to support the jury's verdict as to Count 1, that the defendant sexually assaulted AV1.

AV1 testified and was cross-examined by the defense. During her testimony, AV1 described in detail how the defendant sexually assaulted her by forcing his penis into her vagina without her consent in the medical unit on the minimum side of the facility ("Minimum"). The defendant's argument overlooks nearly all of her testimony and instead focuses only on cherry-picked medical records. When considered in conjunction with AV1's testimony, the records clearly demonstrate that there is sufficient evidence to support the jury's verdict as to Count 1. Specifically, AV1 testified that she submitted a "kyte" for medical care because she was subjected to medical restrictions due to a wrist injury and she wanted to have medical restrictions lifted.

During the trial, AV1 testified that Exhibit 24 was a kyte that she submitted for that medical care, complaining of the work restrictions for her wrist injury, and the kyte was dated September 17, 2017. She further testified that she saw the defendant for medical treatment after submitting the kyte but that she did not know the specific date when she was seen (and assaulted) by the defendant, in part because, as she testified, AV1 had multiple different appointments in order to get those medical restrictions lifted. Exhibit 22, an excerpt of AV1's medical record, showed that she had appointments related to her wrist on September 19 and September 28, and that she was scheduled for an appointment on September 22 but not seen due to a security closure in the prison; this record is consistent with her testimony that she had multiple appointments. Although there is no chart note from September 18, 2017, Exhibit 208 revealed that AV1 had a "call-out" to the medical unit on September 18, 2017, a day when the defendant was working in the Minimum medical unit.

It is the function of the jury to determine witness credibility, resolve evidentiary conflicts, and draw reasonable inferences from proven facts. *Rojas*, 554 F.2d at 943. A reasonable inference is that AV1 submitted the kyte on September 17; was called down to the medical unit on September 18 and seen by the defendant, who sexually assaulted her during the visit and did not notate that visit or the assault in the chart; and then was summoned to the medical unit again the next day, September 19, where AV1 was examined by another medical provider who properly documented the visit in her medical chart. That inference would be consistent with the documentary evidence and with AV1's testimony that she was repeatedly seen before her medical restrictions were lifted. This Court should deny the defendant's motion on Count 1.

/ / /

/ / /

### b. The Evidence Presented at Trial Was Sufficient To Establish that the Offense Resulted in Bodily Injury.

The defendant next asserts that, when viewed in the light most favorable to the United States, AV1's testimony "it hurt" was insufficient to establish the element of bodily injury. This argument fundamentally misunderstands the widely accepted definition of "bodily injury." *See, e.g.*, 18 U.S.C. § 831(g)(5) (defining bodily injury to include "physical pain" and "any other injury to the body, no matter how temporary"); 18 U.S.C. § 1365(h)(4) (same); 18 U.S.C. § 1515(a)(5) (same). Indeed, the defendant's own proposed jury instructions stated, "'Bodily injury' means a 'cut, abrasion, bruise, burn, or disfigurement,' 'physical pain,' or any other injury to the body, no matter how temporary." ECF No. 96 at 54. Eliminating surplusage and tailoring the parties' proposed instructions to the evidence in this case, this Court correctly instructed the jury: "'Bodily injury' includes: (1) physical pain; (2) illness; or (3) any other injury to the body, no matter how temporary. Physical pain, no matter how temporary, satisfies this element." ECF No. 271 at 22.

In light of that proper legal instruction and the established legal definition, AV1's statement "It hurt," when the defendant used his penis to penetrate her vulva, clearly establishes this element beyond a reasonable doubt, and a rational juror could have concluded that the United States proved this element beyond a reasonable doubt. *See Alarcon-Sims*, 300 F.3d at 1176.

### c. The Evidence Presented at Trial Was Sufficient To Establish That the Offense Included Aggravated Sexual Abuse.

The defendant summarily asserts that AV1's testimony was insufficient to show that the defendant used physical force. This claim is directly undermined by AV1's testimony at trial.

"The 'force' requirement may be satisfied by a showing of . . . the use of such physical force as is sufficient to overcome, restrain, or injure a person." *United States v. Archdale*, 229 F.3d 861, 868 (9th Cir. 2000). "The force requirement is met when the sexual contact resulted

from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact." *Id.*

During the trial, AV1 testified that the defendant put his hand on AV1's body and "took control of the situation," by pushing her down and "la[ying her] head down" on the exam table while he penetrated her vagina from behind. As AV1 explained, "He made sure I wasn't turning around." Based on AV1's testimony, a rational jury could have found that this element was satisfied beyond a reasonable doubt. This Court should not disturb the jury's verdict for Count 1.

> 2. **The Motion as to Count 4 Should Be Denied Because the Evidence Presented at Trial Was Sufficient To Establish Aggravated Sexual Abuse and Bodily Injury.**

Count 4 charged the defendant with a violation of 18 U.S.C. § 242 when he penetrated the vulva of AV2 without her consent. Count 4 further charged that the offense resulted in bodily injury to AV2 and included aggravated sexual abuse. The defendant argues only that there was insufficient evidence of physical force and bodily injury. The evidence at trial clearly satisfied both elements beyond a reasonable doubt.

> a. **The Evidence Presented at Trial Was Sufficient To Establish the Offense Included Aggravated Sexual Abuse.**

First, there was sufficient evidence at trial for a rational juror to conclude that the defendant's conduct included aggravated sexual abuse. "The force requirement is met when the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact." *Archdale*, 229 F.3d at 868. This element is satisfied by "the use of such physical force as is sufficient to overcome, restrain, or injure a person." *Id.* The Ninth Circuit applied this definition in the case of *United States v. H.B.* 695 F.3d 931 (9th Cir. 2012), which shared similarities with the conduct described in Count 4. In that case, the

**United States' Response to Defendant's Motion for Judgment of Acquittal**    Page 6

defendant challenged the sufficiency of the evidence to support his conviction for aiding and abetting aggravated sexual abuse. The Ninth Circuit upheld the conviction. In doing so, it noted that "the record support[ed] the reasonable inference that [co-defendant's] weight on top of [victim], combined with his efforts to silence [victim] by covering her mouth with his hand, and [defendant's physical restraint of [victim's] right leg, together allowed [co-defendant] to engage in unwanted sexual contact from which [victim] could not escape immediately." *Id.* at 936.

At trial, AV2 testified that after the defendant administered her cancer injection, he "pulled" her off of the exam table and "turned [her] over." At other points during her testimony, AV2 testified that he "slid her off" the table and "helped her off" the table; in any event, the defendant used physical force to bring AV2's body from lying down on the table to upright, and then pressed his body against hers, which forced her to "lean[] with him" over the table. In essence, the defendant used the exam table and his own body weight to pin AV2 in place while he forced his penis into her vagina. Indeed, AV2 testified that as soon as the defendant stopped and used paper towels to wipe off her back, she "rushed out of there," suggesting that until that moment, she was unable to escape immediately from the defendant's conduct. Viewing that evidence in the light most favorable to the United States and in tandem with the Ninth Circuit's conclusions in *H.B.*, it is clear that a rational juror could find beyond a reasonable doubt that the defendant's assault, as described in Count 4, included aggravated sexual abuse.

      b. **The Evidence Presented at Trial Was Sufficient To Establish the Offense Resulted in Bodily Injury.**

There was also sufficient evidence from which a rational juror could find beyond a reasonable doubt that the offense resulted in bodily injury. AV2 testified at trial that on the day the defendant committed the sexual assault charged in Count 4, AV2 was in the medical unit to

obtain an injection into her stomach as part of her cancer treatment. She described that the injection "hurt very bad." She further testified that the injection site was sore and touching it made it feel worse. AV2 also testified that while the defendant was sexually assaulting her, the part of her stomach where she had just had the injection was touching the exam table and "it was in pain." As noted above, pure physical pain, no matter how temporary, satisfies the element of bodily injury. A rational juror could have concluded that the United States satisfied its burden as to this element, and the defendant's motion should be denied.

### 3. The Motion as to Count 9 Should Be Denied Because the Evidence Presented at Trial Was Sufficient To Establish the Defendant's Sexual Assault of AV3.

Count 9 charged the defendant with a violation of 18 U.S.C. § 242 when he touched AV3's breasts without her consent. The defendant's motion as to Count 9 should be denied because the evidence at trial was sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant sexually assaulted AV3 as she described and as charged in the Indictment. The defendant argues that the United States provided "no evidence . . . as to how Mr. Klein could have assaulted AV3 on the day alleged and in the manner described by her." ECF No. 283, at 4. This assertion completely disregards AV3's testimony about the assault, which the jury assessed and apparently credited by returning a "Guilty" verdict as to all five counts related to AV3.

AV3 testified in detail about the assault described in Count 9, when the defendant examined her in the segregation triage room and pinched both of her nipples through her shirt and winked at her. She testified that this assault occurred while she was handcuffed and while one corrections officer was in the room with his back turned and another had briefly stepped out of the room. AV3 testified that the assault occurred approximately two days after she was sent to segregation for an

unrelated incident. She testified that she went to segregation around November 11, 2017, meaning the conduct charged in Count 9 would have occurred on or about November 13, 2017.

The documentary evidence shows that the defendant was assigned to work in segregation on November 13, 2017. *See* Exhibit 1088 at 232. Indeed, Exhibit 58 also contains his signature, indicating that he observed AV3 from the window in segregation on November 13, 2017. The defendant argues in his motion that there "should" be a record of that exam, and because it is not documented in AV3's medical record, that absence means no such exam occurred. *See* ECF No. 283 at 3-4. But the accuracy of a record depends on the veracity of its creator—in this case, the defendant. Indeed, it would be reasonable for a rational juror to infer that the assault occurred just as AV3 described but that the defendant did not document it in AV3's medical records because he had sexually assaulted AV3 and did not want to create an additional document that would corroborate her account.

The jury gets the benefit of its interpretation—and its verdict—because it is supported by the evidence. Because there is sufficient evidence for a rational juror to conclude the United States met its burden, the Court should not disturb the jury's verdict on Count 9.

   **4. The Motion as to Count 12 Should Be Denied Because the Evidence Presented at Trial Was Sufficient To Establish the Defendant Sexually Assaulted AV6.**

Count 12 charged the defendant with a violation of 18 U.S.C. § 242 when he touched AV6's genitalia and inner thigh without her consent. There is ample evidence to support the jury's verdict on this count, and the defendant's motion should be denied.

The defendant's argument focuses on the location and timing of AV6's assault, but he does not challenge her description of the assault itself. The conduct charged in Count 12 occurred in Minimum, at the nurse's station. During the trial, photographs of this area were admitted into

**United States' Response to Defendant's Motion for Judgment of Acquittal**       **Page 9**

evidence; specifically, Exhibit 151 was admitted through AV6 who testified that this was the location where the defendant first sexually assaulted her—the assault charged in Count 12. That is consistent with AV6's testimony at trial. During her direct examination and even on cross-examination, AV6 consistently testified that the first sexual assault occurred after Christmas. The defendant argues that AV6 "admitted on the stand that she told the Government this incident took place before Christmas," ECF No. 283 at 5, but the portion of AV6's testimony that he cites related to her reading a summary of her 2020 interview with the FBI. During that line of questioning, defense counsel showed AV6 the document and asked, "So this helps refresh your memory, right?" To which AV6 replied, "It helps confuse it, I think." (7/11/23 Rough Tr. at 140.[1]) In fact, AV6 testified, consistently, that the incident occurred after Christmas. She further testified that she knew this incident occurred after Christmas 2016, because she was transferred to Minimum on December 23, 2016. AV6 also testified at trial that the first assault occurred after an instance, also in Minimum, in which the defendant touched her hands and told her she needed lotion. That testimony is consistent with testimony that AV6 gave during a 2019 deposition, which was admitted as Exhibit 180A during the trial and read aloud, in which she stated that the incident with the defendant commenting about her needing lotion occurred in Minimum. And AV6 further testified at trial that the incident involving the lotion comment preceded the first sexual assault. The defendant's attempt at trial to confuse her testimony failed, just as his attempt post-trial to argue that AV6's testimony was inconsistent as to the dates of her assault also fails.

---

[1] The rough transcript is not cited as a certified or completely accurate account of what transpired during court proceedings. Rather, the rough transcript is cited for ease of analysis and to refresh the parties' recollections of what transpired during court proceedings with the understanding that only the final transcript will be a completely accurate account of the words used in court.

**United States' Response to Defendant's Motion for Judgment of Acquittal**         **Page 10**

Put simply, AV6's testimony at trial was that the defendant first sexually assaulted her at some point after December 23, 2016, because that is when she went to Minimum. The defendant was assigned to work in Minimum several times between December 23, 2016, and July 24, 2017, when AV6 was released from Coffee Creek. Count 12 of the Indictment charged that the defendant sexually assaulted AV6 between on or about December 23, 2016, and on or about July 24, 2017. ECF No. 1. Despite the defendant's argument to the contrary, AV6's testimony is entirely consistent with the documentary evidence in this case.

Even if the jury had understood AV6's testimony about the *location* and *timing* of her assault to be inconsistent, a rational juror could nevertheless have reasonably concluded that the assault occurred as AV6 described and between the dates charged in the Indictment. Accordingly, the evidence presented at trial was sufficient to prove Count 12 beyond a reasonable doubt. The defendant's motion as to Count 12 should be denied.

### 5. The Motion as to Count 15 Should Be Denied Because the Evidence Presented at Trial Was Sufficient To Establish the Defendant Sexually Assaulted AV7.

Count 15 charged the defendant with a violation of 18 U.S.C. § 242 when he digitally penetrated AV7's genital opening without her consent. At trial, AV7 testified about how she had been experiencing severe rectal bleeding and saw the defendant when she was seeking care for that medical condition. Specifically, AV7 testified that she passed out in her housing unit, and asked to go to the medical unit, where she was sexually assaulted by the defendant. AV7 further testified that while she complained of rectal bleeding, the defendant inserted his fingers into her vagina and asked her whether it "felt good." Through AV7's testimony and description of the defendant's assaultive conduct, the United States proved each element of the offense beyond a reasonable doubt.

The defendant completely disregards AV7's testimony, which the jury credited when it returned a "Guilty" verdict on Count 15, and instead focuses on Exhibit 80, a medical record signed by the defendant, documenting a visit in which AV7 complained of rectal bleeding and reported that "[she] must have passed out."  Even though that record is generally consistent with AV7's testimony and shows that she had a documented interaction with the defendant related to rectal bleeding, the defendant argues that the record indicates the visit was notated as "EMER," thereby indicating that the defendant responded to the housing unit and examined her there.  During the trial, the defense elicited testimony about the meaning of that notation.  Theresa Hannon testified that the notation "typically" meant the medical staff responded to wherever the emergent situation was unfolding.  Michael Brasch testified that the notation "suggested" to him that the nursing staff responded to the unit rather than have the inmate go to the medical unit.  The testimony of all three witnesses is not directly contradictory to AV7's testimony that the defendant sexually assaulted her by digitally penetrating her vagina.  But to the extent this testimony was inconsistent with AV7's testimony, the jury resolved that conflict in favor of AV7's account about her assault, after it assessed the witnesses' credibility and interpreted all of the evidence.  Based on the evidence presented at trial, a rational juror could have reasonably concluded that the United States proved Count 15 beyond a reasonable doubt.  The defendant's motion as to Count 15 should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motions for judgment of acquittal on Counts 1, 4, 9, 12, and 15.[2]

Dated: September 5, 2023

Respectfully submitted,

| | |
|---|---|
| NATALIE K. WIGHT<br>United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General |
| /s/ Gavin W. Bruce<br>GAVIN W. BRUCE<br>Assistant United States Attorney | /s/ Cameron A. Bell<br>CAMERON A. BELL<br>Trial Attorney<br>Civil Rights Division |

---

[2] The defendant claims in a footnote that, had the Court granted a continuance, he would have been able to make additional Rule 29 arguments based on additional evidence. ECF No. 283 at 7 n.2. As the United States' response to his Rule 33 motion makes clear, the information he cites as newly discovered would have had little, if any, effect on the jury's verdict. Even if that information discussed in his Rule 33 Motion had come before the jury, *see* ECF No. 284, a rational juror could nevertheless have concluded that the United States proved each element of its case beyond a reasonable doubt. See ECF No. 286

**United States' Response to Defendant's Motion for Judgment of Acquittal          Page 13**