**MATTHEW G. McHENRY, OSB# 043571**
Levine & McHenry LLC
1050 SW 6th Ave Ste 1414
Portland OR  97204
(503)-546-3927
E-Mail: matthew@levinemchenry.com

**AMANDA A. THIBEAULT, OSB #132913**
Angeli Law Group
121 SW Morrison St
Suite 400
Portland, OR 97204
(971)-302-6346
E-mail: amanda@angelilaw.com

*Attorneys for Defendant Tony Daniel Klein*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiffs,<br><br>vs.<br><br>TONY DANIEL KLEIN,<br><br>       Defendants. | Case No. 3:22-cr-00084-SI-1<br><br>REPLY TO GOVERNMENT'S RESPONSE TO DEFENSE'S MOTION FOR A NEW TRIAL |

Defendant Tony Daniel Klein, through his attorneys, replies to the Government's response to defense's motion for a new trial.

## **LAW and ARGUMENT**

**I.     The defense acted diligently in obtaining the records and in expressing clearly to the Government and this Court that it needed additional time to do the work necessary to prepare a defense for Mr. Klein.**

On June 9, 2023, counsel for Mr. Klein told the Government and this Court that the defense was not ready for trial and would be providing ineffective assistance of counsel if compelled to begin trial on its scheduled date. Counsel for Mr. Klein stated:

> If sent out to trial on July 10, 2023, we will not be providing Mr. Klein with the effective assistance of counsel guaranteed to him by the Sixth Amendment of the United States Constitution. Our failures will prejudice him at trial based on our inability to obtain Brady information in a timely fashion, our inability to investigate critical exculpatory information in a timely fashion, and our inability to prepare an adequate defense for trial for all the reasons listed in this declaration.

ECF 137, p. 2. Counsel swore under oath that:

> Given all of these things, we will not be ready for trial on July 10, 2023. If trial commences on that date, we will be unable to comply with our constitutional and ethical obligations to provide an effective defense to Mr. Klein.

*Id.* at p. 16.

The Government opposed the motion and described all the efforts the defense had been making on the case in support of its opposition:

> They are two experienced criminal defense attorneys, see ECF No. 137 at ¶¶ 2-3. In particular, Mr. McHenry has represented the defendant for nearly two years, during which time he has had access to approximately 3,400 pages of pre-indictment discovery and then full discovery, provided shortly after Indictment. See ECF No. 46 at 2. More importantly, the defendant's own motions and filings, as well as his counsel's declarations, demonstrate that the defense has been actively investigating and obtaining material for his defense, including material for cross-examination and impeachment. See, e.g., ECF No. 120 at 3 (defense has subpoenaed and obtained reports related to AV15's "pending allegations," in response to materials disclosed on May 12, 2023); ECF No. 137 at ¶ 14 (defense has subpoenaed and obtained police reports related to AV2); id. at ¶ 16 (discussing defense subpoena to "Paper Dolls" website which shows "a large swath of the named AVs in this case" posted on the site); id. at ¶ 26 (discussing "thousands of pages" received from the Oregon Department of Corrections); ECF

PAGE 2 – DEFENSE REPLY TO GOVERNMENT'S RESPONSE

>120 at 3-4 (defense has subpoenaed and obtained reports and discovery related to AV10's pending state custodial-interference case). These investigative steps clearly show that the defense has not been a "warm body" receiving documents; defense counsel has been utilizing the discovery provided by the United States and conducting its own investigation.

ECF 142.

Just as the defense contended prior to trial, it was not ready to go to trial on July 10th. It had not gathered all the records, interviewed all the witnesses, or done the work it needed to do to provide Mr. Klein with the trial to which he was constitutionally entitled. The Viapath records confirm that and contain evidence that would have been usable at Mr. Klein's trial if possessed by his team. Moreover, even if the evidence were ultimately excluded at trial, Mr. Klein would have been able to make a record and preserve that issue for appeal, something that is now lost to him.

Given that posture, the Government now takes the opposite position about the defense's readiness for trial, stating:

>Though he attempts to link the Paper Dolls information with these messages, he offers no real explanation as to why, despite being charged in March 2022, he waited until just three weeks before trial to seek these records, which detail communications that dated back several years. Indeed, all of the records that he has identified and claimed as relevant to the defense theory date back to 2016 and 2017. He has had ample time to obtain the records that he subpoenaed on the eve of trial; indeed, he could have obtained these records at any time after indictment.

ECF 286, p. 6.

The Government's response ignores the multiple motions to continue that the defense filed on Mr. Klein's behalf wherein it specifically stated the defense had not done what it needed to do and all of the time constraints that prevented them from doing so. As explained in the motions to continue, the defense prepared diligently and with all deliberate speed given the time constraints leading to the trial. And, despite all these efforts, the defense was not ready for trial on July 10th, which is why it filed multiple motions to continue expressing that very point.

The Government cannot credibly now claim the defense did not act diligently, when just a few months prior it took the opposite position and should be judicially estopped from doing so. That doctrine precludes the government "from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). It is "an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts," as the government is trying to do here. *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008). *See also id.* ("It is not for this court to choose between the state's inconstant and self-serving [positions]. We may not allow the state to represent in federal court the opposite of what it represented to the state court.").

Just prior to trial, the Government took the position that the defense was acting diligently and did not need a continuance because it plainly benefited the Government to go to trial knowing its adversaries were unprepared and not ready to go to trial. Now, just a few months later, the Government takes the exact opposite position, because doing so benefits them in this motion. The Government should be estopped from doing so.

## II. The jail phone calls of AV3 are newly discovered and also reveal that AV3 likely committed perjury.

The Government's claim, in particular, that the Columbia County Jail Calls were not diligently sought by the defense is disingenuous. The defense learned *in trial,* that AV3 and another Government witnesses had a recorded phone call in the week leading up to trial, at the Columbia County Jail. The moment the defense learned of this call, it sought the records via a subpoena duces tecum. These were records that the Government could have obtained much more quickly, but they did not. Defense worked diligently and filed a motion mid trial, obtaining a subpoena and getting the records with all the speed that it could.

The jail calls received by the defense show that AV3 was expecting or receiving benefits from the FBI that had never been disclosed to the defense, and that the Government insisted that

PAGE 4 – DEFENSE REPLY TO GOVERNMENT'S RESPONSE

she was not receiving. AV3 testified she was not expecting a benefit from the government, was not receiving any benefit from the Government, and the Government reiterated that position throughout trial.

In an email to defense counsel on August 24, 2023, the Government wrote that "[w]hen we spoke with [AV3] after the trial, she asked whether SA Bowditch and/or I could write a character letter in support of her application or petition to be re-housed in custody in Oregon," and that the government "told her we would see what we were allowed to do."[1]

The Columbia County jail calls show that the Government had been actively involved with AV3's request to transfer back to Oregon prior to her testimony and the end of the trial. In a jail call to a family member prior to her testimony, AV3 states to a family member:

> I hate to say this but I'm excited to get this shit over with and get back to Florida so I'm going to be able to find out if I can get back to Oregon. Because the FBI has not been able to get a hold of the people in charge of my review and I don't know if I can come back to Oregon until I find out what is finalized with my review.[2]

Later in the call, AV3 states "I'm going to be on the stand for like 5 or 6 hours," contextually showing this call happened prior to her trial testimony. In essence, the FBI appears to have been assisting AV3 with her review and transfer back to Oregon long before it was ever disclosed to the defense. Further, it is clear AV3 was expecting or hoping to receive the government's assistance in transferring back to Oregon, though she denied any expectation of benefit on the stand.

Contrary to the Government's response, their own correspondence with defense counsel reveals that the jail calls contain newly discovered evidence that would have been relevant and

---

[1] The full email is attached as a sealed exhibit.
[2] This call has been provided to the court and the Government in the batch of discovery provided on USB drive. This call is titled "10.69.1.2 61b3d2590a4501153f0815bc83027c54.mp3 and the relevant portion is unofficially transcribed.

PAGE 5 – DEFENSE REPLY TO GOVERNMENT'S RESPONSE

admissible for trial. Moreover, given the repeated and ongoing *Brady* litigation in this case regarding benefits and assistance provided to the AV's in this case, there is no reasonable explanation for why this evidence was not provided to the defense, as it plainly shows that AV3 was using her status as a named victim in this case and her relationships with the FBI agents to further her transportation to Oregon. The Government knew about this prior to trial and it was only after the defense received the calls did they learn of it.

## **CONCLUSION**

The defense's motion for new trial should be granted.

DATED this 21 day of September, 2023

Respectfully submitted,

s/ *Amanda A. Thibeault*
**AMANDA A. THIBEAULT, OSB #132913**

s/ *Matthew McHenry*
**MATTHEW G. McHENRY, OSB# 043571**

Attorneys for Defendant Tony Klein