Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR  97204
503-546-3927
email: matthew@levinemchenry.com

Amanda Alvarez Thibeault, OSB 132913
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
email: amanda@angelilaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY DANIEL KLEIN<br><br>Defendant. | No. 3:22-cr-00084-SI-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

## DEFENDANT'S SENTENCING MEMORANDUM

On October 17, 2023, defendant Tony Klein will come before the Court for sentencing, having been convicted after a jury trial of multiple counts of Deprivation of Civil Rights and Perjury. The deprivation charges of conviction stem from the jury's finding that Mr. Klein's conduct constituted sexual misconduct and assault on several adult victims who were inmates at the Coffee Creek Correctional Facility, where Mr. Klein worked

1

as a nurse. The perjury charges stem from Mr. Klein's statements under oath denying the conduct during civil depositions. This Court presided over the criminal trial.

For the reasons set forth below and in accompanying filings, and for reasons that will be presented at the sentencing hearing, the Court should sentence Mr. Klein to 25 years prison to be followed by five years of supervised release.[1]

**I.  Guideline calculations according to the Presentence report.**

Using the grouping calculations for multiple counts provided by the United States Sentencing Guidelines, the Presentence Report (PSR) arrives at total offense level of 43. PSR ¶ 179. Mr. Klein has no criminal history whatsoever, placing him in Criminal History Category I. PSR ¶ 183. The resulting advisory guideline range is life in prison. The PSR recommends a 30-year sentence, a downward variance from the advisory guidelines.

**II.  Mr. Klein's Offenses of Conviction**

The offenses for which Mr. Klein was convicted are documented in the PSR. PSR ¶¶ 27–60. Mr. Klein worked as a nurse at the Coffee Creek Correctional Facility in Wilsonville, Oregon, from 2010 until late 2017. The

---

[1] Mr. Klein's recommendation of 25 years prison is the requested sentence given the jury's verdict and corresponding sentencing guidelines. Mr. Klein maintains his innocence of the charges despite the verdict.

jury found that that during this time, Mr. Klein sexually assaulted or engaged in nonconsensual sexual conduct toward multiple female inmates who met him for medical appointments. PSR ¶¶ 15–24. These interactions ranged from over-the-clothes touching to oral and vaginal sexual assault. The perjury charges involved the defendant denying, under oath during a civil deposition, that the assaults and misconduct occurred.

### III. A sentence of 25 years is sufficient to achieve the purposes of sentencing.

The Sentencing Guidelines are advisory only, and but one factor among many to be considered in fashioning an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007); *Gall v. United States*, 552 U.S. 38, 49–51 (2007); *United States v. Booker*, 543 U.S. 220, 245 (2005). *See also United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007) ("ultimately [the court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence").

Regardless of the advisory guideline range, a court's "*overarching duty* [is to] impose a sentence sufficient, but not greater than necessary to comply with the sentencing purposes set forth in § 3553(a)(2)." *Pepper v. United States*, 131 S.Ct. 1229, 1242 (2011) (emphasis added). In fashioning such a sentence, the court considers (1) the nature and circumstances of the

offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed:

> to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; []to afford adequate deterrence to criminal conduct; []to protect the public from further crimes of the defendant; []and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

*Pepper* emphasized the need for individualized sentencing, reiterating "the principle that 'the punishment should fit the offender and not merely the crime.'" 131 S.Ct. at 1240 (quoting *Williams v. New* York, 337 U.S. 241, 247 (1949)). Sentencing is "an art . . . to be performed . . . as a sensitive response to a particular person who has a particular personal history and has committed a particular crime." *United States v. Harris*, 679 F.3d 1179, 1183 (9th Cir. 2012). The sentencing court must not be "so appalled by the offense that it los[es] sight of the offender." *United States v. Olhovsky*, 562 F.3d 530, 549 (3d Cir. 2009). Rather, the "record [must] reflect the required consideration of the history and characteristics of the defendant." *Id.*

### IV. The applicable advisory guidelines in this case lead to an absurd result.

The various guideline enhancements at play in this case are numerous and duplicitous. According to the PSR, Mr. Klein variously receives multi-

4

level increases for each charge on top of the arbitrarily high base offense level for aggravated sexual conduct (four levels), victim in custody (two levels), acting under the color of law (six levels), victim in custody, care, or supervisory control of defendant (two levels), vulnerable victim (two levels), and victim restrained (two levels). Grouping conventions subjectively add an additional 5 levels because there are more than 5 "Units" under § 3D1.4. The total combined offense level yielded by the guidelines is 49, a number that is literally off the charts (the highest offense level listed in the guidelines' sentencing table is 43). The guidelines' "fetish with abstract arithmetic" sometimes results in an "utter travesty of justice." *United States v. Adelson*, 441 F.Supp.2d 506, 512 (S.D.N.Y. 2006).

> Where, as here, the calculations under the guidelines have so run amok that they are patently absurd on their face, a Court is forced to place greater reliance on the more general circumstances set forth in section 3553(a), as carefully applied to the particular circumstances of the case and of the human being who will bear the consequences.

*Id.* at 515 (in securities fraud case where guidelines called for life sentence, court imposes 42 months prison).

**V. Mr. Klein should not be punished for acquitted conduct.**

This Court should not consider conduct for which Mr. Klein was acquitted in fashioning the appropriate sentence here. Despite the applicability of a preponderance standard to guideline determinations,

5

"judges should still require a high degree of confidence in any finding that increases the sentence." *United States v. Leroy*, 373 F.Supp.2d 887, 889 n.2. (E.D. Wis. 2005). More specifically, courts "should consider whether any guideline enhancements are supported by evidence beyond a reasonable doubt [because] courts should not impose sentences based on the sort of flimsy evidence that often passed under the old regime" when the guidelines were considered mandatory. *Id.*

In this case, Mr. Klein was acquitted of two counts, representing conduct related to two different victims (identified as AV8 and AV9 in the PSR). PSR ¶¶ 23, 50, 51. While true that the acquitted conduct does not constitute a basis for any particular offense-level enhancements under the guidelines, the alleged conduct is included in the PSR as "relevant conduct" for the Court to consider. This Court should give effect to the jury's verdict by discounting the value of any "relevant conduct" for which Mr. Klein was acquitted.

VI. **The advisory guidelines fail to account for collateral consequences, first-time prison sentences, and the importance of hope as a human condition.**

Mr. Klein has never been to prison before—indeed, the instant offense is his first criminal history of any kind. In such a case, "a prison term would mean more to Mr. [Klein] than to a defendant who previously had been

6

imprisoned. Consideration of this factor is consistent with § 3553's directive that the sentence reflect the need for 'just punishment' and 'adequate deterrence.'" *United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006) (distribution of child pornography case where guidelines called for 108 months and court sentenced defendant to 78 months). *See also United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D. Wis. 2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to reoffend.").

It is a fact that the United States "has a uniquely extensive and debilitating web of collateral consequences that continue to punish and stigmatize individuals with criminal records long after the completion of their sentences." *Collateral Consequences, The Crossroads of Punishment, Redemption, and the Effects on Communities*, United States Commission on Civil Rights at 2 (June 2019), *available at* https://www.usccr.gov/files/pubs/2019/06-13-Collateral-Consequences.pdf. Individuals with criminal histories face "barriers to voting, serving on a jury, holding public office, securing employment, obtaining housing, receiving public assistance, owning a firearm, getting a driver's license, qualifying for financial aid and college admission, qualifying for military service, and

deportation." *Id.* at 1–2. Moreover, the reach of these collateral consequences "extends past people with criminal records to affect families and communities." *Id.* at 3. The guidelines do not account for these types of consequences.

    The Court should consider these and also the collateral consequences Mr. Klein now faces as a first-time felony sex offender. Those consequences should be accounted for by imposing a below-guideline sentence of 25 years. *E.g.*, *United States v. D.M.*, 942 F.Supp.2d 327, 329 (E.D.N.Y. 2013) (in child pornography case with guideline range of 78-97 months, sentence of probation appropriate in part because defendant's conviction "will result in the stain of a federal felony conviction for a sex-related crime. Extensive restrictions affecting where he can live and work, and how he will be controlled, will follow him for many years."); *United States v. Wachowiak*, 412 F.Supp.2d 958, 963–64 (E.D. Wis. 2006) (imposing 70 month sentence in child pornography case where guidelines called for 121-150 months, because "the guidelines failed to account for the significant collateral consequences defendant suffered as a result of his conviction," including ruining his career as a teacher and being "forced to live with the stigma of being a convicted sex offender.").

The possibility of rehabilitation is a goal of sentencing and informs the appropriate punishment. *E.g.*, 18 U.S.C. § 3553(a)(2)(D). That goal, however, "cannot be served if a defendant can look forward to nothing beyond imprisonment. *Hope is the necessary condition of mankind*." *United States v. Carvajal*, 2005 WL 476125 at *6 (S.D.N.Y., Feb. 22, 2005) (unpublished) (emphasis added). For this reason, a judge must "be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life." *Id.* The Court should sentence Mr. Klein to 25 years.

## CONCLUSION

The probation office recommends a below-guideline sentence, a position that should carry significant weight to the Court. *E.g.*, *United States v. Willis*, 479 F.Supp.2d 927, 937 (E.D. Wis. 2007) (where guideline range was 120 months, court imposes sentence of one year and one day in part because that sentence was "consistent with the recommendation made by the experienced probation officer assigned to the case, whose views of the offense and the offender [the Court] took into account").

/// /// ///

The advisory guideline range in this case—life in prison—is far greater than necessary to achieve the purposes of sentencing. An appropriate sentence given the jury's verdict is 25 years of prison.

Respectfully Submitted this 11th day of October, 2023:

/s/ *Matthew G. McHenry*　　　　　　　/s/ *Amanda Alvarez Thibeault*
Matthew G. McHenry　　　　　　　　　Amanda Alvarez Thibeault
Counsel for Tony Klein　　　　　　　　Counsel for Tony Klein