AO 245B       Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
              Sheet 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| Plaintiff, | **Case No.: 3:22-CR-00084-SI-1** |
| **v.** | **USM Number: 91049-509** |
| **TONY DANIEL KLEIN** | Matthew G. McHenry and Amanda Ilima Alvarez Thibeault, Defendant's Attorney |
| Defendant. | Gavin W. Bruce and Cameron A. Bell, Assistant U.S. Attorneys |

**THE DEFENDANT:**

☒was found guilty on Counts 1 through 15, 18, 19, and 22 through 25 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:242 DEPRIVATION OF RIGHTS | Beginning on or about 12/12/2016 and continuing until 11/30/2017 | 1-15 all counts inclusive |
| 18:1623(a) FALSE DECLARATIONS BEFORE COURT | Beginning on or about 8/2/2017 and continuing until 8/13/2017 | 18 |
| 18:1623(a) FALSE DECLARATIONS BEFORE COURT | Beginning on or about 7/3/2017 and continuing until 9/21/2017 | 19 |
| 18:1623(a) FALSE DECLARATIONS BEFORE COURT | 11/20/2019 | 22-25 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒The defendant has been found not guilty on Counts 16 and 17 and is discharged as to such counts.

☒Counts 20 and 21 were dismissed at trial.

☒The defendant shall pay a special assessment in the amount of $100.00 for Counts 1, 4, 6, 8, 10, 22, 23, 24, & 25 and $25.00 for Counts 2, 3, 5, 7, 9, 11, 12, 13, 14, 15, 18, & 19 of the Indictment for a total of $1,200.00 payable to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties Sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 17, 2023
Date of Imposition of Sentence

_____
Signature of Judicial Officer

Michael H. Simon, U.S. District Judge
Name and Title of Judicial Officer

October 18, 2023
Date

AO 245B          Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
                 Sheet 2 - Imprisonment

DEFENDANT:  TONY DANIEL KLEIN                                                    Judgment-Page **2** of 7
CASE NUMBER:  3:22-CR-00084-SI-1

## IMPRISONMENT

**As to Counts 1, 4, 6, and 8,** the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **THREE HUNDRED SIXTY (360) MONTHS**, on each count, with the sentences to be served **concurrently** with each other and with all other counts in this case.

**As to Counts 2, 3, 5, 7, 9, 11, 12, 13, 14, 15, 18, and 19,** the defendant is committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **TWELVE (12) MONTHS**, on each count, with the sentences to be served **concurrently** with each other and with all other counts in this case.

**As to Count 10,** the defendant is committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED TWENTY (120) MONTHS**, to be served **concurrently** with all other counts in this case.

**As to Counts 22, 23, 24, and 25,** the defendant is committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS**, on each count, with the sentences to be served **concurrently** with each other and with all other counts in this case.

*The Court has already factored in the new USSG § 4C1.1 (effective November 1, 2023) that provides a decrease of two offense levels for "Zero-Point Offenders" (no criminal history) into the Court's decision to have all sentences run concurrently to achieve a 30-year total sentence. Thus, the Court does not anticipate granting a motion for sentence reduction after the new § 4C1.1. becomes effective.*

☒The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to FCI Terre Haute if the defendant is considered a high security risk, FCI Sheridan if defendant is considered as a medium security risk, or FCI Terminal Island if defendant is considered a low security risk.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____ on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

AO 245B       Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
               Sheet 3 - Supervised Release

DEFENDANT: TONY DANIEL KLEIN                              Judgment-Page **3** of 7
CASE NUMBER:  3:22-CR-00084-SI-1

## SUPERVISED RELEASE

As to **Counts 1, 4, 6, and 8,** and upon release from confinement, the defendant shall serve a **<u>FIVE (5) YEAR</u>** term of supervised release.

As to **Counts 2, 3, 5, 7, 9, 11, 12, 13, 14, 15, 18, and 19,** and upon release from confinement, the defendant shall serve a **<u>ONE (1) YEAR</u>** term of supervised release.

As to **Counts 10, 22, 23, 24, and 25,** and upon release from confinement, the defendant shall serve a **<u>THREE (3) YEARS</u>** term of supervised release.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.  (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B          Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
                 Sheet 3A - Supervised Release

DEFENDANT:  TONY DANIEL KLEIN                                                    Judgment-Page **4** of **7**
CASE NUMBER:  3:22-CR-00084-SI-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B       Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
Sheet 3D - Supervised Release

DEFENDANT:  TONY DANIEL KLEIN                                    Judgment-Page **5** of **7**
CASE NUMBER:  3:22-CR-00084-SI-1

# SPECIAL CONDITIONS OF SUPERVISION

1.     You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2.     You must not communicate, or otherwise interact, with any of the victims involved in the instant case or their immediate family members, either directly or through someone else, without first obtaining the permission of the probation officer.

3.     You must participate in a sex offense-specific assessment.

4.     You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

5.     You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

6.     You must not work in any type of employment without the prior approval of the probation officer.

AO 245B      Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
             Sheet 5 - Criminal Monetary Penalties

DEFENDANT: TONY DANIEL KLEIN                                                    Judgment-Page **6** of **7**
CASE NUMBER:  3:22-CR-00084-SI-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

| | **Assessment** **(as noted on Sheet 1)** | **Restitution** | **Fine** | **AVAA Assessment**[1] | **JVTA Assessment**[2] | **TOTAL** |
|---|---|---|---|---|---|---|
| **TOTALS** | $1,200.00 | $TBD 90 days | $0.00 | $0.00 | $0.00 | $1,200.00 |

☒ The determination of restitution is deferred and will be determined within 90 days. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Amount of Loss**[3] | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| TBD WITHIN 90 DAYS | $ | $ | |
| | | $ | |
| **TOTALS** | | $ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that

    ☐ The interest is waived for the ☐ fine and/or ☐ restitution.

    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

> Any payment shall be divided proportionately among the payees named unless otherwise specified.

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[3] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B      Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
            Sheet 6 - Schedule of Payments

DEFENDANT: TONY DANIEL KLEIN                                              Judgment-Page **7** of 7
CASE NUMBER: 3:22-CR-00084-SI-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment[4] of the total criminal monetary penalties shall be as follows:

    **A.**   ☐Lump sum payment of $_____ due immediately, balance due
             ☐not later than _____, or
             ☐in accordance with ☐  C, ☐ D, or ☐ E below; or

    **B.**   ☒Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

    **C.**   ☐If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $_____, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately upon release from imprisonment.

    **D.**   ☐ Any balance at the imposition of this sentence shall be paid in monthly installments of not less than $_____, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately.

    **E.**   ☐Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program. .  If the defendant received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed, pursuant to 18 USC § 3664(n).

Nothing ordered herein shall affect the government's ability to collect up to the total amount of criminal monetary penalties imposed, pursuant to any existing collection authority.

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

                        **Clerk of Court**
                        **U.S. District Court - Oregon**
                        **1000 S.W. 3rd Ave., Ste. 740**
                        **Portland, OR  97204**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ **Joint and Several**

| **Case Number**<br>**Defendant and Co-Defendant Names**<br>(including Defendant number) | **Total Amount** | **Joint and Several Amount** | **Corresponding Payee, if**<br>**appropriate** |
|---|---|---|---|

☐The defendant shall forfeit the defendant's interest in the following property to the United States:

---

[4] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.